**NTCAPR, APLDIST, APPEAL**

# United States Bankruptcy Court
## District of Massachusetts (Worcester)
## Bankruptcy Petition #: 23−40709

*Date filed:* 08/31/2023
*341 meeting:* 11/15/2023

*Assigned to:* Judge Christopher J. Panos
Chapter 7
Involuntary

*Debtor*
**Westborough SPE LLC**
231 Turnpike Road
Westborough, MA 01581
WORCESTER−MA
Tax ID / EIN: 94−3286768

represented by **Westborough SPE LLC**
PRO SE

*Petitioning Creditor*
**Nathanson & Goldberg, P.C.**
183 State Street, 5th FL
Boston, MA 02109

represented by **Jose C. Centeio**
Centeio & Associates LLC
338 Commercial Street
Boston, MA 02109
617−210−4800
Fax : 617−210−4810
Email: jc@jcfirm.com

**Stephen F. Gordon**
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
(617) 261−0100
Email: sgordon@gordonfirm.com

**Scott Adam Schlager**
Troutman Pepper Locke LLP
111 Huntington Avenue
Boston, MA 02199
617−909−4511
Fax : 888−325−9020
Email: scott.schlager@lockelord.com
*TERMINATED: 04/15/2024*

*Petitioning Creditor*
**The MobileStreet Trust**
12 Cole Road
Wayland, MA 01778

represented by **Lenard B. Zide**
Zide Fierman & Associates, LLP
352 Newbury St.
Boston, MA 02115
(617) 266−3333

*Assistant U.S. Trustee*
**Richard King**
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

1

*Trustee*
**Jonathan R. Goldsmith**
Jonathan R. Goldsmith, Trustee
67 Market Street
Springfield, MA 01103
413–737–0260

represented by **Christine E. Devine**
Nicholson Devine LLC
PO Box 7
Medway, MA 02053
508–533–7240
Email: christine@nicholsondevine.com

**Jonathan R. Goldsmith**
Egan, Flanagan & Cohen, P.C.
67 Market Street
Springfield, MA 01103
413–737–0260
Fax : 413–737–0121
Email: bankrdocs1@gkalawfirm.com

**Angelina M. Savoia**
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
857–600–0508
Email: angelina@nicholsondevine.com

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 08/31/2023 | | 1 | Chapter 7 Involuntary Petition Against a Non–Individual. Fee Amount $338 Re: Westborough SPE LLC filed by Nathanson & Goldberg, P.C. (attorney Stephen F. Gordon), The MobileStreet Trust (Gordon, Stephen) (Entered: 08/31/2023) |
| 08/31/2023 | | | Receipt of filing fee for Involuntary Petition (Chapter 7)( 23–40709) [misc,invol7] ( 338.00). Receipt Number A20159660, amount $ 338.00 (re: Doc# 1) (U.S. Treasury) (Entered: 08/31/2023) |
| 08/31/2023 | | 2 | Notice of Appearance and Request for Notice by Scott Adam Schlager with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. (Schlager, Scott) (Entered: 08/31/2023) |
| 09/01/2023 | | 3 | Involuntary Summons Issued on Westborough SPE LLC. (meh, Usbc) (Entered: 09/01/2023) |
| 09/03/2023 | | 4 | BNC Certificate of Mailing. (Re: 3 Involuntary Summons Issued) Notice Date 09/03/2023. (Admin.) (Entered: 09/04/2023) |
| 09/05/2023 | | 5 | Motion and Answer to Involuntary Bankruptcy with certificate of service filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/05/2023) |
| 09/05/2023 | | 6 | Statement of Corporate Ownership filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/05/2023) |
| 09/05/2023 | | 7 | Matrix filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/05/2023) |
| 09/08/2023 | | 8 | Schedules A/B, D – H filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/11/2023) |
| 09/08/2023 | | 9 | Statement of Financial Affairs for Non–Individual filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/11/2023) |
| 09/11/2023 | | 10 | |

| | | | |
|---|---|---|---|
| | | | Motion filed by Debtor Westborough SPE LLC to Appoint Interim Trustee with certificate of service. (ab) (Entered: 09/11/2023) |
| 09/11/2023 | | 11 | Statement of Taxpayer Identification Number filed by Debtor Westborough SPE LLC . (ab) (Entered: 09/11/2023) |
| 09/11/2023 | | 12 | Summons Service Executed in an Involuntary Case on Westborough SPE LLC 9/8/2023, Answer Due 9/29/2023 filed by Petitioning Creditor Nathanson & Goldberg, P.C., Debtor Westborough SPE LLC (Gordon, Stephen) (Entered: 09/11/2023) |
| 09/25/2023 | | 13 | Emergency Motion filed by Debtor Westborough SPE LLC To Modify Automatic Stay Re: To Commence Legal Action in California Superior Court with certificate of service. Fee Amount $188, Objections due by 10/10/2023. (Attachments: # 1 Proposed Order) (ab) (Entered: 09/25/2023) |
| 10/02/2023 | | 14 | Emergency Motion filed by Petitioning Creditor Nathanson & Goldberg, P.C. For Order *Emergency Motion of Petitioning Creditors for Immediate Entry of an Order for Relief or, in the Alternative, an Order Forbidding the Manager of the Alleged Debtor from Filing Anything in the Courts of California* with certificate of service. (Attachments: # 1 Exhibit A) (Gordon, Stephen) (Entered: 10/02/2023) |
| 10/02/2023 | | 15 | Supplement with certificate of service (Re: 13 Emergency Motion filed by Debtor Westborough SPE LLC To Modify Automatic Stay) filed by Debtor Westborough SPE LLC. (ab) (Entered: 10/02/2023) |
| 10/03/2023 | | 16 | Notice of Appearance and Request for Notice by Paul W. Carey with certificate of service filed by Creditor Ferris Development Group, LLC (Carey, Paul) (Entered: 10/03/2023) |
| 10/03/2023 | | 17 | Notice of Appearance and Request for Notice by Brian W. Riley with certificate of service filed by Creditor Town of Westborough (Riley, Brian) (Entered: 10/03/2023) |
| 10/03/2023 | | 18 | Notice of Appearance and Request for Notice by Jeffrey T Blake with certificate of service filed by Creditor Town of Westborough (Blake, Jeffrey) (Entered: 10/03/2023) |
| 10/03/2023 | | 19 | Notice of Appearance and Request for Notice by Roger L. Smerage with certificate of service filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 10/03/2023) |
| 10/03/2023 | | 20 | Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts with certificate of service and proposed order Fee Amount $188, Objections due by 10/17/2023. (Attachments: # 1 Appendix # 2 Proposed Order # 3 List of Exhibits) (Smerage, Roger) (Entered: 10/03/2023) |
| 10/03/2023 | | 21 | Exhibit *s A−L* (Re: 20 Motion for Relief From Stay) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Certificate of Service) (Smerage, Roger) (Entered: 10/03/2023) |
| 10/03/2023 | | 22 | Affidavit of Kristi Williams *in Support of Motion* with certificate of service (Re: 20 Motion for Relief From Stay) filed by Creditor Town of |

| | | | |
|---|---|---|---|
| | | | Westborough (Attachments: # 1 Declaration of Electronic Filing) (Smerage, Roger) (Entered: 10/03/2023) |
| 10/03/2023 | | | Receipt of filing fee for Motion for Relief From Stay( 23–40709) [motion,mrlfsty] ( 188.00). Receipt Number A20196974, amount $ 188.00 (re: Doc# 20) (U.S. Treasury) (Entered: 10/03/2023) |
| 10/04/2023 | | 23 | Limited Opposition *to Motions for Appointment of Trustee (and for Order of Relief)* with certificate of service filed by Creditor Town of Westborough Re: 10 Motion filed by Debtor Westborough SPE LLC to Appoint Trustee with certificate of service., 14 Emergency Motion filed by Petitioning Creditor Nathanson & Goldberg, P.C. For Order *Emergency Motion of Petitioning Creditors for Immediate Entry of an Order for Relief or, in the Alternative, an Order Forbidding the Manager of the Alleged Debt (Attachments: # 1 Appendix) (Smerage, Roger) (Entered: 10/04/2023)* |
| 10/06/2023 | | 24 | Opposition with certificate of service filed by Debtor Westborough SPE LLC Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts. (ab) (Entered: 10/06/2023) |
| 10/10/2023 | | 25 | Objection *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 13 Emergency Motion filed by Debtor Westborough SPE LLC for Relief from Stay Re: To Commence Legal Action in California Superior Court with certificate of service Fee Amount $188, (Gordon, Stephen) (Entered: 10/10/2023) |
| 10/11/2023 | | 26 | Order for Relief dated 10/11/2023. See Order for Full Text. (meh, Usbc) (Entered: 10/11/2023) |
| 10/11/2023 | | 27 | DISREGARD – Copy of 26 Order for Relief to Debtor and The MobileStreet Trust. (sas) Corrective Entry– Wrong PDF attached. (Entered: 10/11/2023) |
| 10/11/2023 | | 28 | Copy of 26 Order for Relief to Debtor and The MobileStreet Trust. (sas) (Entered: 10/11/2023) |
| 10/12/2023 | | 29 | Certificate of Appointment and Acceptance of Trustee and Fixing of Bond. (ADI) (Entered: 10/12/2023) |
| 10/12/2023 | | | Meeting of Creditors 341(a) meeting to be held on 11/15/2023 at 11:30 AM as Telephonic Meeting. Proofs of Claims due by 1/9/2024. (meh, Usbc) (Entered: 10/12/2023) |
| 10/12/2023 | | 30 | Court's Notice of 341 sent . (meh, Usbc) (Entered: 10/12/2023) |
| 10/12/2023 | | 31 | Endorsed Order dated 10/12/2023 Re: 10 Motion filed by Debtor Westborough SPE LLC to Appoint Interim Trustee. DENIED AS UNNECESSARY. THE ORDER FOR RELIEF HAS ENTERED IN THIS CASE, SEE DKT. NO. 26, AND A CHAPTER 7 TRUSTEE HAS BEEN APPOINTED. (sas) (Entered: 10/12/2023) |
| 10/13/2023 | | 32 | DISREGARD. Application filed by Trustee Jonathan R. Goldsmith to Employ Goldsmith, Katz & Argenio, P.C. as Counsel filed with Affidavit along with certificate of service and proposed order. (Goldsmith, Jonathan) Incorrect PDF Attached. Modified on 10/13/2023 (ab). (Entered: 10/13/2023) |

| | | | |
|---|---|---|---|
| 10/13/2023 | | 33 | DISREGARD. Declaration Re: Electronic Filing (Re: 32 Application to Employ) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) Incorrect PDf Attached. Modified on 10/13/2023 (ab). (Entered: 10/13/2023) |
| 10/13/2023 | | 34 | Application filed by Trustee Jonathan R. Goldsmith to Employ Goldsmith, Katz & Argenio, P.C. as Counsel filed with Affidavit along with certificate of service and proposed order. (Goldsmith, Jonathan) (Entered: 10/13/2023) |
| 10/13/2023 | | 35 | Declaration Re: Electronic Filing (Re: 34 Application to Employ) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 10/13/2023) |
| 10/13/2023 | | 36 | BNC Certificate of Mailing – PDF Document. (Re: 28 Generic PDF) Notice Date 10/13/2023. (Admin.) (Entered: 10/14/2023) |
| 10/14/2023 | | 37 | BNC Certificate of Mailing – Meeting of Creditors. (Re: 30 Court's Notice of 341 sent 7 Business Asset) Notice Date 10/14/2023. (Admin.) (Entered: 10/15/2023) |
| 10/14/2023 | | 38 | BNC Certificate of Mailing – PDF Document. (Re: 31 Order on Motion to Appoint Trustee) Notice Date 10/14/2023. (Admin.) (Entered: 10/15/2023) |
| 10/16/2023 | | 39 | Telephonic Hearing Scheduled for 10/25/2023 at 02:30 PM. Objections due by 10/24/2023 at 12:00 PM on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA) and Opposition to Appointment of a Bankruptcy Trustee. TO PARTICIPATE, ATTENDEES SHALL DIAL (877) 873–8018 AND ENTER ACCESS CODE 1167883. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (hm) (Entered: 10/16/2023) |
| 10/16/2023 | | 40 | Certificate of Service of Notice of Hearing (Re: 20 Motion for Relief From Stay) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Hearing) (Smerage, Roger) (Entered: 10/16/2023) |
| 10/23/2023 | | 41 | Order dated 10/23/2023 Re: 13 Emergency Motion filed by Debtor Westborough SPE LLC To Modify Automatic Stay Re: To Commence Legal Action in California Superior Court. NOTWITHSTANDING THAT THE MOTION WAS FILED BY WESTBOROUGH SPE, LLC WITHOUT COUNSEL, SEE MLBR 9010– 1(G), MLBR 9029–3, AND D. MASS. LR 83.5.5 (PROVIDING THAT A LIMITED LIABILITY COMPANY MAY NOT APPEAR WITHOUT COUNSEL), EVEN IF THE COURT WERE TO CONSIDER THIS MOTION, IT IS MOOT. AN ORDER FOR RELIEF HAS ENTERED AND A CHAPTER 7 TRUSTEE HAS BEEN APPOINTED. (ab) (Entered: 10/23/2023) |
| 10/23/2023 | | 42 | Endorsed Order dated 10/23/2023 Re: 14 Emergency Motion filed by Petitioning Creditor Nathanson & Goldberg, P.C. For Order Emergency Motion of Petitioning Creditors for Immediate Entry of an Order for Relief or, in the Alternative, an Order Forbidding the Manager of the Alleged Debtor from Filing Anything in the Courts of California. MOOT. AN ORDER FOR RELIEFHAS ENTERED AND A CHAPTER 7 TRUSTEE HAS BEEN APPOINTED. (ab) (Entered: 10/23/2023) |

| | | | |
|---|---|---|---|
| 10/24/2023 | | 43 | Limited Objection filed by Trustee Jonathan R. Goldsmith Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts with certificate of service and proposed order Fee Amount $188, (Goldsmith, Jonathan) (Entered: 10/24/2023) |
| 10/24/2023 | | 44 | Certificate of Service (Re: 43 Objection) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 10/24/2023) |
| 10/24/2023 | | 45 | Assented To Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay] with certificate of service. (Goldsmith, Jonathan) (Entered: 10/24/2023) |
| 10/24/2023 | | 46 | Order dated 10/24/2023 Re: 45 Assented To Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay]. THE ASSENTED TO MOTION TO CONTINUE HEARING IS GRANTED. THE OCTOBER 25, 2023 HEARING REGARDING THE TOWN OF WESTBOROUGH'S MOTION FOR RELIEF FROM AUTOMATIC STAY [DKT. NO. 20] (THE "STAY RELIEF MOTION") IS HEREBY CONTINUED TO NOVEMBER 30, 2023 AT 10:30 A.M. IN PERSON IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MASSACHUSETTS 02109, WITH AN OPTION TO APPEAR BY ZOOM VIDEO. THE COURT SHALL ENTER A FURTHER NOTICE OF HYBRID HEARING INFORMING PARTICIPANTS ON HOW TO ELECT TO APPEAR BY EITHER ZOOM VIDEO OR IN PERSON AT THE CONTINUED HEARING. THE DEADLINE FOR THE TRUSTEE TO FILE A FURTHER RESPONSE TO THE STAY RELIEF MOTION IS NOVEMBER 27, 2023 AT 11:59 P.M. (ab) (Entered: 10/24/2023) |
| 10/24/2023 | | 47 | Hybrid Hearing Scheduled for 11/30/2023 at 10:30 AM Either Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA Re 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA) and Opposition to Appointment of a Bankruptcy Trustee. (SEE DOCKET NO. 46 FOR TRUSTEE RESPONSE DEADLINE). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) (Entered: 10/24/2023) |
| 10/24/2023 | | | Hearing Rescheduled to 11/30/2023 at 10:30 AM as Hybrid Either Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA Re 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 10/24/2023) |
| 10/25/2023 | | 48 | Certificate of Service of Notice of Hearing (Re: 20 Motion for Relief From Stay) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Hearing) (Smerage, Roger) (Entered: 10/25/2023) |
| 10/25/2023 | | 49 | BNC Certificate of Mailing – PDF Document. (Re: 41 Order on Motion For Relief From Stay) Notice Date 10/25/2023. (Admin.) (Entered: 10/26/2023) |
| 10/25/2023 | | 50 | BNC Certificate of Mailing – PDF Document. (Re: 42 Order on Motion for Order/Authority) Notice Date 10/25/2023. (Admin.) (Entered: 10/26/2023) |
| 10/26/2023 | | 51 | BNC Certificate of Mailing – PDF Document. (Re: 46 Order on Motion to Continue/Cancel Hearing) Notice Date 10/26/2023. (Admin.) (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/27/2023) |
| 10/31/2023 | | 52 | Order dated 10/31/2023 Re: 34 Application filed by Trustee Jonathan R. Goldsmith to Employ Goldsmith, Katz & Argenio, P.C. as Counsel. ALLOWED. See Order for Full Text. (Telam, Usbc) (Entered: 10/31/2023) |
| 11/13/2023 | | | Telephonic Meeting Information for Section 341 Meeting of Creditors: Dial–in Number: 877–988–0160 Participant Code: 8425739#. For International Call Information Please Contact the Trustee. (Goldsmith, Jonathan) (Entered: 11/13/2023) |
| 11/17/2023 | | | Meeting of Creditors Held and Examination of Debtor as scheduled. (Goldsmith, Jonathan) (Entered: 11/17/2023) |
| 11/27/2023 | | 53 | NOTICE OF TIME CHANGE OF HYBRID HEARING. The Time of the Hybrid Hearing Scheduled for 11/30/2023 Is Changed to 01:30 PM Either Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) (Entered: 11/27/2023) |
| 11/27/2023 | | | TIME CHANGE OF HYBRID HEARING. The Time of the Hearing Is Changed to 01:30 PM Either Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 11/27/2023) |
| 11/27/2023 | | 54 | Certificate of Service of Notice of Hearing (Re: 20 Motion for Relief From Stay) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Time Change of Hybrid Hearing) (Smerage, Roger) (Entered: 11/27/2023) |
| 11/27/2023 | | 55 | Supplemental Document: *Trustee's Supplemental Objection to Town of Westborough's Motion for Relief from Automatic Stay and Opposition to the Appointment of a Bankruptcy Trustee* with certificate of service (Re: 20 Motion for Relief From Stay, 46 Order on Motion to Continue/Cancel Hearing) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 11/27/2023) |
| 11/30/2023 | | | Hybrid Hearing Held and Continued to 12/21/2023 at 01:30 PM Either Zoom or In person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA re 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 12/01/2023) |
| 12/01/2023 | | | Hearing Held 11/30/2023 (Re: 20 Motion for Relief From Stay filed by Creditor Town of Westborough). (Telam, Usbc) (Entered: 12/01/2023) |
| 12/01/2023 | | 56 | Proceeding Memorandum and Order dated 12/1/2023 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts. THE HEARING IS CONTINUED TO 12/21/2023 AT 1:30 PM IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURTHOUSE, 5 POST OFFICE SQUARE, BOSTON, MASSACHUSETTS 02109, WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY, HALINA MAGEROWSKI, AT |

| | | | |
|---|---|---|---|
| | | | CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 12/20/2023 AT 1:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (Telam, Usbc) (Entered: 12/01/2023) |
| 12/15/2023 | | 57 | Joint Motion filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough to Continue Hearing [Re: 20 Motion for Relief From Stay] with certificate of service. (Smerage, Roger) (Entered: 12/15/2023) |
| 12/18/2023 | | 58 | Notice of Appearance and Request for Notice with certificate of service filed by Creditor Lolonyon Akouete. (ab) (Entered: 12/18/2023) |
| 12/18/2023 | | 59 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 57 Joint Motion filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough to Continue Hearing [Re: 20 Motion for Relief From Stay] with certificate of service. (ab) (Entered: 12/18/2023) |
| 12/19/2023 | | 60 | Order dated 12/19/2023 Re: 57 Joint Motion filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough to Continue Hearing [Re: 20 Motion for Relief From Stay]. GRANTED. See Order for Full Text. (ab) (Entered: 12/19/2023) |
| 12/19/2023 | | | Hybrid Hearing Continued to 02/13/2024 at 10:30 AM Either Zoom or In person at Worcester Courtroom 3 – CJP on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 12/19/2023) |
| 12/21/2023 | | 61 | BNC Certificate of Mailing – PDF Document. (Re: 60 Order on Motion to Continue/Cancel Hearing) Notice Date 12/21/2023. (Admin.) (Entered: 12/22/2023) |
| 01/04/2024 | | 62 | Motion filed by Creditor Lolonyon Akouete For Court Assistance In Recovering Unclaimed Funds For the Benefit of the Bankruptcy Estate with certificate of service. (ab) (Entered: 01/04/2024) |
| 01/05/2024 | | 63 | Order dated 1/5/2024 Re: 62 Motion filed by Creditor Lolonyon Akouete For Court Assistance In Recovering Unclaimed Funds For the Benefit of the Bankruptcy Estate. DENIED. See Order for Full Text. (ab) (Entered: 01/05/2024) |
| 01/05/2024 | | 65 | Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements with certificate of service. (ab) (Entered: 01/08/2024) |
| 01/07/2024 | | 64 | BNC Certificate of Mailing – PDF Document. (Re: 63 Order on Motion to Compel) Notice Date 01/07/2024. (Admin.) (Entered: 01/08/2024) |
| 01/12/2024 | | 66 | Order dated 1/12/2024 Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements. DENIED. AS RECOGNIZED IN THE MOTION, THE CHAPTER 7 TRUSTEE IS THE PARTY AUTHORIZED TO ADDRESS COMPLIANCE REQUIREMENTS WITH RESPECT TO THE DEBTOR. WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER, THE TRUSTEE SHALL FILE A STATUS REPORT WITH REPECT TO ANY FINANCIAL CRIMES ENFORCEMENT NETWORK COMPLIANCE REQUIREMENTS. (ab) (Entered: 01/12/2024) |

| 01/14/2024 | | 67 | BNC Certificate of Mailing – PDF Document. (Re: 66 Order on Motion to Compel) Notice Date 01/14/2024. (Admin.) (Entered: 01/15/2024) |
|---|---|---|---|
| 01/15/2024 | | 68 | Motion filed by Creditor Lolonyon Akouete to Require the Trustee to Furnish Information Under 11 U.S.C. Section 704(a)(7) with certificate of service. (sl) (Entered: 01/16/2024) |
| 01/16/2024 | | 69 | Motion filed by Creditor Town of Westborough to Dismiss Case with certificate of service. (Attachments: # 1 Appendix # 2 List of Exhibits) (Smerage, Roger) (Entered: 01/16/2024) |
| 01/16/2024 | | 70 | Exhibit (Re: 69 Motion to Dismiss Case) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit A – Quitclaim Deed # 2 Exhibit B – MA Certificate of Registration # 3 Exhibit C – LLC Agreement # 4 Exhibit D – MA Certificate of Withdrawal # 5 Exhibit E – BBAS Resignation # 6 Exhibit F – DE Administrative Dissolution # 7 Exhibit G – Babcock & Brown Withdrawal # 8 Exhibit H – VI Gazette, excerpted # 9 Exhibit I – Search Report # 10 Exhibit J – Instrument of Taking # 11 Exhibit K – Tax Foreclosure Complaint # 12 Exhibit L – Tax Foreclosure Judgment # 13 Exhibit M – DE Certificate of Revival # 14 Exhibit N – Dec. 6, 2022 Email # 15 Exhibit O – Smart Investors MD Documents # 16 Exhibit P – Akouete LinkedIn # 17 Exhibit Q – Akouete Exs. 2 and 3 # 18 Exhibit R – MA Application for Registration # 19 Exhibit S – Staples.com Printout # 20 Exhibit T – M. Morris Email # 21 Exhibit U – Jan. 13, 2023 Email # 22 Exhibit V – Bill of Sale # 23 Exhibit W – Motion to Vacate # 24 Exhibit X – In re Blaustein Docket # 25 Exhibit Y – Waiver of Notice and Consent to Conservatorship # 26 Exhibit Z – Affidavit of Peter L. Blaustein # 27 Exhibit AA – Jan. 7, 2023 Email # 28 Exhibit BB – iMessage Screenshots # 29 Exhibit CC – 2022 LLC Agreement # 30 Exhibit DD – Opposition without Exhibits # 31 Exhibit EE – Land Court Docket # 32 Exhibit FF – Sept. 15, 2022 Text # 33 Exhibit GG – CA Decision # 34 Exhibit HH – June 29, 2023 Email # 35 Exhibit II – Dec. 1, 2023 Email Chain # 36 Exhibit JJ – Dec. 16, 2023 Email # 37 Exhibit KK – Dec. 26, 2023 Email Chain # 38 Certificate of Service) (Smerage, Roger) (Entered: 01/16/2024) |
| 01/16/2024 | | 71 | Hybrid Hearing Scheduled for 2/13/2024 at 10:30 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP. Objections due by 2/7/2024 at 11:59 PM on 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) (Entered: 01/16/2024) |
| 01/16/2024 | | 72 | Certificate of Service of Notice of Hearing (Re: 69 Motion to Dismiss Case) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Hearing) (Smerage, Roger) (Entered: 01/16/2024) |
| 01/17/2024 | | 73 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. (ab) (Entered: 01/17/2024) |
| 01/17/2024 | | 74 | Notice *of Removal – Rule 9027 (a)(1)* filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 01/17/2024) |
| 01/17/2024 | | 84 | Adversary case 24–04006. Notice of Removal Regarding Town of Westborough v. Westborough SPE LLC filed by Jonathan Goldsmith, Chapter 7 Trustee. Fee Amount $350 Nature of Suit (Nature of Suit (01 (Determination of removed claim or cause). (meh, Usbc) (Entered: 02/07/2024) |

| | | | |
|---|---|---|---|
| 01/25/2024 | | 75 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 68 Motion filed by Creditor Lolonyon Akouete Seeking to Require the Trustee to Furnish Information Under 11 U.S.C. Section 704(a)(7). (Goldsmith, Jonathan) (Entered: 01/25/2024) |
| 01/26/2024 | | 76 | Order dated 1/26/2024 Re: 68 Motion filed by Creditor Lolonyon Akouete to Require the Trustee to Furnish Information Under 11 U.S.C. Section 704(a)(7). DENIED. See Order for Full Text. (ab) (Entered: 01/26/2024) |
| 01/28/2024 | | 77 | BNC Certificate of Mailing – PDF Document. (Re: 76 Order on Generic Motion) Notice Date 01/28/2024. (Admin.) (Entered: 01/29/2024) |
| 02/02/2024 | | 78 | Motion filed by Trustee Jonathan R. Goldsmith to Compel the California State Controller to Surrender to the Trustee Property of the Estate **[Expedited Determination Requested]** with certificate of service. (Goldsmith, Jonathan) (Entered: 02/02/2024) |
| 02/02/2024 | | 79 | DISREGARD. A CORRECTED NOTICE SHALL ISSUE. Hybrid Hearing Scheduled for 2/13/2024 at 10:30 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP. Objections due by 2/12/2024 at 04:30 PM on 78 Expedited Motion of the Chapter 7 Trustee, Jonathan R. Goldsmith, to Compel the California State Controller to Surrender to the Trustee Property of the Estate. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) Modified on 2/8/2024 (hm). (Entered: 02/02/2024) |
| 02/05/2024 | | 80 | Certificate of Service of Notice of Hearing (Re: 78 Motion to Compel) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 02/05/2024) |
| 02/05/2024 | | 81 | Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 76 Order dated 1/26/2024 Re: 68 Motion filed by Creditor Lolonyon Akouete to Require the Trustee to Furnish Information Under 11 U.S.C. Section 704(a)(7). DENIED. See Order for Full Text. (ab) (Goldsmith, Jonathan) (Entered: 02/05/2024) |
| 02/07/2024 | | 82 | DISREGARD – Hybrid Status Conference Scheduled for 2/13/2024 at 10:30 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 74 Notice of the Chapter 7 Trustee, Jonathan R. Goldsmith, of Removal – Rule 9027 (a)(1). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) (Entered: 02/07/2024) |
| 02/07/2024 | | 83 | Motion filed by Creditor Town of Westborough for Remand Tax Foreclosure Action (Re: 74 Notice) with certificate of service. (Attachments: # 1 Appendix) (Smerage, Roger) (Motion has been docketed in AP 24–4006 Document #2.) (Entered: 02/07/2024) |
| 02/07/2024 | | 85 | Opposition with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case with certificate of service. (Goldsmith, Jonathan) (Entered: 02/07/2024) |
| 02/07/2024 | | 86 | Objection *of Petitioning Creditors to Town of Westborough's Motion to Dismiss Bankruptcy Case* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case with certificate of service. (Gordon, Stephen) (Entered: 02/07/2024) |

| | | | |
|---|---|---|---|
| 02/07/2024 | | 87 | Objection */Opposition* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case with certificate of service. (Attachments: # 1 Exhibit 1 – LLC Operating Agreement (Delaware) # 2 Exhibit 2 – Email from Goulston & Storrs P.C. # 3 Exhibit 3 – Second Notice of Supplementation in Land Court Proceeding # 4 Exhibit 4 – First Notice of Supplementation in Land Court Proceeding # 5 Exhibit 5 – Town Request for Proposal for 231 Tunrpike Road, Westborough, Mass. # 6 Exhibit 6 – Copies of August 8, 2023 Checks from IRS (US Treasury) to Westborough SPE LLC c/o New York Address of Akouete and Edwards # 7 Exhibit 7 – Email Correspondence between Calif. State Controller Office and Attorney Iris Leahy (Town of Westborough)) (Schlager, Scott) (Entered: 02/07/2024) |
| 02/08/2024 | | 88 | CORRECTED HEARING NOTICE. Hybrid Hearing Scheduled for 2/13/2024 at 10:30 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP. Objections due by 2/12/2024 at 04:30 PM on 78 Expedited Motion of the Chapter 7 Trustee, Jonathan R. Goldsmith, to Compel the California State Controller to Surrender to the Trustee Property of the Estate. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS (hm) (Entered: 02/08/2024) |
| 02/09/2024 | | 89 | Status Report *(Joint Status Report in Advance of Feb. 13, 2024 Hearing)* filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 02/09/2024) |
| 02/09/2024 | | 90 | Position Statement with certificate of service (Re: 20 Motion for Relief From Stay, 69 Motion to Dismiss Case, 78 Motion to Compel) filed by Creditor Lolonyon Akouete. (ab) (Entered: 02/09/2024) |
| 02/09/2024 | | 91 | Certificate of Service of Notice of Hearing (Re: 78 Motion to Compel) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 02/09/2024) |
| 02/11/2024 | | 92 | Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service. (ab) (Entered: 02/12/2024) |
| 02/12/2024 | | 93 | Motion filed by Trustee Jonathan R. Goldsmith to Withdraw Document and Cancel Hearing [Re: 78 Motion filed by Trustee Jonathan R. Goldsmith to Compel the California State Controller to Surrender to the Trustee Property of the Estate **[Expedited Determination Requested]** with certificate of service.] with certificate of service. (Goldsmith, Jonathan) (Entered: 02/12/2024) |
| 02/12/2024 | | 94 | Order dated 2/12/2024 Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA), 69 Motion filed by Creditor Town of Westborough to Dismiss Case, 78 Motion filed by Trustee Jonathan R. Goldsmith to Compel the California State Controller to Surrender to the Trustee Property of the Estate. THE COURT HEREBY CONVERTS THE IN PERSON/VIDEO HYBRID HEARINGS REGARDING DKT. NOS. 20, 69, AND 78 SCHEDULED FOR FEBRUARY 13, 2024 AT 10:30 A.M. TO TELEPHONIC STATUS CONFERENCES. TO PARTICIPATE, PARTIES SHALL DIAL (877) 873–8018 AND ENTER ACCESS CODE 1167883. (ab) (Entered: 02/12/2024) |
| 02/12/2024 | | 95 | Order dated 2/12/2024 Re: 83 Motion filed by Creditor Town of Westborough for Remand Tax Foreclosure Action (Re: 74 Notice). NO FURTHER ACTION WILL BE TAKEN ON THIS MOTION [DKT. NO. |

| | | | |
|---|---|---|---|
| | | | 83] ON THE MAIN CASE DOCKET. THE MOTION HAS BEEN REDOCKETED IN ADVERSARY PROCEEDING NO. 24–4006, DKT. NO. 2. (ab) (Entered: 02/12/2024) |
| 02/12/2024 | | 96 | Order dated 2/12/2024 Re: 93 Motion filed by Trustee Jonathan R. Goldsmith to Withdraw Document and Cancel Hearing [Re: 78 Motion filed by Trustee Jonathan R. Goldsmith to Compel the California State Controller to Surrender to the Trustee Property of the Estate [Expedited Determination Requested]. GRANTED. THE MOTION TO COMPEL [DKT. NO. 78] IS HEREBY WITHDRAWN AND THE STATUS CONFERENCE SCHEDULED FOR FEBRUARY 13, 2024 REGARDING THE MOTION TO COMPEL IS CANCELLED AS UNNECESSARY. (ab) (Entered: 02/12/2024) |
| 02/12/2024 | | 97 | Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 66 Order dated 1/12/2024 Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements. (Goldsmith, Jonathan) (Entered: 02/12/2024) |
| 02/13/2024 | | | Status Conference Held and Continued to 03/19/2024 at 01:30 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 02/13/2024) |
| 02/13/2024 | | | Status Conference Held and Continued to 03/19/2024 at 01:30 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (hm) (Entered: 02/13/2024) |
| 02/13/2024 | | 98 | Proceeding Memorandum and Order dated 2/13/2024 Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case;  and 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA).  THE STATUS CONFERENCES ON DKT. NOS. 20 AND 69 ARE CONTINUED TO 3/19/2024 AT 1:30 P.M. IN COURTROOM 3, 595 MAIN STREET, WORCESTER, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCES, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY, HALINA MAGEROWSKI, AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 3/18/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO.(ab) (Entered: 02/13/2024) |
| 02/14/2024 | | 99 | Request For Expedited Determination filed by Creditor Lolonyon Akouete Supplement [Re: 92 Motion of Lolonyon Akouete for Interim Distributionn] with certificate of service. (ab) (Entered: 02/14/2024) |
| 02/14/2024 | | 100 | BNC Certificate of Mailing – PDF Document. (Re: 94 Order on Motion to Dismiss Case) Notice Date 02/14/2024. (Admin.) (Entered: 02/15/2024) |
| 02/14/2024 | | 101 | BNC Certificate of Mailing – PDF Document. (Re: 95 Order on Motion For Remand) Notice Date 02/14/2024. (Admin.) (Entered: 02/15/2024) |
| 02/14/2024 | | 102 | BNC Certificate of Mailing – PDF Document. (Re: 96 Order on Motion to Withdraw Document) Notice Date 02/14/2024. (Admin.) (Entered: |

| | | | |
|---|---|---|---|
| | | | 02/15/2024) |
| 02/15/2024 | | 103 | BNC Certificate of Mailing – PDF Document. (Re: 98 Order on Motion to Dismiss Case) Notice Date 02/15/2024. (Admin.) (Entered: 02/16/2024) |
| 02/20/2024 | | 104 | Expedited Motion filed by Creditor Lolonyon Akouete for Clarification and to Compel Release of Information for Compliance with FINCEN Requirements with certificate of service. (Telam, Usbc) (Entered: 02/20/2024) |
| 02/23/2024 | | 105 | Order dated 2/23/2024 Re: 97 Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 66 Order dated 1/12/2024 Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements. UPON CONSIDERATION OF THE TRUSTEE'S RESPONSE TO ORDER FOR STATUS REPORT REGARDING RELEASE OF INFORMATION FOR COMPLIANCE WITH THE FINANCIAL CRIMES ENFORCEMENT NETWORK REQUIREMENTS [DKT. NO. 97], THE TRUSTEE SHALL FILE AN UPDATED STATUS REPORT WITH RESPECT TO THE ORDER ENTERED AT DKT. NO. 66 ON OR BEFORE MAY 23, 2024. (Telam, Usbc) (Entered: 02/23/2024) |
| 02/23/2024 | | 106 | Endorsed Order dated 2/23/2024 Re: 104 Expedited Motion filed by Creditor Lolonyon Akouete for Clarification and to Compel Release of Information for Compliance with FINCEN Requirements. DENIED. AS REFERENCED IN THE ORDER ENTERED AT DKT. NO. 105, THE TRUSTEE IS FILING A FURTHER STATUS REPORT ON OR BEFORE MAY 23, 2024. (Telam, Usbc) (Entered: 02/23/2024) |
| 02/26/2024 | | 107 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 92 Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service., 99 Motion filed by Creditor Lolonyon Akouete For Expedited Determination [Re: 92 Motion for Interim/Supplemental Distribution] with certificate of service. (Goldsmith, Jonathan) (Entered: 02/26/2024) |
| 02/27/2024 | | 108 | Response with certificate of service filed by Creditor Lolonyon Akouete to 107 Objection filed by Trustee Jonathan R. Goldsmith Re: 92 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, and 99 Motion filed by Creditor Lolonyon Akouete For Expedited Determination [Re: 92 Motion for Interim/Supplemental Distribution]. (ab) (Entered: 02/27/2024) |
| 02/27/2024 | | 109 | Response with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 92 Motion of Lolonyon Akouete for Interim Distribution, 99 Motion of Lolonyon Akouete For Expedited Determination, 107 Trustee's Objection, and 108 Response of Lolonyon Akouete to 107 Trustee's Objection. (Gordon, Stephen) (Entered: 02/27/2024) |
| 02/27/2024 | | 110 | Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim with certificate of service. (Smerage, Roger) (Entered: 02/27/2024) |
| 02/27/2024 | | 112 | Reply with certificate of service filed by Creditor Lolonyon Akouete to 109 Response filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 92 Motion of Lolonyon Akouete for Interim Distribution, 99 Motion |

| | | | |
|---|---|---|---|
| | | | of Lolonyon Akouete For Expedited Determination, 107 Trustee's Objection, and 108 Response of Lolonyon Akouete to 107 Trustee's Objection. (ab) (Entered: 02/28/2024) |
| 02/28/2024 | | 111 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 110 Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim. (ab) (Entered: 02/28/2024) |
| 02/29/2024 | | 113 | Opposition filed by Creditor Town of Westborough [Re: 92 Motion for Interim/Supplemental Distribution, 99 Motion filed by Creditor Lolonyon Akouete For Expedited Determination] with certificate of service. (Smerage, Roger) (Entered: 02/29/2024) |
| 03/19/2024 | | 114 | Order dated 3/19/2024 Re: 92 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, 99 Request For Expedited Determination filed by Creditor Lolonyon Akouete Supplement. REQUEST FOR EXPEDITED DETERMINATION [DKT. NO. 99] OF THE MOTION FOR INTERIM DISTRIBUTION FILED BY LOLONYON AKOUETE [DKT. NO. 92] (THE "INTERIM DISTRIBUTION MOTION") IS DENIED. UPON CONSIDERATION OF THE INTERIM DISTRIBUTION MOTION, THE OBJECTIONS OF THE CHAPTER 7 TRUSTEE [DKT. NO. 107], THE PETITIONING CREDITORS [DKT. NO. 109], AND THE TOWN OF WESTBOROUGH [DKT. NO. 113], AND THE REPLIES OF MR. AKOUETE [DKT. NOS. 108 AND 112], THE INTERIM DISTRIBUTION MOTION IS DENIED AS PREMATURE. (meh, Usbc) (Entered: 03/19/2024) |
| 03/19/2024 | | 115 | Order dated 3/19/2024 Re: 110 Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim. UPON CONSIDERATION OF TOWN OF WESTBOROUGH'S MOTION TO ENLARGE THE TIME TO FILE A PROOF OF CLAIM[DKT. NO. 110] (THE "MOTION"), THE RESPONSE THERETO FILED BY LOLONYON AKOUETE [DKT. NO. 111], AND NO OTHER OBJECTIONS HAVING BEEN FILED, THE MOTION IS GRANTED. THE DEADLINE FOR THE TOWN OF WESTBOROUGH TO FILE A PROOF OF CLAIM IS EXTENDED AS REQUESTED PENDING ENTRY OF AN ORDER BY THE COURT THAT THE PROPERTY AT ISSUE IS PROPERTY OF THE ESTATE. (meh, Usbc) (Entered: 03/19/2024) |
| 03/19/2024 | | | Hybrid Hearing Held and Continued to 04/23/2024 at 01:30 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 03/19/2024) |
| 03/19/2024 | | | Hybrid Hearing Held and Continued to 04/23/2024 at 01:30 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on : 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (hm) (Entered: 03/19/2024) |
| 03/19/2024 | | 116 | Proceeding Memorandum and Order dated 3/19/2024 Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case, Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts. THE STATUS CONFERENCES ON DOCKET NOS. 20 AND 69 ARE CONTINUED TO 4/23/2024 AT 1:30 P.M. IN COURTROOM 3, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCES, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT |

| | | | |
|---|---|---|---|
| | | | CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 4/22/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (Telam, Usbc) (Entered: 03/19/2024) |
| 03/27/2024 | | 117 | Email from Interested Party Lolonyon Akouete. (sas) (Entered: 03/27/2024) |
| 03/28/2024 | | 118 | Motion before The Honorable Howard P. Speicher filed by Party Lolonyon Akouete Re: 117 Email from Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 03/28/2024) |
| 04/15/2024 | | 119 | Adversary case 24–04017. Complaint by Lolonyon Akouete against Jonathan Goldsmith . . (Attachments: # 1 Exhibit) Nature of Suit(91 (Declaratory judgment))(dc) (Entered: 04/15/2024) |
| 04/15/2024 | | 120 | Notice of Withdrawal of Appearance/Representation *of Scott A. Schlager, Esq.* filed by Petitioning Creditor Nathanson & Goldberg, P.C. (Schlager, Scott) (Entered: 04/15/2024) |
| 04/15/2024 | | 121 | Request to Report Harassment, Intimation, Isolation, Mental, Physical, Emotional Abuse and Stress Due to Financial Hardship filed by Interested Party Denise Edwards. (Attachments: # 1 Settlement Purposes) (ab) (Entered: 04/17/2024) |
| 04/17/2024 | | 122 | Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor, with certificate of service, Fee Amount $199, Objections due by 5/2/2024. (ab) (Entered: 04/18/2024) |
| 04/18/2024 | | 123 | Clerk's Notice of Fees Due (Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor). Fee due by 5/2/2024. (ab) (Entered: 04/18/2024) |
| 04/18/2024 | | 124 | Court Certificate of Mailing Re: 123 Clerk's Notice of Fees Due. (ab) (Entered: 04/18/2024) |
| 04/22/2024 | | 125 | Order dated 4/22/2024 Re: 117 Email from Interested Party Lolonyon Akouete, 118 Motion before The Honorable Howard P. Speicher filed by Party Lolonyon Akouete Re: 117 Email from Interested Party Lolonyon Akouete. LOLONYON AKOUETE HAVING TRANSMITTED THE DOCUMENT AT DKT. NO. 118 FOR FILING (THE "DOCUMENT"), WHICH DOCUMENT DOES NOT CONTAIN THE CAPTION OF THIS COURT AND THERE BEING NO INFORMATION AS TO WHETHER THE DOCUMENT WAS INTENDED AS AN EXHIBIT TO ANY OTHER FILING OF MR. AKOUETE, THE DOCUMENT SHALL BE STRICKEN ON OR AFTER APRIL 30, 2024, ABSENT ANY SUPPLEMENT BY MR. AKOUETE WITH RESPECT TO THE DOCUMENT. (meh, Usbc) (Entered: 04/22/2024) |
| 04/22/2024 | | 126 | Motion filed by Creditor Lolonyon Akouete to Include [Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor] *In the Upcoming Hearing*, with certificate of service. (ab) (Entered: 04/23/2024) |
| 04/23/2024 | | 127 | Telephonic Status Conference Scheduled for 5/8/2024 at 11:00 AM on 121 Complaint to Report Threats, Harassment, Disrespect, Isolation, |

| | | | |
|---|---|---|---|
| | | | Mental Stress, Emotional Stress, Physical Distress and Financial Hardship Filed by Denise Edwards. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (hm) (Entered: 04/23/2024) |
| 04/23/2024 | | 128 | Endorsed Order dated 4/23/2024 Re: 126 Motion filed by Creditor Lolonyon Akouete to Include Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor In the Upcoming Hearing,. DENIED. THE MOTION FOR RELIEF [DKT. NO. 122] WILL BE SCHEDULED FOR A DATE AFTER EXPIRATION OF THE OBJECTION DEADLINE WITH RESPECT TO THAT MOTION. (meh, Usbc) (Entered: 04/23/2024) |
| 04/23/2024 | | | Hybrid Hearing Held and Continued to 06/04/2024 at 02:00 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 04/23/2024) |
| 04/23/2024 | | | Hybrid Hearing Held and Continued to 06/04/2024 at 02:00 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (hm) (Entered: 04/23/2024) |
| 04/23/2024 | | 129 | Proceeding Memorandum and Order dated 4/23/2024 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts, and 69 Motion filed by Creditor Town of Westborough to Dismiss Case.  THE STATUS CONFERENCES ON DOCKET NOS. 20 AND 69 ARE CONTINUED TO 6/4/2024 AT 2:00 P.M. IN COURTROOM 3, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCES, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 6/3/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 04/23/2024) |
| 04/25/2024 | | 130 | Motion filed by Interested Party Lolonyon Akouete to Waive Filing Fees (Re: 84] Notice of Removal, 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment) with certificate of service. (Telam, Usbc) (Entered: 04/25/2024) |
| 04/25/2024 | | 131 | BNC Certificate of Mailing – Hearing. (Re: 127 Hearing Scheduled) Notice Date 04/25/2024. (Admin.) (Entered: 04/26/2024) |
| 04/25/2024 | | 132 | BNC Certificate of Mailing – PDF Document. (Re: 129 Order on Motion to Dismiss Case) Notice Date 04/25/2024. (Admin.) (Entered: 04/26/2024) |
| 04/28/2024 | | 133 | BNC Certificate of Mailing – PDF Document. (Re: 128 Order on Motion to Continue/Cancel Hearing) Notice Date 04/28/2024. (Admin.) (Entered: |

| | | | |
|---|---|---|---|
| | | | 04/29/2024) |
| 04/29/2024 | | 134 | Notice of Appearance and Request for Notice by Jose C. Centeio filed by Petitioning Creditor Nathanson & Goldberg, P.C. (Centeio, Jose) (Entered: 04/29/2024) |
| 04/30/2024 | | 135 | Motion filed by Creditor Lolonyon Akouete For Court Intervention *Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property*, with certificate of service. (ab) (Entered: 04/30/2024) |
| 05/02/2024 | | 136 | Objection filed by Trustee Jonathan R. Goldsmith Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment with certificate of service Fee Amount $199, (Goldsmith, Jonathan) (Entered: 05/02/2024) |
| 05/02/2024 | | 137 | Certificate of Service (Re: 136 Objection) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 05/02/2024) |
| 05/02/2024 | | 138 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment with certificate of service Fee Amount $199, (Smerage, Roger) (Entered: 05/02/2024) |
| 05/03/2024 | | 139 | Hybrid Hearing Scheduled for 5/16/2024 at 10:30 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 on 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (meh, Usbc) (Entered: 05/03/2024) |
| 05/03/2024 | | 140 | Hybrid Hearing Scheduled on 5/16/2024 at 10:30 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109. Objections due by 5/14/2024 at 11:59 PM on 130 Motion filed by Interested Party Lolonyon Akouete to Waive Filing Fees (Re: 84 Notice of Removal, 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (meh, Usbc) (Entered: 05/03/2024) |
| 05/03/2024 | | 141 | Hybrid Hearing Scheduled on 5/16/2024 at 10:30 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109. Objections due by 5/14/2024 at 11:59 PM on 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (meh, Usbc) (Entered: 05/03/2024) |
| 05/03/2024 | | 142 | Generic PDF Re: 139 Hybrid Hearing Notice. (meh, Usbc) (Entered: 05/03/2024) |
| 05/04/2024 | | 146 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 138 Opposition filed by Creditor Town of Westborough Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor. (ab) (Entered: 05/06/2024) |
| 05/05/2024 | | 143 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – Hearing. (Re: 140 Hearing Scheduled) Notice Date 05/05/2024. (Admin.) (Entered: 05/06/2024) |
| 05/05/2024 | | 144 | BNC Certificate of Mailing – Hearing. (Re: 141 Hearing Scheduled) Notice Date 05/05/2024. (Admin.) (Entered: 05/06/2024) |
| 05/05/2024 | | 145 | BNC Certificate of Mailing – PDF Document. (Re: 142 Generic PDF) Notice Date 05/05/2024. (Admin.) (Entered: 05/06/2024) |
| 05/07/2024 | | 147 | Application filed by Trustee Jonathan R. Goldsmith to Employ Verdolino & Lowey, P.C. as Accountant filed with Affidavit along with certificate of service and proposed order. (Goldsmith, Jonathan) (Entered: 05/07/2024) |
| 05/08/2024 | | | Hearing Held Re: 121 Complaint to Report Threats, Harassment, Disrespect, Isolation, Mental Stress, Emotional Stress, Physical Distress and Financial Hardship Filed by Denise Edwards. (ab) (Entered: 05/08/2024) |
| 05/08/2024 | | 148 | Order Dated 5/8/2024 Re: 121 Complaint to Report Threats, Harassment, Disrespect, Isolation, Mental Stress, Emotional Stress, Physical Distress and Financial Hardship Filed by Denise Edwards. STRICKEN. See Order for Full Text. (ab) (Entered: 05/08/2024) |
| 05/09/2024 | | 149 | Motion filed by Creditor Lolonyon Akouete Requesting Response to Previously Filed Motions and Concerns Over Proposed Settlement (Re: 92 Motion for Interim Distribution, and 99 Request For Expedited Determination filed by Creditor Lolonyon Akouete Supplement [Re: 92 Motion for Interim Distributionn]) with certificate of service. (ab) (Entered: 05/09/2024) |
| 05/10/2024 | | 150 | BNC Certificate of Mailing – PDF Document. (Re: 148 Order) Notice Date 05/10/2024. (Admin.) (Entered: 05/11/2024) |
| 05/13/2024 | | 151 | Order Dated 5/13/2024 Re: 118 Motion before The Honorable Howard P. Speicher filed by Party Lolonyon Akouete Re: 117 Email from Interested Party Lolonyon Akouete. NO SUPPLEMENT HAVING BEEN FILED TO THE DOCUMENT AT DKT. NO. 118 (THE "DOCUMENT") IN COMPLIANCE WITH THE ORDER ENTERED AT DKT. NO. 125, THE DOCUMENT IS HEREBY STRICKEN, WITHOUT PREJUDICE TO THE DOCUMENT BEING REFILED AS AN EXHIBIT TO ANY RELEVANT PLEADING, IF APPROPRIATE. IN ADDITION, THE TRANSMISSION EMAIL AT DKT. NO. 117 IS ALSO STRICKEN. (ab) (Entered: 05/13/2024) |
| 05/13/2024 | | 152 | Endorsed Order dated 5/13/2024 Re: 149 Motion filed by Creditor Lolonyon Akouete Requesting Response to Previously Filed Motions and Concerns Over Proposed Settlement (Re: 92 Motion for Interim Distribution, and 99 Request For Expedited Determination filed by Creditor Lolonyon Akouete Supplement [Re: 92 Motion for Interim Distributionn]). DENIED. THE MOTIONS AT DKT.NOS. 92 AND 99 HAVE BEEN DENIED. SEE ORDER AT DKT. NO. 114. THE OBJECTION TO A SETTLEMENT "PROPOSAL" THAT HAS NOT BEEN FILED IS PREMATURE. (ab) (Entered: 05/13/2024) |
| 05/14/2024 | | 153 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 135 Motion filed by Creditor Lolonyon Akouete to Intervene with certificate of service (Smerage, Roger) (Entered: 05/14/2024) |

| | | | |
|---|---|---|---|
| 05/14/2024 | | 154 | Opposition filed by Trustee Jonathan R. Goldsmith Re: 135 Motion filed by Creditor Lolonyon Akouete to Intervene with certificate of service (Goldsmith, Jonathan) (Entered: 05/14/2024) |
| 05/14/2024 | | 155 | Certificate of Service (Re: 154 Opposition) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 05/14/2024) |
| 05/15/2024 | | 156 | BNC Certificate of Mailing – PDF Document. (Re: 151 Order) Notice Date 05/15/2024. (Admin.) (Entered: 05/16/2024) |
| 05/15/2024 | | 157 | BNC Certificate of Mailing – PDF Document. (Re: 152 Order on Motion for Order/Authority) Notice Date 05/15/2024. (Admin.) (Entered: 05/16/2024) |
| 05/15/2024 | | 158 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts. (ab) (Entered: 05/16/2024) |
| 05/16/2024 | | 159 | Endorsed Order dated 5/16/2024 Re: 130 Motion filed by Interested Party Lolonyon Akouete to Waive Filing Fees (Re: 84 Notice of Removal, 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment). THE REQUEST IS DENIED WITHOUT PREJUDICE AS WILL BE REFLECTED IN A SEPARATE ORDER TO ENTER. THE MAY 16, 2024 HEARING ON THIS MATTER IS CANCELLED. (ab) (Entered: 05/16/2024) |
| 05/16/2024 | | | Hearing Held Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor. (ab) (Entered: 05/20/2024) |
| 05/16/2024 | | | Hearing Held Re: 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property. (ab) (Entered: 05/20/2024) |
| 05/18/2024 | | 160 | BNC Certificate of Mailing – PDF Document. (Re: 159 Order on Motion to Waive) Notice Date 05/18/2024. (Admin.) (Entered: 05/19/2024) |
| 05/19/2024 | | 161 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 154 Opposition filed by Trustee Jonathan R. Goldsmith Re: 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property. (ab) (Entered: 05/20/2024) |
| 05/20/2024 | | 162 | Proceeding Memorandum and Order dated 5/20/2024 Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor. DENIED. MOVANT FAILED TO APPEAR TO PROSECUTE THE MOTION. IN ADDITION, THE MOTION IS DENIED AS IT DID NOT STATE A SUFFICIENT BASIS AS TO WHY THE MOVANT SHOULD BE PERMITTED TO PURSUE ASSERTED CLAIMS OUTSIDE OF THE CLAIMS PROCESS IN THIS CASE AND AS CONTEMPLATED BY THE BANKRUPTCY CODE AND RULES. (ab) (Entered: 05/20/2024) |
| 05/20/2024 | | 163 | Proceeding Memorandum and Order dated 5/20/2024 Re: 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding |

| | | | |
|---|---|---|---|
| | | | Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property. MOVANT FAILED TO APPEAR. THE MOTION IS DENIED. AS PREMATURE AND FOR THE REASONS STATED ON THE RECORD. IF AND WHEN A SETTLEMENT IS PROPOSED AND A MOTION TO APPROVE THE SETTLEMENT IS FILED, MR. AKOUETE CAN FILE AN APPROPRIATE OBJECTION. (ab) (Entered: 05/20/2024) |
| 05/21/2024 | | 164 | Motion filed by Creditor Lolonyon Akouete for Reconsideration of Order Denying Motion for Relief from Stay (Re: 162 Proceeding Memorandum and Order dated 5/20/2024 Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor) with certificate of service. (ab) (Entered: 05/22/2024) |
| 05/21/2024 | | 165 | Motion filed by Creditor Lolonyon Akouete for Reconsideration (Re: 163 Proceeding Memorandum and Order dated 5/20/2024 Re: 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property) with certificate of service. (ab) (Entered: 05/22/2024) |
| 05/22/2024 | | 166 | Motion filed by Creditor Lolonyon Akouete to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate with certificate of service. (Telam, Usbc) (Entered: 05/22/2024) |
| 05/22/2024 | | 167 | Endorsed Order dated 5/22/2024 Re: 147 Application filed by Trustee Jonathan R. Goldsmith to Employ Verdolino & Lowey, P.C. as Accountant. ALLOWED. NO OBJECTIONS FILED. THE CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY VERDOLINO & LOWEY, P.C. AS ACCOUNTANT IS APPROVED PURSUANT TO 11 U.S.C. § 327. PAYMENT OF FEES AND EXPENSES OF ACCOUNTANT IS SUBJECT TO PRIOR COURT APPROVAL PURSUANT TO 11 U.S.C. § 330. (Telam, Usbc) (Entered: 05/22/2024) |
| 05/22/2024 | | 168 | BNC Certificate of Mailing – PDF Document. (Re: 162 Order on Motion For Relief From Stay) Notice Date 05/22/2024. (Admin.) (Entered: 05/23/2024) |
| 05/22/2024 | | 169 | BNC Certificate of Mailing – PDF Document. (Re: 163 Order on Motion To Intervene) Notice Date 05/22/2024. (Admin.) (Entered: 05/23/2024) |
| 05/23/2024 | | 170 | Response filed by Trustee Jonathan R. Goldsmith Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements, 105 Order dated 2/23/2024 with certificate of service. (Goldsmith, Jonathan) (Entered: 05/23/2024) |
| 05/27/2024 | | 171 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 170 Updated Response filed by Trustee Jonathan R. Goldsmith Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements, 105 Order dated 2/23/2024. (ab) (Entered: 05/28/2024) |
| 06/04/2024 | | | Hearing Held and Continued to 07/25/2024 at 11:00 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 20 Motion for Relief From Stay Filed by Creditor Town of Westborough. (meh, Usbc) (Entered: 06/07/2024) |

| | | | |
|---|---|---|---|
| 06/04/2024 | | | Hearing Held and Continued to 07/25/2024 at 11:00 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 69 Motion to Dismiss Case Filed by Creditor Town of Westborough. (meh, Usbc) (Entered: 06/07/2024) |
| 06/05/2024 | | 172 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 164 Motion filed by Creditor Lolonyon Akouete to Reconsider ( 162 Order on Motion For Relief From Stay) with certificate of service., 165 Motion filed by Creditor Lolonyon Akouete to Reconsider ( 163 Order on Motion To Intervene) with certificate of service. (Smerage, Roger) (Entered: 06/05/2024) |
| 06/05/2024 | | 173 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 166 Motion filed by Creditor Lolonyon Akouete To Abandon Claims with certificate of service. (Goldsmith, Jonathan) (Entered: 06/05/2024) |
| 06/07/2024 | | 174 | Correspondence Filed by Interested Party Denise Edwards. (Attachments: # 1 Exhibit) (ab) (Entered: 06/07/2024) |
| 06/07/2024 | | 175 | Proceeding Memorandum and Order dated 6/7/2024 Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA), and 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. THE STATUS CONFERENCES ON DOCKET NOS. 20 AND 69 ARE CONTINUED TO JULY 25, 2024 AT 11:00 A.M.IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 7/24/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 06/07/2024) |
| 06/09/2024 | | 176 | BNC Certificate of Mailing – PDF Document. (Re: 175 Order on Motion to Dismiss Case) Notice Date 06/09/2024. (Admin.) (Entered: 06/10/2024) |
| 06/10/2024 | | 177 | Supplement with certificate of service To Motion for Relief from Automatic Stay (Doc #122) And Motion for Reconsideration of Order Denying Motion for Relief from Stay (Doc #164) (Re: 122 Motion for Relief From Stay, and 164 Motion to Reconsider) filed by Creditor Lolonyon Akouete. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5) (ab) (Entered: 06/10/2024) |
| 06/12/2024 | | 178 | Motion filed by Creditor Lolonyon Akouete with certificate of service for Sanctions for Violation of the Automatic Stay. (ab) (Entered: 06/12/2024) |
| 06/17/2024 | | 179 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 173 Objection filed by Trustee Jonathan R. Goldsmith Re: 166 Motion filed by Creditor Lolonyon Akouete To Abandon Claims. (ab) (Entered: 06/17/2024) |
| 06/19/2024 | | 180 | Motion filed by Creditor Lolonyon Akouete for Interim Distribution and Request for Expedited Determination with certificate of service. (ab) (Entered: 06/20/2024) |

| | | | |
|---|---|---|---|
| 06/19/2024 | | 181 | Motion filed by Creditor Lolonyon Akouete with certificate of service to Shorten Time for Objections and Opposition Re: 180 Motion for Interim Distribution. (ab) (Entered: 06/20/2024) |
| 06/23/2024 | | 182 | Motion filed by Creditor Lolonyon Akouete to Amend Proof of Claim with certificate of service. (ab) (Entered: 06/24/2024) |
| 06/26/2024 | | 183 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service. (Smerage, Roger) (Entered: 06/26/2024) |
| 06/26/2024 | | 184 | Opposition with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service. (Gordon, Stephen) (Entered: 06/26/2024) |
| 06/26/2024 | | 185 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service. (Goldsmith, Jonathan) (Entered: 06/26/2024) |
| 06/28/2024 | | 186 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 183 Opposition filed by Creditor Town of Westborough Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, 184 Opposition filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, and 185 Objection filed by Trustee Jonathan R. Goldsmith Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution. (ab) (Entered: 06/28/2024) |
| 06/28/2024 | | 187 | Response *to Motion for Sanctions for Violation of the Automatic Stay* with certificate of service filed by Interested Party Walter A. Horst Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs with certificate of service. (Miller, Samual) (Entered: 06/28/2024) |
| 07/07/2024 | | 188 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 187 Response filed by Interested Party Walter A. Horst Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs. (ab) (Entered: 07/08/2024) |
| 07/08/2024 | | 189 | Settlement Agreement by Trustee Jonathan R. Goldsmith and Town of Westborough, Ferris Development Group, LLC, Lax Media LLC and Lax Media MA LLC, Nathanson & Goldberg, P.C. and Durgaprasad Nagalla and Venkatesh Mohamraj, Trustees of the MobileStreet Trust filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 07/08/2024) |
| 07/08/2024 | | 190 | Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. (Goldsmith, Jonathan) (Entered: 07/08/2024) |
| 07/11/2024 | | 191 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. (ab) (Entered: 07/11/2024) |
| 07/11/2024 | | 192 | Certificate of Service (Re: 189 Settlement Agreement, 190 Motion to Approve) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 07/11/2024) |

| | | | |
|---|---|---|---|
| 07/11/2024 | | 193 | Motion filed by Creditor Lolonyon Akouete to Shorten Time for Objections, Oppositions, and Replies [Re: 189 Settlement Agreement, 190 Trustee's Motion to Approve 189 Settlement Agreement, and 191 Opposition of Creditor Lolonyon Akouete to 190 Trustee's Motion to Approve 189 Settlement Agreement] with certificate of service. (ab) (Entered: 07/12/2024) |
| 07/24/2024 | | 194 | Reply *in Support* with certificate of service filed by Creditor Town of Westborough Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. (Attachments: # 1 List of Exhibits) (Smerage, Roger) (Entered: 07/24/2024) |
| 07/24/2024 | | 195 | Exhibit *List of Exhibits* (Re: 194 Reply) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit 1 – Declaration of Kristi Williams # 2 Exhibit 2 – Affidavit of Select Board Chair Ian Johnson # 3 Certificate of Service) (Smerage, Roger) (Entered: 07/24/2024) |
| 07/24/2024 | | 196 | Order dated 7/24/2024 Re: 193 Motion filed by Creditor Lolonyon Akouete to Shorten Time for Objections, Oppositions, and Replies [Re: 189 Settlement Agreement, 190 Trustee's Motion to Approve 189 Settlement Agreement, and 191 Opposition of Creditor Lolonyon Akouete to 190 Trustee's Motion to Approve 189 Settlement Agreement]. DENIED. PURSUANT TO FED. R. BANKR. P. 2002(a)(3), OTHER THAN WITH RESPECT TO AN EXCEPTION THAT IS NOT APPLICABLE TO THE SETTLEMENT AGREEMENT AT ISSUE IN THIS CASE, AT LEAST TWENTY–ONE (21) DAYS NOTICE OF A MOTION TO APPROVE SETTLEMENT IS REQUIRED REGARDING "THE HEARING ON APPROVAL OF A COMPROMISE OR SETTLEMENT OF A CONTROVERSY," ABSENT CAUSE SHOWN. UPON CONSIDERATION OF THE MOTION, ADEQUATE CAUSE HAS NOT BEEN DEMONSTRATED TO SHORTEN NOTICE OF THE HEARING. MR. AKOUETE'S ASSERTION THAT "[S]HORTENING THE TIME FRAME WILL HELP IN AVOIDING POTENTIAL DELAYS THAT MAY ARISE FROM PROLONGED OBJECTIONS AND RESPONSES, ENSURING A MORE EFFICIENT RESOLUTION PROCESS" IS INSUFFICIENT TO DEMONSTRATE SHORTENED NOTICE IS IN THE BEST INTEREST OF THE ESTATE AND ALL CREDITORS, PARTICULARLY WHERE THE ESTATE FIDUCIARY, THE CHAPTER 7 TRUSTEE, HAS NOT SOUGHT EXPEDITED CONSIDERATION OF THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT. THE MOTION TO APPROVE THE SETTLEMENT WILL BE SCHEDULED IN THE ORDINARY COURSE. (dc) (Entered: 07/24/2024) |
| 07/24/2024 | | 197 | DISREGARD. Hybrid Hearing Scheduled on 8/15/2024 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve 189 Settlement Agreement. Objections due by 8/13/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) CORRECTIVE ENTRY: An Amended Hybrid Hearing Notice Will Enter. Modified on 7/24/2024. (lb). (Entered: 07/24/2024) |
| 07/24/2024 | | 198 | DISREGARD. NOTICE OF RESCHEUDLED HYBRID HEARING. Hybrid Scheduled on 8/15/2024 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts and 69 Motion filed by Creditor Town of Westborough to Dismiss Case. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) |

| | | | |
|---|---|---|---|
| | | | CORRECTIVE ENTRY: An Amended Rescheduled Hybrid Hearing Notice Will Enter. Modified on 7/24/2024 (Entered: 07/24/2024) |
| 07/24/2024 | | 199 | NOTICE OF AMENDED HEARING NOTICE. Hybrid Hearing Scheduled on 8/20/2024 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve 189 Settlement Agreement. Objections due by 8/16/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 07/24/2024) |
| 07/24/2024 | | 200 | AMENDED NOTICE OF RESCHEDULED HYBRID STATUS CONFERENCE. Hybrid Status Conference Rescheduled to 8/20/2024 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts and 69 Motion filed by Creditor Town of Westborough to Dismiss Case. PLEASE READ AMENDED NOTICE FOR COMPLETE INSTRUCTIONS. (dr) (Entered: 07/24/2024) |
| 07/25/2024 | | | Hybrid Hearing Rescheduled to 8/20/2024 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion for Relief From Stay filed by Creditor Town of Westborough, 69 Motion to Dismiss Case filed by Creditor Town of Westborough. (lb) (Entered: 07/25/2024) |
| 07/25/2024 | | 201 | Certificate of Service of Notice of Hearing (Re: 20 Motion for Relief From Stay, 69 Motion to Dismiss Case) filed by Creditor Town of Westborough (Attachments: # 1 Amended Notice of Rescheduled Status Conference) (Smerage, Roger) (Entered: 07/25/2024) |
| 07/25/2024 | | 202 | Order dated 7/25/2024 Re: 182 Motion filed by Creditor Lolonyon Akouete to Amend Proof of Claim. THE MOTION TO AMEND PROOF OF CLAIM [DKT. NO. 182] (THE "MOTION") IS DENIED AS UNNECESSARY. CLAIM AMENDMENTS ARE NOT GOVERNED BY FED. R. BANKR. P. 7015. MR. AKOUETE MAY AMEND CLAIM 4–1 FILED ON 12/14/2023 BY FILING AN AMENDED CLAIM ON THE CLAIMS REGISTER, WHICH AMENDED CLAIM SHALL BE SUBJECT TO OBJECTION. THE COURT WILL PLACE THE PROOF OF CLAIM ATTACHED AS EXHIBIT B TO THE MOTION ON THE CLAIMS REGISTER AND IT WILL BE DEEMED FILED AS CLAIM 4–2 AS OF THE DATE MR. AKOUETE FILED THE MOTION. ANY OTHER RELIEF REQUESTED THROUGH THE MOTION IS DENIED. (Telam, Usbc) (Entered: 07/25/2024) |
| 07/25/2024 | | 203 | Certificate of Service of Notice of Hearing (Re: 190 Motion to Approve) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 07/25/2024) |
| 07/25/2024 | | 204 | Order dated 7/25/2024 Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution and Request for Expedited Determination, 181 Motion filed by Creditor Lolonyon Akouete to Shorten Notice [Re: 180 Motion for Interim/Supplemental Distribution]. REQUEST FOR EXPEDITED DETERMINATION [DKT. NO. 181] OF THE SECOND MOTION FOR INTERIM DISTRIBUTION FILED BY LOLONYON AKOUETE [DKT. NO. 180] (THE "SECOND MOTION") IS DENIED. UPON CONSIDERATION OF THE SECOND MOTION, THE OBJECTIONS OF THE CHAPTER 7 TRUSTEE [DKT. NO. 185], THE PETITIONING CREDITOR [DKT. NO. 184], AND THE TOWN OF WESTBOROUGH [DKT. NO. 183], THE REPLY OF MR. AKOUETE [DKT. NO. 186], AND THE RECORD OF THIS CASE, THE SECOND MOTION IS DENIED AS PREMATURE. (Telam, Usbc) |

| | | | |
|---|---|---|---|
| | | | (Entered: 07/25/2024) |
| 07/26/2024 | | 205 | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel. Fee Amount $298 Filed by Creditor Lolonyon Akouete (RE: 204 Order on Motion for Interim/Supplemental Distribution). Appellant Designation due by 8/9/2024. Compiled Records Due by 8/23/2024. Transmission of Designation Due by 8/26/2024. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 206 | Request filed by Creditor Lolonyon Akouete to Waive Appeal Fee . (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 207 | Notice of Appeal to Bankruptcy Appellate Panel Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 208 | Initial Transmittal to BAP Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 209 | Statement of Issues Filed by Creditor Lolonyon Akouete RE: 205 Notice of Appeal and Statement of Election. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 210 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Creditor Lolonyon Akouete (RE: 205 Notice of Appeal and Statement of Election). Appellee designation due by 8/9/2024. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 211 | Appellant's Brief (Re: 205 Notice of Appeal and Statement of Election) filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 212 | Motion filed by Creditor Lolonyon Akouete to Shorten Time for Appellee's Brief [Re: 205 Notice of Appeal and Statement of Election]. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 213 | BNC Certificate of Mailing – PDF Document. (Re: 196 Order on Motion To Limit/Shorten Notice) Notice Date 07/26/2024. (Admin.) (Entered: 07/27/2024) |
| 07/28/2024 | | 214 | Motion filed by Creditor Lolonyon Akouete To Allow Claim with certificate of service. (ab) (Entered: 07/29/2024) |
| 07/29/2024 | | 215 | Statement *of Ferris Development Group, LLC in Support of Motion of Chapter 7 Trustee for Approval of Settlement Agreement* with certificate of service (Re: 190 Motion to Approve) filed by Creditor Ferris Development Group, LLC (Attachments: # 1 Affidavit, Declaration re: Electronic Filing) (Carey, Paul) (Entered: 07/29/2024) |
| 07/31/2024 | | | Notice of Docketing Record on Appeal to BAP Case Number 24–0016 Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (sl) (Entered: 07/31/2024) |
| 08/02/2024 | | 216 | Order dated 8/2/2024 Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions for Violation of the Automatic Stay. DENIED. See Order for Full Text. (ab) (Entered: 08/02/2024) |

25

| | | | |
|---|---|---|---|
| 08/04/2024 | | 217 | BNC Certificate of Mailing – PDF Document. (Re: 216 Order on Motion For Sanctions/Costs) Notice Date 08/04/2024. (Admin.) (Entered: 08/05/2024) |
| 08/04/2024 | | 218 | Motion filed by Creditor Lolonyon Akouete with certificate of service to Reconsider 115 Order dated 3/19/2024 Re: 110 Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim, and Reconsider 216 Order dated 8/2/2024 Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions for Violation of the Automatic Stay. (ab) (Entered: 08/05/2024) |
| 08/06/2024 | | 219 | Motion filed by Creditor Lolonyon Akouete to Compel Trustee to Obtain Appraisal of Property Located at 231 Turnpike Road, Westborough, MA before August 20, 2024 Hearing with certificate of service. (ab) (Entered: 08/06/2024) |
| 08/06/2024 | | 220 | Order dated 8/6/2024 Re: 212 Motion filed by Creditor Lolonyon Akouete to Shorten Time for Appellee's Brief [Re: 205 Notice of Appeal and Statement of Election]. S MR. AKOUETE APPEARS TO BE SEEKING TO SHORTEN THE DEADLINE FOR AN APPELLEE BRIEF TO BE FILED AND THIS COURT DOES NOT ADDRESS BRIEFING SCHEDULES WITH RESPECT TO APPEALS, THE MOTION IS DENIED. TO THE EXTENT MR. AKOUETE INTENDED TO SEEK TO SHORTEN THE APPELLEES DEADLINE TO FILE A DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD UNDER FED. R. BANKR. P. 8009, INSUFFICIENT CAUSE IS STATED AND THE COURT DENIES SUCH REQUEST. (ab) (Entered: 08/06/2024) |
| 08/06/2024 | | 221 | Order dated 8/6/2024 Re: 218 Motion filed by Creditor Lolonyon Akouete to Reconsider 115 Order dated 3/19/2024 Re: 110 Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim, and Reconsider 216 Order dated 8/2/2024 Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions for Violation of the Automatic Stay. DENIED. See Order for Full Text. (ab) (Entered: 08/06/2024) |
| 08/07/2024 | | 222 | Order dated 8/7/2024 Re: 219 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to Obtain Appraisal of Property Located at 231 Turnpike Road, Westborough, MA before August 20, 2024. DENIED. MR. AKOUETE MAY RAISE VALUATION ISSUES IN THE CONTEXT OF AN OBJECTION TO THE MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF SETTLEMENT AGREEMENT. TO THE EXTENT MR. AKOUETE WANTS TO CONDUCT HIS OWN APPRAISAL AND REQUIRES ACCESS TO THE PROPERTY, HE SHOULD CONTACT THE CHAPTER 7 TRUSTEE TO COORDINATE ACCESS. (ab) (Entered: 08/07/2024) |
| 08/08/2024 | | 223 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim with certificate of service. (Smerage, Roger) (Entered: 08/08/2024) |
| 08/08/2024 | | 224 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Creditor Town of Westborough (RE: 205 Notice of Appeal and Statement of Election). (Smerage, Roger) (Entered: 08/08/2024) |
| 08/08/2024 | | 225 | BNC Certificate of Mailing – PDF Document. (Re: 220 Order on Motion To Limit/Shorten Notice) Notice Date 08/08/2024. (Admin.) (Entered: 08/09/2024) |

| 08/08/2024 | | 226 | BNC Certificate of Mailing – PDF Document. (Re: 221 Order on Motion To Reconsider) Notice Date 08/08/2024. (Admin.) (Entered: 08/09/2024) |
|---|---|---|---|
| 08/09/2024 | | 227 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Creditor Town of Westborough (RE: 205 Notice of Appeal and Statement of Election). (Telam, Usbc) (Entered: 08/09/2024) |
| 08/09/2024 | | 228 | Transmittal of Record on Appeal to BAP (Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete, 227 Appellee Designation filed by Creditor Town of Westborough). (Telam, Usbc) (Entered: 08/09/2024) |
| 08/09/2024 | | 229 | Motion filed by Creditor Lolonyon Akouete to Compel Release of Appraisal and Related Documents. . (Telam, Usbc) (Entered: 08/09/2024) |
| 08/09/2024 | | 230 | Reply filed by Creditor Lolonyon Akouete (Re: 223 Opposition filed by Creditor Town of Westborough Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim) with certificate of service. (Telam, Usbc) (Entered: 08/09/2024) |
| 08/09/2024 | | 231 | Opposition with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim with certificate of service. (Goldsmith, Jonathan) (Entered: 08/09/2024) |
| 08/09/2024 | | 232 | Motion filed by Samual A. Miller on behalf of Mark S. Lichtenstein, Esq. to Appear pro hac vice for Interested Party Walter A. Horst with certificate of service. (Miller, Samual) (Entered: 08/09/2024) |
| 08/09/2024 | | 233 | Opposition *of Petitioning Creditors to Motion of Lolonyon Akouete for Allowance of Claim* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim with certificate of service. (Gordon, Stephen) (Entered: 08/09/2024) |
| 08/09/2024 | | 234 | Order dated 8/9/2024 Re: 165 Motion to Reconsider filed by Creditor Lolonyon Akouete. DENIED. THE DOCKET REFLECTS THAT THE MOVANT RECEIVED NOTICE OF THE HEARING. SEE ECF NO. 144. IN DENYING THE MOTION, THE COURT CONSIDERED THE MERITS IN DETERMINING THAT THE MOTION WAS PREMATURE. THE MOTION FOR RECONSIDERATION DOES NOT ASSERT THAT THE COURT MADE A MANIFEST ERROR OF LAW OR MISTAKE IN FACT. SEE IN RE WEDGESTONE FIN., 142 B.R. 7, 8 (BANKR. D. MASS. 1992) (CITATIONS OMITTED). THE MOTION FOR RECONSIDERATION ALSO DOES NOT STATE THAT A HEARING WAS NECESSARY TO ADDRESS INFORMATION DEVELOPED AFTER FILING OF THE MOTION. THE BANKRUPTCY CODE AUTHORIZES AND REQUIRES THE TRUSTEE TO ADMINISTER THE BANKRUPTCY ESTATE AND TO USE BUSINESS JUDGMENT IN DOING SO. ASSUMING STANDING, THE MOVANT MAY OBJECT TO THE PROPOSED COMPROMISE FILED BY THE TRUSTEE. (dr) (Entered: 08/09/2024) |
| 08/09/2024 | | 235 | Order dated 8/9/2024 Re: 164 Motion to Reconsider filed by Creditor Lolonyon Akouete, 177 Supplemental Document filed by Creditor Lolonyon Akouete. THE MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR RELIEF FROM STAY [ECF NO. 164], AS SUPPLEMENTED BY ECF NO. 177, IS DENIED. THE MOTION FOR RELIEF FROM STAY WAS NOT DENIED BECAUSE |

| | | | |
|---|---|---|---|
| | | | MOVANT FAILED TO APPEAR. THE COURT REVIEWED AND CONSIDERED THE MOTION AND THE OPPOSITION. THE MOTION WAS DENIED ON THE MERITS. CAUSE WAS NOT SHOWN APPLYING THE STANDARDS IN GRELLA V. SALEM FIVE CENT SAV. BANK AND OTHER APPLICABLE LAW. SEE GRELLA V. SALEM FIVE CENT SAV. BANK, 42 F.3D 26, 33–34 (1ST CIR. 1994). THE MOTION FOR RECONSIDERATION DOES NOT STATE THAT THE MOVANT HAD ADDITIONAL MATERIAL INFORMATION THAT WOULD HAVE BEEN CONSIDERED AT ORAL ARGUMENT OR THAT THE COURT MADE A MANIFEST ERROR OF LAW OR FACT. SEE IN RE WEDGESTONE FIN., 142 B.R. 7, 8 (BANKR. D. MASS. 1992) (CITATIONS OMITTED). (dr) (Entered: 08/09/2024) |
| 08/09/2024 | | 236 | Order dated 8/9/2024 Re: 229 Motion to Compel filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (dr) (Entered: 08/09/2024) |
| 08/09/2024 | | 237 | BNC Certificate of Mailing – PDF Document. (Re: 222 Order on Motion to Compel) Notice Date 08/09/2024. (Admin.) (Entered: 08/10/2024) |
| 08/09/2024 | | 239 | Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Response to Oppositions to Motion to Allow Claim (Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, 223 Opposition filed by Creditor Town of Westborough, and 231 Opposition filed by Trustee Jonathan R. Goldsmith) with certificate of service. (ab) (Entered: 08/12/2024) |
| 08/12/2024 | | 238 | Notice of Fee Due (Pro Hac Vice) issued to Mark S. Lichtenstein representing Walter A. Horst. PHV Fee Due 8/22/2024. (Re: 232 Motion to Appear pro hac vice filed by Interested Party Walter A. Horst). (sas) (Entered: 08/12/2024) |
| 08/12/2024 | | | Receipt Number phv–27214–1723231010, Fee Amount $100.00 Re: 238 Notice of Fee Due (Pro Hac Vice) issued to Mark S. Lichtenstein representing Walter A. Horst (Re: 232 Motion to Appear pro hac vice filed by Interested Party Walter A. Horst). (sas) (Entered: 08/12/2024) |
| 08/12/2024 | | 240 | Court Certificate of Mailing Re: 234 Order, 235 Order, 236 Order. (ab) (Entered: 08/12/2024) |
| 08/12/2024 | | 241 | Order dated 8/12/2024 Re: 232 Motion filed by Samual A. Miller on behalf of Mark S. Lichtenstein, Esq. to Appear pro hac vice for Interested Party Walter A. Horst. GRANTED. ATTORNEY MARK S. LICHTENSTEIN IS HEREBY AUTHORIZED TO APPEAR PRO HAC VICE ON BEHALF OF WALTER A. HORST, IN HIS INDIVIDUAL CAPACITY AND ON BEHALF OF BABCOCK & BROWN HOLDINGS, INC. AND BABCOCK & BROWN INTERNATIONAL PTY. LTD., AND THEIR CURRENT AND FORMER SUBSIDIARIES IN THIS MATTER. (ab) (Entered: 08/12/2024) |
| 08/12/2024 | | 242 | Order dated 8/12/2024 Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, and Re: 239 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Response to Oppositions to Motion to Allow Claim (Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, 223 Opposition filed by Creditor Town of Westborough, and 231 Opposition filed by Trustee Jonathan R. Goldsmith). DENIED. See Order for Full Text. (ab) (Entered: 08/12/2024) |

| 08/12/2024 | | 243 | Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel filed with Affidavit along with certificate of service. (Devine, Christine) (Entered: 08/12/2024) |
| 08/12/2024 | | 244 | Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act with certificate of service. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 245 | Objection with certificate of service filed by Creditor Lolonyon Akouete to 243 Trustee's Application to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustee's Compensation. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 246 | Motion filed by Creditor Lolonyon Akouete For Court–Ordered Mediation with certificate of service. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 247 | Motion filed by Creditor Lolonyon Akouete To Request Decision Re: 166 Motion filed by Creditor Lolonyon Akouete to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate with certificate of service. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 248 | Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024 Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, and Re: 239 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Response to Oppositions to Motion to Allow Claim (Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, 223 Opposition filed by Creditor Town of Westborough, and 231 Opposition filed by Trustee Jonathan R. Goldsmith)) with certificate of service. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 249 | Notice *Of Amendment to Schedule A/B,* and Amended Schedule(s) A/B (Re: 8 Schedules A–J) filed by Creditor Lolonyon Akouete. (Attachments: # 1 Notice of Amendment to Schedule A/B) (ab) Text Modified for Clarity on 8/14/2024. (ab) (Entered: 08/13/2024) |
| 08/14/2024 | | 250 | Motion filed by Creditor Lolonyon Akouete For Discovery with certificate of service. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 251 | Order dated 8/14/2024 Re: 166 Motion filed by Creditor Lolonyon Akouete to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate. DENIED FOR THE REASONS STATED IN THE OBJECTION BY THE TRUSTEE [ECF NO. 173]. THE TRUSTEE HAS NOT COMPLETED HIS REVIEW OF CLAIMS IN CONNECTION WITH ADMINISTRATION OF THE ESTATE AND THERE APPEARS TO BE NO SUFFICIENT CAUSE TO PERMIT A THIRD PARTY TO PURSUE CLAIMS HELD BY THE ESTATE THAT ARE BEING ADMINISTERED. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 252 | Court's Order of Deficiency (Re: 249 Notice Of Amendment to Schedule A/B, and Amended Schedule(s) A/B filed by Creditor Lolonyon Akouete). The deadline to cure the deficiency is 8/21/2024 at 11:59 PM. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 253 | Order dated 8/14/2024 Re: 246 Motion filed by Creditor Lolonyon Akouete For Court–Ordered Mediation. DENIED. IT IS UNCLEAR THAT THE PARTIES THAT HAVE PROPOSED A SETTLEMENT |

| | | | |
|---|---|---|---|
| | | | HAVE ANY DESIRE TO MEDIATE PRIOR TO CONSIDERATION OF THAT SETTLEMENT. OF COURSE, THIS ORDER IS WITHOUT PREJUDICE TO ANY PARTY AGREEING TO MEDIATE, BUT THE COURT WOULD NOT TYPICALLY ORDER PARTIES TO MEDIATE UNLESS CONSENSUAL. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 254 | Endorsed Order dated 8/14/2024 Re: 247 Motion filed by Creditor Lolonyon Akouete To Request Decision Re: 166 Motion filed by Creditor Lolonyon Akouete to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate. DENIED AS UNNECESSARY. SEE ORDER ENTERED AT ECF NO. 251. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 255 | Order dated 8/14/2024 Re: 248 Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024) DENIED. AS THE MOTION ACKNOWLEDGES, THE TIMING OF CLAIM OBJECTIONS IS LEFT TO THE DISCRETION OF THE TRUSTEE IN ADMINISTERING THE CASE UNLESS OTHERWISE ORDERED BY THE COURT. CONTRARY TO THE ASSERTIONS OF THE MOVANT, THE COURTS ASSESSMENT IS THAT DETERMINATION OF THE MOVANTS CLAIM IS PREMATURE AND WOULD NOT ADVANCE THE ADMINISTRATION OF THE CASE. FURTHER, THE MOVANT HAS IDENTIFIED NO IMPAIRMENT OF LEGAL RIGHTS OR IRREPARABLE HARM THAT WOULD BE AVOIDED BY AN INTERLOCUTORY APPEAL. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 256 | Court Certificate of Mailing (Re: 255 Order dated 8/14/2024 Denying 248 Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024)) (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 257 | Hybrid Hearing Scheduled on 9/4/2024 at 10:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act. Objections due by 8/30/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 08/14/2024) |
| 08/14/2024 | | 258 | Emergency Motion filed by Creditor Lolonyon Akouete with certificate of service for Interim Distribution Pending Appeal, and Motion filed by Creditor Lolonyon Akouete to Reconsider (Re:255 Order dated 8/14/2024 Re: 248 Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024)). (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 259 | Hybrid Hearing Scheduled on 9/4/2024 at 10:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel. Objections due by 8/30/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 08/14/2024) |
| 08/14/2024 | | 260 | Hybrid Hearing Scheduled on 9/4/2024 at 10:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 245 Creditor's Objection to Trustees Application to Retain Additional Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustees Compensation. Responses due by 8/30/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 08/14/2024) |

| 08/14/2024 | | 261 | Order dated 8/14/2024 Re: 250 Motion filed by Creditor Lolonyon Akouete For Discovery. DENIED. THE COURT HAS AUTHORIZED THE ISSUANCE OF SUBPOENAS IN RELATION TO MR. AKOUETE'S OBJECTION TO THE MOTION TO APPROVE COMPROMISE. SEE ORDER ENTERED AT ECF NO. 236. MR. AKOUETE MUST REQUEST FROM THE CLERK'S OFFICE THAT SUBPOENA(S) ISSUE DIRECTED TO SPECIFIC PARTIES REGARDING THE PRODUCTION OF DOCUMENTS AND HE MUST SERVE SUCH SUBPOENA(S) IN ACCORDANCE WITH THE APPLICABLE RULES. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 262 | Declaration Re: Electronic Filing *for Mark S. Lichtenstein, Esq.* (Re: 232 Motion to Appear pro hac vice) filed by Interested Party Walter A. Horst (Miller, Samual) (Entered: 08/14/2024) |
| 08/14/2024 | | 263 | BNC Certificate of Mailing – PDF Document. (Re: 234 Order) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/14/2024 | | 264 | BNC Certificate of Mailing – PDF Document. (Re: 235 Order) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/14/2024 | | 265 | BNC Certificate of Mailing – PDF Document. (Re: 236 Order) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/14/2024 | | 266 | BNC Certificate of Mailing – PDF Document. (Re: 241 Order on Motion to Appear pro hac vice) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/14/2024 | | 267 | BNC Certificate of Mailing – PDF Document. (Re: 242 Order on Generic Motion) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/15/2024 | | 268 | Order dated 8/15/2024 Re: 258 Emergency Motion filed by Creditor Lolonyon Akouete for Interim Distribution Pending Appeal, and Motion filed by Creditor Lolonyon Akouete to Reconsider (Re: 255 Order dated 8/14/2024 Re: 248 Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024)). DENIED. See Order for Full Text. (ab) (Entered: 08/15/2024) |
| 08/16/2024 | | 269 | Reply In Opposition filed by Creditor Lolonyon Akouete To 194 Reply *In Support* filed by Creditor Town of Westborough Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. (Attachments: # 1 List of Exhibits) (ab) (Entered: 08/16/2024) |
| 08/16/2024 | | 270 | BNC Certificate of Mailing – Hearing. (Re: 257 Hearing Scheduled) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 271 | BNC Certificate of Mailing – Hearing. (Re: 260 Hearing Scheduled) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 272 | BNC Certificate of Mailing. (Re: 252 Court's Order of Deficiency) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 273 | BNC Certificate of Mailing – PDF Document. (Re: 251 Order on Motion to Abandon) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 274 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 253 Order on Generic Motion) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 275 | BNC Certificate of Mailing – PDF Document. (Re: 254 Order on Motion for Emergency/Expedited Determination) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 276 | BNC Certificate of Mailing – PDF Document. (Re: 261 Order on Motion to Compel) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/17/2024 | | 277 | BNC Certificate of Mailing – PDF Document. (Re: 268 Order on Motion for Interim/Supplemental Distribution) Notice Date 08/17/2024. (Admin.) (Entered: 08/18/2024) |
| 08/18/2024 | | 278 | Summary of Assets and Liabilities Schedules for Non–Individual filed by Creditor Lolonyon Akouete (Re: 249 Notice Of Amendment to Schedule A/B, and Amended Schedule(s) A/B). (ab) (Entered: 08/19/2024) |
| 08/18/2024 | | 279 | Declaration Concerning Debtor`s Schedules (Re: 249 Notice Of Amendment to Schedule A/B, and Amended Schedule(s) A/B) filed by Creditor Lolonyon Akouete. (ab) (Entered: 08/19/2024) |
| 08/18/2024 | | 280 | Emergency Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. (ab) (Entered: 08/19/2024) |
| 08/19/2024 | | 281 | Certificate of Service of Notice of Hearing (Re: 259 Hearing Scheduled) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 08/19/2024) |
| 08/19/2024 | | 282 | Scheduling Order Dated 8/19/2024 Re: 280 Emergency Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. Preliminary Hearing Scheduled for 8/20/2024 at 02:00 PM at Worcester Courtroom 3 – CJP. See Order for Full Text. (ab) (Entered: 08/19/2024) |
| 08/19/2024 | | 283 | Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act, 245 Objection filed by Creditor Lolonyon Akouete]. (Devine, Christine) (Entered: 08/19/2024) |
| 08/20/2024 | | 284 | Objection with certificate of service filed by Creditor Lolonyon Akouete Re: 283 Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 243 Trustee's Application to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act, 245 Objection filed by Creditor Lolonyon Akouete]. (ab) (Entered: 08/20/2024) |
| 08/20/2024 | | 285 | Notice *Of Issuance of Subpoenas* with certificate of service filed by Creditor Lolonyon Akouete. (ab) (Entered: 08/20/2024) |
| 08/20/2024 | | 286 | Certificate of Service (Re: 283 Motion to Continue/Cancel Hearing) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 08/20/2024) |

| | | | |
|---|---|---|---|
| 08/20/2024 | | | Hearing Held Re: 280 Emergency Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. (lb) (Entered: 08/21/2024) |
| 08/20/2024 | | | Hybrid Hearing Held and Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 08/21/2024) |
| 08/20/2024 | | | Hybrid Hearing Held and Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (lb) (Entered: 08/21/2024) |
| 08/20/2024 | | | Hybrid Hearing Held and an In Person Evidentiary Heairng is Scheduled for 09/17/2024 at 09:30 AM at Worcester Courtroom 3 – CJP Re: 190 Motion filed by Trustee Jonahtan R. Goldsmith to Approve 189 Settlement Agreement. (lb) (Entered: 08/22/2024) |
| 08/21/2024 | | 287 | Proceeding Memorandum and Order dated 8/21/2024 Re: 280 Emergency Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS DENIED. (ab) (Entered: 08/21/2024) |
| 08/21/2024 | | 288 | BNC Certificate of Mailing – PDF Document. (Re: 282 Order To Set Hearing) Notice Date 08/21/2024. (Admin.) (Entered: 08/22/2024) |
| 08/21/2024 | | 289 | Proceeding Memorandum and Order dated 8/21/2024 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, MA. THE STATUS CONFERENCE IS CONTINUED TO 9/17/2024 AT 9:30 A.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO (TO THE EXTENT THEY ARE NOT REQUIRED TO APPEAR IN PERSON IN CONNECTION WITH THE EVIDENTIARY HEARING SCHEDULED FOR THAT SAME DAY REGARDING THE TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT [BANKR. CASE NO. 23–40709, ECF NO. 190]). TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCE, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 9/16/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 08/22/2024) |
| 08/21/2024 | | 290 | Proceeding Memorandum and Order dated 8/21/2024 Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. THE STATUS CONFERENCE IS CONTINUED TO 9/17/2024 AT 9:30 A.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO (TO THE EXTENT THEY ARE NOT REQUIRED TO APPEAR IN PERSON IN CONNECTION WITH THE EVIDENTIARY HEARING SCHEDULED FOR THAT SAME DAY REGARDING THE TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT [BANKR. CASE NO. 23–40709, ECF NO. 190]). TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCE, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 9/16/2024 AT 4:30 P.M., PROVIDING THE |

| | | | |
|---|---|---|---|
| | | | CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 08/22/2024) |
| 08/22/2024 | | 291 | Proceeding Memorandum and Order dated 8/22/24 Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. A CONTINUED EVIDENTIARY HEARING IS SCHEDULED ON THE MOTION TO APPROVE SETTLEMENT AGREEMENT [ECF NO. 190] FOR SEPTEMBER 17, 2024, COMMENCING AT 9:30 A.M. (THE "HEARING"), IN COURTROOM 3, HAROLD DONAHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MA 01608. THE EVIDENITARY HEARING IS IN PERSON (ALL WITNESSES AND PARTIES IN INTEREST INTENDING TO QUESTION WITNESSES MUST APPEAR IN PERSON), WITH AN OPTION FOR PARTIES IN INTEREST WHO ARE ONLY OBSERVING TO OBSERVE BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION, SUCH PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 9/16/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO.AS DISCUSSED ON THE RECORD, THE CHAPTER 7 TRUSTEE AND THE AFFIANTS WHO SUBMITTED AFFIDAVITS FOR THE TOWN OF WESTBOROUGH SHALL APPEAR IN PERSON AND BE AVAILABLE FOR EXAMINATION AT THE HEARING. TO THE EXTENT THE TOWN OF WESTBOROUGH INTENDS TO OFFER EVIDENCE OF THE VALUE OF THE PROPERTY, ON OR BEFORE SEPTEMBER 11, 2024 AT 11:59 P.M., THE TOWN SHALL IDENTIFY THE INDIVIDUAL FROM THE ASSESSOR'S OFFICE THE TOWN INTENDS TO HAVE TESTIFY FOR THAT PURPOSE. TO THE EXTENT THAT LOLONYON AKOUETE OR THE CHAPTER 7 TRUSTEE WILL SEEK TO INTRODUCE APPRAISAL TESTIMONY AT THE HEARING, ON OR BEFORE SEPTEMBER 11, 2024 AT 11:59 P.M., THEY SHALL IDENTIFY THE APPRAISER AND FILE A COPY OF THE APPRAISAL REPORT ON THE DOCKET. (ab) (Entered: 08/22/2024) |
| 08/22/2024 | | 292 | Order dated 8/22/2024 Re: 283 Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act, 245 Objection filed by Creditor Lolonyon Akouete]. UPON CONSIDERATION OF THE MOTION TO CONTINUE AND THE OBJECTION THERETO, THE MOTION TO CONTINUE IS GRANTED. THE 9/4/2024 HEARINGS ON THE APPLICATION FILED BY TRUSTEE JONATHAN R. GOLDSMITH TO EMPLOY CHRISTINE E. DEVINE AND NICHOLSON DEVINE LLC AS COUNSEL [ECF NO. 243], THE MOTION FILED BY CREDITOR LOLONYON AKOUETE TO SHIFT RESPONSIBILITY AND SEEK RELIEF FROM REPORTING OBLIGATION UNDER THE CORPORATE TRANSPARENCY ACT ECF NO. 244], AND THE OBJECTION FILED BY CREDITOR LOLONYON AKOUETETO RETAIN ADDITIONAL COUNSEL, REQUEST FOR CLARIFICATION, AND MOTION FOR DEDUCTION OF INCREASED LITIGATION COSTS FROM TRUSTEES COMPENSATION [ECF NO. 245] ARE CONTINUED FOR A NON-EVIDENTIARY HEARING ON 9/17/2024 AT 9:30 A.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO (TO THE |

| | | | |
|---|---|---|---|
| | | | EXTENT THEY ARE NOT REQUIRED TO APPEAR IN PERSON IN CONNECTION WITH THE EVIDENTIARY HEARING SCHEDULED FOR THAT SAME DAY REGARDING THE TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT [BANKR. CASE NO. 23–40709, ECF NO. 190]). TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 9/16/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 08/22/2024) |
| 08/22/2024 | | | Hybrid Hearing Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act. (lb) (Entered: 08/22/2024) |
| 08/22/2024 | | | Hybrid Hearing Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel. (lb) (Entered: 08/22/2024) |
| 08/22/2024 | | | Hybrid Hearing Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 245 Objection filed by Creditor Lolonyon Akouete to 243 Trustee's Application to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustee's Compensation. (lb) (Entered: 08/22/2024) |
| 08/23/2024 | | 293 | BNC Certificate of Mailing – PDF Document. (Re: 287 Order on Motion to Remove Party) Notice Date 08/23/2024. (Admin.) (Entered: 08/24/2024) |
| 08/24/2024 | | 294 | BNC Certificate of Mailing – PDF Document. (Re: 289 Order on Motion For Relief From Stay) Notice Date 08/24/2024. (Admin.) (Entered: 08/25/2024) |
| 08/24/2024 | | 295 | BNC Certificate of Mailing – PDF Document. (Re: 290 Order on Motion to Dismiss Case) Notice Date 08/24/2024. (Admin.) (Entered: 08/25/2024) |
| 08/24/2024 | | 296 | BNC Certificate of Mailing – PDF Document. (Re: 291 Order on Motion for Approval) Notice Date 08/24/2024. (Admin.) (Entered: 08/25/2024) |
| 08/24/2024 | | 297 | BNC Certificate of Mailing – PDF Document. (Re: 292 Order on Motion to Continue/Cancel Hearing) Notice Date 08/24/2024. (Admin.) (Entered: 08/25/2024) |
| 08/26/2024 | | 298 | Order dated 8/26/2024 Re: 206 Request filed by Creditor Lolonyon Akouete to Waive Appeal Fee. DENIED. See Order for Full Text. (Telam, Usbc) (Entered: 08/26/2024) |
| 08/26/2024 | | 299 | Clerk's Notice of Fees Due Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. Fee due by 9/9/2024. (meh, Usbc) (Entered: 08/26/2024) |
| 08/26/2024 | | 300 | |

| | | | |
|---|---|---|---|
| | | | Motion filed by Creditor Lolonyon Akouete For Summary Judgment with certificate of service. (Telam, Usbc) (Entered: 08/27/2024) |
| 08/27/2024 | | 301 | Order dated 8/27/2024 Re: 300 Motion filed by Creditor Lolonyon Akouete For Summary Judgment. DENIED. THE MOTION ITSELF ACKNOWLEDGES MATERIAL FACTS THAT ARE IN DISPUTE. AN EVIDENTIARY HEARING IS SCHEDULED FOR SEPTEMBER 17, 2024 REGARDING THE CHAPTER 7 TRUSTEES MOTION TO APPROVE SETTLEMENT (ECF NO. 190) AT WHICH THOSE ISSUES WILL BE DETERMINED TO THE EXTENT RELEVANT TO THE COURTS CONSIDERATION OF THE SETTLEMENT. (Telam, Usbc) (Entered: 08/27/2024) |
| 08/27/2024 | | 303 | DISREGARD. Motion filed by Creditor Lolonyon Akouete For Appointment of A Court Appointed Expert with certificate of service. (ab) Duplicate Docket Entry. See Docket No. 302. Modified on 8/28/2024 (ab). (Entered: 08/28/2024) |
| 08/28/2024 | | 302 | Motion filed by Creditor Lolonyon Akouete for Appointment of a Court–Appointed Expert with certificate of service. (Telam, Usbc) (Entered: 08/28/2024) |
| 08/28/2024 | | 304 | Order dated 8/28/2024 Re: 302 Motion filed by Creditor Lolonyon Akouete for Appointment of a Court–Appointed Expert. DENIED. MASS. R. CIV. P. 706 IS NOT APPLICABLE TO THIS FEDERAL BANKRUPTCY PROCEEDING. ALTHOUGH SIGNIFICANT LATITUDE HAS BEEN AFFORDED TO MR. AKOUETE REGARDING HIS FILINGS, HE IS CAUTIONED THAT FUTURE REQUESTS WITHOUT ANY BASIS IN LAW OR SEEKING RELIEF PREVIOUSLY CONSIDERED AND DENIED MAY BE SUMMARILY DENIED, AND HE MAY BE SUBJECT TO SANCTIONS. THE COURT ALSO NOTES THAT THE TRUSTEE HAS THE BURDEN OF PROOF UNDER FED. R. BANKR. P. 9019 TO DEMONSTRATE THE REASONABLENESS OF THE PROPOSED COMPROMISE. MR. AKOUETE MAY CHALLENGE ANY EVIDENCE PRESENTED OR MAY OFFER EVIDENCE AT THE EVIDENTIARY HEARING SCHEDULED FOR SEPTEMBER 17, 2024 ON THE MOTION TO APPROVE SETTLEMENT WITHIN THE PARAMETERS DISCUSSED AT THE INITIAL HEARING ON THAT MOTION HELD ON AUGUST 20, 2024. (Telam, Usbc) (Entered: 08/28/2024) |
| 08/28/2024 | | 305 | BNC Certificate of Mailing – Notice (Re: 299 Clerk's Notice of Fees Due) Notice Date 08/28/2024. (Admin.) (Entered: 08/29/2024) |
| 08/29/2024 | | 306 | Request from Roger L. Smerage Creditor Town of Westborough *for Discovery Conference* with certificate of service. filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 08/29/2024) |
| 08/29/2024 | | 307 | PDF with attached Audio File. Court Date & Time [08/20/2024 02:00 PM]. File Size [37902.19 kb]. Run Time [00:00:4851]. (Hybrid Status Conference on #20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (Brian W. Riley)#24 Opposition of Debtor (Lolonyon Akouete, Manager)#43 Limited Objection of the Chapter 7 Trustee, Jonathan R. Goldsmith#158 Response of Lolonyon Akouete.). (AlbertoBarrera) (Entered: 08/29/2024) |
| 08/29/2024 | | 308 | Order dated 8/29/2024 To Set Hearing Re: 306 Request filed by Creditor Town of Westborough. Telephonic Hearing set for 8/30/2024 at 11:30 AM. See Order for Full Text. (Telam, Usbc) (Entered: 08/29/2024) |

| | | | |
|---|---|---|---|
| 08/29/2024 | | 328 | Judgement of Dismissal By Bankruptcy Appellate Panel, Re: BAP Number: 24–016 Re: 204 Order on Motion for Interim/Supplemental Distribution. (meh, Usbc) (Entered: 09/11/2024) |
| 08/30/2024 | | 309 | Response filed by Creditor Lolonyon Akouete (Re: 306 Request from Roger L. Smerage Creditor Town of Westborough for Discovery Conference) with certificate of service. (Telam, Usbc) (Entered: 08/30/2024) |
| 08/30/2024 | | 310 | Reply of Petitioning Creditors filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 309 Response filed by Creditor Lolonyon Akouete (Re: 306 Request from Roger L. Smerage Creditor Town of Westborough for Discovery Conference) with certificate of service. (Gordon, Stephen) (Entered: 08/30/2024) |
| 08/30/2024 | | 311 | Objection *and Further Status Report* filed by Trustee Jonathan R. Goldsmith Re: 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act with certificate of service. (Devine, Christine) (Entered: 08/30/2024) |
| 08/30/2024 | | 312 | Response *and Objection* filed by Trustee Jonathan R. Goldsmith Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel filed with Affidavit along with certificate of service., 245 Objection with certificate of service filed by Creditor Lolonyon Akouete to 243 Trustee's Application to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustee's Compensation. (ab) (Devine, Christine) (Entered: 08/30/2024) |
| 08/30/2024 | | 313 | Certificate of Service (Re: 311 Objection, 312 Response) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 08/30/2024) |
| 08/30/2024 | | | Discovery Conference Held Re: 306 Request of Creditor Town of Westborough for Discovery Conference. (ab) (Entered: 08/30/2024) |
| 09/03/2024 | | 314 | Proceeding Memorandum and Order Dated 9/03/2024 Re: 306 Request filed by the Town of Westborough for Discovery Conference. DISCOVERY CONFERENCE HELD. DIRECTION GIVEN ON THE RECORD. (ab) (Entered: 09/03/2024) |
| 09/03/2024 | | 315 | Order Dated 9/03/2024 Re: 174 Correspondence Filed by Interested Party Denise Edwards. See Order for Full Text. (ab) (Entered: 09/03/2024) |
| 09/05/2024 | | 316 | BNC Certificate of Mailing – PDF Document. (Re: 314 Order) Notice Date 09/05/2024. (Admin.) (Entered: 09/06/2024) |
| 09/05/2024 | | 317 | BNC Certificate of Mailing – PDF Document. (Re: 315 Order) Notice Date 09/05/2024. (Admin.) (Entered: 09/06/2024) |
| 09/09/2024 | | 318 | Order on In Camera Privilege Review dated 9/9/2024 Re: 190 Motion to Approve filed by Trustee Jonathan R. Goldsmith, 314 Order. See Order for Full Text. (meh, Usbc) (Entered: 09/09/2024) |
| 09/09/2024 | | 319 | Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] *and To Extend Deadline to Submit Appraisal* with certificate of service. (Devine, Christine) (Entered: |

| | | | |
|---|---|---|---|
| | | | 09/09/2024) |
| 09/09/2024 | | 320 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] and To Extend Deadline to Submit Appraisal *and To Extend Deadline to Submit Appraisal* with certificate of service. (ab) Reattached PDF. Modified on 9/10/2024 (ab) (Entered: 09/10/2024) |
| 09/10/2024 | | 321 | Certification of Default Re: 205 Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel. Fee Amount $298 Filed by Creditor Lolonyon Akouete (Re: 204 Order on Motion for Interim/Supplemental Distribution). (ab) (Entered: 09/10/2024) |
| 09/10/2024 | | 322 | Transmittal Re: 321 Certification of Default (Re: 205 Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel. Fee Amount $298 Filed by Creditor Lolonyon Akouete). (ab) (Entered: 09/10/2024) |
| 09/11/2024 | | 323 | Affidavit of Jonathan Steinberg, Chief Assessor with certificate of service (Re: 190 Motion to Approve) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit A (Property Cards) # 2 Declaration of Electronic Filing # 3 Certificate of Service) (Smerage, Roger) (Entered: 09/11/2024) |
| 09/11/2024 | | 324 | Response with certificate of service filed by Creditor Town of Westborough Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] *and To Extend Deadline to Submit Appraisal* with certificate of service. (Smerage, Roger) (Entered: 09/11/2024) |
| 09/11/2024 | | 325 | Declaration of Lolonyon Akouete In Opposition *To Trustee's Motion for Approval of Settlement* with certificate of service filed by Creditor Lolonyon Akouete (Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]). (ab) (Entered: 09/11/2024) |
| 09/11/2024 | | 326 | Response *of Petitioning Creditors to Expedited Motion of Chapter 7 Trustee (I) to Reschedule Evidentiary Hearing Scheduled for September 17, 2024 and (II) Extend Deadline to Submit Appraisal* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] *and To Extend Deadline to Submit Appraisal* with certificate of service. (Gordon, Stephen) (Entered: 09/11/2024) |
| 09/11/2024 | | 327 | Motion filed by Creditor Lolonyon Akouete with certificate of service to Strike or Dismiss 323 Affidavit of Jonathan Steinberg, Chief Assessor (Re: 190 Motion to Approve) filed by Creditor Town of Westborough. (ab) (Entered: 09/11/2024) |
| 09/11/2024 | | 329 | BNC Certificate of Mailing – PDF Document. (Re: 318 Order) Notice Date 09/11/2024. (Admin.) (Entered: 09/12/2024) |
| 09/12/2024 | | 330 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 327 Motion filed by Creditor Lolonyon Akouete to Strike (Re: 323 Affidavit/Declaration) with certificate of service. (Attachments: # 1 Appendix) (Smerage, Roger) (Entered: 09/12/2024) |

| | | | |
|---|---|---|---|
| 09/13/2024 | | 331 | Order dated 9/13/2024 Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] and To Extend Deadline to Submit Appraisal. GRANTED. THE SEPTEMBER 17, 2024 EVIDENTIARY HEARING SCHEDULED ON THE MOTION TO APPROVE SETTLEMENT AGREEMENT [ECF NO. 190] IS CONTINUED TO NOVEMBER 18, 2024, COMMENCING AT 9:30 A.M. (THE "HEARING"), IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MA 01608. See Order for Full Text. (ab) (Entered: 09/13/2024) |
| 09/13/2024 | | | Evidentiary Hearing Continued to 11/18/2024 at 09:30 AM at Worcester Courtroom 3 – CJP Re: 190 Motion to Approve 189 Settlement Agreement filed by Trustee Jonathan R. Goldsmith. (lb) (Entered: 09/13/2024) |
| 09/13/2024 | | 333 | Expedited Motion filed by Creditor Lolonyon Akouete For Reconsideration (Re: 331 Order dated 9/13/2024 Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] and To Extend Deadline to Submit Appraisal), And Supplemental Motion Opposing Further Continuances, with certificate of service. (ab) (Entered: 09/16/2024) |
| 09/15/2024 | | 332 | BNC Certificate of Mailing – PDF Document. (Re: 331 Order on Motion to Continue/Cancel Hearing) Notice Date 09/15/2024. (Admin.) (Entered: 09/16/2024) |
| 09/16/2024 | | 334 | Order dated 9/16/2024 Re: 327 Motion filed by Creditor Lolonyon Akouete to Strike or Dismiss 323 Affidavit of Jonathan Steinberg, Chief Assessor (Re: 190 Motion to Approve) filed by Creditor Town of Westborough. UPON CONSIDERATION OF THE "MOTION TO STRIKE OR DISMISS DECLARATION OF JONATHAN STEINBERG BASED ON FACTUAL INACCURACIES AND FAILURE TO PROPERLY ASSESS THE PROPERTY LOCATED AT 231 TURNPIKE ROAD, WESTBOROUGH, MA" [ECF NO. 327] (THE "MOTION") FILED BY LOLONYON AKOUETE AND THE OBJECTION THERETO BY THE TOWN OF WESTBOROUGH [ECF NO. 330], THE MOTION IS DENIED. MR. AKOUETE WILL HAVE AN OPPORTUNITY TO EXAMINE THE AFFIANT, JONATHAN STEINBERG, AT THE 11/18/2024 EVIDENTIARY HEARING SCHEDULED ON THE MOTION TO APPROVE SETTLEMENT AGREEMENT [ECF NO. 190]. (ab) (Entered: 09/16/2024) |
| 09/16/2024 | | 335 | Order dated 9/16/2024 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, MA, and Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. See Order for Full Text. (ab) (Entered: 09/16/2024) |
| 09/16/2024 | | | Status Conference Continued to 11/18/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 09/16/2024) |
| 09/16/2024 | | | Status Conference Continued to 11/18/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. (lb) (Entered: 09/16/2024) |
| 09/16/2024 | | 336 | |

| | | | |
|---|---|---|---|
| | | | Order dated 9/16/2024 Re: 333 Expedited Motion filed by Creditor Lolonyon Akouete For Reconsideration (Re: 331 Order dated 9/13/2024 Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] and To Extend Deadline to Submit Appraisal), And Supplemental Motion Opposing Further Continuances DENIED. See Order for Full Text. (ab) (Entered: 09/16/2024) |
| 09/17/2024 | | | Hearings Held Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act, and 245 Creditor's Objection to Trustees Application to Retain Additional Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustees Compensation. (lb) (Entered: 09/17/2024) |
| 09/17/2024 | | 337 | Proceeding Memorandum and Order dated 9/17/2024 Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS GRANTED. (ab) (Entered: 09/17/2024) |
| 09/17/2024 | | 338 | Proceeding Memorandum and Order dated 9/17/2024 Re: 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act. HEARING HELD. DENIED FOR THE REASONS STATED ON THE RECORD. THE TRUSTEE SHALL FILE A FURTHER STATUS REPORT BY DECEMBER 31, 2024. (ab) Additional attachment(s) added on 9/17/2024. (ab). (Entered: 09/17/2024) |
| 09/17/2024 | | 339 | Proceeding Memorandum And Order Dated 9/17/2024 Re: 245 Creditor's Objection to Trustees Application to Retain Additional Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustees Compensation. FOR THE REASONS STATED ON THE RECORD, THE OBJECTION IS OVERRULED AND ANY FURTHER RELIEF REQUESTED IS DENIED. (ab) (Entered: 09/17/2024) |
| 09/18/2024 | | 340 | Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a) with certificate of service. (meh, Usbc) (Entered: 09/18/2024) |
| 09/18/2024 | | 341 | Transmittal of Appellee's Record on Appeal to BAP Re: 224 Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Creditor Town of Westborough RE: 205 Notice of Appeal and Statement of Election. (meh, Usbc) (Entered: 09/18/2024) |
| 09/18/2024 | | 342 | Endorsed Order dated 9/18/2024 Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). REQUEST FOR EXPEDITED DETERMINATION IS DENIED. THE COURT WILL HOLD THE MOTION FOR OBJECTIONS IN THE ORDINARY COURSE, WHICH SHALL BE FILED ON OR BEFORE OCTOBER 2, 2024. (ab) (Entered: 09/18/2024) |
| 09/18/2024 | | 343 | Transmittal of Appellant Record on Appeal to BAP Re: 210 Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Creditor Lolonyon Akouete RE: 205 Notice of Appeal and Statement of Election. (meh, Usbc) (Entered: 09/18/2024) |

| 09/18/2024 | | 344 | BNC Certificate of Mailing – PDF Document. (Re: 334 Order on Motion to Strike) Notice Date 09/18/2024. (Admin.) (Entered: 09/19/2024) |
|---|---|---|---|
| 09/18/2024 | | 345 | BNC Certificate of Mailing – PDF Document. (Re: 335 Order on Motion to Dismiss Case) Notice Date 09/18/2024. (Admin.) (Entered: 09/19/2024) |
| 09/18/2024 | | 346 | BNC Certificate of Mailing – PDF Document. (Re: 336 Order on Motion To Reconsider) Notice Date 09/18/2024. (Admin.) (Entered: 09/19/2024) |
| 09/19/2024 | | 347 | Objection *and Request for Sanctions Related Thereto* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Recieved Pursuant to Rule 2015(a) with certificate of service. (Devine, Christine) (Entered: 09/19/2024) |
| 09/19/2024 | | 348 | BNC Certificate of Mailing – PDF Document. (Re: 337 Order on Application to Employ) Notice Date 09/19/2024. (Admin.) (Entered: 09/20/2024) |
| 09/19/2024 | | 349 | BNC Certificate of Mailing – PDF Document. (Re: 338 Order on Generic Motion) Notice Date 09/19/2024. (Admin.) (Entered: 09/20/2024) |
| 09/19/2024 | | 350 | BNC Certificate of Mailing – PDF Document. (Re: 339 Order) Notice Date 09/19/2024. (Admin.) (Entered: 09/20/2024) |
| 09/20/2024 | | 351 | Response filed by Creditor Lolonyon Akouete Re: 347 Objection and Request for Sanctions Related Thereto with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). (slh, usbc) (Entered: 09/20/2024) |
| 09/20/2024 | | 352 | BNC Certificate of Mailing – PDF Document. (Re: 342 Order on Motion to Compel) Notice Date 09/20/2024. (Admin.) (Entered: 09/21/2024) |
| 09/21/2024 | | 358 | Motion filed by Creditor Lolonyon Akouete to Clarify Disputed Issues and Request for Admissions Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. c/s (dc) (Entered: 09/23/2024) |
| 09/23/2024 | | 353 | Order dated 9/23/2024 Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). DENIED. See Order for Full Text. (slh, usbc) (Entered: 09/23/2024) |
| 09/23/2024 | | 354 | Expedited Application filed by Trustee Jonathan R. Goldsmith to Employ Corey Gustafson as Appraiser filed with Affidavit. (Devine, Christine) (Entered: 09/23/2024) |
| 09/23/2024 | | 355 | Certificate of Service (Re: 354 Application to Employ) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 09/23/2024) |
| 09/23/2024 | | 356 | Order dated 9/23/2024 Re: 354 Expedited Application filed by Trustee Jonathan R. Goldsmith to Employ Corey Gustafson as Appraiser filed with Affidavit. THE APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY APPRAISER [ECF NO. 354] IS APPROVED ON AN EXPEDITED BASIS AND THE TRUSTEE IS AUTHORIZED TO |

41

| | | | |
|---|---|---|---|
| | | | EMPLOY COREY GUSTAFSON AND CORE VALUES APPRAISAL & ADVISORY, INC. AS THE APPRAISER TO THE TRUSTEE ON THE TERMS AND CONDITIONS DESCRIBED IN THE APPLICATION. (slh, usbc) (Entered: 09/23/2024) |
| 09/23/2024 | | 357 | Response filed by Creditor Lolonyon Akouete Re: 353 Order dated 9/23/2024 Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). (dc) (Entered: 09/23/2024) |
| 09/24/2024 | | 359 | Creditor Lolonyon Akouete's Expedited Motion Seeking Clarification On Retrospective Appraisal Process with certificate of service. (slh, usbc) (Entered: 09/24/2024) |
| 09/25/2024 | | 360 | Order Dated 9/25/2024 Re: 357 Response filed by Creditor Lolonyon Akouete Re: 353 Order dated 9/23/2024 Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). See Order for Full Text. (ab) (Entered: 09/25/2024) |
| 09/25/2024 | | 361 | BNC Certificate of Mailing – PDF Document. (Re: 353 Order on Motion to Compel) Notice Date 09/25/2024. (Admin.) (Entered: 09/26/2024) |
| 09/25/2024 | | 362 | BNC Certificate of Mailing – PDF Document. (Re: 356 Order on Application to Employ) Notice Date 09/25/2024. (Admin.) (Entered: 09/26/2024) |
| 09/26/2024 | | 363 | Order dated 9/26/2024 Re: 358 Motion filed by Creditor Lolonyon Akouete to Clarify Disputed Issues and Request for Admissions Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. DENIED. THE COURT HAS ADDRESSED IN OPEN COURT THE ISSUES THAT NEED TO BE CONSIDERED FOR THE TRUSTEE TO MEET HIS BURDEN REGARDING THE PENDING MOTION TO APPROVE SETTLEMENT AGREEMENT. FURTHER, MR. AKOUETE SHOULD NOTE THAT DISCOVERY REQUESTS SHOULD NOT BE FILED WITH THE COURT (SEE MLBR 7026–1(a)) AND PAST APPRAISALS DO NOT CONSTITUTE EVIDENCE UNLESS DETERMINED NOT TO BE HEARSAY OR SUBJECT TO OTHER EVIDENTIARY OBJECTIONS. ANY EXPERT TESTIMONY ON VALUE MUST BE GIVEN BY THE EXPERT AT TRIAL SUBJECT TO CROSS EXAMINATION. (slh, usbc) (Entered: 09/26/2024) |
| 09/26/2024 | | 364 | Order dated 9/26/2024 Re: 359 Creditor Lolonyon Akouete's Expedited Motion Seeking Clarification On Retrospective Appraisal Process. DENIED. PURSUANT TO THE ORDER ENTERED AT ECF NO. 331, THE COURT DIRECTED THAT TO THE EXTENT THAT ANY PARTY IN INTEREST SEEKS TO INTRODUCE APPRAISAL TESTIMONY AT THE [EVIDENTIARY HEARING SCHEDULED FOR NOVEMBER 18, 2024], ON OR BEFORE NOVEMBER 8, 2024 AT 11:59 P.M., THEY SHALL IDENTIFY THE APPRAISER, IF NOT PREVIOUSLY IDENTIFIED, AND SHALL FILE A COPY OF THE APPRAISAL REPORT ON THE DOCKET. THE TRUSTEES APPRAISER'S REPORT WILL BE FILED BY THAT DATE AND PARTIES IN INTEREST WILL BE ABLE TO CROSS EXAMINE ANY EXPERT ON THEIR REPORT, INCLUDING REGARDING THE SCOPE AND VALUATION DATE USED FOR AN APPRAISAL, AT THE EVIDENTIARY HEARING ON THE MOTION TO APPROVE SETTLEMENT AGREEMENT. (slh, usbc) (Entered: 09/26/2024) |

| | | | |
|---|---|---|---|
| 09/27/2024 | | 365 | BNC Certificate of Mailing – PDF Document. (Re: 360 Order) Notice Date 09/27/2024. (Admin.) (Entered: 09/28/2024) |
| 09/28/2024 | | 366 | BNC Certificate of Mailing – PDF Document. (Re: 363 Order on Motion to Clarify) Notice Date 09/28/2024. (Admin.) (Entered: 09/29/2024) |
| 09/28/2024 | | 367 | BNC Certificate of Mailing – PDF Document. (Re: 364 Order on Motion to Clarify) Notice Date 09/28/2024. (Admin.) (Entered: 09/29/2024) |
| 10/02/2024 | | 368 | Motion filed by Creditor Lolonyon Akouete *To Order Trustee to Evaluate Current Offers for the Property at 231 Turnpike Road* And Expedite Decision–Making Process, with certificate of service. (ab) (Entered: 10/02/2024) |
| 10/02/2024 | | 369 | Order dated 10/2/2024 Re: 368 Motion filed by Creditor Lolonyon Akouete To Order Trustee to Evaluate Current Offers for the Property at 231 Turnpike Road And Expedite Decision–Making Process. DENIED. See Order for Full Text. (ab) (Entered: 10/02/2024) |
| 10/02/2024 | | 370 | Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs with certificate of service. (Smerage, Roger) (Entered: 10/02/2024) |
| 10/02/2024 | | 371 | Affidavit of Roger L. Smerage with certificate of service (Re: 370 Motion for Preliminary Injunction, Motion for Sanctions/Costs) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Certificate of Service) (Smerage, Roger) (Entered: 10/02/2024) |
| 10/03/2024 | | 372 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. (slh, usbc) (Entered: 10/03/2024) |
| 10/03/2024 | | 373 | Preliminary Hybrid Hearing Scheduled on 10/8/2024 at 02:30 PM Either Zoom or In person at Worcester Courtroom 3 – CJP on 370 Motion of the Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. Objections due by 10/7/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 10/03/2024) |
| 10/03/2024 | | 374 | Certificate of Service of Notice of Hearing (Re: 370 Motion for Preliminary Injunction, Motion for Sanctions/Costs) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Preliminary Hybrid Hearing) (Smerage, Roger) (Entered: 10/03/2024) |
| 10/04/2024 | | 375 | BNC Certificate of Mailing – PDF Document. (Re: 369 Order on Motion for Order/Authority) Notice Date 10/04/2024. (Admin.) (Entered: 10/05/2024) |
| 10/07/2024 | | 376 | Motion filed by Creditor Lolonyon Akouete to Compel the Trustee to Act on the Motion to Vacate Foreclosure Judgment and to Recover Property into the Bankruptcy Estate with certificate of service Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 377 | |

| | | | |
|---|---|---|---|
| | | | Order dated 10/7/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction, in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. THE COURT HEREBY CONVERTS THE HYBRID PRELIMINARY HEARING SCHEDULED FOR OCTOBER 8, 2024 AT 2:30 P.M. (THE "HEARING") ON THE TOWN OF WESTBOROUGHS MOTION FOR INJUNCTION AND SANCTIONS AGAINST LOLONYON AKOUETE [DKT. NO. 370] (THE "MOTION") TO A TELEPHONIC HEARING. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 161 012 8222 AND PASSCODE 274787 WHEN PROMPTED. THE OBJECTION DEADLINE REMAINS UNCHANGED AND OBJECTIONS ARE DUE TODAY, OCTOBER 7, 2024, AT 11:59 P.M.THE TOWN OF WESTBOROUGH SHALL SERVE A COPY OF THIS ORDER BY EMAIL TO ALL PARTIES IN INTEREST AND SHALL FILE A CERTIFICATE OF SERVICE REGARDING THE SAME. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 378 | Certificate of Service of Notice of Hearing *(re Order Converting Hearing)* (Re: 370 Motion for Preliminary Injunction, Motion for Sanctions/Costs) filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 10/07/2024) |
| 10/07/2024 | | 379 | Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer filed by Creditor Lolonyon Akouete with Certificate of Service Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 380 | Counterclaim and Cross–Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete with Certificate of Service. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 381 | Scheduling Order dated 10/7/2024 Re: 380 Counterclaim and Cross–Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. THE COURT HEREBY SCHEDULES A TELEPHONIC HEARING ON THE COUNTERCLAIM AND CROSS–MOTION FOR EQUITABLE INTEREST, COLLUSIVE FORECLOSURE, CONSPIRACY TO DEFRAUD, UNJUST ENRICHMENT, AND SANCTIONS AGAINST THE TOWN OF WESTBOROUGH FILED BY LOLONYON AKOUETE [ECF NO. 380] FOR OCTOBER 8, 2024 AT 2:30 P.M. (THE "HEARING"). TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 161 012 8222 AND PASSCODE 274787 WHEN PROMPTED.ANY OBJECTIONS MAY BE MADE AT THE HEARING.MR. AKOUETE SHALL SERVE NOTICE OF THE HEARING BY TELEPHONE OR EMAIL TO ALL PARTIES IN INTEREST AND SHALL FILE A CERTIFICATE OF SERVICE REGARDING THE SAME. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | | Telephonic Hearing Scheduled to 10/8/2024 at 02:30 PM Re: 380 Counterclaim and Cross–Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 384 | Certificate of Service of Notice of Telephonic Hearing filed by Creditor Lolonyon Akouete Re: 380 Counterclaim and Cross–Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust |

44

| | | | |
|---|---|---|---|
| | | | Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. (slh, usbc) (Entered: 10/08/2024) |
| 10/08/2024 | | 382 | Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause Re: 376 Motion filed by Creditor Lolonyon Akouete to Compel the Trustee to Act on the Motion to Vacate Foreclosure Judgment and to Recover Property into the Bankruptcy Estate with certificate of service Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. DENIED. MR. AKOUETE IS ORDERED TO SHOW CAUSE IN WRITING ON OR BEFORE OCTOBER 22, 2024, WHY HE SHOULD NOT BE SANCTIONED FOR FILING THIS PLEADING, WHICH REITERATES HIS OPPOSITION TO THE PROPOSED SETTLEMENT. See Order for Full Text. (slh, usbc) (Entered: 10/08/2024) |
| 10/08/2024 | | 383 | Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer filed by Creditor Lolonyon Akouete Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. See Order for Full Text. (slh, usbc) (Entered: 10/08/2024) |
| 10/08/2024 | | | Hearing Held Re: 380 Counterclaim and Cross−Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. (ab) (Entered: 10/08/2024) |
| 10/08/2024 | | | Hearing Held Re: 370 Motion of the Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. (ab) (Entered: 10/09/2024) |
| 10/09/2024 | | 385 | Proceeding Memorandum and Order dated 10/9/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. THE COURT WILL ENTER A SEPARATE ORDER AS DESCRIBED ON THE RECORD WITH RESPECT TO ORDERING MR. AKOUETE NOT TO TAKE ACTIONS THAT MISREPRESENT OR IMPLY THAT HE HAS AUTHORITY TO SELL OR SOLICIT OFFERS FOR THE REAL PROPERTY RECORD TITLE FOR WHICH IS IN THE NAME OF WESTBOROUGH AND AS TO WHICH THE TRUSTEE HAS IDENTIFIED CERTAIN CLAIMS THAT HE HAS PROPOSED TO SETTLE ON BEHALF OF THE ESTATE. THE COURT WILL ENTER OTHER ORDERS SCHEDULING A HEARING OR ACTING ON THE Modified on 10/10/2024 (slh, usbc). (Entered: 10/09/2024) |
| 10/09/2024 | | 386 | Proceeding Memorandum and Order dated 10/9/2024 Re: 380 Counterclaim and Cross−Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. DENIED FOR THE REASONS STATED ON THE RECORD. (slh, usbc) (Entered: 10/09/2024) |
| 10/09/2024 | | 387 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 382 Order dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause and Re: 383 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause. (slh, usbc) (Entered: 10/09/2024) |

| 10/09/2024 | | 388 | BNC Certificate of Mailing – PDF Document. (Re: 377 Order on Motion For Preliminary Injunction) Notice Date 10/09/2024. (Admin.) (Entered: 10/10/2024) |
|---|---|---|---|
| 10/09/2024 | | 389 | BNC Certificate of Mailing – PDF Document. (Re: 381 Order on Generic Motion) Notice Date 10/09/2024. (Admin.) (Entered: 10/10/2024) |
| 10/10/2024 | | 390 | Motion filed by Creditor Lolonyon Akouete to Substitute Proposed Order and Suggest Use of Lis Pendens with certificate of service Re: 385 Proceeding Memorandum and Order dated 10/9/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. (slh, usbc) (Entered: 10/10/2024) |
| 10/10/2024 | | 391 | Order dated 10/10/2024 Re: 390 Motion filed by Creditor Lolonyon Akouete to Substitute Proposed Order and Suggest Use of Lis Pendens with certificate of service Re: 385 Proceeding Memorandum and Order dated 10/9/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. THE COURT WILL REVIEW THE PROPOSED FORMS OF ORDER SUBMITTED AND ENTER ITS OWN ORDER. ALL OTHER RELIEF REQUESTED PURSUANT THE MOTION AT ECF NO. 390 IS DENIED. (slh, usbc) (Entered: 10/10/2024) |
| 10/10/2024 | | 392 | Order Directed to Lolonyon Akouette dated 10/10/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. See Order for Full Text. (slh, usbc) (Entered: 10/10/2024) |
| 10/10/2024 | | 393 | BNC Certificate of Mailing – PDF Document. (Re: 382 Order on Motion to Compel) Notice Date 10/10/2024. (Admin.) (Entered: 10/11/2024) |
| 10/10/2024 | | 394 | BNC Certificate of Mailing – PDF Document. (Re: 383 Order) Notice Date 10/10/2024. (Admin.) (Entered: 10/11/2024) |
| 10/10/2024 | | 395 | Motion filed by Creditor Lolonyon Akouete to Request Permission to Appear Via Zoom at Hearing Scheduled for 11/18/2024 Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. (slh, usbc) (Entered: 10/11/2024) |
| 10/11/2024 | | 396 | BNC Certificate of Mailing – PDF Document. (Re: 385 Order on Motion For Preliminary Injunction) Notice Date 10/11/2024. (Admin.) (Entered: 10/12/2024) |
| 10/11/2024 | | 397 | BNC Certificate of Mailing – PDF Document. (Re: 386 Order on Generic Motion) Notice Date 10/11/2024. (Admin.) (Entered: 10/12/2024) |
| 10/12/2024 | | 398 | BNC Certificate of Mailing – PDF Document. (Re: 391 Order on Motion for Lis Pendens) Notice Date 10/12/2024. (Admin.) (Entered: 10/13/2024) |
| 10/12/2024 | | 399 | BNC Certificate of Mailing – PDF Document. (Re: 392 Order on Motion For Preliminary Injunction) Notice Date 10/12/2024. (Admin.) (Entered: 10/13/2024) |
| 10/15/2024 | | 400 | Notice of Appearance and Request for Notice by Brian Charville with certificate of service filed by Creditor Ferris Development Group, LLC (Charville, Brian) (Entered: 10/15/2024) |
| 10/17/2024 | | 401 | |

| Date | | | Description |
|---|---|---|---|
| | | | Order dated 10/17/2024 Re: 395 Motion filed by Creditor Lolonyon Akouete to Request Permission to Appear Via Zoom at Hearing Scheduled for 11/18/2024 Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. GRANTED IN PART AND DENIED IN PART. See Order for Full Text. (slh, usbc) (Entered: 10/17/2024) |
| 10/19/2024 | | 402 | BNC Certificate of Mailing – PDF Document. (Re: 401 Order on Motion to Appear Telephonically or Via Video Conference) Notice Date 10/19/2024. (Admin.) (Entered: 10/20/2024) |
| 10/21/2024 | | 403 | Notice of Docketing Record on Appeal to Court of Appeals (BAP: 24–0016) U.S. Court of Appeals for First Circuit case number: 24–9004. (meh, Usbc) (Entered: 10/21/2024) |
| 10/23/2024 | | 404 | Emergency Motion filed by Creditor Lolonyon Akouete for Interim Distribution Due to Family Health Emergency with Certificate of Service. (slh, usbc) (Entered: 10/23/2024) |
| 10/23/2024 | | 405 | Order dated 10/23/2024 Re: 404 Emergency Motion filed by Creditor Lolonyon Akouete for Interim Distribution Due to Family Health Emergency. WHILE THE COURT IS SYMPATHETIC TO MR. AKOUETE'S FAMILY CIRCUMSTANCES, THE MOTION IS DENIED FOR THE SAME REASONS REFERENCED IN THE NUMEROUS PRIOR ORDERS ENTERED IN THIS CASE DENYING SIMILAR RELIEF. SEE, E.G., ORDER DENYING EMERGENCY MOTION FOR INTERIM DISTRIBUTION PENDING APPEAL (ECF NO. 268), ORDER DENYING SECOND MOTION FOR INTERIM DISTRIBUTION (ECF NO. 204). WITHIN 14 DAYS OF THE DATE OF THIS ORDER, THE TRUSTEE SHALL FILE A STATUS REPORT REGARDING THE TRUSTEES CONTEMPLATED TIMING FOR FILING ANY OBJECTION TO MR. AKOUETE'S CLAIM STATING WHETHER IT WOULD BE REASONABLE FOR THE TRUSTEE TO FILE AN OBJECTION TO MR. AKOUETE'S CLAIM BY A DATE TO BE ESTABLISHED TO BEGIN THE CLAIM RESOLUTION PROCESS AND AVOID FUTURE DELAYS GIVEN THAT THERE APPEAR TO BE ASSETS THAT MAY RESULT IN A DISTRIBUTION TO GENERAL UNSECURED CREDITORS. (slh, usbc) (Entered: 10/23/2024) |
| 10/25/2024 | | 406 | BNC Certificate of Mailing – PDF Document. (Re: 405 Order on Motion for Interim/Supplemental Distribution) Notice Date 10/25/2024. (Admin.) (Entered: 10/26/2024) |
| 11/01/2024 | | 407 | Scheduling Order Dated 11/1/2024 Re: 370 Motion of the Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete, 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause Re: 376 Motion filed by Creditor Lolonyon Akouete to Compel the Trustee to Act on the Motion to Vacate Foreclosure Judgment and to Recover Property into the Bankruptcy Estate Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement, and 383 Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer filed by Creditor Lolonyon Akouete Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. See Order for Full Text. (ab) (Entered: 11/01/2024) |
| 11/01/2024 | | 408 | |

| | | | |
|---|---|---|---|
| | | | Certificate of Service of Notice of Hearing (Re: <u>370</u> Motion for Preliminary Injunction, Motion for Sanctions/Costs, <u>382</u> Order on Motion to Compel, <u>383</u> Order) filed by Creditor Town of Westborough (Attachments: # <u>1</u> Doc. No. 407 (Scheduling Order)) (Smerage, Roger) (Entered: 11/01/2024) |
| 11/03/2024 | | <u>409</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>407</u> Order To Set Hearing) Notice Date 11/03/2024. (Admin.) (Entered: 11/03/2024) |
| 11/06/2024 | | <u>410</u> | Objection to Claim 4 of Claimant Lolonyon Akouete. filed by Trustee Jonathan R. Goldsmith. (Attachments: # <u>1</u> Certificate of Service)(Devine, Christine) (Entered: 11/06/2024) |
| 11/07/2024 | | <u>411</u> | Emergency Motion filed by Creditor Lolonyon Akouete with certificate of service For Expedited Resolution of Claims In Response to Trustee's Objection to Claims [Re: <u>410</u> Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith], Request For Expedited Hearing Due to Urgent Family Medical Needs. (ab) (Entered: 11/07/2024) |
| 11/08/2024 | | <u>412</u> | Notice *of Appraisal* with certificate of service filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/08/2024) |
| 11/08/2024 | | <u>413</u> | Expedited Motion filed by Trustee Jonathan R. Goldsmith For Authority (Re: <u>190</u> Motion to Approve) *To Withdraw Settlement Motion and to Convert November 18th Hearing to Non–Evidentiary Status Conference* with certificate of service. (Devine, Christine) (Entered: 11/08/2024) |
| 11/08/2024 | | <u>414</u> | Order dated 11/8/2024 Re: <u>411</u> Emergency Motion filed by Creditor Lolonyon Akouete For Expedited Resolution of Claims In Response to Trustee's Objection to Claims [Re: <u>410</u> Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith], Request For Expedited Hearing Due to Urgent Family Medical Needs. GRANTED ONLY TO THE LIMITED EXTENT THAT MR. AKOUETE IS SEEKING TO SHORTEN HIS RESPONSE DEADLINE TO AND DEPART FROM THE TIME AND MANNER OF SERVICE WITH RESPECT TO THE "TRUSTEE'S OBJECTION TO CLAIMS OF LOLONYN AKOUETE (CLAIM NOS. 4.1 AND 4.2)" [ECF NO. 410] (THE "CLAIM OBJECTION") UNDER FED. R. BANKR. P. 3007 AND MLBR 3007–1. THE EMERGENCY MOTION IS OTHERWISE STRICKEN IN ALL OTHER RESPECTS. See Order for Full Text. (ab) (Entered: 11/08/2024) |
| 11/10/2024 | | <u>415</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>414</u> Order on Motion for Emergency/Expedited Determination) Notice Date 11/10/2024. (Admin.) (Entered: 11/11/2024) |
| 11/10/2024 | | <u>416</u> | Response with certificate of service filed by Creditor Lolonyon Akouete Re: <u>410</u> Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 11/12/2024) |
| 11/12/2024 | | 417 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 11/12/2024). (RE: Meeting of Creditors Held filed by Trustee Jonathan R. Goldsmith). (Goldsmith, Jonathan) (Entered: 11/12/2024) |

| | | | |
|---|---|---|---|
| 11/13/2024 | | 418 | Order dated 11/13/2024 Re: 413 Expedited Motion filed by Trustee Jonathan R. Goldsmith For Authority (Re: 190 Motion to Approve) To Withdraw Settlement Motion and to Convert November 18th Hearing to Non–Evidentiary Status Conference. GRANTED IN PART AND DENIED IN PART AS FOLLOWS. THE TRUSTEE IS HEREBY AUTHORIZED TO WITHDRAW THE MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF SETTLEMENT AGREEMENT [ECF NO. 190] (SETTLEMENT MOTION) AND THE SETTLEMENT MOTION IS WITHDRAWN. THE EVIDENTIARY HEARING SCHEDULED FOR NOVEMBER 18, 2024 IS CANCELED. THE COURT HEREBY RESCHEDULES THE NOVEMBER 18, 2024 STATUS CONFERENCES. See Order for Full Text. (ab) (Entered: 11/13/2024) |
| 11/13/2024 | | | Status Conference rescheduled to 11/19/2024 at 01:30 PM at Worcester Courtroom 3 – CJP. Re: 1 Involuntary Petition (Chapter 7), 20 Motion for Relief From Stay filed by Creditor Town of Westborough, 69 Motion to Dismiss Case filed by Creditor Town of Westborough. (ab) (Entered: 11/13/2024) |
| 11/13/2024 | | 419 | Hybrid Hearing Scheduled on 11/19/2024 at 01:30 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 11/13/2024) |
| 11/13/2024 | | 420 | Emergency Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 418 Order on Motion for Order/Authority] with certificate of service. (Devine, Christine) (Entered: 11/13/2024) |
| 11/13/2024 | | 421 | Objection with certificate of service filed by Creditor Lolonyon Akouete Re: 420 Emergency Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 418 Order on Motion for Order/Authority] with certificate of service. (ab) (Entered: 11/14/2024) |
| 11/14/2024 | | 422 | Expedited Motion filed by Creditor Town of Westborough to Continue Hearing [Re: 20 Motion for Relief From Stay, 69 Motion to Dismiss Case, 190 Motion to Approve] with certificate of service. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Smerage, Roger) (Entered: 11/14/2024) |
| 11/14/2024 | | 423 | Order dated 11/14/2024 Re: 420 Emergency Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing Re: 418 Order on Motion for Order/Authority and Re: 422 Expedited Motion filed by Creditor Town of Westborough to Continue Hearing Re: 20 Motion for Relief From Stay, Re: 69 Motion to Dismiss Case and Re: 190 Motion to Approve. GRANTED IN PART AND DENIED IN PART. See Order for Full Text. (slh, usbc) (Entered: 11/14/2024) |
| 11/14/2024 | | | Hybrid Status Conference Continued to a Telephonic Status Conference on 11/20/2024 at 03:00 PM Re: 1 Involuntary Petition. (lb) (Entered: 11/14/2024) |
| 11/14/2024 | | | Hybrid Status Conference Continued to a Telephonic Status Conference on 11/20/2024 at 03:00 PM Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 11/14/2024) |
| 11/14/2024 | | | Hybrid Status Conference Continued to a Telephonic Status Conference on 11/20/2024 at 03:00 PM Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (lb) (Entered: 11/14/2024) |

| 11/14/2024 | | | Hybrid Hearing Continued to a Telephonic Hearing on 11/20/2024 at 03:00 PM Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (lb) (Entered: 11/14/2024) |
| 11/14/2024 | | 424 | Certificate of Service (Re: 423 Order on Motion to Continue/Cancel Hearing, Order on Motion to Continue/Cancel Hearing) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/14/2024) |
| 11/15/2024 | | 425 | BNC Certificate of Mailing – PDF Document. (Re: 418 Order on Motion for Order/Authority) Notice Date 11/15/2024. (Admin.) (Entered: 11/16/2024) |
| 11/16/2024 | | 426 | BNC Certificate of Mailing – PDF Document. (Re: 423 Order on Motion to Continue/Cancel Hearing) Notice Date 11/16/2024. (Admin.) (Entered: 11/17/2024) |
| 11/20/2024 | | | Status Conference Held Re: 1 Involuntary Petition and Hearing Held Re: 410 Objection to Claim filed by Trustee Jonathan R. Goldsmith. (lb) (Entered: 11/21/2024) |
| 11/20/2024 | | | Telephonic Status Conference Held and a Hybrid Hearing is scheudled on 01/15/2025 Either by Zoom or In Person at 02:30 PM at Worcester Courtroom 3 – CJP Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 11/21/2024) |
| 11/20/2024 | | | Telephonic Status Conference Held and a Hybrid Hearing is scheduled on 01/15/2025 Either by Zoom or In Person at 02:30 PM at Worcester Courtroom 3 – CJP Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (lb) (Entered: 11/21/2024) |
| 11/21/2024 | | 427 | Proceeding Memorandum and Order Dated 11/21/2024 Re: 1 Chapter 7 Involuntary Petition. TELEPHONIC STATUS CONFERENCE HELD. (ab) (Entered: 11/21/2024) |
| 11/21/2024 | | 428 | Proceeding Memorandum and Order dated 11/21/2024 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts. TELEPHONIC STATUS CONFERENCE HELD. A HYBRID HEARING IS SCHEDULED ON 1/15/2025 AT 2:30 P.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 1/14/2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 11/21/2024) |
| 11/21/2024 | | 429 | Proceeding Memorandum and Order dated 11/21/2024 Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. TELEPHONIC STATUS CONFERENCE HELD. A HYBRID HEARING IS SCHEDULED ON 1/15/2025 AT 2:30 P.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT |

| | | | |
|---|---|---|---|
| | | | CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 1/14/2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 11/21/2024) |
| 11/21/2024 | | 430 | Proceeding Memorandum and Order Order Dated 11/21/2024 Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete. filed by Trustee Jonathan R. Goldsmith. ANY AMENDED CLAIM SHALL BE FILED WITHIN 7 DAYS. A SEPARATE CASE MANAGEMENT ORDER WILL ENTER. (ab) (Entered: 11/21/2024) |
| 11/22/2024 | | 431 | Hybrid Status Conference Scheduled on 1/15/2025 at 02:30 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 26 Order for Relief (Ch.7). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb). (Entered: 11/22/2024) |
| 11/23/2024 | | 432 | BNC Certificate of Mailing – PDF Document. (Re: 427 Order) Notice Date 11/23/2024. (Admin.) (Entered: 11/24/2024) |
| 11/23/2024 | | 433 | BNC Certificate of Mailing – PDF Document. (Re: 428 Order on Motion For Relief From Stay) Notice Date 11/23/2024. (Admin.) (Entered: 11/24/2024) |
| 11/23/2024 | | 434 | BNC Certificate of Mailing – PDF Document. (Re: 429 Order on Motion to Dismiss Case) Notice Date 11/23/2024. (Admin.) (Entered: 11/24/2024) |
| 11/23/2024 | | 435 | BNC Certificate of Mailing – PDF Document. (Re: 430 Order on Objection to Claim) Notice Date 11/23/2024. (Admin.) (Entered: 11/24/2024) |
| 11/24/2024 | | 436 | BNC Certificate of Mailing – Hearing. (Re: 431 Hearing Scheduled) Notice Date 11/24/2024. (Admin.) (Entered: 11/25/2024) |
| 11/24/2024 | | 437 | Expedited Motion filed by Creditor Lolonyon Akouete For Court Assistance To Obtaining Critical Information with certificate of service. (ab) (Entered: 11/25/2024) |
| 11/24/2024 | | 438 | Motion filed by Creditor Lolonyon Akouete For Entry of a Case Management Order to Streamline Discovery and Expedite Resolution of Consted Proof of Claim (Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith) with certificate of service. (ab) (Entered: 11/25/2024) |
| 11/26/2024 | | 439 | Order dated 11/26/2024 Re: 438 Motion filed by Creditor Lolonyon Akouete For Entry of a Case Management Order to Streamline Discovery and Expedite Resolution of Consted Proof of Claim (Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith). THE MOTION [ECF NO. 438] IS DENIED FOR THE REASONS DISCUSSED AT THE SCHEDULING CONFERENCE HELD ON 11/20/2024. GIVEN THE HOLIDAYS AND THE ISSUES RAISED BY THE TRUSTEES OBJECTION, THE TRUSTEES REQUEST OF 90 DAYS FOR A DISCOVERY PERIOD IS REASONABLE. A SEPARATE CASE MANAGEMENT ORDER WILL ENTER CONSISTENT WITH THE COLLOQUY AT THE RECENT SCHEDULING CONFERENCE. (ab) (Entered: 11/26/2024) |
| 11/26/2024 | | 440 | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF RESCHEDULED HYBRID HEARING Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. Hearing Rescheduled to 1/15/2025 at 02:30 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 11/26/2024) |
| 11/26/2024 | | 441 | NOTICE OF RESCHEDULED HYBIRD HEARING Re: 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause AND 383 Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause. Hybrid Hearing Rescheduled to 1/15/2025 at 02:30 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 11/26/2024) |
| 11/26/2024 | | 442 | Certificate of Service of Notice of Hearing (Re: 370 Motion for Preliminary Injunction, Motion for Sanctions/Costs) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Rescheduled Hybrid Hearing) (Smerage, Roger) (Entered: 11/26/2024) |
| 11/27/2024 | | 443 | Order Dated 11/27/2024 Re: 437 Expedited Motion filed by Creditor Lolonyon Akouete For Court Assistance To Obtaining Critical Information. Hearing 12/17/2024 at 02:00 PM at Worcester Courtroom 3 – CJP. Objections due by 12/13/2024 at 11:59 PM. See Order for Full Text. (ab) (Entered: 11/27/2024) |
| 11/28/2024 | | 444 | BNC Certificate of Mailing – Hearing. (Re: 441 Hearing Scheduled) Notice Date 11/28/2024. (Admin.) (Entered: 11/29/2024) |
| 11/28/2024 | | 445 | BNC Certificate of Mailing – PDF Document. (Re: 439 Order on Motion for Order/Authority) Notice Date 11/28/2024. (Admin.) (Entered: 11/29/2024) |
| 11/29/2024 | | 446 | BNC Certificate of Mailing – PDF Document. (Re: 443 Order To Set Hearing) Notice Date 11/29/2024. (Admin.) (Entered: 11/30/2024) |
| 12/03/2024 | | 447 | Motion filed by Trustee Jonathan R. Goldsmith For Order *Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act* with certificate of service. (Devine, Christine) (Entered: 12/03/2024) |
| 12/04/2024 | | 448 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act. (ab) (Entered: 12/04/2024) |
| 12/04/2024 | | 449 | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena with certificate of service. (ab) (Entered: 12/04/2024) |
| 12/04/2024 | | 450 | Notice *to All Parties In Interest* with certificate of service filed by Creditor Lolonyon Akouete. (Attachments: # 1 Exhibit) (ab) (Entered: 12/04/2024) |
| 12/04/2024 | | 451 | Hybrid Hearing Scheduled on 12/17/2024 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate |

| | | | |
|---|---|---|---|
| | | | Transparency Act. Objections due by 12/13/2024 at 04:30 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 12/04/2024) |
| 12/04/2024 | | 452 | Motion filed by Creditor Lolonyon Akouete For Approval to Serve Subpoena By Email with certificate of service. (ab) (Entered: 12/05/2024) |
| 12/05/2024 | | 453 | Certificate of Service of Notice of Hearing (Re: 447 Motion for Order/Authority) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 12/05/2024) |
| 12/11/2024 | | 454 | Expedited Motion filed by Creditor Lolonyon Akouete to Compel Trustee to Address Amended Claim and Request for Mediation **[Expedited Determination Requested]** with certificate of service. (slh, usbc) Additional attachment(s) added on 12/11/2024 (meh, Usbc). (Entered: 12/11/2024) |
| 12/11/2024 | | 455 | Motion filed by Creditor Lolonyon Akouete to Strike Response to Motion for Sanctions (Dkt. #187) as Improperly Relied Upon to Oppose Claim Re: 187 Response to Motion for Sanctions for Violation of the Automatic Stay with certificate of service filed by Interested Party Walter A. Horst Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs Response with certificate of service. (slh, usbc) (Entered: 12/11/2024) |
| 12/11/2024 | | 456 | Motion filed by Creditor Lolonyon Akouete For Court Order Authorizing Subpoena of Massachusetts State Tax Return with certificate of service. (slh, usbc) (Entered: 12/11/2024) |
| 12/11/2024 | | 457 | Order dated 12/11/2024 Re: 454 Expedited Motion filed by Creditor Lolonyon Akouete to Compel Trustee to Address Amended Claim and Request for Mediation. GRANTED IN PART AND DENIED IN PART. THE COURT HEREBY GRANTS THE EXPEDITED DETERMINATION OF THIS MOTION AND DENIES THE REMAINING REQUESTS FOR RELIEF AS FOLLOWS.See Order for Full Text. (slh, usbc) (Entered: 12/11/2024) |
| 12/12/2024 | | 458 | Motion filed by Creditor Lolonyon Akouete with certificate of service to Withdraw [Re: 449 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena] with Reservation of Rights. (ab) (Entered: 12/12/2024) |
| 12/13/2024 | | 459 | Limited Objection *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 437 Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information with certificate of service. (Gordon, Stephen) (Entered: 12/13/2024) |
| 12/13/2024 | | 460 | Opposition filed by Witness Goulston & Storrs PC Re: 437 Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information with certificate of service. (Rosner, Douglas) (Entered: 12/13/2024) |
| 12/13/2024 | | 461 | Limited Objection *and Reservation of Rights* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 437 Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information with certificate of service. (Devine, Christine) (Entered: 12/13/2024) |

| | | | |
|---|---|---|---|
| 12/13/2024 | | 462 | Objection to Claim 4 of Claimant Lolonyon Akouete. *and Request for Entry of Pretrial Scheduling Order* with certificate of service filed by Trustee Jonathan R. Goldsmith. (Devine, Christine) (Entered: 12/13/2024) |
| 12/13/2024 | | 463 | BNC Certificate of Mailing – PDF Document. (Re: 457 Order on Motion to Compel) Notice Date 12/13/2024. (Admin.) (Entered: 12/14/2024) |
| 12/16/2024 | | 464 | First Request from Creditor Lolonyon Akouete *For Admissions to Chapter 7 Trustee Jonathan R. Goldsmith* with certificate of service. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 465 | First Request from Creditor Lolonyon Akouete *For Production of Documents To Chapter 7 Trustee Jonathan R. Goldsmith* with certificate of service. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 466 | First Set of Interrogatories *to Chapter 7 Trustee Jonathan R. Goldsmith* filed by Creditor Lolonyon Akouete. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 467 | Reply with certificate of service filed by Creditor Lolonyon Akouete to 460 Opposition filed by Goulston & Storrs PC Re: 437 Expedited Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 468 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 459 Limited Objection of Petitioning Creditors filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 437 Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 469 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 462 Second Objection to Claim 4 of Claimant Lolonyon Akouete and Request for Entry of Pretrial Scheduling Order filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 470 | Endorsed Order dated 12/16/2024 Re: 458 Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 449 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena] with Reservation of Rights. GRANTED AS FOLLOWS. THE MOTION FILED AT ECF NO. 449 IS HEREBY WITHDRAWN. (ab) (Entered: 12/16/2024) |
| 12/17/2024 | | 471 | Order dated 12/17/2024 Rescheduling January 15, 2025 Hearings Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA), 23 Order for Relief dated 10/11/2023, 69 Motion filed by Creditor Town of Westborough to Dismiss Case, 370 Motion of the Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete, 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause; and 383 Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer. DUE TO A CONFLICT WITH RESPECT TO THE COURT'S SCHEDULE, THE COURT HEREBY RESCHEDULES THE HYBRID HEARINGS ON ECF NOS. 20, 26, 69, 370, 382, AND 383 SCHEDULED FOR JANUARY 15, 2025 TO JANUARY 21, 2025 AT 2:00 P.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, |

| | | | |
|---|---|---|---|
| | | | PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JANUARY 17, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 26 Order for Relief dated 10/11/2023. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 69 Motion to Dismiss Case filed by Creditor Town of Westborough. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 370 Motion for Preliminary Injunction, in addtion to Motion for Sanctions or Costs filed by Creditor Town of Westborough. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 382 Order dated 10/8/2024 Denying 376 and Directing Lolnyon Akouette to Show Cause. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 383 Order dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hearing Held Re: 437 Expedited Motion filed by Creditor Lolonyon Akouete For Court Assistance To Obtaining Critical Information, 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | 472 | Proceeding Memorandum and Order dated 12/17/2024 Re: 437 Expedited Motion filed by Creditor Lolonyon Akouete For Court Assistance To Obtaining Critical Information. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS DENIED WITHOUT PREJUDICE. (ab) (Entered: 12/17/2024) |
| 12/17/2024 | | 473 | Proceeding Memorandum and Order dated 12/17/2024 Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS GRANTED. (ab) (Entered: 12/17/2024) |
| 12/18/2024 | | 474 | Motion filed by Creditor Lolonyon Akouete to Compel Initial Disclosures Pursuant to Rule 26(a)(1) . (meh, Usbc) (Entered: 12/18/2024) |
| 12/18/2024 | | 475 | Motion filed by Creditor Lolonyon Akouete for Discovery Conference. (meh, Usbc) (Entered: 12/18/2024) |

| Date | | | |
|------|---|---|---|
| 12/18/2024 | | 476 | Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 456 Motion filed by Creditor Lolonyon Akouete For Order with certificate of service.]. (meh, Usbc) (Entered: 12/18/2024) |
| 12/18/2024 | | 477 | Notice to All Parities in Interest filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 12/18/2024) |
| 12/18/2024 | | 478 | BNC Certificate of Mailing – PDF Document. (Re: 470 Order on Motion to Withdraw Document) Notice Date 12/18/2024. (Admin.) (Entered: 12/19/2024) |
| 12/19/2024 | | 479 | BNC Certificate of Mailing – PDF Document. (Re: 471 Order on Motion to Dismiss Case) Notice Date 12/19/2024. (Admin.) (Entered: 12/20/2024) |
| 12/19/2024 | | 480 | BNC Certificate of Mailing – PDF Document. (Re: 472 Order on Motion to Compel) Notice Date 12/19/2024. (Admin.) (Entered: 12/20/2024) |
| 12/19/2024 | | 481 | BNC Certificate of Mailing – PDF Document. (Re: 473 Order on Motion for Order/Authority) Notice Date 12/19/2024. (Admin.) (Entered: 12/20/2024) |
| 12/20/2024 | | 482 | Supplement filed by Creditor Lolonyon Akouete (Re: 474 Motion filed by Creditor Lolonyon Akouete to Compel Initial Disclosures Pursuant to Rule 26(a)(1)) And Request For Expedited Relief, with certificate of service. (ab) (Entered: 12/20/2024) |
| 12/20/2024 | | 483 | Motion filed by Creditor Lolonyon Akouete For Court Order Under Rule 9014(c) To Require Disclosure of Information Relied Upon By Trustee In Objection to Claim and Withdrawal of 474 Motion filed by Creditor Lolonyon Akouete to Compel Initial Disclosures Pursuant to Rule 26(a)(1), with certificate of service. (ab) (Entered: 12/20/2024) |
| 12/20/2024 | | 484 | Order dated 12/20/2024 Re: 476 Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 456 Motion filed by Creditor Lolonyon Akouete For Order]. GRANTED AS FOLLOWS. THE MOTION FILED AT ECF NO. 456 IS HEREBY WITHDRAWN. (ab) (Entered: 12/20/2024) |
| 12/22/2024 | | 485 | BNC Certificate of Mailing – PDF Document. (Re: 484 Order on Motion to Withdraw Document) Notice Date 12/22/2024. (Admin.) (Entered: 12/23/2024) |
| 12/23/2024 | | 486 | Order Dated 12/23/2024 Re: 464 First Request from Creditor Lolonyon Akouete For Admissions to Chapter 7 Trustee Jonathan R. Goldsmith. STRICKEN. SEE MLBR 7026–1(a) (PROVIDING THAT "DEPOSITIONS UPON ORAL EXAMINATIONS, TRANSCRIPTS, INTERROGATORIES, REQUESTS FOR DOCUMENTS, REQUESTS FOR ADMISSIONS, AND ANSWERS AND RESPONSES THERETO, SHALL NOT BE FILED UNLESS SO ORDERED BY THE COURT OR FOR USE IN THE PROCEEDING"). (ab) (Entered: 12/23/2024) |
| 12/23/2024 | | 487 | Order Dated 12/23/2024 Re: 465 First Request from Creditor Lolonyon Akouete For Production of Documents To Chapter 7 Trustee Jonathan R. Goldsmith. STRICKEN. SEE MLBR 7026–1(a) (PROVIDING THAT "DEPOSITIONS UPON ORAL EXAMINATIONS, TRANSCRIPTS, INTERROGATORIES, REQUESTS FOR DOCUMENTS, REQUESTS FOR ADMISSIONS, AND ANSWERS AND RESPONSES THERETO, |

| | | | |
|---|---|---|---|
| | | | SHALL NOT BE FILED UNLESS SO ORDERED BY THE COURT OR FOR USE IN THE PROCEEDING"). (ab) (Entered: 12/23/2024) |
| 12/23/2024 | | 488 | Order Dated 12/23/2024 Re: 466 First Set of Interrogatories to Chapter 7 Trustee Jonathan R. Goldsmith filed by Creditor Lolonyon Akouete. STRICKEN. SEE MLBR 7026–1(a) (PROVIDING THAT "DEPOSITIONS UPON ORAL EXAMINATIONS, TRANSCRIPTS, INTERROGATORIES, REQUESTS FOR DOCUMENTS, REQUESTS FOR ADMISSIONS, AND ANSWERS AND RESPONSES THERETO, SHALL NOT BE FILED UNLESS SO ORDERED BY THE COURT OR FOR USE IN THE PROCEEDING"). (ab) (Entered: 12/23/2024) |
| 12/23/2024 | | 492 | Motion filed by Creditor Lolonyon Akouete to Reconsider ( 473 Proceeding Memorandum and Order dated 12/17/2024 Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act) with certificate of service. (ab) (Entered: 12/26/2024) |
| 12/25/2024 | | 489 | BNC Certificate of Mailing – PDF Document. (Re: 486 Order) Notice Date 12/25/2024. (Admin.) (Entered: 12/26/2024) |
| 12/25/2024 | | 490 | BNC Certificate of Mailing – PDF Document. (Re: 487 Order) Notice Date 12/25/2024. (Admin.) (Entered: 12/26/2024) |
| 12/25/2024 | | 491 | BNC Certificate of Mailing – PDF Document. (Re: 488 Order) Notice Date 12/25/2024. (Admin.) (Entered: 12/26/2024) |
| 12/30/2024 | | 493 | Opposition with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 492 Motion filed by Creditor Lolonyon Akouete to Reconsider ( 473 Order on Motion for Order/Authority) with certificate of service. (Gordon, Stephen) (Entered: 12/30/2024) |
| 01/03/2025 | | 494 | Reply filed by Creditor Lolonyon Akouete in Support of Motion to Reconsider Order that Trustee has no Duty to Submit Beneficial Ownership Information for the Debtor to FinCen Re: 493 Opposition with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 492 Motion filed by Creditor Lolonyon Akouete to Reconsider 473 Order on Motion for Order/Authority. (slh, usbc) (Entered: 01/03/2025) |
| 01/06/2025 | | 495 | Motion filed by Creditor Lolonyon Akouete for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate and Request for Expedited Relief with certificate of service. (slh, usbc) (Entered: 01/06/2025) |
| 01/06/2025 | | 496 | Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment with certificate of service. (slh, usbc) (Entered: 01/06/2025) |
| 01/06/2025 | | 497 | Motion filed by Creditor Lolonyon Akouete for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate with certificate of service. (slh, usbc) (Entered: 01/06/2025) |
| 01/06/2025 | | 498 | Judgment dated 12/13/24 and Mandate dated 1/6/2025 Issued By First Circuit Court of Appeals Judges Montecalvo, Kayatta and Rikelman, Dismissed Re: Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel Filed by Creditor Lolonyon Akouete RE: 204 Order on Motion for Interim/Supplemental Distribution. (meh, Usbc) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/10/2025) |
| 01/07/2025 | | 564 | Mandate dated 1/7/2025 Issued by Bankruptcy Appellate Panel, Re: BAP Number: 24–016 Re: 204 Order on Motion for Interim/Supplemental Distribution. (meh, Usbc) (Entered: 03/10/2025) |
| 01/15/2025 | | 499 | Motion filed by Creditor Lolonyon Akouete To Request Court Action On Pending Expedited Motion for Summary Judgment (Re: 496 Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment) with certificate of service. (ab) (Entered: 01/15/2025) |
| 01/15/2025 | | 500 | Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay, 26 Order for Relief (Ch.7), 69 Motion to Dismiss Case] *Scheduled for January 21, 2025 (Expedited Determination Requested by January 17, 2025)* with certificate of service. (Devine, Christine) (Entered: 01/15/2025) |
| 01/16/2025 | | 501 | Response *Regarding Multiple Akouete Filings* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: (Devine, Christine) (Entered: 01/16/2025) |
| 01/16/2025 | | 502 | Creditor's Opposition filed by Creditor Lolonyon Akouete Re: 500 Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay, 26 Order for Relief (Ch.7), 69 Motion to Dismiss Case]. (meh, Usbc) (Entered: 01/16/2025) |
| 01/16/2025 | | 503 | Response *of Petitioning Creditors to Opposition to Motion to Continue January 21, 2025 Hearings* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 500 Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay, 26 Order for Relief (Ch.7), 69 Motion to Dismiss Case] *Scheduled for January 21, 2025 (Expedited Determination Requested by January,* 502 *Creditor's Opposition filed by Creditor Lolonyon Akouete Re:* 500 *Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re:* 20 *Motion for Relief From Stay,* 26 *Order for Relief (Ch.7),* 69 *Motion to Dismiss Case].* (Gordon, Stephen) (Entered: 01/16/2025) |
| 01/16/2025 | | 504 | Supplement with certificate of service (Re: 496 Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment) filed by Creditor Lolonyon Akouete. (ab) (Entered: 01/17/2025) |
| 01/16/2025 | | 505 | Response with certificate of service filed by Creditor Lolonyon Akouete to 501 Response *Regarding Multiple Akouete Filings* filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 01/17/2025) |
| 01/16/2025 | | 506 | Response with certificate of service filed by Creditor Lolonyon Akouete to 503 Response *of Petitioning Creditors to Opposition to Motion to Continue January 21, 2025 Hearings* Re: 500 Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing. (ab) (Entered: 01/17/2025) |
| 01/17/2025 | | 507 | Order dated 1/17/2025 Re: 500 Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing Re: 20 Motion for Relief From Stay, 26 Order for Relief (Ch.7), 69 Motion to Dismiss Case Scheduled for January 21, 2025. GRANTED IN PART AND DENIED IN PART. THE COURT HEREBY RESCHEDULES ALL OF THE HYBRID HEARINGS SCHEDULED FOR JANUARY 21, 2025 REGARDING ECF NOS. 20, 26, 69, 370, 382, AND 383 TO JANUARY 31, 2025 AT 10:00 A.M. BY TELEPHONE. TO PARTICIPATE IN THE JANUARY 31, 2025 |

| | | | |
|---|---|---|---|
| | | | HEARING, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. THE COURT ANTICIPATES ENTERING ORDERS SHORTLY ON PENDING MOTIONS THAT HAVE BEEN FILED. (meh, Usbc) (Entered: 01/17/2025) |
| 01/18/2025 | | 508 | Motion filed by Interested Party Denise Edwards to Address Managerial Interest, Submit Evidence or Improper Conduct, and Recognize Movant's Contributions to the Estate with certificate of service. (meh, Usbc) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 26 Order for Relief dated 10/11/2023. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 383 Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause. (lb) (Entered: 01/19/2025) |
| 01/21/2025 | | 509 | Second Supplement (Re: 496 Motion for Summary Judgment) filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 01/21/2025) |
| 01/23/2025 | | 510 | Expedited Motion filed by Creditor Lolonyon Akouete For Status Conference (Re: 452 Motion For Approval to Serve Subpoena By Mail, 475 Motion for Discovery Conference, 483 Motion For Court Order, 492 Motion to Reconsider, 495 Motion for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate and Request for Expedited Relief, 496 Expedited Motion for Summary Judgment, 499 Motion To Request Court Action On Pending Expedited Motion for Summary Judgment). (ab) (Entered: 01/24/2025) |
| 01/28/2025 | | 511 | Supplement to Objection filed by Creditor Lolonyon Akouete Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case with Certificate of Service. (slh, usbc) (Entered: 01/28/2025) |
| 01/29/2025 | | 512 | Motion filed by Creditor Lolonyon Akouete For Entry of Case Management Order (Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith) with certificate of service. (ab) (Entered: 01/29/2025) |

| | | | |
|---|---|---|---|
| 01/29/2025 | | 513 | Notice *of Issuance of Subpoenas* with certificate of service filed by Creditor Lolonyon Akouete. (ab) (Entered: 01/29/2025) |
| 01/30/2025 | | 514 | Adversary case 25–04003. Complaint by Jonathan R. Goldsmith, Chapter 7 Trustee against Town of Westborough. Fee Amount $350. Nature of Suit(13 (Recovery of money/property – 548 fraudulent transfer)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))),(91 (Declaratory judgment))(Devine, Christine) (Entered: 01/30/2025) |
| 01/31/2025 | | 515 | Order dated 1/31/2025 Re: 452 Motion filed by Creditor Lolonyon Akouete For Approval to Serve Subpoena By Email. DENIED. ABSENT AGREEMENT, SERVICE OF SUBPOENAS BY MR. AKOUETE MUST BE EFFECTED IN COMPLIANCE WITH FED. R. CIV. P. 45(B), AS MADE APPLICABLE BY FED. R. BANKR. P. 9016. THE MOVANT HAS NOT DEMONSTRATED FUTILITY IN AN EFFORT TO EFFECT PERSONAL SERVICE AS REQUIRED BY THE RULE AND HAS NOT SHOWN OTHER GOOD CAUSE TO PERMIT OTHER FORMS OF ALTERNATIVE SERVICE. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 516 | Order dated 1/31/2025 Re: 483 Motion filed by Creditor Lolonyon Akouete For Court Order Under Rule 9014(c) To Require Disclosure of Information Relied Upon By Trustee In Objection to Claim and Withdrawal of 474 Motion filed by Creditor Lolonyon Akouete to Compel Initial Disclosures Pursuant to Rule 26(a)(1). DENIED IN PART AND GRANTED IN PART. THE REQUEST TO WITHDRAW IS GRANTED AND THE MOTION FILED AT ECF NO. 474 IS WITHDRAWN. THE REMAINDER OF THE RELIEF IS DENIED. MR. AKOUETE MAY MAKE DISCOVERY REQUESTS, AS MAY BE APPROPRIATE, FOR THE INFORMATION HE IS SEEKING. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 517 | Order dated 1/31/2025 Re: 455 Motion filed by Creditor Lolonyon Akouete to Strike Response to Motion for Sanctions (Dkt. #187) as Improperly Relied Upon to Oppose Claim Re: 187 Response to Motion for Sanctions for Violation of the Automatic Stay filed by Interested Party Walter A. Horst Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs Response. THE "MOTION TO STRIKE RESPONSE TO MOTION FOR SANCTIONS (DKT. #187) AS IMPROPERLY RELIED UPON TO OPPOSE CLAIM REQUEST" [ECF NO. 455] (THE "MOTION") IS DENIED. NO GOOD CAUSE SHOWN TO STRIKE. TO THE EXTENT THE MOTION REQUESTS ANY OTHER RELIEF, IT IS DENIED BECAUSE NO GOOD CAUSE HAS BEEN SHOWN OR SUCH REQUEST IS NOT UNDERSTANDABLE. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 518 | Order Dated 1/31/2025 Re: 492 Motion filed by Creditor Lolonyon Akouete to Reconsider Re: 473 Proceeding Memorandum and Order dated 12/17/2024 Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act. UPON CONSIDERATION OF THE "MOTION TO RECONSIDER ORDER GRANTING TRUSTEES MOTION FOR FINDING OF NO DUTY TO SUBMIT BENEFICIAL OWNERSHIP INFORMATION TO FINCEN UNDER THE CORPORATE TRANSPARENCY ACT (DKT. NO. 473)" (ECF NO. 492, THE "MOTION") OF LOLONYON AKOUETE, THE OBJECTIONS AND REPLIES THERETO FILED AT ECF. NOS. 493 AND 494, RESPECTIVELY, AND THE RECORD OF THIS CASE, THE MOTION IS DENIED. See Order for Full Text. (slh, usbc) (Entered: |

| | | | |
|---|---|---|---|
| 01/31/2025 | | | 01/31/2025) |
| 01/31/2025 | | 519 | Order dated 1/31/2025 Re: 475 Motion filed by Creditor Lolonyon Akouete for Discovery Conference. DENIED WITHOUT PREJUDICE. MR. AKOUETE MAY RENEW HIS REQUEST AFTER APPROPRIATE SERVICE OF ANY SUBPOENAS ON THE PARTIES IDENTIFIED. SEE ORDER REGARDING ECF NO. 452 ENTERED AT ECF NO. 515. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 520 | Order dated 1/31/2025 Re: 495 Motion filed by Creditor Lolonyon Akouete for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate and Request for Expedited Relief. DENIED. TRUSTEE MAY, BUT IS NOT REQUIRED, TO PROVIDE A STATUS UPDATE ON ADMINISTRATION OF THE CASE AT THE SCHEDULED STATUS CONFERENCE. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 521 | Order dated 1/31/2025 Re: 497 Motion filed by Creditor Lolonyon Akouete for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate. DENIED. TRUSTEE MAY, BUT IS NOT REQUIRED, TO PROVIDE A STATUS UPDATE ON ADMINISTRATION OF THE CASE AT THE SCHEDULED STATUS CONFERENCE. (slh, usbc) (Entered: 01/31/2025) |
| 01/31/2025 | | 522 | Court Certificate of Mailing Re: 518 Order on Motion To Reconsider, 521 Order on Generic Motion. (slh, usbc) (Entered: 01/31/2025) |
| 01/31/2025 | | 523 | Objection *and Reservation of Rights Regarding Motion of Denise S. Edwards [Dkt. No. 508]* filed by Trustee Jonathan R. Goldsmith Re: 508 Motion filed by Interested Party Denise Edwards to Address Managerial Interest, Submit Evidence or Improper Conduct, and Recognize Movant's Contributions to the Estate with certificate of service. (Savoia, Angelina) (Entered: 01/31/2025) |
| 01/31/2025 | | | Hearing Held Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts, 26 Order for Relief dated 10/11/2023, 69 Motion filed by Creditor Town of Westborough to Dismiss Case, 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs, 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouete to Show Cause Re: 376 Motion filed by Creditor Lolonyon Akouete to Compel the Trustee to Act on the Motion to Vacate Foreclosure Judgment and to Recover Property into the Bankruptcy Estate, and 383 Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer. (lb) (Entered: 01/31/2025) |
| 02/02/2025 | | 524 | BNC Certificate of Mailing – PDF Document. (Re: 515 Order on Generic Motion) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/02/2025 | | 525 | BNC Certificate of Mailing – PDF Document. (Re: 516 Order on Motion for Order/Authority) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/02/2025 | | 526 | BNC Certificate of Mailing – PDF Document. (Re: 517 Order on Motion to Strike) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/02/2025 | | 527 | BNC Certificate of Mailing – PDF Document. (Re: 518 Order on Motion To Reconsider) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |

| | | | |
|---|---|---|---|
| 02/02/2025 | | 528 | BNC Certificate of Mailing – PDF Document. (Re: 519 Order on Motion To Set/Combine Hearing) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/02/2025 | | 529 | BNC Certificate of Mailing – PDF Document. (Re: 520 Order on Generic Motion) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/02/2025 | | 530 | BNC Certificate of Mailing – PDF Document. (Re: 521 Order on Generic Motion) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/03/2025 | | 531 | Consolidated Motion filed by Creditor Lolonyon Akouete For Summary Judgment (Re: 496 Expedited Motion for Summary Judgment, 509 Second Supplement, and 504 Supplement) with certificate of service. (ab) (Entered: 02/03/2025) |
| 02/05/2025 | | 532 | Proceeding Memorandum and Order dated 2/5/2025 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. THE REQUEST FOR SANCTIONS WILL BE RESCHEDULED PURSUANT TO FURTHER ORDERS THAT WILL ENTER. (ab) (Entered: 02/05/2025) |
| 02/05/2025 | | 533 | Proceeding Memorandum and Order Dated 2/05/2025 Re: 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouete to Show Cause. THE SHOW CAUSE HEARING WILL BE RESCHEDULED PURSUANT TO FURTHER ORDERS THAT WILL ENTER. (ab) (Entered: 02/05/2025) |
| 02/05/2025 | | 534 | Proceeding Memorandum and Order Dated 2/05/2025 Re: 383 Order ated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouete to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer. THE SHOW CAUSE HEARING WILL BE RESCHEDULED PURSUANT TO FURTHER ORDERS THAT WILL ENTER. (ab) (Entered: 02/05/2025) |
| 02/07/2025 | | 535 | Expedited Motion filed by Creditor Lolonyon Akouete To Set Deadline For Trustee's Response to Motion for Summary Judgment [Re: 496 Motion for Summary Judgment] with certificate of service. (ab) (Entered: 02/07/2025) |
| 02/07/2025 | | 536 | BNC Certificate of Mailing – PDF Document. (Re: 532 Order on Motion For Preliminary Injunction) Notice Date 02/07/2025. (Admin.) (Entered: 02/08/2025) |
| 02/07/2025 | | 537 | BNC Certificate of Mailing – PDF Document. (Re: 533 Order) Notice Date 02/07/2025. (Admin.) (Entered: 02/08/2025) |
| 02/07/2025 | | 538 | BNC Certificate of Mailing – PDF Document. (Re: 534 Order) Notice Date 02/07/2025. (Admin.) (Entered: 02/08/2025) |
| 02/14/2025 | | 539 | Proceeding Memorandum and Order dated 2/14/2025 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts, 26 Order for Relief (Ch.7) dated 10/11/2023, 69 Motion to Dismiss Case filed by Creditor Town of Westborough. HYBRID HEARINGS HELD ON 1/31/2025. FURTHER ORDERS WILL ENTER WITH RESPECT TO THESE MATTERS IN CONJUNCTION WITH FUTURE HEARINGS SCHEDULED IN ADVERSARY PROCEEDING NOS. 24–4006 AND 25–4003. (dr) |

| | | | |
|---|---|---|---|
| | | | (Entered: 02/14/2025) |
| 02/14/2025 | | 540 | Order dated 2/14/2025 Re: 410 Objection to Claims of Lolonyon Akouete (Claim Nos. 4.1 and 4.2) filed by Trustee Jonathan R. Goldsmith, 462 Second Objection to Claims of Claimant Lolonyon Akouete (Claim Nos. 4.1, 4.2, and 4.3) filed by Trustee Jonathan R. Goldsmith). CONTESTED MATTER CASE MANAGEMENT ORDER....IF AN OBJECTION IS BEING MADE BY THE TRUSTEE UNDER § 502(B)(4) TO THE EXTENT MR. AKOUETE IS DETERMINED TO BE A MANAGER OF THE DEBTOR, OR OTHER SPECIFIC SUBSECTION OF § 502(B), THE TRUSTEE SHALL IDENTIFY THE SPECIFIC PROVISIONS OF § 502 RELIED ON AND MAKE ANY FURTHER ARGUMENTS IN SUPPORT OF SUCH OBJECTION IN A SUPPLEMENT TO THE FIRST AND SECOND OBJECTIONS THAT SHALL BE FILED NO LATER THAN FEBRUARY 24, 2025 AT 11:59 P.M. (THE SUPPLEMENTAL OBJECTION). MR. AKOUETE SHALL RESPOND TO ANY SUPPLEMENTAL OBJECTION ON OR BEFORE MARCH 3, 2025 AT 11:59 P.M. See Order for Full Text and Deadlines Governing the Contested Matter. (dr) (Entered: 02/14/2025) |
| 02/18/2025 | | 541 | Motion filed by Creditor Lolonyon Akouete Motion for Reconsideration of Discovery Deadline Extension and Request for Expedited Determination. c/s . (dc) (Entered: 02/18/2025) |
| 02/20/2025 | | 542 | BNC Certificate of Mailing – PDF Document. (Re: 539 Order) Notice Date 02/20/2025. (Admin.) (Entered: 02/21/2025) |
| 02/20/2025 | | 543 | BNC Certificate of Mailing – PDF Document. (Re: 540 Order) Notice Date 02/20/2025. (Admin.) (Entered: 02/21/2025) |
| 02/24/2025 | | 544 | Supplemental Document: *Trustee's Supplement to Pending Objections to Akouete Claims* (Re: 410 Objection to Claim, 462 Objection to Claim) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 02/24/2025) |
| 02/24/2025 | | 545 | Certificate of Service (Re: 544 Supplemental Document) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 02/24/2025) |
| 02/25/2025 | | 546 | Motion filed by Creditor Lolonyon Akouete to Overrule Trustee's Supplement to Pending Objections to Claim No. 4.3 and Request for Summary Judgment (Re: 544 Trustee's Supplement to Pending Objections to Akouete Claims (Re: 410 Objection to Claim, 462 Objection to Claim) filed by Trustee Jonathan R. Goldsmith) with certificate of service. (ab) (Entered: 02/25/2025) |
| 02/27/2025 | | 547 | Order dated 2/27/2025 Re: 496 Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment. THE MOTION, AS SUPPLEMENTED BY ECF NOS. 504 AND 509, HAS BEEN SUPERSEDED BY THE CONSOLIDATED MOTION AT ECF NO. 531. (ab) (Entered: 02/27/2025) |
| 02/27/2025 | | 548 | Order dated 2/27/2025 Re: 508 Motion filed by Interested Party Denise Edwards to Address Managerial Interest, Submit Evidence or Improper Conduct, and Recognize Movant's Contributions to the Estate. UPON CONSIDERATION OF THE "MOTION TO ADDRESS MANAGERIAL INTEREST, SUBMIT EVIDENCE OF IMPROPER CONDUCT, AND RECOGNIZE MOVANT'S CONTRIBUTIONS TO THE ESTATE" (THE "MOTION") FILED BY DENISE EDWARDS AND THE RESPONSE THERETO OF THE TRUSTEE, THE MOTION IS |

| | | | |
|---|---|---|---|
| | | | GRANTED FOR THE LIMITED PURPOSE OF ESTABLISHING A DEADLINE FOR THE CHAPTER 7 TRUSTEE TO OBJECT TO MS. EDWARD'S PROOF OF CLAIM. THE DEADLINE FOR THE TRUSTEE TO FILE AN OBJECTION TO THE CLAIM IS APRIL 14, 2025. THE TRUSTEE SHOULD CONSIDER WHETHER CONSOLIDATION OF ANY OBJECTION TO MS. EDWARD'S CLAIM SHOULD BE CONSOLIDATED WITH THE PENDING OBJECTIONS TO LOLONYON AKOUETE?S CLAIMS. ANY OTHER RELIEF REQUESTED IN THE MOTION, TO THE EXTENT IT CAN BE DETERMINED, IS DENIED WITHOUT PREJUDICE. (ab) (Entered: 02/27/2025) |
| 02/27/2025 | | 549 | Order dated 2/27/2025 Re: 510 Expedited Motion filed by Creditor Lolonyon Akouete For Status Conference. MOOT. THE MATTERS REFERENCE HAVE BEEN ADDRESSED BY ENTRY OF ORDERS OR HAVE BEEN SUPERSEDED. (ab) (Entered: 02/27/2025) |
| 02/27/2025 | | 550 | Order dated 2/27/2025 Re: 512 Motion filed by Creditor Lolonyon Akouete For Entry of Case Management Order (Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith). MOOT. A CONTESTED MATTER CASE MANAGEMENT ORDER HAS ENTERED [SEE ECF NO. 540]. (ab) (Entered: 02/27/2025) |
| 02/27/2025 | | 551 | Order dated 2/27/2025 Re: 541 Motion filed by Creditor Lolonyon Akouete Motion for Reconsideration of Discovery Deadline Extension and Request for Expedited Determination. UPON CONSIDERATION OF THE MOTION AND THE RECORD OF THIS CASE, THE RECONSIDERATION REQUEST IS HEREBY DENIED. (ab) (Entered: 02/27/2025) |
| 02/28/2025 | | 552 | Motion filed by Creditor Lolonyon Akouete To Refuse Consent To Entry of Final Order on Non–Core Matters and Request Final Order To Be Entered by Delaware Court with certificate of service. (ab) (Entered: 02/28/2025) |
| 02/28/2025 | | 553 | Objection *to Expedited Motion for Summary Judgment by Lolonyon Akouete* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 531 Motion filed by Creditor Lolonyon Akouete Consolidated . (Devine, Christine) (Entered: 02/28/2025) |
| 03/01/2025 | | 554 | BNC Certificate of Mailing – PDF Document. (Re: 547 Order on Motion For Summary Judgment) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |
| 03/01/2025 | | 555 | BNC Certificate of Mailing – PDF Document. (Re: 548 Order on Generic Motion) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |
| 03/01/2025 | | 556 | BNC Certificate of Mailing – PDF Document. (Re: 549 Order on Motion To Set/Combine Hearing) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |
| 03/01/2025 | | 557 | BNC Certificate of Mailing – PDF Document. (Re: 550 Order on Motion for Order/Authority) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |
| 03/01/2025 | | 558 | BNC Certificate of Mailing – PDF Document. (Re: 551 Order on Generic Motion) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |

| | | | |
|---|---|---|---|
| 03/03/2025 | | 559 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 553 Trustee's Objection *to 531 Expedited Motion for Summary Judgment by Lolonyon Akouete*. (Attachments: # 1 Exhibit) (ab) (Entered: 03/03/2025) |
| 03/05/2025 | | 560 | Request from Christine E. Devine Trustee Jonathan R. Goldsmith *for Telephonic Discovery Conference* with certificate of service. filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 03/05/2025) |
| 03/07/2025 | | 561 | Order dated 3/7/2025 Re: 552 Motion filed by Creditor Lolonyon Akouete To Refuse Consent To Entry of Final Order on Non–Core Matters and Request Final Order To Be Entered by Delaware Court. DENIED. THE DETERMINATION OF MR. AKOUETES CLAIMS AGAINST AND INTERESTS IN THE DEBTOR AND ITS ESTATE ARE CORE PROCEEDINGS. 28 U.S.C. § 157(b)(1) AND (2). BANKRUPTCY COURTS ROUTINELY DETERMINE STATE LAW ISSUES IN CONSIDERING AND ENTERING FINAL ORDERS WITH RESPECT TO CLAIMS OBJECTIONS AND DETERMINING ISSUES REGARDING ADMINISTRATION OF BANKRUPTCY ESTATES. (meh, Usbc) (Entered: 03/07/2025) |
| 03/07/2025 | | 562 | Notice of Filing of Petition for Writ of Mandamus filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 03/07/2025) |
| 03/09/2025 | | 563 | BNC Certificate of Mailing – PDF Document. (Re: 561 Order on Generic Motion) Notice Date 03/09/2025. (Admin.) (Entered: 03/10/2025) |
| 03/11/2025 | | 565 | Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause with certificate of service. (ab) (Entered: 03/11/2025) |
| 03/12/2025 | | 566 | Telephonic Hearing Scheduled on 3/17/2025 at 11:30 AM Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (lb) (Entered: 03/12/2025) |
| 03/12/2025 | | 567 | Telephonic Hearing Scheduled on 3/17/2025 at 11:30 AM Re: 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. Objections May be Raised at the Hearing. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (lb) (Entered: 03/12/2025) |
| 03/13/2025 | | 568 | Motion filed by Creditor Lolonyon Akouete to Reschedule Hearing [Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference, 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause] with certificate of service. (ab) (Entered: 03/13/2025) |

| | | | |
|---|---|---|---|
| 03/13/2025 | | 569 | Response with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 568 Motion filed by Creditor Lolonyon Akouete to Continue Hearing [Re: 560 Request, 565 Motion to Remove] with certificate of service. (Gordon, Stephen) (Entered: 03/13/2025) |
| 03/13/2025 | | | Telephonic Hearing Rescheduled to 03/14/2025 at 01:30 PM Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference. (lb) (Entered: 03/13/2025) |
| 03/13/2025 | | | Telephonic Hearing Rescheduled to 03/14/2025 at 01:30 PM Re: 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. (lb) (Entered: 03/13/2025) |
| 03/13/2025 | | 570 | Order dated 3/13/2025 Re: 568 Motion filed by Creditor Lolonyon Akouete to Reschedule Hearing [Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference, 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause]. GRANTED AS FOLLOWS. THE COURT HEREBY RESCHEDULES THE MARCH 17, 2025 DISCOVERY CONFERENCE AND THE HEARING ON THE MOTION TO REMOVE TRUSTEE [ECF NO. 565] TO MARCH 14, 2025 AT 1:30 P.M. BY TELEPHONE. TO PARTICIPATE IN THE MARCH 14, 2025 HEARING, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. OBJECTIONS TO THE MOTION TO REMOVE MAY BE MADE AT THE RESCHEDULED HEARING. (ab) (Entered: 03/13/2025) |
| 03/13/2025 | | 571 | Certificate of Service (Re: 570 Order on Motion to Continue/Cancel Hearing) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 03/13/2025) |
| 03/13/2025 | | 572 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee with certificate of service. (Devine, Christine) (Entered: 03/13/2025) |
| 03/14/2025 | | 573 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 572 Objection filed by Trustee Jonathan R. Goldsmith to 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | 574 | Reply with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 573 Response filed by Creditor Lolonyon Akouete to 572 Trustee's Objection to 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee. (Gordon, Stephen) (Entered: 03/14/2025) |
| 03/14/2025 | | 575 | Response with certificate of service filed by Creditor Lolonyon Akouete to 574 Reply of Petitioning Creditor Nathanson & Goldberg, P.C. Re: 573 Response filed by Creditor Lolonyon Akouete to 572 Trustee's Objection to 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | | Hearing Held Re: 560 Request from Trustee for Discovery Conference and 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee for Cause. (lb) (Entered: 03/14/2025) |
| 03/14/2025 | | 576 | Proceeding Memorandum and Order Dated 3/14/2025 Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference filed by Trustee Jonathan R. Goldsmith. |

| | | | |
|---|---|---|---|
| | | | DISCOVERY CONFERENCE HELD. THE TRUSTEE IS AUTHORIZED TO CONDUCT THE DEPOSITON OF LOLONYON AKOUETE AND THE THIRD PARTY WITNESS BY ZOOM AS STATED ON THE RECORD. MR. AKOUETE INDICATED THAT HE WOULD PRODUCE RESPONSIVE DOCUMENTS. THE TRUSTEE MAY FILE A MOTION TO COMPEL AND FOR SANCTIONS IF ALL DOCUMENTS AND A RESPONSE AS REQUIRED BY THE RULES ARE NOT SERVED IMMEDIATELY. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | 577 | Proceeding Memorandum and Order dated 3/14/2025 Re: 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. FOR THE REASONS STATED ON THE RECORD, THE MOTION TO REMOVE TRUSTEE IS DENIED. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | 578 | Order dated 3/14/2025 Re: 531 Consolidated Motion filed by Creditor Lolonyon Akouete For Summary Judgment (Re: 496 Expedited Motion for Summary Judgment, 509 Second Supplement, and 504 Supplement), and Re: 546 Motion filed by Creditor Lolonyon Akouete to Overrule Trustee's Supplement to Pending Objections to Claim No. 4.3 and Request for Summary Judgment (Re: 544 Trustee's Supplement to Pending Objections to Akouete Claims (Re: 410 Objection to Claim, 462 Objection to Claim) filed by Trustee Jonathan R. Goldsmith). DENIED. See Order for Full Text. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | 579 | BNC Certificate of Mailing – Hearing. (Re: 567 Hearing Scheduled) Notice Date 03/14/2025. (Admin.) (Entered: 03/15/2025) |
| 03/15/2025 | | 580 | BNC Certificate of Mailing – PDF Document. (Re: 570 Order on Motion to Continue/Cancel Hearing) Notice Date 03/15/2025. (Admin.) (Entered: 03/16/2025) |
| 03/16/2025 | | 581 | BNC Certificate of Mailing – PDF Document. (Re: 576 Order) Notice Date 03/16/2025. (Admin.) (Entered: 03/17/2025) |
| 03/16/2025 | | 582 | BNC Certificate of Mailing – PDF Document. (Re: 577 Order on Motion to Remove Party) Notice Date 03/16/2025. (Admin.) (Entered: 03/17/2025) |
| 03/16/2025 | | 583 | BNC Certificate of Mailing – PDF Document. (Re: 578 Order on Generic Motion) Notice Date 03/16/2025. (Admin.) (Entered: 03/17/2025) |
| 03/17/2025 | | 584 | Order dated 3/17/2025 Re: 499 Motion filed by Creditor Lolonyon Akouete To Request Court Action On Pending Expedited Motion for Summary Judgment (Re: 496 Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment). MOOT. THE MATTER REFERENCED HAS BEEN DETERMINED. (ab) (Entered: 03/17/2025) |
| 03/17/2025 | | 585 | Order dated 3/17/2025 Re: 535 Expedited Motion filed by Creditor Lolonyon Akouete To Set Deadline For Trustee's Response to Motion for Summary Judgment [Re: 496 Motion for Summary Judgment]. MOOT. THE MATTER REFERENCED HAS BEEN DETERMINED. (ab) (Entered: 03/17/2025) |
| 03/18/2025 | | 586 | Emergency Motion filed by Creditor Lolonyon Akouete For Alternative Service of Subpoenas By First–Class Mail *And Request For Expedited Determination* with certificate of service. (ab) (Entered: 03/18/2025) |
| 03/18/2025 | | 587 | |

| | | | Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The MobileStreet Trust. (meh, Usbc) (Entered: 03/18/2025) |
|---|---|---|---|
| 03/18/2025 | | 588 | Motion filed by Creditor Lolonyon Akouete For Clarification Regarding Deadline For Joint Prehearing Memorandum (Re: 540 Contested Matter Case Management Order) with certificate of service. (ab) (Entered: 03/18/2025) |
| 03/19/2025 | | 589 | Order dated 3/19/2025 Re: 586 Emergency Motion filed by Creditor Lolonyon Akouete For Alternative Service of Subpoenas By First–Class Mail And Request For Expedited Determination.  See Order for Full Text. (ab) (Entered: 03/19/2025) |
| 03/19/2025 | | 590 | BNC Certificate of Mailing – PDF Document. (Re: 584 Order on Motion for Order/Authority) Notice Date 03/19/2025. (Admin.) (Entered: 03/20/2025) |
| 03/19/2025 | | 591 | BNC Certificate of Mailing – PDF Document. (Re: 585 Order on Motion for Emergency/Expedited Determination) Notice Date 03/19/2025. (Admin.) (Entered: 03/20/2025) |
| 03/20/2025 | | 592 | Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. (ab) (Entered: 03/21/2025) |
| 03/21/2025 | | 593 | Endorsed Order dated 3/21/2025 Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. GRANTED AS FOLLOWS. THE COURT WILL SCHEDULE A DISCOVERY CONFERENCE, LIKELY USING A HYBRID FORMAT GIVEN THE COURT'S SCHEDULE. MR. AKOUETE SHALL SERVE NOTICE OF THE CONFERENCE ON GOULSTON & STORRS PC UPON SCHEDULING. (ab) (Entered: 03/21/2025) |
| 03/21/2025 | | 594 | Hybrid Discovery Conference Scheduled on 3/27/2025 at 11:30 AM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 03/21/2025) |
| 03/21/2025 | | 595 | Order dated 3/21/2025 Re: 588 Motion filed by Creditor Lolonyon Akouete For Clarification Regarding Deadline For Joint Prehearing Memorandum (Re: 540 Contested Matter Case Management Order), and 540 Contested Matter Case Management Order. THE COURT HEREBY GRANTS THE MOTION FOR CLARIFICATION REGARDING DEADLINE FOR JOINT PREHEARING MEMORANDUM [ECF NO. 588] FILED BY LOLONYON AKOUETE AS FOLLOWS. THE DEADLINE FOR FILING A JOINT PREHEARING MEMORANDUM IS APRIL 30, 2025. THE ALTERNATIVE DEADLINE SET FORTH IN THE CONTESTED MATTER CASE MANAGEMENT ORDER [ECF NO. 540] (THE "CONTESTED MATTER ORDER") ONLY APPLIED TO DISPOSITIVE MOTIONS FILED POST–DISCOVERY. IN ADDITION, UPON FURTHER CONSIDERATION OF THE CONTESTED MATTER ORDER, THE COURT AMENDS PARAGRAPH 6, "MOTIONS FOR SUMMARY JUDGMENT AND OTHER DISPOSITIVE MOTIONS," AND REPLACES THAT NUMBERED PARAGRAPH WITH THE FOLLOWING. See Order for Full Text. (ab) (Entered: 03/21/2025) |

| | | | |
|---|---|---|---|
| 03/21/2025 | | 596 | BNC Certificate of Mailing – PDF Document. (Re: 589 Order on Generic Motion) Notice Date 03/21/2025. (Admin.) (Entered: 03/22/2025) |
| 03/23/2025 | | 597 | BNC Certificate of Mailing – Hearing. (Re: 594 Hearing Scheduled) Notice Date 03/23/2025. (Admin.) (Entered: 03/24/2025) |
| 03/23/2025 | | 598 | BNC Certificate of Mailing – PDF Document. (Re: 593 Order on Motion To Set/Combine Hearing) Notice Date 03/23/2025. (Admin.) (Entered: 03/24/2025) |
| 03/23/2025 | | 599 | BNC Certificate of Mailing – PDF Document. (Re: 595 Order on Motion to Clarify) Notice Date 03/23/2025. (Admin.) (Entered: 03/24/2025) |
| 03/23/2025 | | 600 | Notice of Intent to file Motion for Summary Judgment and Request For Conference filed by Creditor Lolonyon Akouete with certificate of service. (ab) (Entered: 03/24/2025) |
| 03/24/2025 | | 601 | Order dated 3/24/2025 Re: 587 Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The Mobile Street Trust.  ANY OBJECTIONS TO THE MOTION SHALL BE FILED NO LATER THAN MARCH 31, 2025 AT 4:30 P.M. THE COURT SHALL ENTER A FURTHER ORDER AFTER EXPIRATION OF THE OBJECTION DEADLINE. (slh, usbc) (Entered: 03/24/2025) |
| 03/25/2025 | | 602 | Certificate of Service of Notice of Hearing (Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference) filed by Creditor Lolonyon Akouete. (ab) (Entered: 03/25/2025) |
| 03/26/2025 | | 603 | BNC Certificate of Mailing – PDF Document. (Re: 601 Order on Generic Motion) Notice Date 03/26/2025. (Admin.) (Entered: 03/27/2025) |
| 03/27/2025 | | | Discovery Conference Held Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. (lb) (Entered: 03/27/2025) |
| 03/28/2025 | | 604 | Proceeding Memorandum and Order dated 3/28/2025 Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. DISCOVERY CONFERENCE HELD. WITHIN 10 DAYS, AFTER REVIEWING ANY READILY AVAILABLE RECORDS, GOULSTON & STORRS PC WILL PROVIDE AN AFFIDAVIT TO MR. AKOUETE AND THE CHAPTER 7 TRUSTEE THAT IDENTIFIES THE CLIENT REPRESENTATIVES WITH WHOM THE FIRM WAS COMMUNICATING IN CONNECTION WITH ITS ENGAGEMENT INVOLVING FORMATION OF AND PREPARING A LEASE FOR THE DEBTOR AND PROVIDES WHATEVER CONTACT INFORMATION IS EVIDENT FROM THOSE RECORDS. MR. AKOUETE STATED ON THE RECORD THAT SUCH AN AFFIDAVIT WOULD SATISFY THE SUBPOENA THAT HE SERVED, TO WHICH THE FIRM OBJECTED. (ab) (Entered: 03/28/2025) |
| 03/30/2025 | | 605 | BNC Certificate of Mailing – PDF Document. (Re: 604 Order on Motion To Set/Combine Hearing) Notice Date 03/30/2025. (Admin.) (Entered: 03/31/2025) |
| 03/31/2025 | | 606 | |

| | | | |
|---|---|---|---|
| | | | Order Dated 3/31/2025 Re: 600 Notice of Intent to file Motion for Summary Judgment and Request For Conference filed by Creditor Lolonyon Akouete. A HYBRID CONFERENCE PURSUANT TO PARAGRAPH 6 OF THE CONTESTED MATTER CASE MANAGEMENT ORDER [ECF NO. 540], AS MODIFIED BY THE ORDER ENTERED AT ECF NO. 595, IS SCHEDULED FOR APRIL 15, 2025 AT 11:00 A.M. (THE "CONFERENCE"). THE CONFERENCE SHALL BE CONDUCTED IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONFERENCE, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN APRIL 14, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. NO SUMMARY JUDGMENT MOTION SHALL BE FILED IN ADVANCE OF THE CONFERENCE AND ENTRY OF A FURTHER ORDER OF THE COURT AT THE CONCLUSION OF THE CONFERENCE. (ab) (Entered: 03/31/2025) |
| 03/31/2025 | | 607 | Joint Motion filed by Trustee Jonathan R. Goldsmith, Petitioning Creditor The MobileStreet Trust, Creditor Town of Westborough to Extend Time to File Objection [Re: 587 Miscellaneous Motion] with certificate of service. (Smerage, Roger) (Entered: 03/31/2025) |
| 04/01/2025 | | 608 | Endorsed Order dated 4/1/2025 Re: 607 Joint Motion filed by Trustee Jonathan R. Goldsmith, Petitioning Creditor The MobileStreet Trust, Creditor Town of Westborough to Extend Time to File Objection [Re: 587 Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The Mobile Street Trust]. GRANTED. THE DEADLINE TO RESPOND TO THE MOTION [ECF NO. 587] IS EXTENDED TO APRIL 7, 2025 AT 4:30 P.M.(ab) (Entered: 04/01/2025) |
| 04/02/2025 | | 609 | Notice *of Filing and Docketing of Petition For Writ of Mandamus with the United States Supreme Court* filed by Creditor Lolonyon Akouete (ab) (Entered: 04/02/2025) |
| 04/02/2025 | | 610 | BNC Certificate of Mailing – PDF Document. (Re: 606 Order To Set Hearing) Notice Date 04/02/2025. (Admin.) (Entered: 04/03/2025) |
| 04/03/2025 | | 611 | Motion filed by Creditor Lolonyon Akouete for Issuance of Letter Rogatory to the High Court of Justice of the British Virgin Islands . (slh, usbc) (Entered: 04/03/2025) |
| 04/03/2025 | | 612 | Limited Objection *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 611 Motion filed by Creditor Lolonyon Akouete for Issuance of Letter Rogatory to the High Court of Justice of the British Virgin Islands . (Gordon, Stephen) (Entered: 04/03/2025) |
| 04/03/2025 | | 613 | BNC Certificate of Mailing – PDF Document. (Re: 608 Order on Motion to Extend) Notice Date 04/03/2025. (Admin.) (Entered: 04/04/2025) |
| 04/04/2025 | | 614 | Reply filed by Creditor Lolonyon Akouete Re: 612 Limited Objection of Petitioning Creditors filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 611 Motion filed by Creditor Lolonyon Akouete for Issuance of |

| | | | |
|---|---|---|---|
| | | | Letter Rogatory to the High Court of Justice of the British Virgin Islands. (ab) (Entered: 04/04/2025) |
| 04/04/2025 | | 615 | Motion filed by Creditor Lolonyon Akouete For Discovery Conference Pursuant to Local Rule 7026–1(f). (ab) (Entered: 04/04/2025) |
| 04/06/2025 | | 616 | Motion and Request For Judicial Notice filed by Creditor Lolonyon Akouete. (ab) (Entered: 04/07/2025) |
| 04/07/2025 | | 617 | Order dated 4/7/2025 Re: 615 Motion filed by Creditor Lolonyon Akouete For Discovery Conference Pursuant to Local Rule 7026–1(f). DENIED. BECAUSE THIRD–PARTY SUBPOENAS ARE AT ISSUE, MR. AKOUETE SHOULD FILE A MOTION TO COMPEL DISCOVERY WITH RESPECT TO EACH THIRD–PARTY SUBPOENA RECIPIENT, IF APPLICABLE, AND INCLUDE COPIES OF THE SUBPOENAS SERVED AND ANY EVIDENCE OF SERVICE, INCLUDING ANY CERTIFIED MAIL RETURN RECEIPTS. EACH MOTION TO COMPEL SHALL BE SERVED IN ACCORDANCE WITH FED. R. BANKR. P. 7004. See Order for Full Text. (ab) (Entered: 04/07/2025) |
| 04/07/2025 | | 618 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 587 Motion filed by Petitioning Creditor The MobileStreet Trust . (Smerage, Roger) (Entered: 04/07/2025) |
| 04/07/2025 | | 619 | Affidavit of Town Manager Kristi Williams *in support of Town's Opposition* (Re: 618 Opposition) filed by Creditor Town of Westborough (Attachments: # 1 Declaration of Electronic Filing) (Smerage, Roger) (Entered: 04/07/2025) |
| 04/07/2025 | | 620 | Order dated 4/7/2025 Re: 611 Motion filed by Creditor Lolonyon Akouete for Issuance of Letter Rogatory to the High Court of Justice of the British Virgin Islands.  UPON CONSIDERATION OF THE MOTION REQUESTING ISSUANCE OF A LETTER ROGATORY [ECF NO. 611] (THE MOTION) OF LOLONYON AKOUETE, THE LIMITED OBJECTION THERETO [ECF NO. 612] OF THE PETITIONING CREDITORS, AND MR. AKOUETES RESPONSE [ECF NO. 614], THE MOTION IS GRANTED IN PART AND THE COURT HAS ISSUED A LETTER ROGATORY IN THE FORM ATTACHED AS EXHIBIT 1 HERETO. MR. AKOUETE MAY OBTAIN A CERTIFIED COPY OF THE ATTACHED, WITHOUT PAYING THE CERTIFIED COPY FEE ASSOCIATED WITH OBTAINING CERTIFIED COPIES FROM THIS COURT, BY CONTACTING THE CLERKS OFFICE. See Order for Full Text. (meh, Usbc) (Entered: 04/07/2025) |
| 04/07/2025 | | 621 | Limited Objection *and Reservation of Rights Regarding Motion of Mobilstreet Trust for Declaratory Relief Regarding Automatic Stay* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 587 Motion filed by Petitioning Creditor The MobileStreet Trust . (Devine, Christine) (Entered: 04/07/2025) |
| 04/07/2025 | | 622 | Certificate of Service (Re: 619 Affidavit/Declaration) filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 04/07/2025) |
| 04/08/2025 | | 623 | Motion filed by Creditor Lolonyon Akouete to Set Deadline for Trustee to Determine Whether to Pursue Relief In Land Court to Vacate Foreclosure Judgment with certificate of service. (ab) (Entered: 04/08/2025) |
| 04/09/2025 | | 624 | |

| | | | |
|---|---|---|---|
| | | | Hybrid Hearing Scheduled on 4/15/2025 at 11:00 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 587 Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The MobileStreet Trust. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 04/09/2025) |
| 04/09/2025 | | 625 | Hybrid Hearing Scheduled on 4/15/2025 at 11:00 AM at Worcester Courtroom 3 – CJP Re: 623 Motion filed by Creditor Lolonyon Akouete to Set Deadline for Trustee to Determine Whether to Pursue Relief In Land Court to Vacate Foreclosure Judgment. Objections due by 4/14/2025 at 04:30 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 04/09/2025) |
| 04/09/2025 | | 626 | Motion filed by Creditor Lolonyon Akouete to Compel Production of Deposition Transcripts **and for Relief from Rule 30(f)(3) Requirements** with certificate of service. (ab) (Entered: 04/09/2025) |
| 04/09/2025 | | 627 | BNC Certificate of Mailing – PDF Document. (Re: 617 Order on Motion To Set/Combine Hearing) Notice Date 04/09/2025. (Admin.) (Entered: 04/10/2025) |
| 04/09/2025 | | 628 | BNC Certificate of Mailing – PDF Document. (Re: 620 Order on Generic Motion) Notice Date 04/09/2025. (Admin.) (Entered: 04/10/2025) |
| 04/10/2025 | | 629 | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena **and Request for Expedited Determination** with certificate of service. (ab) (Entered: 04/10/2025) |
| 04/11/2025 | | 630 | Status Report *(Joint)* filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough (Smerage, Roger) (Entered: 04/11/2025) |
| 04/11/2025 | | 631 | Hybrid Hearing Scheduled on 4/15/2025 at 11:00 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP Re: 626 Motion filed by Creditor Lolonyon Akouete to Compel Production of Deposition Transcripts and for Relief from Rule 30(f)(3) Requirements. Objections due by 4/14/2025 at 04:30 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 04/11/2025) |
| 04/11/2025 | | 632 | Order dated 4/11/2025 Re: 629 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena.  REQUEST FOR EXPEDITED DETERMINATION IS GRANTED AS FOLLOWS. THE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA [ECF NO. 629] (THE "MOTION TO COMPEL") FILED BY LOLONYON AKOUETE IS SCHEDULED FOR HEARING ON APRIL 15, 2025 AT 11:00 A.M. IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH THE OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN APRIL 15, 2025 AT 9:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. ANY OBJECTION TO THE MOTION TO COMPEL MAY BE MADE AT THE HEARING. MR. AKOUETE SHALL SERVE NOTICE OF THE HEARING FORTHWITH ON THE CALIFORNIA STATE CONTROLLER'S OFFICE BY TELEPHONE AND BY EMAILING A |

| | | | |
|---|---|---|---|
| | | | COPY OF THIS ORDER AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH NOTICE HAS BEEN PROVIDED FORTHWITH. (slh, usbc) (Entered: 04/11/2025) |
| 04/11/2025 | | 633 | Court Certificate of Mailing (Re: 631 Hybrid Hearing Scheduled, 632 Order Dated 4/11/2025 on Motion to Compel). (ab) (Entered: 04/11/2025) |
| 04/11/2025 | | | Hybrid Hearing Scheduled for 4/15/2025 at 11:00 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 629 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (ab) (Entered: 04/11/2025) |
| 04/11/2025 | | 634 | BNC Certificate of Mailing – Hearing. (Re: 624 Hearing Scheduled) Notice Date 04/11/2025. (Admin.) (Entered: 04/12/2025) |
| 04/11/2025 | | 635 | BNC Certificate of Mailing – Hearing. (Re: 625 Hearing Scheduled) Notice Date 04/11/2025. (Admin.) (Entered: 04/12/2025) |
| 04/13/2025 | | 636 | BNC Certificate of Mailing – PDF Document. (Re: 632 Order on Motion to Compel) Notice Date 04/13/2025. (Admin.) (Entered: 04/14/2025) |
| 04/14/2025 | | 637 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 623 Motion filed by Creditor Lolonyon Akouete to Determine to Set Deadline for Trustee to Determine with certificate of service. (Smerage, Roger) (Entered: 04/14/2025) |
| 04/14/2025 | | 638 | Objection *and Response to Lolonyon Akouete's Motion to Set Deadline for Trustee to Pursue Relief in Land Court* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 623 Motion filed by Creditor Lolonyon Akouete to Determine to Set Deadline for Trustee to Determine with certificate of service. (Devine, Christine) (Entered: 04/14/2025) |
| 04/14/2025 | | 639 | Objection to Claim 5 of Claimant Denise Edwards. *and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete* filed by Trustee Jonathan R. Goldsmith. (Devine, Christine) (Entered: 04/14/2025) |
| 04/14/2025 | | 640 | Notice *of Intent to File Summary Judgment Motion and Request for Conference* (Re: 540 Order, 595 Order on Motion to Clarify) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 04/14/2025) |
| 04/14/2025 | | 641 | Supplemental Certificate of Service (Re: 638 Objection, 639 Objection to Claim, 640 Notice) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 04/14/2025) |
| 04/14/2025 | | 642 | Order dated 4/14/2025 Re: 616 Motion and Request for Judicial Notice filed by Creditor Lolonyon Akouete. THE MOTION IS DENIED BECAUSE THE MOTION IS PREMATURE OR IN CONFLICT WITH THE CONTESTED MATTER CASE MANAGEMENT ORDER. See Order for Full Text. (dr) (Entered: 04/14/2025) |
| 04/14/2025 | | 643 | Amended Order dated 4/14/2025 Re: 616 Motion and Request for Judicial Notice filed by Creditor Lolonyon Akouete, 642 Order). THE MOTION IS DENIED BECAUSE THE MOTION IS PREMATURE OR IN CONFLICT WITH THE CONTESTED MATTER CASE MANAGEMENT ORDER. See Order for Full Text (amended to correct the date of the order). (dr) (Entered: 04/14/2025) |

| | | | |
|---|---|---|---|
| 04/14/2025 | | 644 | Order dated 4/14/2025 Re: 640 Notice of Intent to File Summary Judgment Motion and Request for Conference filed by Trustee Jonathan R. Goldsmith. A HYBRID CONFERENCE PURSUANT TO PARAGRAPH 6 OF THE CONTESTED MATTER CASE MANAGEMENT ORDER [ECF NO. 540], AS MODIFIED BY THE ORDER ENTERED AT ECF NO. 595 (THE CASE MANAGEMENT ORDER), IS SCHEDULED FOR APRIL 15, 2025 AT 11:00 A.M. (THE CONFERENCE). THE CONFERENCE SHALL BE CONDUCTED IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. See Order for Full Text. (dr) (Entered: 04/14/2025) |
| 04/15/2025 | | | Hybrid Status Conference to be held on 4/15/2025 at 11:00 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 640 Notice of Intent to File Summary Judgment Motion and Request for Conference. (lb) (Entered: 04/15/2025) |
| 04/15/2025 | | | Hearings Held Re: 587 Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement, 600 Notice of Intent to file Motion for Summary Judgment and Request For Conference, 623 Motion filed by Creditor Lolonyon Akouete to Set Deadline for Trustee to Determine Whether to Pursue Relief In Land Court to Vacate Foreclosure Judgment, 626 Motion filed by Creditor Lolonyon Akouete to Compel Production of Deposition Transcripts and for Relief from Rule 30(f)(3) Requirements, 629 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena and Request for Expedited Determination, and 640 Notice of Intent to File Summary Judgment Motion and Request for Conference. (lb) (Entered: 04/15/2025) |
| 04/16/2025 | | 645 | Proceeding Memorandum and Order dated 4/16/2025 Re: 587 Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The MobileStreet Trust.  See Order for Full Text. (ab) (Entered: 04/16/2025) |
| 04/16/2025 | | 646 | Proceeding Memorandum and Order dated 4/16/2025 Re: 600 Notice of Intent to file Motion for Summary Judgment and Request For Conference filed by Creditor Lolonyon Akouete, and 640 Notice of Intent to File Summary Judgment Motion and Request for Conference filed by Trustee Jonathan R. Goldsmith. THE PARTIES SHALL EACH FILE THEIR RESPECTIVE MOTION FOR SUMMARY JUDGMENT ON OR BEFORE MAY 31, 2025. OPPOSITIONS TO THE RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT SHALL BE FILED ON OR BEFORE JUNE 20, 2025. ANY RESPONSE TO AN OPPOSITION SHALL BE FILED ON OR BEFORE JULY 11, 2025. THE PARTIES ARE REMINDED TO STRICTLY ADHERE TO THE PROCEDURES SET OUT IN MLBR 7056–1 – AS WILL BE AMENDED AS OF MAY 1, 2025. ANY STATEMENT OF AN UNDISPUTED MATERIAL FACT OR CONTENTION THAT A MATERIAL FACT IS SUBJECT TO DISPUTE SHALL BE SUPPORTED BY SPECIFIC CITATION TO EVIDENCE IN THE RECORD WITH RELEVANT EVIDENCE ATTACHED AS EXHIBITS. (ab) (Entered: 04/16/2025) |
| 04/16/2025 | | 647 | Proceeding Memorandum and Order dated 4/16/2025 Re: 623 Motion filed by Creditor Lolonyon Akouete to Set Deadline for Trustee to Determine Whether to Pursue Relief In Land Court to Vacate Foreclosure Judgment. FOR THE REASONS STATED ON THE RECORD, THE |

| | | | |
|---|---|---|---|
| | | | MOTION IS DENIED. (ab) (Entered: 04/16/2025) |
| 04/16/2025 | | 648 | Proceeding Memorandum and Order dated 4/16/2025 Re: 626 Motion filed by Creditor Lolonyon Akouete to Compel Production of Deposition Transcripts and for Relief from Rule 30(f)(3) Requirements. THE MOTION IS GRANTED IN PART, AND THE TRUSTEE IS AUTHORIZED TO PROVIDE COPIES OF THE TRANSCRIPTS TO MR. AKOUETE TO PERMIT MR. AKOUETE TO RESPOND TO AND BRING ANY MOTION FOR SUMMARY JUDGMENT. IF THERE IS AN ALLOWED CLAIM AND ANY DISTRIBUTION TO MR. AKOUETE FROM THE ESTATE, THE AMOUNT FOR THE COST OF THE TRANSCRIPT(S) SHALL BE DEDUCTED AND PAID TO THE COURT REPORTER AS IF THE COURT REPORTER PROVIDED THE TRANSCRIPTS DIRECTLY TO MR. AKOUETE. (ab) (Entered: 04/16/2025) |
| 04/16/2025 | | 649 | Proceeding Memorandum and Order dated 4/16/2025 Re: 629 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena and Request for Expedited Determination.  See Order for Full Text. (ab) (Entered: 04/16/2025) |
| 04/17/2025 | | 650 | BNC Certificate of Mailing – PDF Document. (Re: 642 Order) Notice Date 04/17/2025. (Admin.) (Entered: 04/18/2025) |
| 04/17/2025 | | 651 | BNC Certificate of Mailing – PDF Document. (Re: 643 Order) Notice Date 04/17/2025. (Admin.) (Entered: 04/18/2025) |
| 04/17/2025 | | 652 | BNC Certificate of Mailing – PDF Document. (Re: 644 Order) Notice Date 04/17/2025. (Admin.) (Entered: 04/18/2025) |
| 04/18/2025 | | 653 | BNC Certificate of Mailing – PDF Document. (Re: 645 Order on Generic Motion) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/18/2025 | | 654 | BNC Certificate of Mailing – PDF Document. (Re: 646 Order on Motion To Set/Combine Hearing) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/18/2025 | | 655 | BNC Certificate of Mailing – PDF Document. (Re: 647 Order on Motion Determine) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/18/2025 | | 656 | BNC Certificate of Mailing – PDF Document. (Re: 648 Order on Motion to Compel) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/18/2025 | | 657 | BNC Certificate of Mailing – PDF Document. (Re: 649 Order on Motion to Compel) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/22/2025 | | 658 | Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Request for Expedited Determination with Certificate of Service. (meh, Usbc) (Entered: 04/22/2025) |
| 04/22/2025 | | 659 | Order Dated 4/22/2025 Re: 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. THE COURT HEREBY SCHEDULES THAT PORTION OF THE TRUSTEE'S (I) OBJECTION TO CLAIM OF DENISE EDWARDS AND (II) REQUEST TO CONSOLIDATE DISPUTE WITH PENDING CONTESTED MATTER REGARDING CLAIMS OF LOLONYON AKOUETE (CLAIM NO. 5.1) [ECF NO. 639] |

| | | | |
|---|---|---|---|
| | | | REQUESTING CONSOLIDATION OF THE EDWARDS CLAIM OBJECTION WITH THE AKOUETE CLAIM OBJECTIONS (THE "CONSOLIDATION REQUEST") FOR HEARING ON MAY 5, 2025 AT 9:30 A.M. IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH THE OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE RESCHEDULED HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN MAY 2, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. ANY OBJECTIONS TO THE CONSOLIDATION REQUEST SHALL BE FILED NO LATER THAN MAY 2, 2025 AT 4:30 P.M. See Order for Full Text. (slh, usbc) (Entered: 04/22/2025) |
| 04/22/2025 | | | Hybrid Hearing Scheduled for 5/5/2025 at 09:30 AM at Worcester Courtroom 3 – CJP. Objections due by 5/2/2025 at 04:30 PM on 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (slh, usbc) (Entered: 04/22/2025) |
| 04/22/2025 | | 660 | Affidavit of Lolonyon Akouete *in Support of* Re: 658 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Request for Expedited Determination. (slh, usbc) (Entered: 04/22/2025) |
| 04/23/2025 | | 661 | Certificate of Service (Re: 639 Objection to Claim, 659 Order) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 04/23/2025) |
| 04/23/2025 | | 662 | Certificate of Service (Re: 659 Order) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 04/23/2025) |
| 04/24/2025 | | 663 | BNC Certificate of Mailing – PDF Document. (Re: 659 Order) Notice Date 04/24/2025. (Admin.) (Entered: 04/25/2025) |
| 04/25/2025 | | 664 | Emergency Motion filed by Creditor Lolonyon Akouete to Shorten Deadline for Trustee's Opposition [Re: 658 Motion for Summary Judgment] with Certificate of Service. (meh, Usbc) (Entered: 04/25/2025) |
| 04/25/2025 | | 665 | Objection *to Emergency Motion of Lolonyon Akouete to Shorten Trustee's Deadline to Oppose Summary Judgment* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 664 Motion filed by Creditor Lolonyon Akouete to Shorten Notice [Re: 658 Motion for Summary Judgment]. (Devine, Christine) (Entered: 04/25/2025) |
| 04/28/2025 | | 666 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 665 Objection *to Emergency Motion of Lolonyon Akouete to Shorten Trustee's Deadline to Oppose Summary Judgment* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 664 Motion filed by Creditor Lolonyon Akouete to Shorten Notice [Re: 658 Motion for Summary Judgment]. (slh, usbc) (Entered: 04/28/2025) |
| 04/28/2025 | | 667 | Order dated 4/28/2025 Re: 664 Emergency Motion filed by Creditor Lolonyon Akouete to Shorten Deadline for Trustee's Opposition Re: 658 Motion for Summary Judgment. THE REQUEST FOR EXPEDITED DETERMINATION OF CREDITOR LOLONYON AKOUETES MOTION FOR SUMMARY JUDGMENT [ECF NO. 658] (THE |

| | | | |
|---|---|---|---|
| | | | AKOUETE SUMMARY JUDGMENT MOTION) AND THE SEPARATE EMERGENCY MOTION TO SHORTEN DEADLINE FOR TRUSTEES OPPOSITION TO CREDITORS MOTION FOR SUMMARY JUDGMENT [ECF NO. 644] ARE DENIED. See Order for Full Text. (slh, usbc) (Entered: 04/28/2025) |
| 04/29/2025 | | 668 | Motion filed by Creditor Lolonyon Akouete For Expedited Determination that Action Against California State Controller's Office Is Not A Violation of Automatic Stay with certificate of service. (ab) (Entered: 04/29/2025) |
| 04/30/2025 | | 669 | Order dated 4/30/2025 Re: 668 Motion filed by Creditor Lolonyon Akouete For Expedited Determination that Action Against California State Controller's Office Is Not A Violation of Automatic Stay. DENIED. IT APPEARS THAT MR. AKOUETE SEEKS TO ASSERT CLAIMS THAT COULD ONLY BELONG TO THE ESTATE AND BE ASSERTED BY THE TRUSTEE ON BEHALF OF THE ESTATE. MR. AKOUETE HAS NO AUTHORITY TO ASSERT SUCH CLAIMS, AND ANY ATTEMPT TO DO SO WOULD APPEAR TO BE AN ATTEMPT TO EXERCISE CONTROL OVER PROPERTY OF THE ESTATE IN VIOLATION OF SECTION 362(a). (slh, usbc) (Entered: 04/30/2025) |
| 04/30/2025 | | 670 | BNC Certificate of Mailing – PDF Document. (Re: 667 Order on Motion For Summary Judgment) Notice Date 04/30/2025. (Admin.) (Entered: 05/01/2025) |
| 05/01/2025 | | 671 | Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing) with certificate of service. (slh, usbc) (Entered: 05/01/2025) |
| 05/01/2025 | | 672 | Hybrid Hearing Scheduled on 5/5/2025 Either by Zoom or In Person at 10:00 AM at Worcester Courtroom 3 – CJP Re: 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). Objections may be raised at the hearing. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 05/01/2025) |
| 05/02/2025 | | 673 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (Attachments: # 1 Exhibits) (ab) (Entered: 05/02/2025) |
| 05/02/2025 | | 674 | Amended Notice *"Time Change Only"* Re: 672 Hybrid Hearing Scheduled on 5/5/2025 Either by Zoom or In Person at 9:30 AM at Worcester Courtroom 3 – CJP Re: 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). Objections may be raised at the hearing. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 05/02/2025) |
| 05/02/2025 | | 675 | Certificate of Service of Notice of Hearing Re: 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). (slh, usbc) (Entered: 05/02/2025) |

| 05/02/2025 | | 676 | BNC Certificate of Mailing – PDF Document. (Re: 669 Order on Generic Motion) Notice Date 05/02/2025. (Admin.) (Entered: 05/03/2025) |
|---|---|---|---|
| 05/02/2025 | | 678 | Amended Motion Objecting *to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate* filed by Creditor Denise Edwards Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 05/05/2025) |
| 05/02/2025 | | 679 | Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim with certificate of service. (ab) (Entered: 05/05/2025) |
| 05/02/2025 | | 680 | Renewed Motion filed by Creditor Lolonyon Akouete and Request for Judicial Notice with certificate of service. (ab) (Entered: 05/05/2025) |
| 05/02/2025 | | 681 | Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities (Re: 649 Proceeding Memorandum and Order dated 4/16/2025 Re: 629 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena and Request for Expedited Determination) with certificate of service. (ab) (Entered: 05/05/2025) |
| 05/04/2025 | | 677 | BNC Certificate of Mailing – Hearing. (Re: 672 Hearing Scheduled) Notice Date 05/04/2025. (Admin.) (Entered: 05/05/2025) |
| 05/05/2025 | | | Hearings Held Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith and 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). (lb) (Entered: 05/06/2025) |
| 05/05/2025 | | 682 | Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions, with certificate of service. (ab) (Entered: 05/06/2025) |
| 05/06/2025 | | 683 | Proceeding Memorandum and Order Dated 5/05/2025 Re: 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS GRANTED IN PART AND THE CONTESTED MATTERS ARE CONSOLIDATED ON A LIMITED BASIS FOR THE PURPOSES OF CONSIDERING SUMMARY JUDGMENT ON THE ISSUE OF MANAGERIAL AUTHORITY. WHILE MS. EDWARDS FILED AN OPPOSITION, SHE FAILED TO APPEAR AT THE HEARING. AS STATED ON THE RECORD, HER OPPOSITION DID NOT INDICATE THAT SHE REQUIRED MORE TIME TO FILE A MOTION FOR SUMMARY JUDGMENT OR CONDUCT DISCOVERY INDEPENDENT OF MR. AKOUETE. ON OR BEFORE MAY 31, 2025, MS. EDWARDS AND THE TRUSTEE SHALL FILE ANY MOTION FOR SUMMARY |

| | | | |
|---|---|---|---|
| | | | JUDGMENT WITH RESPECT TO THE OBJECTION TO MS. EDWARDS'S CLAIM. ANY OBJECTION TO A SUMMARY JUDGMENT MOTION SHALL BE FILED ON OR BEFORE JUNE 20, 2025, AND ANY SUR–REPLY SHALL BE FILED ON OR BEFORE JULY 11, 2025. IF MS. EDWARDS BELIEVES SHE REQUIRES ADDITIONAL TIME TO FILE A MOTION FOR SUMMARY JUDGMENT OR ADDITIONAL DISCOVERY, SHE MAY FILE A MOTION TO EXTEND THE DEADLINES STATING THE REASONS FOR ANY REQUESTED EXTENSION. (ab) (Entered: 05/06/2025) |
| 05/06/2025 | | 684 | Proceeding Memorandum and Order dated 5/6/2025 Re: 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). FOR THE REASONS STATED ON THE RECORD, THE MOTION IS DENIED. (ab) (Entered: 05/06/2025) |
| 05/07/2025 | | 685 | Joint Motion filed by Interested Party Denise Edwards, Creditor Lolonyon Akouete for Extension of Time and Additional Discovery for Denise Edwards, And Opposition to Extension as to Lolonyon Akouete, with certificate of service. (ab) (Entered: 05/08/2025) |
| 05/08/2025 | | 686 | BNC Certificate of Mailing – PDF Document. (Re: 683 Order on Objection to Claim) Notice Date 05/08/2025. (Admin.) (Entered: 05/09/2025) |
| 05/08/2025 | | 687 | BNC Certificate of Mailing – PDF Document. (Re: 684 Order on Motion to Compel) Notice Date 05/08/2025. (Admin.) (Entered: 05/09/2025) |
| 05/08/2025 | | 688 | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (ab) (Entered: 05/09/2025) |
| 05/08/2025 | | 689 | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena with certificate of service. (ab) (Entered: 05/09/2025) |
| 05/08/2025 | | 711 | Response *And Notice of Concerns Regarding Joint Status Report* with certificate of service filed by Creditor Lolonyon Akouete (Re: 630 Status Report (Joint) filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough). (ab) (Entered: 05/16/2025) |
| 05/09/2025 | | 690 | Hybrid Hearing Scheduled on 6/3/2025 Either by Zoom or In Person at 01:30 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim. Objections due by 5/23/2025 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCIONS. (lb) (Entered: 05/09/2025) |
| 05/09/2025 | | 691 | Order dated 5/9/2025 Re: 680 Renewed Motion filed by Creditor Lolonyon Akouete and Request for Judicial Notice. THE RENEWED MOTION IS DENIED FOR THE REASONS STATED IN THE ORDER ENTERED ON APRIL 14, 2025 DENYING MR. AKOUETE'S PRIOR MOTION AND REQUEST FOR JUDICIAL NOTICE. SEE ORDER AT ECF NO. 643. IT IS NOT NECESSARY FOR THE COURT TO TAKE JUDICIAL NOTICE OF LAWS AND REGULATIONS, AND PUBLIC FILINGS SHOULD BE INTRODUCED INTO THE SUMMARY JUDGMENT RECORD THROUGH AN AFFIDAVIT PROVIDING FOUNDATION FOR THE DOCUMENT IF NOT CERTIFIED OR OTHERWISE SELF AUTHENTICATING OR THROUGH A |

| | | | |
|---|---|---|---|
| | | | STIPULATION WITH THE TRUSTEE. (ab) (Entered: 05/09/2025) |
| 05/09/2025 | | 692 | Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions. GRANTED IN PART AND DENIED IN PART. See Order for Full Text. (ab) (Entered: 05/09/2025) |
| 05/09/2025 | | 693 | Hybrid Discovery Conference Scheduled 5/22/2025 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 692 Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 05/09/2025) |
| 05/09/2025 | | 694 | Hybrid Hearing Scheduled on 5/22/2025 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 688 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. Objections due by 5/21/2025 at 04:30 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 05/09/2025) |
| 05/11/2025 | | 695 | BNC Certificate of Mailing – Hearing. (Re: 690 Hearing Scheduled) Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/11/2025 | | 696 | BNC Certificate of Mailing – Hearing. Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/11/2025 | | 697 | BNC Certificate of Mailing – Hearing. (Re: 694 Hearing Scheduled) Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/11/2025 | | 698 | BNC Certificate of Mailing – PDF Document. (Re: 691 Order on Generic Motion) Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/11/2025 | | 699 | BNC Certificate of Mailing – PDF Document. (Re: 692 Order on Motion to Withdraw Document) Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/12/2025 | | 700 | Order dated 5/12/2025 Re: 689 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. DENIED. See Order for Full Text. (ab) (Entered: 05/12/2025) |
| 05/12/2025 | | 701 | Order dated 5/12/2025 Re: 685 Joint Motion filed by Interested Party Denise Edwards, Creditor Lolonyon Akouete for Extension of Time and Additional Discovery for Denise Edwards, And Opposition to Extension as to Lolonyon Akouete. GRANTED IN PART. See Order for Full Text. (ab) Additional attachment(s) added on 5/12/2025 (ab). (Entered: 05/12/2025) |
| 05/12/2025 | | 702 | Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds. (Attachments: # 1 Certificate of Service # 2 Exhibits) (ab) (Entered: 05/13/2025) |

| | | | |
|---|---|---|---|
| 05/14/2025 | | 703 | Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel (Re: 589 Order dated 3/19/2025 Re: 586 Emergency Motion filed by Creditor Lolonyon Akouete For Alternative Service of Subpoenas By First–Class Mail And Request For Expedited Determination) with certificate of service. (Attachments: # 1 Exhibits) (ab) (Entered: 05/14/2025) |
| 05/14/2025 | | 704 | BNC Certificate of Mailing – PDF Document. (Re: 700 Order on Motion to Compel) Notice Date 05/14/2025. (Admin.) (Entered: 05/15/2025) |
| 05/15/2025 | | 705 | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena, with certificate of service. (Attachments: # 1 Exhibits) (ab) (Entered: 05/15/2025) |
| 05/15/2025 | | 706 | Certificate of Service (Re: 700 Order dated 5/12/2025 Re: 689 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/15/2025) |
| 05/16/2025 | | 707 | Certificate of Service of Notice of Hearing (Re: 692 Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions. (ab) (Entered: 05/16/2025) |
| 05/16/2025 | | 708 | Certificate of Service of Notice of Hearing (Re: 688 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/16/2025) |
| 05/16/2025 | | 709 | Certificate of Service of Notice of Hearing (Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/16/2025) |
| 05/16/2025 | | 710 | Order dated 5/16/2025 Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds.  ON OR BEFORE MAY 23, 2025, THE MOVANT, LOLONYON AKOUETE, SHALL FILE AS SUPPLEMENTS TO THE "MOTION FOR APPROVAL OF DISTRIBUTION OF PERSONAL" FUNDS [ECF NO. 702] (THE "MOTION"): (1) EVIDENCE THAT DENISE EDWARDS ADVANCED THE AMOUNTS IDENTIFIED IN THE MOTION, (2) A STATEMENT OF ASSENT OR OF NO OBJECTION TO THE MOTION OF MS. EDWARDS, AND (3) A CERTIFICATE OF SERVICE REFLECTING THAT THE MOTION WAS SERVED ON MS. EDWARDS. (slh, usbc) (Entered: 05/16/2025) |
| 05/17/2025 | | 713 | Amended Motion Objecting to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate filed by Interested Party Denise Edwards Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith, 678 Amended Motion Objecting *to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate* filed by Creditor Denise Edwards. (meh, Usbc) (Entered: 05/19/2025) |

| 05/17/2025 | | 716 | Correspondence Filed by Interested Party Denise Edwards. (meh, Usbc) (Entered: 05/21/2025) |
|---|---|---|---|
| 05/18/2025 | | 712 | BNC Certificate of Mailing – PDF Document. (Re: 710 Order on Motion for Interim/Supplemental Distribution) Notice Date 05/18/2025. (Admin.) (Entered: 05/19/2025) |
| 05/19/2025 | | 714 | Supplement *To Motion for Approval of Distribution of Personal Funds* with certificate of service (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/19/2025) |
| 05/20/2025 | | 715 | Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 688 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena] And Request for Judicial Notice of Prejudice, Discriminatory Conduct, and Procedural Obstruction, with certificate of service. (ab) (Entered: 05/20/2025) |
| 05/21/2025 | | 717 | Order dated 5/21/2025 Re: 715 Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 688 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena] And Request for Judicial Notice of Prejudice, Discriminatory Conduct, and Procedural Obstruction. GRANTED IN PART AND DENIED IN PART. THE REQUEST TO WITHDRAW ECF NO. 688 IS GRANTED AND THE HEARING ON ECF NO. 688 SCHEDULED FOR MAY 22, 2025 IS CANCELED. ANY OTHER REQUESTED RELIEF IS DENIED. THE MOVANT REQUESTS THAT THIS COURT TAKE JUDICIAL NOTICE OF NON–ADJUDICATIVE FACTS NOT OF THE TYPE CONTEMPLATED BY FED. R. EVID. 201(b). THE FACTS ALLEGED WOULD CLEARLY NOT BE UNDISPUTED AND DO NOT SUPPORT THE CONCLUSION THAT THERE HAS BEEN A "PATTERN OF DISCRIMINATORY CONDUCT, PROCEDURAL OBSTRUCTION, AND COLLUSIVE EFFORTS BY REGAL, THE TRUSTEE, THE TOWN OF WESTBOROUGH, AND THE CALIFORNIA STATE CONTROLLER," AND THE COURT HAS NOT OBSERVED ANY SUCH CONDUCT IN COURT PROCEEDINGS. FURTHER, THE REQUEST APPEARS TO RELATE TO FUTURE UNSPECIFIED "DISCOVERY AND EVIDENTIARY DISPUTES" THAT ARE NOT BEFORE THE COURT. (ab) (Entered: 05/21/2025) |
| 05/21/2025 | | 718 | Supplement *To Motion For Privilege Log* with certificate of service (Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance and Request for Reconsideration of Subpoena Restrictions) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/22/2025) |
| 05/22/2025 | | 719 | Order dated 5/22/2025 Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds. ANY OBJECTIONS TO THE MOTION FOR APPROVAL OF DISTRIBUTION OF PERSONAL FUNDS [ECF NO. 702], AS SUPPLEMENTED BY ECF NO. 714 (TOGETHER, THE "MOTION"), SHALL BE FILED NO LATER THAN MAY 30, 2025 AT 4:30 P.M. THE COURT SHALL ENTER A FURTHER ORDER AFTER EXPIRATION OF THE OBJECTION DEADLINE. THE DEBTOR SHALL SERVE NOTICE OF THE OBJECTION DEADLINE ON ALL PARTIES IN INTEREST BY EMAIL OR, IF NO EMAIL OPTION IS AVAILABLE, FIRST–CLASS MAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH SERVICE HAS BEEN PROVIDED. (ab) (Entered: 05/22/2025) |

| | | | |
|---|---|---|---|
| 05/22/2025 | | 720 | Order Dated 5/22/2025 Re: 713 Amended Motion Objecting to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate filed by Interested Party Denise Edwards Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith, 678 Amended Motion Objecting to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate filed by Creditor Denise Edwards. STRICKEN AS A DUPLICATE OF MS. EDWARDSS FILING DATED MAY 1, 2025 [ECF NO. 678]. (ab) (Entered: 05/22/2025) |
| 05/22/2025 | | | Discovery Conference Held Re: 692 Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance. (lb) (Entered: 05/22/2025) |
| 05/22/2025 | | 721 | Amended Order Dated 5/22/2025 (Re: 719 Order dated 5/22/2025 Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds). THE COURT HEREBY AMENDS THE ORDER ENTERED AT ECF NO. 719 TO CORRECT A TYPOGRAPHICAL ERROR REGARDING THE PARTY TO SERVE NOTICE OF THE OBJECTION DEADLINE. ANY OBJECTIONS TO THE MOTION FOR APPROVAL OF DISTRIBUTION OF PERSONAL FUNDS [ECF NO. 702], AS SUPPLEMENTED BY ECF NO. 714 (TOGETHER, THE "MOTION"), SHALL BE FILED NO LATER THAN MAY 30, 2025 AT 4:30 P.M. THE COURT SHALL ENTER A FURTHER ORDER AFTER EXPIRATION OF THE OBJECTION DEADLINE. THE MOVANT SHALL SERVE NOTICE OF THE OBJECTION DEADLINE ON ALL PARTIES IN INTEREST BY EMAIL OR, IF NO EMAIL OPTION IS AVAILABLE, FIRST–CLASS MAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH SERVICE HAS BEEN PROVIDED. (ab) (Entered: 05/23/2025) |
| 05/23/2025 | | 722 | Proceeding Memorandum and Order Dated 5/23/2025 Re: 692 Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions. DISCOVERY CONFERENCE HELD. MR. AKOUETE'S REQUEST FOR A PRIVILEGE LOG IS DENIED. THERE HAS BEEN NO CLAIM OF PRIVILEGE OR STATEMENT THAT ANY RESPONSIVE DOCUMENTS HAVE BEEN WITHHELD. (ab) (Entered: 05/23/2025) |
| 05/23/2025 | | 723 | Opposition *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 679 Motion filed by To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse with certificate of service. (Gordon, Stephen) (Entered: 05/23/2025) |
| 05/23/2025 | | 724 | Objection *to Motion of Lolonyon Akouete to Address Trustee's Conduct* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 679 Motion filed by To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse with certificate of service. (Savoia, Angelina) (Entered: 05/23/2025) |
| 05/23/2025 | | 725 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 723 Opposition *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 679 Motion filed by |

| | | | |
|---|---|---|---|
| | | | To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse with certificate of service. (slh, usbc) (Entered: 05/23/2025) |
| 05/23/2025 | | 726 | BNC Certificate of Mailing – PDF Document. (Re: 717 Order on Motion to Withdraw Document) Notice Date 05/23/2025. (Admin.) (Entered: 05/24/2025) |
| 05/23/2025 | | 733 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 724 Objection filed by Trustee Jonathan R. Goldsmith Re: 679 Motion filed by To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse. (ab) (Entered: 05/29/2025) |
| 05/24/2025 | | 727 | BNC Certificate of Mailing – PDF Document. (Re: 719 Order on Motion for Interim/Supplemental Distribution) Notice Date 05/24/2025. (Admin.) (Entered: 05/25/2025) |
| 05/24/2025 | | 728 | BNC Certificate of Mailing – PDF Document. (Re: 720 Order) Notice Date 05/24/2025. (Admin.) (Entered: 05/25/2025) |
| 05/25/2025 | | 729 | BNC Certificate of Mailing – PDF Document. (Re: 721 Amended Order) Notice Date 05/25/2025. (Admin.) (Entered: 05/26/2025) |
| 05/25/2025 | | 730 | BNC Certificate of Mailing – PDF Document. (Re: 722 Order) Notice Date 05/25/2025. (Admin.) (Entered: 05/26/2025) |
| 05/27/2025 | | 731 | Motion filed by Creditor Lolonyon Akouete to Compel Evaluation of Related Claims Concurrently with Resolution of Trustee's Objection to Claim No. 4 with certificate of service. (ab) (Entered: 05/27/2025) |
| 05/27/2025 | | 732 | Certificate of Service (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds, 714 Supplement To Motion for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/28/2025) |
| 05/30/2025 | | 734 | Objection with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 702 Motion filed by Creditor Lolonyon Akouete for Interim Distribution., 714 Supplement *To Motion for Approval of Distribution of Personal Funds* with certificate of service (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Gordon, Stephen) (Entered: 05/30/2025) |
| 05/30/2025 | | 735 | Limited Objection *Regarding Akouete Motion for Distribution of Funds* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 702 Motion filed by Creditor Lolonyon Akouete for Interim Distribution., 714 Supplement *To Motion for Approval of Distribution of Personal Funds* with certificate of service (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Savoia, Angelina) (Entered: 05/30/2025) |
| 05/30/2025 | | 736 | Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 737 | Brief/Memorandum *of Law* In Support of *Trustee's Motion for Summary Judgment* (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |

| | | | |
|---|---|---|---|
| 05/30/2025 | | 738 | Order Dated 5/30/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. THE COURT SCHEDULES THE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA [ECF NO. 705] (THE "MOTION") FILED BY LOLONYON AKOUETE FOR HEARING ON JUNE 10, 2025 AT 2:00 P.M. IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 10, 2025 AT 10:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. THE MOVING PARTY SHALL SERVE A COPY OF THIS ORDER ON DYANN BLAINE BY CERTIFIED MAIL, FIRST–CLASS MAIL, AND EMAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH NOTICE OF THE HEARING HAS BEEN PROVIDED. ANY OBJECTIONS TO THE MOTION MAY BE MADE AT THE HEARING. (ab) (Entered: 05/30/2025) |
| 05/30/2025 | | 739 | Statement *of Undisputed Material Facts in Support of Motion for Summary Judgment* (Re: 736 Motion for Summary Judgment, 737 Brief/Memorandum) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 740 | Affidavit of Jonathan R. Goldsmith, Chapter 7 Trustee (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Exhibit Exhibit D) (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 741 | Affidavit of Christine E. Devine (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Exhibit Exhibit D # 5 Exhibit Exhibit E # 6 Exhibit Exhibit F # 7 Exhibit Exhibit G # 8 Exhibit Exhibit H # 9 Exhibit Exhibit I # 10 Exhibit Exhibit J # 11 Exhibit Exhibit K) (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 742 | Affidavit of Walter A. Horst (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 743 | Affidavit of Walter A. Horst (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 744 | Affidavit of Peter L. Blaustein (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 745 | Order Dated 5/30/2025 Re: 703 Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel (Re: 589 Order dated 3/19/2025 Re: 586 Emergency Motion filed by Creditor Lolonyon Akouete For Alternative Service of Subpoenas By First–Class Mail And Request For Expedited Determination). THE COURT SCHEDULES THE MOTION REQUESTING CLARIFICATION REGARDING AUTHORIZATION OF ALTERNATIVE SERVICE ON LOCAL COUNSEL [ECF NO. 703] (THE "MOTION") FILED BY LOLONYON AKOUETE FOR |

| | | | |
|---|---|---|---|
| | | | HEARING ON JUNE 10, 2025 AT 2:00 P.M. IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 10, 2025 AT 10:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. THE MOVING PARTY (I) SHALL SERVE A COPY OF THIS ORDER ON: (1) EDWARD ENGLANDER BY CERTIFIED MAIL, FIRST–CLASS MAIL, AND EMAIL, (2) DAVID LOMBE IN HIS CAPACITY AS LIQUIDATOR OF BABCOCK & BROWN LIMITED (IN LIQUIDATION) AND JOSEPH SCARCELLA BY EMAIL, AND (3) ANY OTHER PARTY IN INTEREST BY EMAIL OR FIRST–CLASS MAIL, AND (II) SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH NOTICE OF THE HEARING HAS BEEN PROVIDED. ANY OBJECTIONS TO THE MOTION MAY BE MADE AT THE HEARING. (ab) (Entered: 05/30/2025) |
| 05/30/2025 | | 746 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 734 Objection filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 702 Motion filed by Creditor Lolonyon Akouete for Interim Distribution., 714 Supplement To Motion for Approval of Distribution of Personal Funds (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds)) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/30/2025) |
| 05/30/2025 | | 747 | Order Dated 5/30/2025 Re: 718 Supplement To Motion For Privilege Log (Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance and Request for Reconsideration of Subpoena Restrictions) filed by Creditor Lolonyon Akouete. TO THE EXTENT MR. AKOUETE REQUESTS ANY RELIEF PURSUANT TO THIS FILING REGARDING HIS PRIOR MOTION AT ECF NO. 682, SUCH RELIEF IS DENIED AS MOOT BECAUSE AN ORDER [ECF NO. 692] HAS PREVIOUSLY ENTERED ON THAT MOTION. THE COURT CONSIDERED THE FILING IN CONNECTION WITH THE DISCOVERY CONFERENCE HELD ON MAY 22, 2025. SEE ORDER ENTERED AT ECF NO. 722. (ab) (Entered: 05/30/2025) |
| 05/30/2025 | | 748 | Order dated 5/30/2025 Re: 731 Motion filed by Creditor Lolonyon Akouete to Compel Evaluation of Related Claims Concurrently with Resolution of Trustee's Objection to Claim No. 4 . DENIED. AFTER CONSIDERATION, THE COURT DOES NOT FIND THAT CONSOLIDATION IS NECESSARY OR WOULD SERVE JUDICIAL ECONOMY. (meh, Usbc) (Entered: 05/30/2025) |
| 05/30/2025 | | 749 | Certificate of Service (Re: 736 Motion for Summary Judgment, 737 Brief/Memorandum, 739 Statement, 740 Affidavit/Declaration, 741 Affidavit/Declaration, 742 Affidavit/Declaration, 743 Affidavit/Declaration, 744 Affidavit/Declaration) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 05/30/2025) |
| 05/30/2025 | | 750 | Order dated 5/30/2025 Re: (Re: 639 Objection to Claim 5 of Claimant Denise Edwards, and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith , 716 Correspondence filed by Interested Party Denise Edwards. THE COURT CONSTRUES THE EMAIL SENT BY DENISE EDWARDS [ECF NO. 716] TO PROSE_FILINGS@MAB.USCOURTS.GOV (THE "PROSE EMAIL |

| | | | |
|---|---|---|---|
| | | | ADDRESS") AS A REQUEST THAT HER "MOTION OBJECTING TO CONSOLIDATION OF CLAIMS AND REQUESTING RECOGNITION OF SETTLEMENT PROPOSAL AND CONTRIBUTIONS TO THE ESTATE" [ECF NO. 678] (THE "5/2/2025 FILING") . . . BE DEEMED AS HER RESPONSE TO THE EDWARDS CLAIM OBJECTION AS WELL. THE COURT GRANTS THE REQUEST AND DEEMS THE 5/2/2025 FILING AS MS. EDWARDS'S RESPONSE TO THE EDWARDS CLAIM OBJECTION. THE COURT SCHEDULES A RULE 16 CONFERENCE WITH RESPECT TO THE EDWARDS CLAIM OBJECTION ON JUNE 10, 2025 AT 2:00 P.M. IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. See Order for Full Text. (dr) (Entered: 05/30/2025) |
| 05/30/2025 | | 751 | Order dated 5/30/2025 Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim. GIVEN SEVERAL HEARINGS HAVE BEEN SCHEDULED FOR JUNE 10, 2025 IN THIS MATTER, FOR JUDICIAL ECONOMY, THE COURT RESCHEDULES THE JUNE 3, 2025 HEARING ON ECF NO. 679 TO JUNE 10, 2025 AT 2:00 P.M. (THE "CONTINUED HEARING"). THE CONTINUED HEARING WILL BE CONDUCTED IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONFERENCE, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 10, 2025 AT 10:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (dr) (Entered: 05/30/2025) |
| 05/30/2025 | | 758 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 735 Limited Objection filed by Trustee Jonathan R. Goldsmith Re: 702 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, 714 Supplement To Motion for Approval of Distribution of Personal Funds (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Entered: 06/02/2025) |
| 06/01/2025 | | 752 | BNC Certificate of Mailing – PDF Document. (Re: 738 Order To Set Hearing) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 753 | BNC Certificate of Mailing – PDF Document. (Re: 745 Order To Set Hearing) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 754 | BNC Certificate of Mailing – PDF Document. (Re: 747 Order) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 755 | BNC Certificate of Mailing – PDF Document. (Re: 748 Order on Motion to Compel) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 756 | BNC Certificate of Mailing – PDF Document. (Re: 750 Order) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 757 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 751 Order) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/02/2025 | | | Hybrid Hearing Continued to 06/10/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim. (lb) (Entered: 06/02/2025) |
| 06/02/2025 | | | Hybrid Rule 16 Conference Scheduled on 6/10/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete. (lb) (Entered: 06/02/2025) |
| 06/02/2025 | | 759 | Supplemental Certificate of Service (Re: 736 Motion for Summary Judgment, 737 Brief/Memorandum, 739 Statement, 740 Affidavit/Declaration, 741 Affidavit/Declaration, 742 Affidavit/Declaration) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 06/02/2025) |
| 06/02/2025 | | 760 | Supplemental Certificate of Service (Re: 743 Affidavit/Declaration, 744 Affidavit/Declaration) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 06/02/2025) |
| 06/03/2025 | | 761 | Order Dated 6/3/2025 Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds. Hearing Set for 6/10/2025 at 02:00 PM at Worcester Courtroom 3 – CJP. THE COURT SCHEDULES THE MOTION FOR APPROVAL OF DISTRIBUTION OF PERSONAL FUNDS [ECF NO. 702] FOR HEARING ON JUNE 10, 2025 AT 2:00 P.M. (THE "HEARING"). THE HEARING WILL BE CONDUCTED IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE HEARING, TO THE EXTENT PARTIES IN INTEREST HAVE NOT ALREADY OBTAINED ACCESS INFORMATION FOR OTHER MATTERS ALSO SCHEDULED FOR HEARING IN THIS CASE ON JUNE 10, 2025, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 10, 2025 AT 10:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. GIVEN THE SMALL AMOUNT AT ISSUE, AND TO SEEK TO AVOID ANY REQUEST TO EXAMINE MS. EDWARDS REGARDING THE IRS PAYMENT MADE, MR. AKOUETE OR MS. EDWARDS SHALL FILE ANY DOCUMENTARY EVIDENCE (SUCH AS CANCELED CHECKS) SHOWING PAYMENT OF THE IRS FILING FEES THAT HAVE NOW BEEN REFUNDED. MR. AKOUETE SHALL SERVE NOTICE OF THE HEARING ON MS. EDWARDS AND ALL OTHER PARTIES IN INTEREST AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH NOTICE HAS BEEN PROVIDED. (slh, usbc) (Entered: 06/03/2025) |
| 06/05/2025 | | 762 | BNC Certificate of Mailing – PDF Document. (Re: 761 Order To Set Hearing) Notice Date 06/05/2025. (Admin.) (Entered: 06/06/2025) |
| 06/06/2025 | | 763 | Motion filed by Creditor Lolonyon Akouete to Schedule Status Hearing to Clarify Scope and Objectives of Summary Judgment Phase (Re: 646 |

| | | | |
|---|---|---|---|
| | | | Proceeding Memorandum and Order dated 4/16/2025) And Request for Expedited Determination with certificate of service. (ab) (Entered: 06/06/2025) |
| 06/06/2025 | | 764 | Motion filed by Creditor Lolonyon Akouete To Reopen Discovery For Limited Purpose of Obtaining Newly Identified Documents with certificate of service. (ab) (Entered: 06/06/2025) |
| 06/06/2025 | | 765 | Order dated 6/6/2025 Re: 763 Motion filed by Creditor Lolonyon Akouete to Schedule Status Hearing to Clarify Scope and Objectives of Summary Judgment Phase (Re: 646 Proceeding Memorandum and Order dated 4/16/2025) And Request for Expedited Determination. DENIED EXCEPT FOR THE FOLLOWING CLARIFICATION. See Order for Full Text. (ab) (Entered: 06/06/2025) |
| 06/06/2025 | | 766 | Order dated 6/6/2025 Re: 764 Motion filed by Creditor Lolonyon Akouete To Reopen Discovery For Limited Purpose of Obtaining Newly Identified Documents. GRANTED IN PART. See Order for Full Text. (ab) (Entered: 06/06/2025) |
| 06/08/2025 | | 767 | BNC Certificate of Mailing – PDF Document. (Re: 765 Order on Motion to Clarify) Notice Date 06/08/2025. (Admin.) (Entered: 06/09/2025) |
| 06/08/2025 | | 768 | BNC Certificate of Mailing – PDF Document. (Re: 766 Order on Generic Motion) Notice Date 06/08/2025. (Admin.) (Entered: 06/09/2025) |
| 06/08/2025 | | 769 | Motion filed by Creditor Lolonyon Akouete To Add to June 10, 2025 Docket and For Request for Prompt Ruling Or Evidentiary Hearing on Threshold Issues Relating to Summary Judgment. (Attachments: # 1 Exhibits # 2 Exhibit 11 # 3 Exhibit 12 # 4 Exhibit 13) (ab) (Entered: 06/09/2025) |
| 06/09/2025 | | 770 | Order dated 6/9/2025 Re: 769 Motion filed by Creditor Lolonyon Akouete To Add to June 10, 2025 Docket and For Request for Prompt Ruling Or Evidentiary Hearing on Threshold Issues Relating to Summary Judgment. DENIED. MR. AKOUETE MAY MAKE LEGAL ARGUMENT AND SET OUT GENUINE DISPUTES OF MATERIAL FACT WITH SPECIFIC REFERENCE TO THE SUMMARY JUDGMENT RECORD IN AN OPPOSITION TO ENTRY OF SUMMARY JUDGMENT TO BE FILED ON OR BEFORE JUNE 20, 2025. (ab) (Entered: 06/09/2025) |
| 06/10/2025 | | 771 | Motion filed by Creditor Lolonyon Akouete for Reconsideration of 692 Order on Motion to Withdraw Document, Order on Motion To Reconsider, 722 Order, 747 Order). with c/s (dc) (Entered: 06/10/2025) |
| 06/10/2025 | | 772 | Supplemental Document: (Re: 703 Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel filed by Creditor Lolonyon Akouete. (dc) (Entered: 06/10/2025) |
| 06/10/2025 | | | Rule 16 Conference Held Re: 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete. (ab) (Entered: 06/10/2025) |
| 06/10/2025 | | | Hearing Held Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim, 702 Motion |

| | | | |
|---|---|---|---|
| | | | filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds., 703 Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel, 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (ab) (Entered: 06/10/2025) |
| 06/10/2025 | | | Hybrid Hearing Continued to 06/24/2025 at 02:00 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (lb) (Entered: 06/13/2025) |
| 06/11/2025 | | 773 | Proceeding Memorandum and Order Dated 6/11/2025 Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. RULE 16 CONFERENCE HELD. CASE MANAGEMENT ORDER TO ENTER INCORPORATING DATES ALREADY ESTABLISHED AND SETTING FURTHER DEADLINES FOR THIS CONTESTED MATTER. (ab) (Entered: 06/11/2025) |
| 06/11/2025 | | 774 | Proceeding Memorandum and Order dated 6/11/2025 Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS GRANTED IN PART AS FOLLOWS. THE TRUSTEE IS AUTHORIZED TO DISBURSE $430.00 TO MS. EDWARDS ON ACCOUNT OF THE IRS FILING FEE REFUNDS ADVANCED BY HER PERSONALLY. (ab) (Entered: 06/11/2025) |
| 06/11/2025 | | 775 | Proceeding Memorandum and Order dated 6/11/2025 Re: 703 Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS DENIED. (ab) (Entered: 06/11/2025) |
| 06/11/2025 | | 776 | BNC Certificate of Mailing – PDF Document. (Re: 770 Order on Generic Motion) Notice Date 06/11/2025. (Admin.) (Entered: 06/12/2025) |
| 06/12/2025 | | 777 | Expedited Motion filed by Creditor Lolonyon Akouete Determination that Action Against Equity Holder Does Not Violate Automatic Stay with certificate of service. (slh, usbc) (Entered: 06/12/2025) |
| 06/12/2025 | | 778 | Proceeding Memorandum and Order dated 6/12/2025 Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim. DENIED FOR THE REASONS STATED ON THE RECORD. See Order for Full Text. (slh, usbc) (Entered: 06/12/2025) |
| 06/12/2025 | | 779 | Proceeding Memorandum and Order dated 6/12/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. HEARING HELD ON JUNE 10, 2025. MS. BLAINE FAILED TO APPEAR OR FILE AN OPPOSITION TO THE MOTION TO COMPEL COMPLIANCE WITH THE SUBPOENA. A FURTHER HYBRID HEARING IS SCHEDULED FOR JUNE 24, 2025 AT 2:00 P.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTIES IN |

| | | | |
|---|---|---|---|
| | | | INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 23, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. MS. BLAINE SHALL APPEAR AT THAT HEARING, WITHOUT WAIVING ANY OBJECTIONS TO PERSONAL JURISDICTION OR SERVICE OF PROCESS. MR. AKOUETE SHALL SERVE A COPY OF THIS ORDER BY CERTIFIED MAIL (RETURN RECEIPT REQUESTED), FIRST CLASS MAIL, AND BY EMAIL AND SHALL FILE A CERTIFICATE OF SERVICE BY JUNE 16, 2025, EVIDENCING SUCH SERVICE HAS BEEN MADE. (slh, usbc) (Entered: 06/12/2025) |
| 06/12/2025 | | 780 | Order dated 6/12/2025 Re: 771 Motion filed by Creditor Lolonyon Akouete for Reconsideration of 692 Order on Motion to Withdraw Document, Order on Motion To Reconsider, 722 Order, 774 Order. DENIED. WHILE THE MOVANT ASSERTS THAT A RESPONSE TO HIS PUBLIC RECORDS ACT REQUEST THAT INDICATES THAT INFORMATION HAS BEEN REDACTED OR WITHHELD IN RESPONSE TO THAT REQUEST CONSTITUTES "NEWLY DISCOVERED EVIDENCE," HE FAILED TO INCLUDE A COPY OF THAT PUBLIC DOCUMENT REQUEST. THE COURT COULD NOT DETERMINE THE SCOPE OF THAT REQUEST, WHICH LIKELY SIGNIFICANTLY EXCEEDED THE LIMITED SCOPE OF PRODUCTION ORDERED BY THIS COURT [SEE, E.G., ECF NO. 649] THAT WAS DIRECTED TO THIRD PARTY COMMUNICATIONS AND SUBMISSIONS THAT WOULD NOT LIKELY BE SUBJECT TO A CLAIM OF PRIVILEGE. AS STATED IN PRIOR ORDERS AND IN OPEN COURT ON THIS SAME SUBJECT [SEE ECF NO. 722], "THERE HAS BEEN NO CLAIM OF PRIVILEGE OR STATEMENT THAT ANY RESPONSIVE DOCUMENTS HAVE BEEN WITHHELD" BY THE STATE OF CALIFORNIA IN RESPONSE TO THE PRODUCTION ORDERED BY THIS COURT. (slh, usbc) (Entered: 06/12/2025) |
| 06/12/2025 | | 781 | Order dated 6/12/2025 Re: 777 Expedited Motion filed by Creditor Lolonyon Akouete Determination that Action Against Equity Holder Does Not Violate Automatic Stay.  THE MOVANT, LOLONYON AKOUETE, HAVING FAILED TO STATE SUFFICIENT CAUSE FOR EXPEDITED DETERMINATION, EXPEDITED DETERMINATION OF THE MOTION FOR DETERMINATION THAT ACTION AGAINST EQUITY HOLDER DOES NOT VIOLATE AUTOMATIC STAY [ECF NO. 777] (THE "MOTION") IS DENIED. IN ADDITION, BECAUSE IT IS UNCLEAR WHAT CLAIMS COULD PURPORTEDLY BE BROUGHT THAT WOULD NOT BE CLAIMS OF THE DEBTOR'S BANKRUPTCY ESTATE, WITHIN SEVEN (7) DAYS OF THE DATE OF THIS ORDER, THE MOVANT SHOULD EITHER PROVIDE FURTHER DETAIL REGARDING THE CAUSES OF ACTION HE IS SEEKING CONFIRMATION HE HAS THE AUTHORITY TO PURSUE OR A COPY OF THE PROPOSED COMPLAINT HE IS SEEKING TO FILE WITH THE STATE COURT AS A SUPPLEMENT TO THIS MOTION. UPON CONSIDERATION OF THE SUPPLEMENT, THE COURT WILL ENTER FURTHER ORDER(S) WITH RESPECT TO THE MOTION. (slh, usbc) (Entered: 06/12/2025) |
| 06/13/2025 | | 782 | BNC Certificate of Mailing – PDF Document. (Re: 773 Order) Notice Date 06/13/2025. (Admin.) (Entered: 06/14/2025) |
| 06/13/2025 | | 783 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 774 Order on Motion for Interim/Supplemental Distribution) Notice Date 06/13/2025. (Admin.) (Entered: 06/14/2025) |
| 06/13/2025 | | 784 | BNC Certificate of Mailing – PDF Document. (Re: 775 Order on Motion to Clarify) Notice Date 06/13/2025. (Admin.) (Entered: 06/14/2025) |
| 06/14/2025 | | 785 | BNC Certificate of Mailing – PDF Document. (Re: 778 Order on Generic Motion) Notice Date 06/14/2025. (Admin.) (Entered: 06/15/2025) |
| 06/14/2025 | | 786 | BNC Certificate of Mailing – PDF Document. (Re: 779 Order on Motion to Compel) Notice Date 06/14/2025. (Admin.) (Entered: 06/15/2025) |
| 06/14/2025 | | 787 | BNC Certificate of Mailing – PDF Document. (Re: 780 Order on Motion To Reconsider) Notice Date 06/14/2025. (Admin.) (Entered: 06/15/2025) |
| 06/14/2025 | | 788 | BNC Certificate of Mailing – PDF Document. (Re: 781 Order on Motion Determine) Notice Date 06/14/2025. (Admin.) (Entered: 06/15/2025) |
| 06/16/2025 | | 789 | Certificate of Service Re: 779 Proceeding Memorandum and Order dated 6/12/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (slh, usbc) (Entered: 06/16/2025) |
| 06/20/2025 | | 790 | Response *to Motion for Determination that Acton Against Equity Holder Does not Violate Automatic Stay* with certificate of service filed by Interested Party Walter A. Horst Re: 777 Expedited Motion filed by Creditor Lolonyon Akouete to Determine for Determination that Action Against Equity Holder Does Not Violate Automatic Stay with certificate of service. (Miller, Samual) (Entered: 06/20/2025) |
| 06/20/2025 | | 791 | Opposition *to Akouete's Motion for Summary Judgment and (ii) Response to Akouete's Statement of Undisputed Facts.* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 658 Motion filed by Creditor Lolonyon Akouete For Summary Judgment. (Devine, Christine) (Entered: 06/20/2025) |
| 06/20/2025 | | 792 | Supplemental Certificate of Service (Re: 791 Opposition) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 06/20/2025) |
| 06/20/2025 | | 793 | Correspondence Filed by Interested Party Dyann Blaine. (Attachments: # 1 Dyann Blaine Form 2570 Subpoena To Produce # 2 Email # 3 Order) (meh, Usbc) (Entered: 06/20/2025) |
| 06/20/2025 | | 794 | Motion filed by Samual A. Miller on behalf of Luis R. Casas Meyer to Appear pro hac vice for Interested Party Walter A. Horst with certificate of service. (Miller, Samual) (Entered: 06/20/2025) |
| 06/20/2025 | | 795 | Declaration Re: Electronic Filing *of Luis R. Casas Meyer* (Re: 794 Motion to Appear pro hac vice) filed by Interested Party Walter A. Horst (Miller, Samual) (Entered: 06/20/2025) |
| 06/20/2025 | | 796 | Notice of Fee Due (Pro Hac Vice) issued to Luis R. Casas Meyer representing Walter A. Horst. PHV Fee Due 6/30/2025. (Re: 794 Motion to Appear pro hac vice filed by Interested Party Walter A. Horst). (ab) (Entered: 06/20/2025) |
| 06/20/2025 | | 797 | |

| | | | |
|---|---|---|---|
| | | | Motion filed by Creditor Lolonyon Akouete For Leave to File Late Response to Trustee's Motion for Summary Judgment [Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment] with certificate of service. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | | Receipt Number phv–12659–1750449588, Fee Amount $100.00 Re: 796 Notice of Fee Due (Pro Hac Vice). (sl) (Entered: 06/23/2025) |
| 06/23/2025 | | 798 | Consolidated Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 799 | Affidavit of Lolonyon Akouete *In Support of Response to Trustee's Motion for Summary Judgment*, For Purposes of Document Authentication Pursuant to Fed.R. Evid. 901 and 902 (Re: 798 Consolidated Opposition filed by Creditor Lolonyon Akouete Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) filed by Creditor Lolonyon Akouete. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 800 | Endorsed Order dated 6/23/2025 Re: 794 Motion filed by Samual A. Miller on behalf of Luis R. Casas Meyer to Appear pro hac vice for Interested Party Walter A. Horst. GRANTED. ATTORNEY LUIS R. CASAS MEYER IS HEREBY AUTHORIZED TO APPEAR PRO HAC VICE ON BEHALF OF WALTER A. HORST, IN HIS INDIVIDUAL CAPACITY AND ON BEHALF OF BABCOCK & BROWN HOLDINGS, INC. AND BABCOCK & BROWN INTERNATIONAL PTY. LTD., AND THEIR CURRENT AND FORMER SUBSIDIARIES IN THIS MATTER. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 801 | Order dated 6/23/2025 Re: 797 Motion filed by Creditor Lolonyon Akouete For Leave to File Late Response to Trustee's Motion for Summary Judgment [Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment]. THE MOTION FOR LEAVE TO FILE LATE RESPONSE TO TRUSTEES MOTION FOR SUMMARY JUDGMENT IS GRANTED. THE DEADLINE FOR MR. AKOUETE TO OPPOSE THE TRUSTEE'S SUMMARY JUDGMENT MOTION IS EXTENDED TO JUNE 23, 2025. THE COURT ALSO EXTENDS THE JULY 11, 2025 DEADLINE TO FILE ANY RESPONSES TO THE OPPOSITIONS AT ECF NOS. 791 AND 798 TO JULY 14, 2025. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 802 | Order Dated 6/23/2025 Re: 777 Expedited Motion filed by Creditor Lolonyon Akouete Determination that Action Against Equity Holder Does Not Violate Automatic Stay. O SUPPLEMENT HAVING BEEN FILED PURSUANT TO THE ORDER ENTERED AT ECF NO. 781, AND UPON CONSIDERATION OF THE MOTION FOR DETERMINATION THAT ACTION AGAINST EQUITY HOLDER DOES NOT VIOLATE AUTOMATIC STAY [ECF NO. 777] (THE "MOTION") AND THE RECORD OF THIS CASE, THE MOTION IS DENIED. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 803 | Order dated 6/23/2025 Re: 793 Correspondence filed by Interested Party Dyann Blaine. UPON CONSIDERATION OF THE CORRESPONDENCE TRANSMITTED BY DYANN BLAINE TO THE PRO SE EMAIL ADDRESS [ECF NO. 793], THE COURT CONSTRUES THE TRANSMISSION AS A MOTION TO RESCHEDULE THE JUNE 24, 2025 HEARING SCHEDULED PER THE ORDER AT ECF NO. 779 AND GRANTS THE MOTION AS FOLLOWS. THE HEARING ON THE MOTION TO COMPEL COMPLIANCE [ECF NO. 705] IS CONTINUED TO JULY 1, 2025 AT |

| | | | |
|---|---|---|---|
| | | | 2:00 P.M. (THE "CONTINUED HEARING"). THE CONTINUED HEARING WILL BE CONDUCTED IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH THE OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. See Order for Full Text. (dr) (Entered: 06/23/2025) |
| 06/24/2025 | | | Hybrid Hearing Continued to 07/01/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (lb) (Entered: 06/24/2025) |
| 06/24/2025 | | 804 | Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay with certificate of service. (Attachments: # 1 Exhibit) (ab) (Entered: 06/24/2025) |
| 06/25/2025 | | 805 | BNC Certificate of Mailing – PDF Document. (Re: 800 Order on Motion to Appear pro hac vice) Notice Date 06/25/2025. (Admin.) (Entered: 06/26/2025) |
| 06/25/2025 | | 806 | BNC Certificate of Mailing – PDF Document. (Re: 801 Order on Motion for Leave to File) Notice Date 06/25/2025. (Admin.) (Entered: 06/26/2025) |
| 06/25/2025 | | 807 | BNC Certificate of Mailing – PDF Document. (Re: 802 Order) Notice Date 06/25/2025. (Admin.) (Entered: 06/26/2025) |
| 06/25/2025 | | 808 | BNC Certificate of Mailing – PDF Document. (Re: 803 Order) Notice Date 06/25/2025. (Admin.) (Entered: 06/26/2025) |
| 06/26/2025 | | 809 | Telephonic Hearing Scheduled on 7/17/2025 at 10:00 AM Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. Objections due by 7/11/2025 at 4:30 PM. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 161 573 2424 AND PASSCODE 041 630 WHEN PROMPTED. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (ab) (Entered: 06/26/2025) |
| 06/27/2025 | | 810 | Certificate of Service of Notice of Hearing (Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay) filed by Creditor Lolonyon Akouete. (ab) (Entered: 06/27/2025) |
| 06/28/2025 | | 811 | BNC Certificate of Mailing – Hearing. (Re: 809 Hearing Scheduled) Notice Date 06/28/2025. (Admin.) (Entered: 06/29/2025) |
| 06/30/2025 | | 812 | Reply filed by Creditor Lolonyon Akouete to Trustee's 791 Opposition *to Akouete's 658 Motion for Summary Judgment and (ii) Response to Akouete's Statement of Undisputed Facts and Renewed Request for Expedited Determination with Certificate of Service. (slh, usbc) (Entered: 06/30/2025)* |

| 06/30/2025 | | 813 | Affidavit of Lolonyon Akouete Re: 812 Reply filed by Creditor Lolonyon Akouete to Trustee's 791 Opposition to Akouete's 658 Motion for Summary Judgment and (ii) Response to Akouete's Statement of Undisputed Facts and Renewed Request for Expedited Determination. (slh, usbc) (Entered: 06/30/2025) |
| --- | --- | --- | --- |
| 07/01/2025 | | | Hearing Held and Continued to 07/17/2025 at 10:00 AM at a Telephonic Hearing Re: 705 Motion to Compel Compliance with Subpoena Filed by Creditor Lolonyon Akouete. (ab) (Entered: 07/01/2025) |
| 07/01/2025 | | 814 | Motion filed by Creditor Lolonyon Akouete to Expedite Determination of Motion for Declaratory Relief or, in the Alternative, for Leave to Proceed in Superior Court or Commence Adversary Proceeding Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay with certificate of service. (slh, usbc) (Entered: 07/02/2025) |
| 07/02/2025 | | 815 | Order dated 7/2/2025 Re: 814 Motion filed by Creditor Lolonyon Akouete to Expedite Determination of Motion for Declaratory Relief or, in the Alternative, for Leave to Proceed in Superior Court or Commence Adversary Proceeding Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. DENIED. THE OBJECTION DEADLINE REGARDING THE MOTION [ECF NO. 804] OF MR. AKOUETE THAT IS SCHEDULED FOR HEARING ON JULY 17, 2025 AT 10:00 A.M. HAS BEEN ESTABLISHED AS JULY 11, 2025. SEE NOTICE OF HEARING AT ECF NO. 809. GIVEN THE HOLIDAY WEEK AND IN CONSIDERATION OF THE ESTABLISHED DEADLINE, THE COURT WILL NOT ACCELERATE THE OBJECTION DEADLINE. FURTHER, THE COURT'S SCHEDULE CAN NOT EASILY ACCOMMODATE AN EARLIER HEARING DATE AND THE COURT CAN NOT ANTICIPATE THE AVAILABILITY OF OTHER COUNSEL ON AN EARLIER DATE. IF THERE IS NO OPPOSITION FILED BY THE JULY 11, 2025 OBJECTION DEADLINE, THE COURT MAY ACT ON THE MOTION [ECF NO. 804] WITHOUT THE NEED FOR A HEARING. (slh, usbc) (Entered: 07/02/2025) |
| 07/02/2025 | | 816 | Order dated 7/2/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena.  IT APPEARING THAT MR. AKOUETE DID NOT SERVE NOTICE OF THE JULY 1, 2025 HEARING PURSUANT TO THE ORDER ENTERED AT ECF NO. 803, THE COURT HEREBY CONTINUES THE HEARING ON THE MOTION TO COMPEL COMPLIANCE [ECF NO. 705] TO JULY 17, 2025 AT 10:00 A.M. (THE "CONTINUED HEARING"). THE CONTINUED HEARING WILL BE CONDUCTED BY TELEPHONE. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. See Order for Full Text. (slh, usbc) (Entered: 07/02/2025) |
| 07/04/2025 | | 817 | BNC Certificate of Mailing – PDF Document. (Re: 815 Order on Motion for Emergency/Expedited Determination) Notice Date 07/04/2025. (Admin.) (Entered: 07/05/2025) |
| 07/04/2025 | | 818 | BNC Certificate of Mailing – PDF Document. (Re: 816 Order on Motion to Compel) Notice Date 07/04/2025. (Admin.) (Entered: 07/05/2025) |
| 07/07/2025 | | 819 | Certificate of Service of Notice of Hearing (Re: 705 Motion to Compel) filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 07/08/2025) |

| 07/10/2025 | | 820 | Motion filed by Creditor Lolonyon Akouete to Reopen Discovery for the Limited Purpose of Obtaining the Goulston & Storrs Retainer Agreement with certificate of service. (meh, Usbc) (Entered: 07/10/2025) |
| 07/11/2025 | | 821 | Limited Objection *and Reservation of Rights* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 804 Motion filed by Creditor Lolonyon Akouete to Determine That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay with certificate of service. (Savoia, Angelina) (Entered: 07/11/2025) |
| 07/14/2025 | | 822 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 821 Limited Objection and Reservation of Rights with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 804 Motion filed by Creditor Lolonyon Akouete to Determine That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. (slh, usbc) (Entered: 07/14/2025) |
| 07/14/2025 | | 823 | Reply *to Akouete's Opposition to Trustee's Motion for Summary Judgment* filed by Trustee Jonathan R. Goldsmith Re: 798 Consolidated Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (ab) (Devine, Christine) (Entered: 07/14/2025) |
| 07/14/2025 | | 824 | Supplemental Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 823 Reply *to Akouete's Opposition to Trustee's Motion for Summary Judgment* filed by Trustee Jonathan R. Goldsmith Re: 798 Consolidated Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (ab) (slh, usbc) (Entered: 07/15/2025) |
| 07/17/2025 | | 825 | Order dated 7/17/2025 Re: 820 Motion filed by Creditor Lolonyon Akouete to Reopen Discovery for the Limited Purpose of Obtaining the Goulston & Storrs Retainer Agreement. DENIED. THE MOVANT HAS NOT STATED SUFFICIENT CAUSE TO RE–OPEN DISCOVERY. FIRST, MOTIONS FOR SUMMARY JUDGMENT ON THE OBJECTION TO MR. AKOUETES CLAIM ARE FULLY BRIEFED AND PENDING. SECOND, THE MOTION DOES NOT ADDRESS IN ANY WAY HOW THE REQUESTED DISCOVERY RELATES TO THE PENDING CLAIM OBJECTION OR COULD JUSTIFY POTENTIALLY EXPANDING THE SUMMARY JUDGMENT RECORD WITH RESPECT TO THAT MATTER AT THIS JUNCTURE. (meh, Usbc) (Entered: 07/17/2025) |
| 07/17/2025 | | | Hearing Held Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena, and 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. (ab) (Entered: 07/17/2025) |
| 07/19/2025 | | 826 | BNC Certificate of Mailing – PDF Document. (Re: 825 Order on Generic Motion) Notice Date 07/19/2025. (Admin.) (Entered: 07/20/2025) |
| 07/21/2025 | | 827 | Renewed Motion filed by Creditor Lolonyon Akouete to Reopen Discovery for Limited Purposes to Obtain IRS and Retainer Documentation with certificate of service. (slh, usbc) (Entered: 07/21/2025) |
| 07/21/2025 | | 828 | Proceeding Memorandum and Order dated 7/21/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with |

|  |  |  |  |
|---|---|---|---|
|  |  |  | Subpoena. AS STATED ON THE RECORD AT THE JULY 17, 2025 HEARING, ON OR BEFORE AUGUST 18, 2025, MS. BLAINE SHALL PRODUCE ANY DOCUMENTS (AS DEFINED IN THE SUBPOENA OR ITS ATTACHMENTS) IN HER POSSESSION, CUSTODY, OR CONTROL RELATING TO COMMUNICATIONS FROM 2022 TO DATE ASSOCIATED WITH ANY ATTEMPT TO "MANAGE" THE DEBTOR OR ITS ASSETS, INCLUDING WITHOUT LIMITATION BY ATTEMPTING TO COLLECT OR ASSISTING OTHERS TO COLLECT CALIFORNIA UNCLAIMED FUNDS OF THE DEBTOR OR ANY OTHER ASSETS. ON OR BEFORE AUGUST 18, 2025, MS. BLAINE SHALL ALSO SERVE ON MR. AKOUETE AND THE TRUSTEE A "DILIGENT SEARCH" AFFIDAVIT DESCRIBING HER EFFORTS TO COMPLY WITH THE SUBPOENA, STATING THAT SHE HAS PRODUCED ALL RESPONSIVE NON–PRIVILEGED DOCUMENTS IN HER POSSESSION, CUSTODY, OR CONTROL AND IDENTIFYING ANY DOCUMENTS THAT HAVE BEEN WITHHELD AND THE REASON THEREFOR, AND STATING THAT THE DOCUMENTS PRODUCED ARE TRUE AND ACCURATE COPIES. MR. AKOUETE SHALL SERVE A COPY OF THIS ORDER ON MS. BLAINE BY EMAIL NO LATER THAN JULY 23, 2025 AND SHALL FILE A CERTIFICATE OF SERVICE WITH THE COURT. (slh, usbc) (Entered: 07/21/2025) |
| 07/22/2025 |  | 829 | Certificate of Service filed by Creditor Lolonyon Akouete Re: 828 Proceeding Memorandum and Order dated 7/21/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (slh, usbc) (Entered: 07/23/2025) |
| 07/23/2025 |  | 830 | BNC Certificate of Mailing – PDF Document. (Re: 828 Order on Motion to Compel) Notice Date 07/23/2025. (Admin.) (Entered: 07/24/2025) |
| 07/28/2025 |  | 831 | Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in STate Court Action does not Violate Automatic Stay with certificate of service. (slh, usbc) (Entered: 07/28/2025) |
| 07/28/2025 |  | 832 | Objection *Petitioning Creditors' Objection to Lolonyon Akouete Motion for "Comfort Order"* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in STate Court Action does not Violate Automatic Stay with certificate of service. (Gordon, Stephen) (Entered: 07/28/2025) |
| 07/28/2025 |  | 833 | Reply filed by Creditor Lolonyon Akouete Re: 832 Petitioning Creditors' Objection to Lolonyon Akouete filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in State Court Action does not Violate Automatic Stay with certificate of service. (slh, usbc) (Entered: 07/29/2025) |
| 07/30/2025 |  | 834 | Motion filed by Creditor Lolonyon Akouete for Declaratory Judgment that Babcock & Brown is Aware of the State Court Action and has Declined to Participate with certificate of service. (slh, usbc) (Entered: 07/30/2025) |
| 07/31/2025 |  | 835 | Proceeding Memorandum and Order dated 7/31/2025 Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. AFTER A HEARING, THE COURT ENTERS THE FOLLOWING ORDER WITH RESPECT TO THE "MOTION FOR |

| | | | |
|---|---|---|---|
| | | | DETERMINATION THAT STATE COURT ACTION AGAINST NONDEBTOR DOES NOT VIOLATE THE AUTOMATIC STAY" [ECF NO. 804] DENYING IN PART THE COMFORT ORDER REQUESTED. See Order for Full Text. (slh, usbc) (Entered: 07/31/2025) |
| 07/31/2025 | | 836 | Order dated 7/31/2025 Re: 834 Motion filed by Creditor Lolonyon Akouete for Declaratory Judgment that Babcock & Brown is Aware of the State Court Action and has Declined to Participate.  DENIED. MOVANT SEEKS DECLARATORY JUDGMENT WITHOUT FILING AN ADVERSARY PROCEEDING AND WITH RESPECT TO ASSERTIONS RELATING TO A THIRD PARTY AND PENDING STATE COURT LITIGATION. (slh, usbc) (Entered: 07/31/2025) |
| 07/31/2025 | | 837 | Order dated 7/31/2025 Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in STate Court Action does not Violate Automatic Stay. "CREDITOR LOLONYON AKOUETE'S SUPPLEMENTAL MOTION FOR COMFORT ORDER CLARIFYING THAT JOINDER OF BABCOCK & BROWN IN STATE COURT ACTION DOES NOT VIOLATE AUTOMATIC STAY" [ECF NO. 831] (THE "MOTION") IS DENIED. THE COURT HAS THE DISCRETION TO ISSUE "COMFORT ORDERS" IN APPROPRIATE CIRCUMSTANCES. I DECLINE TO EXERCISE THAT DISCRETION WITH RESPECT TO THIS MOTION. BECAUSE MR. AKOUETE APPEARS TO STATE AN INTENTION TO SEEK A DETERMINATION FROM A STATE COURT REGARDING OWNERSHIP OF PROPERTY OF THE ESTATE, MR. AKOUETE IS ORDERED TO PROVIDE COPIES OF ANY PLEADINGS FILED IN ANY COURT RELATING IN ANY WAY TO THE DEBTOR SO THAT THE TRUSTEE MAY ASSESS WHETHER MR. AKOUETE HAS VIOLATED THE AUTOMATIC STAY OR HAS COMMENCED LITIGATION THAT COULD INTERFERE WITH ADMINISTRATION OF THE BANKRUPTCY ESTATE OR DETERMINATION OF ISSUES BY THIS COURT AND SEEK INJUNCTIVE OR OTHER RELIEF FROM THIS COURT. (slh, usbc) (Entered: 07/31/2025) |
| 07/31/2025 | | 839 | Order dated 7/31/2025 Re: 827 Renewed Motion filed by Creditor Lolonyon Akouete to Reopen Discovery for Limited Purposes to Obtain IRS and Retainer Documentation. DENIED. THE MOVANT DOES NOT PROFFER SUFFICIENT CAUSE TO RE–OPEN DISCOVERY PARTICULARLY GIVEN THAT MOTIONS FOR SUMMARY JUDGMENT HAVE BEEN FILED AND THE SUMMARY JUDGMENT RECORD IS CLOSED. AS TO THE REQUESTED SUBPOENA TO THE IRS, THE MOVANT DOES NOT SET OUT ANY REASON WHY THE DISCOVERY COULD NOT HAVE BEEN TIMELY SERVED WITHIN THE DISCOVERY PERIOD. AS TO THE REQUESTED DISCOVERY FROM GOULSTON & STORRS PC, THE MOVANT HAS MADE SIMILAR REQUESTS IN THE PAST. LIMITED DISCOVERY WAS PERMITTED, BUT THE RELEVANCE TO THE TRUSTEES OBJECTION TO THE MOVANTS CLAIM OF POTENTIALLY PRIVILEGED RETENTION INFORMATION FROM 1997–1998 IS SPECULATIVE. (slh, usbc) (Entered: 08/01/2025) |
| 08/01/2025 | | 838 | Motion filed by Creditor Lolonyon Akouete to Reconsider Re: 837 Order dated 7/31/2025 Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in State Court Action does not Violate Automatic Stay. (slh, usbc) (Entered: 08/01/2025) |
| 08/02/2025 | | 840 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 835 Order on Motion Determine) Notice Date 08/02/2025. (Admin.) (Entered: 08/03/2025) |
| 08/02/2025 | | 841 | BNC Certificate of Mailing – PDF Document. (Re: 836 Order on Motion for Judgment) Notice Date 08/02/2025. (Admin.) (Entered: 08/03/2025) |
| 08/02/2025 | | 842 | BNC Certificate of Mailing – PDF Document. (Re: 837 Order on Generic Motion) Notice Date 08/02/2025. (Admin.) (Entered: 08/03/2025) |
| 08/03/2025 | | 843 | BNC Certificate of Mailing – PDF Document. (Re: 839 Order on Generic Motion) Notice Date 08/03/2025. (Admin.) (Entered: 08/04/2025) |
| 08/05/2025 | | 844 | Order dated 8/5/2025 Re: 838 Motion filed by Creditor Lolonyon Akouete to Reconsider Re: 837 Order dated 7/31/2025 Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in State Court Action does not Violate Automatic Stay. DENIED. See Order for Full Text. (meh, Usbc) (Entered: 08/05/2025) |
| 08/06/2025 | | 845 | Motion filed by Interested Party Denise Edwards For Summary Judgment. (slh, usbc) (Entered: 08/06/2025) |
| 08/06/2025 | | 846 | Statement *of Undisputed Material Facts in Support of Re:* Re: 845 Motion for Summary Judgment filed by Interested Party Denise Edwards. (slh, usbc) (Entered: 08/06/2025) |
| 08/06/2025 | | 847 | Certificate of Service Re: 845 Motion for Summary Judgment and Re: 846 Statement of Undisputed Material Facts filed by Interested Party Denise Edwards. (slh, usbc) (Entered: 08/06/2025) |
| 08/06/2025 | | 848 | Statement *and Reservation of Rights Regarding Summary Judgment Regarding Claim of Denise Edwards* with certificate of service (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 08/06/2025) |
| 08/07/2025 | | 849 | BNC Certificate of Mailing – PDF Document. (Re: 844 Order on Motion To Reconsider) Notice Date 08/07/2025. (Admin.) (Entered: 08/08/2025) |
| 08/17/2025 | | 850 | Motion filed by Creditor Lolonyon Akouete for Status Conference on Pending Summary Judgment Motions (Re: 736 Motion for Summary Judgment, 845 Motion for Summary Judgment) with certificate of service. (meh, Usbc) (Entered: 08/18/2025) |
| 08/18/2025 | | 851 | Opposition with certificate of service filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (meh, Usbc) (Entered: 08/18/2025) |
| 08/21/2025 | | 852 | Motion filed by Creditor Lolonyon Akouete for Sanctions, to Compel Production, to Reopen Discovery, and to Preserve Rights with certificate of service. (meh, Usbc) (Entered: 08/22/2025) |
| 08/26/2025 | | 853 | Response *to "Creditor" Loloynon Akoute's Motion for Sanctions, to Compel Production, to Reopen Discovery, and to Preserve Rights* filed by Creditors Babcock & Brown International Pty. Ltd., Babcock & Brown Holdings, Inc. Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production with certificate of service. (Attachments: # 1 Exhibit A (Composite) Subpoenas) (Casas, Luis) (Entered: 08/26/2025) |

| | | | |
|---|---|---|---|
| 08/26/2025 | | 854 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 853 Response *to "Creditor" Loloynon Akoute's Motion for Sanctions, to Compel Production, to Reopen Discovery, and to Preserve Rights* filed by Creditors Babcock & Brown International Pty. Ltd., Babcock & Brown Holdings, Inc. Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production with certificate of service. (Attachments: # 1 Exhibit A (Composite) Subpoenas) (meh, Usbc) (Entered: 08/27/2025) |
| 08/27/2025 | | 855 | Opposition *to Denise Edwards's Motion for Summary Judgment and (II) Response to Edwards's Statement of Undisputed Facts* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 845 Motion filed by Interested Party Denise Edwards For Summary Judgment., 846 Statement *of Undisputed Material Facts in Support of Re:* Re: 845 Motion for Summary Judgment filed by Interested Party Denise Edwards. (Devine, Christine) (Entered: 08/27/2025) |
| 08/28/2025 | | 856 | Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief with certificate of service. (jp, usbc) (Entered: 08/28/2025) |
| 08/28/2025 | | 857 | Order dated 8/28/2025 Re: 850 Motion filed by Creditor Lolonyon Akouete for Status Conference on Pending Summary Judgment Motions Re: 736 Motion for Summary Judgment, 845 Motion for Summary Judgment). DENIED. THE COURT WILL DETERMINE THE MOTIONS FOR SUMMARY JUDGMENT AS ITS SCHEDULE PERMITS. FURTHER, MS. EDWARDS RECENTLY FILED AN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT. CERTAIN DEADLINES WITH RESPECT TO SUMMARY JUDGMENT RELATED TO THE EDWARDS CLAIM ARE PENDING. IT IS LIKELY THAT THE COURT WILL CONSIDER THE MOTIONS FOR SUMMARY JUDGMENT AT THE SAME TIME FOR JUDICIAL ECONOMY. (jp, usbc) (Entered: 08/28/2025) |
| 08/28/2025 | | 858 | Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 08/28/2025) |
| 08/29/2025 | | 859 | Order dated 8/29/2025 Re: 845 Motion for Summary Judgment filed by Interested Party Denise Edwards. ON OR BEFORE SEPTEMBER 9, 2025, MS. EDWARDS SHALL FILE SUPPLEMENTS TO HER OPPOSITION [ECF NO. 851] ANDSTATEMENT OF UNDISPUTED FACTS [ECF NO. 846] FILED IN SUPPORT OF HER SUMMARY JUDGMENT MOTION [ECF NO. 845] CONSISTING OF RELEVANT TRANSCRIPTS OR OTHER EVIDENCE TO BE INCLUDED IN THE SUMMARY JUDGMENT RECORD THAT DIRECTLY SUPPORTS THE STATEMENTS OF UNDISPUTED MATERIAL FACTS IN EACH PLEADING.MS. EDWARDS SHOULD ALSO FILE A FOUNDATIONAL AFFIDAVIT FOR EACH (SEE ECF NO. 741 AS AN EXAMPLE).IF A TRANSCRIPT OR OTHER EVIDENCE REFERENCE IS INCLUDED IN THE TRUSTEE'S FILINGS AT ECF NOS. 739, 740, 741, 742, 743, OR 744, MS. EDWARDS MAY REFERENCE THAT EVIDENCE BY ECF DOCKET AND PAGE NUMBER. THE TRUSTEE SHALL FILE ANY SUPPLEMENT HIS OPPOSITION [ECF NO. 855] WITHIN TEN (10) DAYS OF MS. EDWARDS FILING HER SUPPLEMENTS. (dr) (Entered: 08/29/2025) |
| 08/29/2025 | | 861 | Deposition Transcript of Denise Edwards filed by Lolonyon Akouete. (jp, usbc) (Entered: 09/02/2025) |
| 08/30/2025 | | 860 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 857 Order on Motion To Set/Combine Hearing) Notice Date 08/30/2025. (Admin.) (Entered: 08/31/2025) |
| 09/03/2025 | | 862 | Reply *to Edwards's Opposition to Trustee's Motion for Summary Judgment* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 851 Opposition with certificate of service filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (Savoia, Angelina) (Entered: 09/03/2025) |
| 09/04/2025 | | 863 | BNC Certificate of Mailing – PDF Document. (Re: 859 Order) Notice Date 09/04/2025. (Admin.) (Entered: 09/05/2025) |
| 09/09/2025 | | 864 | Joint Supplemental Filing of Creditors in Support of Summary Judgment and in Opposition to Trustee's Motion for Summary Judgment (Re: 736 Motion for Summary Judgment, 845 Motion for Summary Judgment) filed by Creditor Lolonyon Akouete , Interested Party Denise Edwards. (jp, usbc) (Entered: 09/09/2025) |
| 09/09/2025 | | 865 | Affidavit of Lolonyon Y. Akouete filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 09/09/2025) |
| 09/11/2025 | | 866 | Application for Compensation and Reimbursement of Expenses with certificate of service for Craig R. Jalbert, Accountant, Period: 3/3/2025 to 7/29/2025, Fee: $2,044.00, Expenses: $27.24. (Goldsmith, Jonathan) (Entered: 09/11/2025) |
| 09/11/2025 | | 867 | Declaration Re: Electronic Filing (Re: 866 Application for Compensation) filed by Accountant Craig R. Jalbert (Goldsmith, Jonathan) (Entered: 09/11/2025) |
| 09/18/2025 | | 868 | Emergency Motion filed by Creditor Lolonyon Akouete for Order (1) Authorizing Limited, Expedited Rule 2004 Discovery Regarding Mignonette Investments Limited's IRS "Responsible Party" Information; (2) In the Alternative, Compelling Execution of Limited IRS Form 8821 to Permit Retrieval of IRS 147C/Related Records; (3) Clarifying that Such Limited Discovery Does Not Violate the Automatic Stay; and (4) Shortening Notice/Setting Expedited Hearing with certificate of service. (jp, usbc) (Entered: 09/18/2025) |
| 09/18/2025 | | 869 | Adversary case 25–04027. Complaint by Jonathan R. Goldsmith, Chapter 7 Trustee against Lolonyon Akouete. Fee Amount $350. (Attachments: # 1 Affidavit # 2 Exhibits To Affidavit) Nature of Suit(72 (Injunctive relief – other))(Devine, Christine) (Entered: 09/18/2025) |
| 09/18/2025 | | 870 | First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney, Period: 8/12/2024 to 7/31/2025, Fee: $275,587.50, Expenses: $1,217.44. (Devine, Christine) (Entered: 09/18/2025) |
| 09/18/2025 | | 871 | Certificate of Service (Re: 870 Application for Compensation) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 09/18/2025) |
| 09/19/2025 | | 872 | Objection of Creditor Lolonyon Akouete to Final Application for Compensation of Accountants to the Trustee with certificate of service filed by Creditor Lolonyon Akouete Re: 866 Application for Compensation and Reimbursement of Expenses for Craig R. Jalbert, |

| | | | |
|---|---|---|---|
| | | | Accountant, Period: 3/3/2025 to 7/29/2025, Fee: $2,044.00, Expenses: $27.24. (jp, usbc) (Entered: 09/19/2025) |
| 09/19/2025 | | 873 | Motion filed by Trustee Jonathan R. Goldsmith to Strike (Re: 864 Supplemental Document) with certificate of service. (Devine, Christine) (Entered: 09/19/2025) |
| 09/19/2025 | | 874 | Supplemental Document: *Trustee's Supplement to Opposition to Denise Edwards's Motion for Summary Judgment* with certificate of service (Re: 855 Opposition) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 09/19/2025) |
| 09/19/2025 | | 875 | Opposition of Creditor Lolonyon Akouete to Application for Compensation of Nicholson Devine, LLC as Counsel to the Trustee with certificate of service filed by Creditor Lolonyon Akouete Re: 870 First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney, Period: 8/12/2024 to 7/31/2025, Fee: $275,587.50, Expenses: $1,217.44. (jp, usbc) (Entered: 09/19/2025) |
| 09/19/2025 | | 876 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 873 Motion filed by Trustee Jonathan R. Goldsmith to Strike (Re: 864 Supplemental Document) with certificate of service. (meh, Usbc) (Entered: 09/19/2025) |
| 09/22/2025 | | 877 | Supplement to Opposition Re: 876 Opposition Re: 873 Motion filed by Trustee Jonathan R. Goldsmith to Strike (Re: 864 Supplemental Document) and, in the Alternative, Motion to Align Consolidated Summary Judgment Procedures, for Leave to File a Targeted Sur–Reply, and to Preserve the Record for Appellate Review with certificate of service filed by Creditor Lolonyon Akouete . (jp, usbc) (Entered: 09/22/2025) |
| 09/23/2025 | | 878 | Order dated 9/23/2025 Re: 868 Emergency Motion filed by Creditor Lolonyon Akouete for Order (1) Authorizing Limited, Expedited Rule 2004 Discovery Regarding Mignonette Investments Limited's IRS "Responsible Party" Information; (2) In the Alternative, Compelling Execution of Limited IRS Form 8821 to Permit Retrieval of IRS 147C/Related Records; (3) Clarifying that Such Limited Discovery Does Not Violate the Automatic Stay; and (4) Shortening Notice/Setting Expedited Hearing. DENIED. THE MOVANT SEEKS AUTHORITY TO CONDUCT RULE 2004 DISCOVERY TO ASSIST IN THE ADMINISTRATION OF THE ESTATE. ADMINISTRATION OF THE ESTATE IS IN THE DOMAIN OF THE TRUSTEE. THE MOVEMENT FAILED TO IDENTIFY WHY THE INFORMATION SOUGHT IS NECESSARY FOR THE ADMINISTRATION OF THE ESTATE AT THIS JUNCTURE. WHILE THE MOVANT MAKES REFERENCE TO SERVICE REQUIREMENTS THAT HE WILL FACE IN OCTOBER, HE DOES NOT EXPLAIN WHAT THOSE ARE OR HOW THEY RELATE TO ADMINISTRATION OF THE ESTATE. (jp, usbc) (Entered: 09/23/2025) |
| 09/24/2025 | | 879 | Status Report *Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties* filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 09/24/2025) |
| 09/24/2025 | | 880 | Certificate of Service (Re: 879 Status Report) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 09/24/2025) |

| | | | |
|---|---|---|---|
| 09/25/2025 | | 881 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 879 Status Report *Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties* filed by Trustee Jonathan R. Goldsmith (meh, Usbc) (Entered: 09/25/2025) |
| 09/25/2025 | | 882 | BNC Certificate of Mailing – PDF Document. (Re: 878 Order on Generic Motion) Notice Date 09/25/2025. (Admin.) (Entered: 09/26/2025) |
| 09/26/2025 | | 883 | Order dated 9/26/2025 Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions, to Compel Production, to Reopen Discovery, and to Preserve Rights. AFTER CONSIDERATION OF "CREDITOR LOLONYON AKOUETE'S MOTION FOR SANCTIONS, TO COMPEL PRODUCTION, TO REOPEN DISCOVERY, AND TO PRESERVE RIGHTS" [ECF NO. 852] (THE "MOTION"), THE RESPONSE [ECF NO. 853] OF BABCOCK & BROWN INTERNATIONAL PTY. LTD. AND BABCOCK & BROWN HOLDINGS, INC. AND THEIR CURRENT AND FORMER SUBSIDIARIES (COLLECTIVELY, THE "BABCOCK & BROWN ENTITIES"), THE REPLY [ECF NO. 854] OF MR. AKOUETE, AND THE RECORD IN THIS CASE, THE MOTION IS DENIED FOR THE REASONS STATED IN THE RESPONSE OF THE BABCOCK & BROWN ENTITIES. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 884 | Order Dated 9/26/2025 Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief. Telephonic Hearing set for 10/22/2025 at 01:00 PM. Objections due by 10/20/2025 at 11:59 PM. THE COURT HEREBY SCHEDULES THE "MOTION TO PRESERVE RIGHTS, TO COMPEL PRODUCTION, AND FOR OTHER APPROPRIATE RELIEF" [ECF NO 856] OF LOLONYON AKOUETE, AS SUPPLEMENTED BY THE NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 858] FOR A TELEPHONIC HEARING ON OCTOBER 22, 2025 AT 1:00 P.M. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. OBJECTIONS TO THE MOTION SHALL BE FILED ON OR BEFORE OCTOBER 20, 2025. MR. AKOUETE SHALL SERVE NOTICE OF THE MOTION AND THE HEARING ON THE CALIFORNIA STATE CONTROLLERS OFFICE AND PETER BLAUSTEIN BY CERTIFIED MAIL AND EMAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH SERVICE HAS BEEN PROVIDED ON OR BEFORE OCTOBER 1, 2025. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 885 | Order dated 9/26/2025 Re: 870 First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney, Period: 8/12/2024 to 7/31/2025, Fee: $275,587.50, Expenses: $1,217.44. ANY OBJECTIONS TO THE "FIRST INTERIM APPLICATION OF NICHOLSON DEVINE LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE TRUSTEE" (THE "APPLICATION") SHALL BE FILED ON OR BEFORE OCTOBER 20, 2025. UPON CONSIDERATION OF ANY OBJECTIONS FILED BY THE EXPIRATION OF THE DEADLINE ESTABLISHED BY THIS ORDER, THE COURT MAY DETERMINE THE APPLICATION ON AN INTERIM BASIS WITHOUT FURTHER NOTICE OF HEARING. WITHIN TWO (2) BUSINESS DAYS OF THE DATE OF THIS ORDER, THE APPLICANT SHALL FILE A CERTIFICATE OF SERVICE REFLECTING NOTICE OF THE OBJECTION DEADLINE HAS BEEN PROVIDED TO ALL PARTIES ENTITLED TO NOTICE AND STATING THE MANNER OF |

| | | | |
|---|---|---|---|
| | | | SERVICE. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 886 | Order dated 9/26/2025 Re: 866 Application for Compensation and Reimbursement of Expenses with certificate of service for Craig R. Jalbert, Accountant, Period: 3/3/2025 to 7/29/2025, Fee: $2,044.00, Expenses: $27.24.  ANY OBJECTIONS TO THE FINAL APPLICATION FOR FEE AND EXPENSES OF ACCOUNTANT TO THE TRUSTEE (THE APPLICATION) SHALL BE FILED ON OR BEFORE OCTOBER 20, 2025. UPON CONSIDERATION OF ANY OBJECTIONS FILED BY THE EXPIRATION OF THE DEADLINE ESTABLISHED BY THIS ORDER, THE COURT MAY DETERMINE THE APPLICATION WITHOUT FURTHER NOTICE OF HEARING. WITHIN TWO (2) BUSINESS DAYS OF THE DATE OF THIS ORDER, THE APPLICANT SHALL FILE A CERTIFICATE OF SERVICE REFLECTING NOTICE OF THE OBJECTION DEADLINE HAS BEEN PROVIDED TO ALL PARTIES ENTITLED TO NOTICE AND STATING THE MANNER OF SERVICE. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 887 | Order dated 9/26/2025 Re: 873 Motion filed by Trustee Jonathan R. Goldsmith to Strike Re: 864 Supplemental Document and Re: 877 Supplement to Opposition Re: 876 Opposition Re: 873 Motion filed by Trustee Jonathan R. Goldsmith to Strike Re: 864 Supplemental Document and, in the Alternative, Motion to Align Consolidated Summary Judgment Procedures, for Leave to File a Targeted Sur–Reply, and to Preserve the Record for Appellate Review. THE "TRUSTEE'S MOTION TO STRIKE NON–COMPLIANT DOCUMENT FILED BY AKOUETE AND EDWARDS" [ECF NO. 873] (THE "MOTION") OF THE CHAPTER 7 TRUSTEE IS GRANTED AND THE ALTERNATIVE RELIEF REQUESTED BY THE "SUPPLEMENT TO OPPOSITION TO TRUSTEE"S MOTION TO STRIKE (DKT. 864) AND, IN THE ALTERNATIVE, MOTION TO ALIGN CONSOLIDATED SUMMARY JUDGMENT PROCEDURES, FOR LEAVE TO FILE A TARGETED SUR–REPLY, AND TO PRESERVE THE RECORD FOR APPELLATE REVIEW" [ECF NO. 877] (THE "SUPPLEMENT/MOTION FOR LEAVE") OF LOLONYON AKOUETE IS DENIED. UPON CONSIDERATION OF THE MOTION, THE OPPOSITION [ECF NO. 876] THERETO OF MR. AKOUETE, THE SUPPLEMENT/MOTION FOR LEAVE, AND THE ENTIRE RECORD OF THE CASE, THE "JOINT SUPPLEMENTAL FILING" AT ECF NO. 864 IS STRICKEN AS TO DENISE EDWARDS AS IT FAILED TO COMPLY WITH THIS COURT'S ORDER AT ECF NO. 859 AND AS TO LOLOYON AKOUETE AS IT HAS BEEN FILED AFTER THE SUMMARY JUDGMENT RECORD WAS CLOSED [ECF NO. 646]. MS. EDWARDS MAY FILE ON OR BEFORE OCTOBER 3, 2025, A SUPPLEMENT THAT STRICTLY COMPLIES WITH THIS COURT'S ORDER AT ECF NO. 859. SHE MAY REFERENCE THE DEPOSITION TRANSCRIPT FILED AT ECF NO. 861 AND THE DOCUMENTS ATTACHED TO THE AFFIDAVIT FILED AT ECF NO. 865 IN SUCH SUPPLEMENT. TO THE EXTENT NECESSARY, THE TRUSTEE MAY FILE ANY SUPPLEMENTAL RESPONSE IN ADDITION TO THE "TRUSTEE'S SUPPLEMENT TO THE OPPOSITION TO DENISE EDWARDS'S MOTION FOR SUMMARY JUDGMENT" FILED AT ECF NO. 874 ON OR BEFORE OCTOBER 10, 2025. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 888 | Court Certificate of Mailing to Lolonyon Akouete Re: 887 Order on Motion to Strike. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 889 | |

| | | | |
|---|---|---|---|
| | | | Court Certificate of Mailing to Denise Edwards Re: 887 Order on Motion to Strike. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 890 | Order Dated 9/26/2025 Re: 881 Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith. Telephonic Hearing set for 10/8/2025 at 11:00 AM. Objections due by 10/2/2025 at 11:59 PM. THE COURT HEREBY CONSTRUES THE "OPPOSITION TO TRUSTEE'S STATUS REPORT REGARDING ASSESSMENT OF CERTAIN ALLEGED ESTATE CLAIMS AGAINST THIRD PARTIES (Dkt. 879); REQUEST FOR EXPEDITED DETERMINATION AND LIMITATION OF NOTICE (MLBR 9013–1(f)(1)(B), (f)(2); FED. R. BANKR. P. 9006(c)(1))" [ECF NO. 881] FILED BY LOLONYON AKOUETE AS A MOTION TO COMPEL ABANDONMENT UNDER 11 U.S.C. SECTION 554 AND FED. R. BANKR. P. 6007(B) (THE "MOTION TO COMPEL"). THE COURT DENIES ANY OTHER RELIEF REQUESTED IN THE CONSTRUED MOTION TO COMPEL, OTHER THAN THE REQUEST TO COMPEL ABANDONMENT. THE COURT SCHEDULES THE MOTION TO COMPEL FOR A TELEPHONIC HEARING ON OCTOBER 8, 2025 AT 11:00 A.M. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. ANY OBJECTIONS TO THE MOTION TO COMPEL SHALL BE FILED NO LATER THAN OCTOBER 2, 2025 AT 11:59 P.M. MR. AKOUETE SHALL SERVE A COPY OF THIS ORDER ON ALL PARTIES ENTITLED TO NOTICE UNDER FED. R. BANKR. P. 6007(B) BY FIRST CLASS MAIL AND, IF AVAILABLE, EMAIL AND SHALL FILE A CERTIFICATE OF SERVICE WITH THE COURT EVIDENCING SUCH SERVICE HAS BEEN MADE. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 897 | Motion to Sever or, in the Alternative, for Expedited Determination of Issues Relating to Mr. Akouete's Claim (Claim No. 4–1) filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 09/29/2025) |
| 09/28/2025 | | 891 | BNC Certificate of Mailing – PDF Document. (Re: 883 Order on Motion For Sanctions/Costs) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 892 | BNC Certificate of Mailing – PDF Document. (Re: 884 Order To Set Hearing) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 893 | BNC Certificate of Mailing – PDF Document. (Re: 885 Order on Application for Compensation) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 894 | BNC Certificate of Mailing – PDF Document. (Re: 886 Order on Application for Compensation) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 895 | BNC Certificate of Mailing – PDF Document. (Re: 887 Order on Motion to Strike) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 896 | BNC Certificate of Mailing – PDF Document. (Re: 890 Order To Set Hearing) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/29/2025 | | 898 | |

| | | | |
|---|---|---|---|
| | | | Certificate of Service (Re: 885 Order on Application for Compensation, 886 Order on Application for Compensation) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 09/29/2025) |
| 09/29/2025 | | 899 | Denise Edward's Emergency Motion to Modify (or Shorten) the Trustee's Supplemental Response Deadline Set by ECF No. 887 So That It Remains Seven (7) Days from the Date of Her Supplemental Filing filed by Interested Party Denise Edwards with certificate of service. . (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 900 | Affidavit of Denise S. Edwards (Foundation for Emails/Notes) (Re: 887 Order dated 9/26/2025 ) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 901 | Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 902 | Creditor Denise Edwards's Supplemental Filing in Support of Motion for Summary Judgment and Statement of Undisputed Material Facts (Limited to Documents Attached to DKT 865) (Re: 845 Motion for Summary Judgment, 846 Statement) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 903 | Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: 851 Opposition filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 904 | Certificate of Service (Re: 884 Order To Set Hearing) filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 09/30/2025) |
| 09/30/2025 | | 905 | Certificate of Service (Re: 866 Application for Compensation) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 09/30/2025) |
| 10/02/2025 | | 906 | Certificate of Service of Notice of Hearing Re: 884 Order Dated 9/26/2025 (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief) filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 10/02/2025) |
| 10/02/2025 | | 907 | Objection with certificate of service filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production with certificate of service. (Casas, Luis) (Entered: 10/02/2025) |
| 10/02/2025 | | 908 | Objection *Amended Objection to "Creditor" Lolonyon Akouete's Motion to Compel Abandonment* with certificate of service filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst Re: 881 Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 879 Status Report *Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties* filed by Trustee Jonathan R. Goldsmith (Casas, Luis) (Entered: 10/02/2025) |

| | | | |
|---|---|---|---|
| 10/02/2025 | | 909 | Objection *to Lolonyon Akouete's Opposition to Status Report Construed as Motion to Compel Abandonment* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 881 Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 879 Status Report *Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties* filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 10/02/2025) |
| 10/02/2025 | | 910 | Order dated 10/2/2025 Re: 901 Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations) with certificate of service filed by Interested Party Denise Edwards. MS. EDWARDS SHALL FILE ON OR BEFORE OCTOBER 6, 2025 "NOTICES OF REDLINED VERSIONS OF AMENDED DOCUMENTS" ATTACHING AS EXHIBITS REDLINED DOCUMENTS COMPARING AND SHOWING ALL CHANGES BETWEEN ECF NOS. 903 AND 851 AND BETWEEN ECF NOS. 901 AND 845. (jp, usbc) (Entered: 10/02/2025) |
| 10/02/2025 | | 911 | Endorsed Order dated 10/2/2025 Re: 899 Denise Edward's Emergency Motion to Modify (or Shorten) the Trustee's Supplemental Response Deadline Set by ECF No. 887 So That It Remains Seven (7) Days from the Date of Her Supplemental Filing filed by Interested Party Denise Edwards DENIED. (jp, usbc) (Entered: 10/02/2025) |
| 10/02/2025 | | 912 | Order dated 10/2/2025 Re: 881 Opposition filed by Creditor Lolonyon Akouete Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith, 890 Order Dated 9/26/2025 Re: 881 Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith. THE COURT HEREBY SUPPLEMENTS ITS ORDER ENTERED AT ECF NO. 890 TO DIRECT THAT THE CERTIFICATE OF SERVICE MR. AKOUETE WAS ORDERED TO FILE WITH THE COURT DEMONSTRATING SERVICE SHOULD BE FILED NO LATER THAN OCTOBER 3, 2025. (jp, usbc) (Entered: 10/02/2025) |
| 10/02/2025 | | 913 | Certificate of Service of Notice of Hearing filed by Creditor Lolonyon Akouete Re: 890 Order Dated 9/26/2025 (Re: 881 Opposition filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith)). (jp, usbc) (Entered: 10/03/2025) |
| 10/03/2025 | | 914 | Order dated 10/3/2025 Re: 897 Motion to Sever or, in the Alternative, for Expedited Determination of Issues Relating to Mr. Akouete's Claim (Claim No. 4–1) filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (jp, usbc) (Entered: 10/03/2025) |
| 10/04/2025 | | 915 | BNC Certificate of Mailing – PDF Document. (Re: 910 Order on Motion For Summary Judgment) Notice Date 10/04/2025. (Admin.) (Entered: 10/05/2025) |
| 10/04/2025 | | 916 | BNC Certificate of Mailing – PDF Document. (Re: 911 Order on Generic Motion) Notice Date 10/04/2025. (Admin.) (Entered: 10/05/2025) |
| 10/04/2025 | | 917 | BNC Certificate of Mailing – PDF Document. (Re: 912 Order) Notice Date 10/04/2025. (Admin.) (Entered: 10/05/2025) |
| 10/05/2025 | | 918 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 914 Order on Generic Motion) Notice Date 10/05/2025. (Admin.) (Entered: 10/06/2025) |
| 10/05/2025 | | 919 | Creditor Lolonyon Akouetes Consolidated Reply to Trustees Objection and Babcock & Browns Amended Objection and Motion to Compel Abandonment Pursuant To 11 U.S.C. § 554(B); or, in the Alternative, for a Clarifying Order that the Estate Asserts No Interest in the Identified Claims; and, Further in the Alternative, for an Administer or Abandon Deadline of October 10, 2025 with certificate of service filed by Interested Party Lolonyon Akouete Re: 908 Objection Amended Objection to "Creditor" Lolonyon Akouete's Motion to Compel Abandonment filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: 881 Opposition filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith)), 909 Objection to Lolonyon Akouete's Opposition to Status Report Construed as Motion to Compel Abandonment filed by Trustee Jonathan R. Goldsmith (Re: 881 Opposition filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith)). (jp, usbc) (Entered: 10/06/2025) |
| 10/06/2025 | | 920 | Motion to Enlarge Time to Comply with October 2, 2025 Order (ECF No. 910) filed by Interested Party Denise Edwards [Re: 910 Order on Motion For Summary Judgment] with certificate of service. (jp, usbc) (Entered: 10/06/2025) |
| 10/06/2025 | | 921 | Order dated 10/6/2025 Re: 910 Order dated 10/2/2025 Re: 901 Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations) filed by Interested Party Denise Edwards. BECAUSE OF THE DIFFICULTY ENCOUNTERED BY MS. EDWARDS IN CREATING REDLINES OF THE SUPPLEMENTAL FILINGS, THE COURT VACATES ITS ORDER ENTERED AT ECF NO. 910. THE TRUSTEE SHALL FILE ANY SUPPLEMENTAL RESPONSE BY THE OCTOBER 10, 2025 DEADLINE SET FORTH IN THE ORDER AT ECF NO. 887. (jp, usbc) (Entered: 10/06/2025) |
| 10/06/2025 | | 922 | Order dated 10/6/2025 Re: 920 Motion to Enlarge Time to Comply with October 2, 2025 Order (ECF No. 910) filed by Interested Party Denise Edwards [Re: 910 Order on Motion For Summary Judgment]. MOOT. THE COURT HAS VACATED ITS ORDER AT ECF NO. 910. (jp, usbc) (Entered: 10/06/2025) |
| 10/08/2025 | | 923 | Creditor Loloyon Akouetes Stand–Alone Motion for Targeted Production of Withdrawn Settlement Proposal (Non–Discovery Relief) to Address Collusion/Bad Faith and Inconsistent Positions; and for Limited Judicial Notice filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 10/08/2025) |
| 10/08/2025 | | 924 | Creditor Loloyon Akouetes Motion for Requesting Updated Status Report filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 10/08/2025) |
| 10/08/2025 | | 925 | [C]reditor Loloyon Akouetes Motion for Guidance Regarding Responsibility for Maintaining the Debtors Legal Status and, in the Alternative, for Limited Relief from the Automatic Stay to Enable Funding to Preserve the Debtors Good Standing filed by Creditor Lolonyon Akouete Guidance with certificate of service. (jp, usbc) |

| | | | |
|---|---|---|---|
| | | | (Entered: 10/08/2025) |
| 10/08/2025 | | 926 | Motion to Strike Unauthorized Objections (ECF 907 & 908) filed by Creditor Lolonyon Akouete with certificate of service Re: 907 Objection filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production), 908 Objection Amended Objection to "Creditor" Lolonyon Akouete's Motion to Compel Abandonment filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: 881 Opposition filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith). (jp, usbc) (Entered: 10/08/2025) |
| 10/08/2025 | | | Hearing Held Re: 881 Opposition filed by Creditor Lolonyon Akouete Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 10/08/2025) |
| 10/08/2025 | | 927 | BNC Certificate of Mailing – PDF Document. (Re: 921 Order Vacating Order) Notice Date 10/08/2025. (Admin.) (Entered: 10/09/2025) |
| 10/08/2025 | | 928 | BNC Certificate of Mailing – PDF Document. (Re: 922 Order on Motion to Extend) Notice Date 10/08/2025. (Admin.) (Entered: 10/09/2025) |
| 10/09/2025 | | 929 | Notice of Clarification Regarding Redlined Filings filed by Interested Party Denise Edwards Re: 901 Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations), 903 Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: 851 Opposition filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment). (jp, usbc) (Entered: 10/09/2025) |
| 10/09/2025 | | 930 | Order dated 10/9/2025 Re: 881 Opposition with certificate of service filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith). DENIED. See Order for Full Text. (jp, usbc) (Entered: 10/09/2025) |
| 10/10/2025 | | 931 | Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 900 Affidavit of Denise S. Edwards (Foundation for Emails/Notes) (Re: 887 Order dated 9/26/2025 ) with certificate of service filed by Interested Party Denise Edwards., 901 Motion filed by Interested Party Denise Edwards For Summary Judgment with certificate of service., 902 Creditor Denise Edwards's Supplemental Filing in Support of Motion for Summary Judgment and Statement of Undisputed Material Facts (Limited to Documents Attached to DKT 865) (Re: 845 Motion for Summary Judgment, 846 Statement) with certificate of service filed by Interested Party Denise Edwards., 903 Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: 851 Opposition filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) with certificate of service filed by Interested Party Denise Edwards. (Devine, Christine) (Entered: 10/10/2025) |
| 10/11/2025 | | 932 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 930 Order) Notice Date 10/11/2025. (Admin.) (Entered: 10/12/2025) |
| 10/14/2025 | | 933 | Creditor Denise S. Edwards's Reply to Trustee's Response to Documents Filed at Dkt. Nos. 900, 901, 902, and 903 with certificate of service filed by Interested Party Denise Edwards Re: 931 Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 900 Affidavit of Denise S. Edwards (Foundation for Emails/Notes) (Re: 887 Order dated 9/26/2025 ) with certificate of service filed by Interested Party Denise Edwards., 901 Motion filed by Interested Party Denise Edwards For Summary Judgment with certificate of service., 902 Creditor Denise Edwards's Supplemental Filing in Support of Motion for Summary Judgment and Statement of Undisputed Material Facts (Limited to Documents Attached to DKT 865) (Re: 845 Motion for Summary Judgment, 846 Statement) with certificate of service filed by Interested Party Denise Edwards., 903 Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: 851 Opposition filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 10/14/2025) |
| 10/20/2025 | | 934 | Response filed by Interested Party Peter Blaustein Re: 856 Motion filed by Creditor Lolonyon Akouete to Compel Compel Production and for Other Appropriate Relief with certificate of service. (Lee, Brian) (Entered: 10/20/2025) |
| 10/20/2025 | | 935 | Response *and Limited Objection to Akouete's Motion to Preserve Rights, to Compel Production, and for Other Appropriate Relief Filed at Dkt. No. 856* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 856 Motion filed by Creditor Lolonyon Akouete to Compel Compel Production and for Other Appropriate Relief with certificate of service. (Devine, Christine) (Entered: 10/20/2025) |
| 10/20/2025 | | 936 | Supplemental Objection of Creditor Lolonyon Akouete to Application for Compensation of Nicholson Devine, LLC as Counsel to the Trustee Re: 875 Opposition of Creditor Lolonyon Akouete to Application for Compensation of Nicholson Devine, LLC as Counsel to the Trustee filed by Creditor Lolonyon Akouete (Re: 870 First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney, Period: 8/12/2024 to 7/31/2025, Fee: $275,587.50, Expenses: $1,217.44) filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 10/20/2025) |
| 10/20/2025 | | 937 | Order dated 10/20/2025 Re: 926 Motion to Strike Unauthorized Objections (ECF 907 & 908) filed by Creditor Lolonyon Akouete Re: 907 Objection filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production), 908 Objection Amended Objection to "Creditor" Lolonyon Akouete's Motion to Compel Abandonment filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: 881 Opposition filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith). MOOT. THE COURT STATED ON THE RECORD AT A HEARING ON OCTOBER 8, 2025, THAT IT WOULD GIVE NO WEIGHT TO THE OBJECTION AT ECF NOS. 907 AND 908. (jp, usbc) (Entered: 10/20/2025) |

| | | | |
|---|---|---|---|
| 10/21/2025 | | 938 | Response with certificate of service filed by Interested Party California State Controllers Office Re: 856 Motion filed by Creditor Lolonyon Akouete to Compel Compel Production and for Other Appropriate Relief with certificate of service., 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete. (Attachments: # 1 Declaration) (meh, Usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 939 | Emergency Civil Rights Complaint and Motion for Equitable Relief under 42 U.S.C. § 1981 and § 1983 filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 940 | Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) with certificate of service filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 941 | Order dated 10/21/2025 Re: 929 Notice of Clarification Regarding Redlined Filings filed by Interested Party Denise Edwards Re: 901 Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations), 903 Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: 851 Opposition filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) . AS STATED IN THE NOTICE, THE COURT VACATED THE ORDER AT ECF NO. 910. NO REDLINED DOCUMENTS ARE REQUIRED TO BE FILED. (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 942 | Order dated 10/21/2025 Re: 923 Creditor Loloyon Akouetes Stand–Alone Motion for Targeted Production of Withdrawn Settlement Proposal (Non–Discovery Relief) to Address Collusion/Bad Faith and Inconsistent Positions; and for Limited Judicial Notice filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 943 | Order dated 10/21/2025 Re: 924 Creditor Loloyon Akouetes Motion for Requesting Updated Status Report filed by Creditor Lolonyon Akouete. DENIED. DENIED. THE TOWN OF WESTBOROUGH FILED AN ANSWER (ADV. PRO. NO. 25–4003 ECF NO. 18). THE COURT WILL SET A DATE FOR A CASE MANAGEMENT CONFERENCE TOGETHER WITH A HEARING ON A MOTION TO CONSOLIDATE THAT HAS BEEN DIRECTED TO BE FILED (ADV. PRO. NO. 25–4003 ECF NO. 20). (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 944 | Order dated 10/21/2025 Re: 925 [C]reditor Loloyon Akouetes Motion for Guidance Regarding Responsibility for Maintaining the Debtors Legal Status and, in the Alternative, for Limited Relief from the Automatic Stay to Enable Funding to Preserve the Debtors Good Standing filed by Creditor Lolonyon Akouete DENIED IN PART. IT IS UNNECESSARY FOR A TRUSTEE IN A CHAPTER 7 CASE TO MAINTAIN A DEBTOR IN GOOD STANDING AS AN LLC UNDER STATE LAW DURING THE LIQUIDATION PROCESS IN THIS COURT. ANY OTHER REQUESTED RELIEF IS DENIED. SPECIFICALLY, MOVANT'S REQUEST TO OBTAIN RELIEF FROM THE AUTOMATIC STAY TO OBTAIN "LITIGATION |

| | | | |
|---|---|---|---|
| | | | FUNDING" IS VAGUE AND DOES NOT PROVIDE DETAIL AS TO HOW THE AUTOMATIC STAY OR PROPERTY OF THE ESTATE MIGHT BE IMPLICATED. (jp, usbc) (Entered: 10/21/2025) |
| 10/22/2025 | | 945 | Creditor Lolonyon Akouetes Reply to Trustees Response and Limited Objection to Motion to Preserve Rights, to Compel Production, and for Other Appropriate Relief (Dkt. 856) filed by Creditor Lolonyon Akouete Re: 935 Response and Limited Objection to Akouete's Motion to Preserve Rights, to Compel Production, and for Other Appropriate Relief Filed at Dkt. No. 856 filed by Trustee Jonathan R. Goldsmith (Re: 856 Motion filed by Creditor Lolonyon Akouete to Compel Compel Production and for Other Appropriate Relief). . (jp, usbc) (Entered: 10/22/2025) |
| 10/22/2025 | | 946 | Order dated 10/22/2025 Re: 939 Emergency Civil Rights Complaint and Motion for Equitable Relief under 42 U.S.C. § 1981 and § 1983 filed by Creditor Lolonyon Akouete. STRICKEN. AS RECOGNIZED BY MR. AKOUETE, CERTAIN CLAIMS ASSERTED AND RELIEF REQUESTED IN THE COMPLAINT MAY ONLY BE ASSERTED IN AN ADVERSARY PROCEEDING. FED. R. BANKR. P. 7001. SHOULD MR. AKOUETE DECIDE TO COMMENCE AN ADVERSARY PROCEEDING, HE MAY REQUEST A WAIVER OF ANY ASSOCIATED FILING FEE AS PROVIDED BY APPLICABLE LAW. (jp, usbc) (Entered: 10/22/2025) |
| 10/22/2025 | | 947 | Order dated 10/22/2025 Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) filed by Creditor Lolonyon Akouete. EMERGENCY DETERMINATION DENIED. ANY OPPOSITION OR RESPONSE TO THE MOTION SHALL BE FILED BY OCTOBER 31, 2025, AT WHICH TIME THE COURT MAY SCHEDULE A HEARING OR ACT IF IT DETERMINES A HEARING IS UNNECESSARY. MR. AKOUETE SHALL SERVE NOTICE OF THIS ORDER ON ALL PARTIES ENTITLED TO NOTICE BY EMAIL OR, IF EMAIL IS NOT AVAILABLE, FIRST–CLASS MAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SERVICE HAS BEEN MADE. (jp, usbc) (Entered: 10/22/2025) |
| 10/22/2025 | | | Hearing Held Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief. (ab) (Entered: 10/22/2025) |
| 10/22/2025 | | 948 | BNC Certificate of Mailing – PDF Document. (Re: 937 Order on Motion to Strike) Notice Date 10/22/2025. (Admin.) (Entered: 10/23/2025) |
| 10/23/2025 | | 949 | BNC Certificate of Mailing – PDF Document. (Re: 941 Order) Notice Date 10/23/2025. (Admin.) (Entered: 10/24/2025) |
| 10/23/2025 | | 950 | BNC Certificate of Mailing – PDF Document. (Re: 942 Order on Generic Motion) Notice Date 10/23/2025. (Admin.) (Entered: 10/24/2025) |
| 10/23/2025 | | 951 | BNC Certificate of Mailing – PDF Document. (Re: 943 Order on Generic Motion) Notice Date 10/23/2025. (Admin.) (Entered: 10/24/2025) |

| 10/23/2025 | | 952 | BNC Certificate of Mailing – PDF Document. (Re: 944 Order on Generic Motion) Notice Date 10/23/2025. (Admin.) (Entered: 10/24/2025) |
|---|---|---|---|
| 10/24/2025 | | 953 | BNC Certificate of Mailing – PDF Document. (Re: 946 Order on Generic Motion) Notice Date 10/24/2025. (Admin.) (Entered: 10/25/2025) |
| 10/24/2025 | | 954 | BNC Certificate of Mailing – PDF Document. (Re: 947 Order) Notice Date 10/24/2025. (Admin.) (Entered: 10/25/2025) |
| 10/28/2025 | | 955 | Certificate of Service filed by Creditor Lolonyon Akouete Re: 947 Order dated 10/22/2025 (Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) filed by Creditor Lolonyon Akouete). (jp, usbc) (Entered: 10/28/2025) |
| 10/29/2025 | | 956 | Opposition *of Goulston & Storrs PC to Emergency Supplemental Motion to Compel (Docket No. 940) and Cross–Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order* with certificate of service filed by Interested Party Goulston & Storrs PC Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) with certificate of service filed by Creditor Lolonyon Akouete. (Rosner, Douglas) (Entered: 10/29/2025) |
| 10/29/2025 | | 957 | Reply to Opposition of Goulston & Storrs PC to Emergency Supplemental Motion to Compel (Docket No. 940) and Opposition to Cross–Motion for Injunctive Relief filed by Creditor Lolonyon Akouete Re: 956 Opposition of Goulston & Storrs PC to Emergency Supplemental Motion to Compel (Docket No. 940) and Cross–Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order filed by Interested Party Goulston & Storrs PC (Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) filed by Creditor Lolonyon Akouete). (jp, usbc) (Entered: 10/30/2025) |
| 10/29/2025 | | 958 | Emergency Motion For Expedited Determination of Discovery Issue (Dkt. No. 940) and For Relief in Adversary Proceeding No. 25–04027–CJP filed by Creditor Lolonyon Akouete [Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other |

| | | | |
|---|---|---|---|
| | | | Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) with certificate of service. (jp, usbc) (Entered: 10/30/2025) |
| 10/31/2025 | | 959 | Response *and Limited Objection to Akouete's Motion to Compel Complete Identification of Transaction Participants and Production of Records Filed at Dkt. No. 940* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) with certificate of service filed by Creditor Lolonyon Akouete. (Savoia, Angelina) (Entered: 10/31/2025) |
| 10/31/2025 | | 960 | Order dated 10/31/2025 Re: 900 Affidavit filed by Denise Edwards (Foundation for Emails/Notes), 901 Motion for Summary Judgment filed by Denise Edwards (Revised to Conform to Supplemental Record Citations), 902 Supplemental Document filed by Denise Edwards, 903 Supplemental Document filed by Denise Edwards, 933 Reply filed by Denise Edwards. ORDER REGARDING ECF NOS. 900, 901, 902, 903 AND 933 AND CLARIFYING THE SUMMARY JUDGMENT RECORD WITH RESPECT TO THE OBJECTION TO THE CLAIM OF DENISE EDWARDS. See Order for Full Text. (dr) (Entered: 10/31/2025) |
| 10/31/2025 | | 961 | Proceeding Memorandum and Order dated 10/31/2025 Re: 856 Motion to Preserve Rights, to Compel Production, and for Other Appropriate Relief filed by Lolonyon Akouete. DENIED AS TO THE STATE OF CALIFORNIA. DENIED AS TO PETER BLAUSTEIN PROVIDED THAT HE FILE THE AFFIDAVIT DISCUSSED ON THE RECORD BY NOVEMBER 5, 2025. (dr) (Entered: 10/31/2025) |
| 10/31/2025 | | 962 | Order dated 10/31/2025 Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgment filed by Lolonyon Akouete, 956 Opposition filed by Goulston & Storrs PC and Cross−Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order, 958 Emergency Motion For Expedited Determination of Discovery Issue (Dkt. No. 940) and For Relief in Adversary Proceeding No. 25−04027−CJP filed by Lolonyon Akouete. THE MOTIONS AT ECF NOS. 940 AND 958 AND THE CROSS−MOTION AT ECF NO. 956 ARE DENIED. See Order for Full Text. (dr). (Entered: 10/31/2025) |
| 11/03/2025 | | 963 | Motion for Reconsideration of Order Dated October 31, 2025 (DKT. 962) Re: Dkts. 940, 957, 958 Emergency Supplemental Motion to Compel and Related Filings filed by Creditor Lolonyon Akouete Re: 962 Order dated 10/31/2025 (Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgment filed by Lolonyon Akouete, 956 Opposition filed by Goulston & Storrs PC and Cross−Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order, 958 Emergency Motion For Expedited Determination of Discovery Issue (Dkt. No. 940) and For Relief in Adversary Proceeding No. 25−04027−CJP filed by Lolonyon Akouete). (jp, usbc) (Entered: |

114

| | | | |
|---|---|---|---|
| | | | 11/03/2025) |
| 11/03/2025 | | 964 | Emergency Motion for Limited Clarifying/Coordination Order filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 11/03/2025) |
| 11/03/2025 | | 965 | Affidavit of Peter L. Blaustein with certificate of service (Re: 961 Order) filed by Interested Party Peter Blaustein (Lee, Brian) (Entered: 11/03/2025) |
| 11/04/2025 | | 966 | Settlement Agreement by Trustee Jonathan R. Goldsmith and Town of Westborough, Ferris Development Group, LLC, Lax Media LLC and Lax Media MA LLC, and the Trustees of the MobileStreet Trust filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/04/2025) |
| 11/04/2025 | | 967 | Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith) filed by Trustee Jonathan R. Goldsmith . (Devine, Christine). (Entered: 11/04/2025) |
| 11/04/2025 | | 968 | Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts *Expedited Determination Requested Regarding Approval of Form of Combined Notice*. Fee Amount $199 (Devine, Christine) (Entered: 11/04/2025) |
| 11/04/2025 | | | Receipt of filing fee for Motion to Sell( 23–40709) [motion,msell] ( 199.00). Receipt Number A21181348, amount $ 199.00 (re: Doc# 968) (U.S. Treasury) (Entered: 11/04/2025) |
| 11/04/2025 | | 969 | Certificate of Service (Re: 966 Settlement Agreement, 967 Motion to Compromise, 968 Motion to Sell) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/04/2025) |
| 11/04/2025 | | 970 | Order dated 11/4/2025 Re: 963 Motion to Reconsider Order Dated October 31, 2025 (DKT. 962) Re: Dkts. 940, 957, 958 Emergency Supplemental Motion to Compel and Related Filings filed by Creditor Lolonyon Akouete. DENIED. THE MOTION FOR RECONSIDERATION DOES NOT ASSERT ADDITIONAL MATERIAL INFORMATION THAT WAS NOT ALREADY CONSIDERED IN ENTERING THE ORIGINAL ORDER AT ECF NO. 962 THAT WOULD DEMONSTRATE THAT THE COURT MADE A MANIFEST ERROR OF LAW OR FACT. SEE IN RE WEDGESTONE FIN., 142 B.R. 7, 8 (BANKR. D. MASS. 1992) (CITATIONS OMITTED). (dr) (Entered: 11/04/2025) |
| 11/04/2025 | | 971 | Order dated 11/4/2025 Re: 964 Emergency Motion for Limited Clarifying/Coordination Order filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (dr) (Entered: 11/04/2025) |
| 11/05/2025 | | 972 | Order dated 11/5/2025 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts––Expedited Determination Requested Regarding Approval of Form of Combined Notice filed by Trustee Jonathan R. Goldsmith. THE COURT HEREBY SCHEDULES THE REQUEST TO APPROVE THE FORM OF COMBINED NOTICE . . . FOR HEARING |

| | | | |
|---|---|---|---|
| | | | ON NOVEMBER 10, 2025 AT 2:30 P.M. (THE "FORM OF NOTICE HEARING"). THE FORM OF NOTICE HEARING WILL BE CONDUCTED IN COURTROOM 1, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MASSACHUSETTS 02109, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. OBJECTIONS TO THE FORM OF NOTICE SHALL BE FILED BY NOVEMBER 10, 2025 AT 10:00 A.M. ALL OTHER OBJECTIONS TO APPROVAL OF THE SALE MOTION AND SETTLEMENT AGREEMENT ARE RESERVED AND OBJECTION DEADLINES WITH RESPECT TO APPROVAL OF THE PROPOSED PRIVATE SALE SET FORTH IN THE SALE MOTION AND MOTION TO APPROVE THE SETTLEMENT AGREEMENT WILL BE ESTABLISHED AT THE FORM OF NOTICE HEARING. See Order for Full Text. (dr) (Entered: 11/05/2025) |
| 11/05/2025 | | 973 | BNC Certificate of Mailing – PDF Document. (Re: 960 Order) Notice Date 11/05/2025. (Admin.) (Entered: 11/06/2025) |
| 11/05/2025 | | 974 | BNC Certificate of Mailing – PDF Document. (Re: 961 Order) Notice Date 11/05/2025. (Admin.) (Entered: 11/06/2025) |
| 11/05/2025 | | 975 | BNC Certificate of Mailing – PDF Document. (Re: 962 Order) Notice Date 11/05/2025. (Admin.) (Entered: 11/06/2025) |
| 11/06/2025 | | | Hybrid Hearing Scheduled for 11/10/2025 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts Expedited Determination Requested Regarding Approval of Form of Combined Notice. Objections due by 11/10/2025 at 10:00 AM. (ab) (Entered: 11/06/2025) |
| 11/06/2025 | | 976 | Certificate of Service of Notice of Hearing (Re: 967 Motion to Compromise, 968 Motion to Sell) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 11/06/2025) |
| 11/07/2025 | | 977 | Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts with certificate of service. (slh, usbc) (Entered: 11/07/2025) |
| 11/07/2025 | | 978 | Supplemental Document: *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* with certificate of service (Re: 967 Motion to Compromise, 968 Motion to Sell) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/07/2025) |
| 11/07/2025 | | 979 | Order Converting 11/10/2025 Hearing to Telephonic Hearing dated 11/7/2025 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts.  THE |

| | | | |
|---|---|---|---|
| | | | COURT HEREBY CONVERTS THE CONDUCT OF THE 2:30 P.M. HEARING SCHEDULED FOR 11/10/2025 FROM A HYBRID HEARING TO A HEARING BY TELEPHONE. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 201 6691 AND PASSCODE 536 553 WHEN PROMPTED. See Order for Full Text. (slh, usbc) (Entered: 11/07/2025) |
| 11/07/2025 | | 980 | Order Scheduling Hearing Dated 11/7/2025 Re: 977 Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough. THE COURT HEREBY SCHEDULES THE "MOTION FOR EXPEDITED HEARING AND SHORTENED NOTICE PERIOD REGARDING SALE AND SETTLEMENT MOTIONS AND STATEMENT OF OPERATING AGREEMENT COMPLIANCE" [ECF NO. 977] FOR HEARING ON NOVEMBER 10, 2025 AT 2:30 P.M. THE HEARING WILL BE CONDUCTED BY TELEPHONE. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 201 6691 AND PASSCODE 536 553 WHEN PROMPTED. See Order for Full Text. (slh, usbc) (Entered: 11/07/2025) |
| 11/07/2025 | | 981 | Certificate of Service of Notice of Hearing (Re: 967 Motion to Compromise, 968 Motion to Sell) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 11/07/2025) |
| 11/07/2025 | | 982 | BNC Certificate of Mailing – PDF Document. (Re: 970 Order) Notice Date 11/07/2025. (Admin.) (Entered: 11/08/2025) |
| 11/07/2025 | | 983 | BNC Certificate of Mailing – PDF Document. (Re: 971 Order) Notice Date 11/07/2025. (Admin.) (Entered: 11/08/2025) |
| 11/07/2025 | | 984 | BNC Certificate of Mailing – PDF Document. (Re: 972 Order) Notice Date 11/07/2025. (Admin.) (Entered: 11/08/2025) |
| 11/09/2025 | | 985 | BNC Certificate of Mailing – PDF Document. (Re: 979 Order on Motion To Sell) Notice Date 11/09/2025. (Admin.) (Entered: 11/10/2025) |
| 11/09/2025 | | 986 | BNC Certificate of Mailing – PDF Document. (Re: 980 Order To Set Hearing) Notice Date 11/09/2025. (Admin.) (Entered: 11/10/2025) |
| 11/10/2025 | | 987 | Motion filed by Creditor Lolonyon Akouete to Require Adequate and Constitutional Notice Prior to Approval of Combined Notice of Sale and Settlement with certificate of service. (slh, usbc) (Entered: 11/10/2025) |
| 11/10/2025 | | 988 | Order dated 11/10/2025 Re: 987 Motion filed by Creditor Lolonyon Akouete to Require Adequate and Constitutional Notice Prior to Approval of Combined Notice of Sale and Settlement. THE COURT CONSTRUES THE "MOTION TO REQUIRE ADEQUATE AND CONSTITUTIONAL NOTICE PRIOR TO APPROVAL OF COMBINED NOTICE OF SALE AND SETTLEMENTS" [ECF NO. 987] AS THE OBJECTION OF MR. AKOUETE (THE "CONSTRUED OBJECTION") TO THE REQUEST OF THE CHAPTER 7 TRUSTEE TO APPROVE THE FORM OF COMBINED NOTICE REGARDING THE SALE MOTION [ECF NO. 968] AND THE MOTION TO |

| | | | |
|---|---|---|---|
| | | | APPROVE THE SETTLEMENT AGREEMENT [ECF NO. 967]. THE CONSTRUED OBJECTION WILL BE CONSIDERED AT THE FORM OF NOTICE TELEPHONIC HEARING SCHEDULED FOR NOVEMBER 10, 2025 AT 2:30 P.M. SEE HEARING NOTICE AT ECF NO. 972 (TO PARTICIPATE IN THE FORM OF NOTICE HEARING, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 201 6691 AND PASSCODE 536 553 WHEN PROMPTED). (slh, usbc) (Entered: 11/10/2025) |
| 11/10/2025 | | | Hearing Held Regarding Approval of Form of Combined Notice (Re: 968 Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts, and 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith)). (ab) (Entered: 11/10/2025) |
| 11/10/2025 | | | Hearing Held Re: 977 Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. (ab) (Entered: 11/10/2025) |
| 11/12/2025 | | 989 | Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business. filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/12/2025) |
| 11/12/2025 | | 990 | Certificate of Service (Re: 966 Settlement Agreement, 967 Motion to Compromise, 968 Motion to Sell, 978 Supplemental Document, 989 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 11/12/2025) |
| 11/12/2025 | | 991 | BNC Certificate of Mailing – PDF Document. (Re: 988 Order on Generic Motion) Notice Date 11/12/2025. (Admin.) (Entered: 11/13/2025) |
| 11/18/2025 | | 992 | Proceeding Memorandum and Order dated 11/18/2025 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts.  THE REQUEST TO APPROVE THE FORM OF COMBINED NOTICE REGARDING THE SALE MOTION [ECF NO. 968] AND THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT [ECF NO. 967] IS GRANTED AND THE FORM OF NOTICE IS APPROVED AS DESCRIBED ON THE RECORD. THE COURT WILL HOLD A COMBINED HEARING ON THE APPROVAL OF THE PRIVATE SALE AND THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT (TOGETHER, THE "MOTIONS") ON DECEMBER 17, 2025 AT 2:30 P.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. PARTIES IN INTEREST SEEKING TO APPEAR BY VIDEO AT THE CONTINUED HYBRID HEARING SHALL EMAIL THE COURTROOM DEPUTY AT |

| | | | |
|---|---|---|---|
| | | | CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN DECEMBER 16, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. THE DEADLINE TO OBJECT TO THE MOTIONS IS DECEMBER 13, 2025 AT 11:59 P.M. EASTERN TIME. IN SERVING THE COMBINED NOTICE ON ALL PARTIES ENTITLED TO NOTICE, THE TRUSTEE WILL ALSO SERVE ADDRESSES OF POTENTIAL REPRESENTATIVES OF MIGNONNETE INVESTMENTS LIMITED AS IDENTIFED AT THE HEARING AND SHALL USE GOOD FAITH EFFORTS TO DETERMINE WHETHER THERE IS REASONABLE NOTICE THAT CAN BE PROVIDED IN A NATIONAL PUBLICATION IN AUSTRALIA. (slh, usbc) (Entered: 11/18/2025) |
| 11/19/2025 | | 993 | Emergency Motion for Determination that the $1,293,646.83 in Unclaimed Funds Released by the California State Controller Is Not Property of the Estate and for Immediate Release of Such Funds filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 11/19/2025) |
| 11/19/2025 | | 994 | Order dated 11/19/2025 Re: 658 Motion for Summary Judgment filed by Lolonyon Akouete, 736 Motion for Summary Judgment filed by Trustee Jonathan R. Goldsmith, 845 Motion for Summary Judgment filed by Denise Edwards. REGARDING THE SUMMARY JUDGMENT MOTIONS AT ECF NOS. 658, 736, AND 845, WHILE THE COURT'S VIEW MAY CHANGE, IT DOES NOT APPEAR THAT ORAL ARGUMENT WILL ASSIST THE COURT IN DETERMINING THE MOTIONS, AND THE COURT WILL TAKE THE MATTERS UNDER ADVISEMENT ON THE PAPERS ABSENT FURTHER ORDER. AS SUCH, IF ANY PARTY IN INTEREST WOULD LIKE TO PRESENT ORAL ARGUMENT, THEY SHOULD FILE SUCH A REQUEST NO LATER THAN NOVEMBER 26, 2025. (dr) (Entered: 11/19/2025) |
| 11/19/2025 | | 995 | Request for Oral Argument on Summary Judgment Motions filed by Creditor Lolonyon Akouete with certificate of service (Re: 658 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Request for Expedited Determination, 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment, and 845 Motion filed by Interested Party Denise Edwards For Summary Judgment). (jp, usbc) (Entered: 11/20/2025) |
| 11/20/2025 | | 996 | Proceeding Memorandum and Order dated 11/20/2025 Re: 977 Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. DENIED WITHOUT PREJUDICE FOR THE REASONS STATED ON THE RECORD. (jp, usbc) (Entered: 11/20/2025) |
| 11/20/2025 | | | Hearing Scheduled for 12/17/2025 at 02:30 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith), and |

| | | | |
|---|---|---|---|
| | | | 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts Expedited Determination Requested Regarding Approval of Form of Combined Notice. Objections due by 12/13/2025 at 11:59 PM. (ab) (Entered: 11/20/2025) |
| 11/20/2025 | | 997 | Order dated 11/20/2025 Re: 993 Emergency Motion for Determination that the $1,293,646.83 in Unclaimed Funds Released by the California State Controller Is Not Property of the Estate and for Immediate Release of Such Funds filed by Creditor Lolonyon Akouete. DENIED. THE MOVANT LACKS STANDING TO ASSERT RIGHTS IN FUNDS HELD BY THE ESTATE ON BEHALF OF MIGNONETTE INVESTMENTS LTD. AS SOLE MEMBER OF THE DEBTOR (IDENTIFIED IN THE MOTION AS THE EQUITY INVESTOR) OR REQUEST TO IMPOSE A CONSTRUCTIVE OR OTHER TRUST ON BEHALF OF MIGNONETTE. THE MOVANT REQUESTS THAT THE FUNDS BE RELEASED TO HIM, INDIVIDUALLY, AND APPEARS TO ASSERT A CLAIM ON HIS OWN BEHALF TO FUNDS PRESENTLY HELD BY THE TRUSTEE WITHOUT DEMONSTRATING THAT HE HAS A PERSONAL INTEREST IN THOSE FUNDS. THE COURT ALSO OBSERVES THAT THE MOVANT'S ASSERTED POSITIONS DIRECTLY CONTRADICT PREVIOUS POSITIONS AND STATEMENTS MADE BY THE MOVANT THAT THE RIGHT TO RECEIVE THE FUNDS FROM THE STATE OF CALIFORNIA CONSTITUTED A CLAIM OF THE DEBTOR AND PROPERTY OF THE ESTATE. (jp, usbc) (Entered: 11/20/2025) |
| 11/20/2025 | | 998 | BNC Certificate of Mailing – PDF Document. (Re: 992 Order on Motion To Sell) Notice Date 11/20/2025. (Admin.) (Entered: 11/21/2025) |
| 11/21/2025 | | 999 | Emergency Motion for Interim Release of $10,000 from Funds Held by Trustee to Alleviate Immediate Hardship and to Preserve the Debtors Corporate Existence Pending Final Adjudication filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 11/21/2025) |
| 11/22/2025 | | 1000 | BNC Certificate of Mailing – PDF Document. (Re: 994 Order) Notice Date 11/22/2025. (Admin.) (Entered: 11/23/2025) |
| 11/22/2025 | | 1001 | BNC Certificate of Mailing – PDF Document. (Re: 996 Order on Motion For Emergency/Expedited Hearing) Notice Date 11/22/2025. (Admin.) (Entered: 11/23/2025) |
| 11/22/2025 | | 1002 | BNC Certificate of Mailing – PDF Document. (Re: 997 Order on Generic Motion) Notice Date 11/22/2025. (Admin.) (Entered: 11/23/2025) |
| 11/26/2025 | | 1003 | Motion filed by Creditor Lolonyon Akouete for Nunc Pro Tunc Determination that Trustee Control Prevented Timely Filing of Calafornia Government Claim: For Equitable Tolling of State Deadlines; and for Clarifying Order Regarding Personal Claim Rights (Re: 997 Order on Generic Motion). (meh, Usbc) (Entered: 11/26/2025) |
| 11/26/2025 | | 1004 | Order dated 11/26/2025 Re: 999 Emergency Motion for Interim Release of $10,000 from Funds Held by Trustee to Alleviate Immediate Hardship and to Preserve the Debtors Corporate Existence Pending Final Adjudication filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (meh, Usbc) (Entered: 11/26/2025) |

| | | | |
|---|---|---|---|
| 11/26/2025 | | <u>1005</u> | Motion filed by Creditor Lolonyon Akouete for Immediate Reimbursement of $5,000 Retainer Paid to Shrin & Lodgen LLP for Debtor Representation and Request for Expedited Determination . (meh, Usbc) (Entered: 11/26/2025) |
| 11/26/2025 | | <u>1006</u> | Order dated 11/26/2025 Re: <u>1003</u> Motion filed by Creditor Lolonyon Akouete for Nunc Pro Tunc Determination that Trustee Control Prevented Timely Filing of Calafornia Government Claim: For Equitable Tolling of State Deadlines; and for Clarifying Order Regarding Personal Claim Rights Re: <u>997</u> Order on Generic Motion. DENIED. MOVANT APPEARS TO BE REQUESTING THAT THIS COURT RULE ON AN "EQUITABLE TOLLING" ARGUMENT THAT MUST BE ASSERTED BEFORE AND DETERMINED BY ANOTHER TRIBUNAL OR AN ADMINISTRATIVE AGENCY. FURTHER, HE APPEARS TO BE REQUESTING RELIEF RELATING TO A PURPORTED "PERSONAL CLAIM," BUT CONFLATES CLAIMS WHICH, IF VIABLE, WOULD HAVE BEEN OR WOULD BE PROPERTY OF THE ESTATE. (slh, usbc) (Entered: 11/26/2025) |
| 11/28/2025 | | <u>1007</u> | Emergency Motion to Compel Chapter 7 Trustee to Submit IRS Disclosure Requests under 26 U.S.C. § 6103(e)(1)(D)(v) and IRM 11.3.2.4.3 for Mignonette Investments Limited and Westborough SPE LLC Prior to Approval of Proposed Sale filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 11/28/2025) |
| 11/28/2025 | | <u>1008</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1004</u> Order on Generic Motion) Notice Date 11/28/2025. (Admin.) (Entered: 11/29/2025) |
| 11/28/2025 | | <u>1009</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1006</u> Order on Motion to Clarify) Notice Date 11/28/2025. (Admin.) (Entered: 11/29/2025) |
| 12/01/2025 | | <u>1010</u> | Order dated 12/1/2025 Re: <u>1005</u> Motion filed by Creditor Lolonyon Akouete for Immediate Reimbursement of $5,000 Retainer Paid to Shrin & Lodgen LLP for Debtor Representation and Request for Expedited Determination . DENIED. THE FACTS ALLEGED APPEAR TO ONLY GIVE RISE TO A POSSIBLE PREPETITION UNSECURED CLAIM THAT IS OR SHOULD HAVE BEEN PART OF THE PROOF OF CLAIM FILED BY THE MOVANT THAT IS SUBJECT TO A PENDING OBJECTION. UNLIKE A FILING FEE PAID BY ANOTHER PARTY THAT WAS TRACEABLE AND REFUNDED TO THE DEBTOR THAT WAS THE SUBJECT OF AN EARLIER ORDER PAYING THOSE FUNDS TO THE PERSON THAT PAID THAT FEE, MOVANT DOES NOT ALLEGE THAT THE LAW FIRM IS REFUNDING THE RETAINER OR EXPENSES REFERENCED IN THE MOTION. (jp, usbc) (Entered: 12/01/2025) |
| 12/01/2025 | | <u>1011</u> | Order dated 12/1/2025 Re: <u>1007</u> Emergency Motion to Compel Chapter 7 Trustee to Submit IRS Disclosure Requests under 26 U.S.C. § 6103(e)(1)(D)(v) and IRM 11.3.2.4.3 for Mignonette Investments Limited and Westborough SPE LLC Prior to Approval of Proposed Sale filed by Creditor Lolonyon Akouete. GRANTED IN PART AND DENIED IN PART. THE COURT WILL NOT ADDRESS MISSTATEMENTS OR MISUNDERSTANDINGS IN THE MOTION. THE MOTION TO COMPEL IS DENIED, BUT THE TRUSTEE IS ORDERED TO PROVIDE AN UPDATE REGARDING THE TRUSTEE'S EFFORTS TO LOCATE A REPRESENTATIVE OF MIGNONETTE, AND WHETHER THE TRUSTEE HAS SOUGHT RECORDS FROM THE IRS TO ASSIST IN IDENTIFYING A |

| | | | |
|---|---|---|---|
| | | | RESPONSIBLE PARTY FOR MIGNONETTE AT THE HEARING PRESENTLY SCHEDULED ON DECEMBER 17, 2025. (jp, usbc) (Entered: 12/01/2025) |
| 12/01/2025 | | 1012 | Adversary case 25–04033. Complaint by Lolonyon Akouete against Jonathan Goldsmith . Fee Amount $350 . Nature of Suit(72 (Injunctive relief – other)) ,(91 (Declaratory judgment)) ,(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)))(meh, Usbc) (Entered: 12/01/2025) |
| 12/03/2025 | | 1013 | BNC Certificate of Mailing – PDF Document. (Re: 1010 Order on Generic Motion) Notice Date 12/03/2025. (Admin.) (Entered: 12/04/2025) |
| 12/03/2025 | | 1014 | BNC Certificate of Mailing – PDF Document. (Re: 1011 Order on Generic Motion) Notice Date 12/03/2025. (Admin.) (Entered: 12/04/2025) |
| 12/04/2025 | | 1015 | Notice *of Publication Regarding Proposed Sale of 231 Turnpike Road, Westborough, Massachusetts and Proposed Settlement Agreement* with certificate of service (Re: 992 Order on Motion To Sell) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 12/04/2025) |
| 12/05/2025 | | 1016 | Emergency Motion filed by Creditor Lolonyon Akouete for Order Directing the Trustee to Request and Obtain the Goulston & Storrs Client File, or in the alternative, for Authorization for Movant to Obtain the File Directly, and forReport from Trustee at December 17 Hearing. (meh, Usbc) (Entered: 12/05/2025) |
| 12/05/2025 | | 1017 | Supplemental Certificate of Service (Re: 966 Settlement Agreement, 967 Motion to Compromise, 968 Motion to Sell, 978 Supplemental Document, 989 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 12/05/2025) |
| 12/08/2025 | | 1018 | Supplemental Certificate of Service (Re: 966 Settlement Agreement, 967 Motion to Compromise, 968 Motion to Sell, 978 Supplemental Document, 989 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 12/08/2025) |
| 12/09/2025 | | 1019 | Expedited Motion filed by Trustee Jonathan R. Goldsmith For Order *Restricting Vexatious Litigation and Request for Expedited Determination* with certificate of service. (Devine, Christine) (Entered: 12/09/2025) |
| 12/09/2025 | | 1020 | Emergency Motion to Direct Trustee to Respond to District Court Order to Show Cause in Westborough SPE LLC v. Town of Westborough, No. 4:23–cv–12017–MRG filed by Interested Party Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 12/10/2025) |
| 12/11/2025 | | 1021 | Creditor Lolonyon Akouetes Opposition to Trustees Motion for Order Restricting Vexatious Litigation and Request for Expedited Determination (Re: 1019 Expedited Motion filed by Trustee Jonathan R. Goldsmith For Order Restricting Vexatious Litigation and Request for Expedited Determination) with certificate of service filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 12/11/2025) |

| 12/11/2025 | | 1022 | Emergency Motion to (I) Construe Prior Filings as an Informal Proof of Claim for Severable $5,250 Prepetition Expenditures; or (II) in the Alternative, for Leave To File a Late Proof of Claim under Rule 9006(b)(1); or (III) in the Further Alternative, to Authorize Amendment of Claim No. 4; and Request for Expedited Determination filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 12/11/2025) |
|---|---|---|---|
| 12/11/2025 | | 1023 | Motion filed by Creditor Lolonyon Akouete for for Allowance and Payment of Administrative Expense Claim for Post–Petition Costar Subscription Pursuant to 11 U.S.C. Sec. 503(b)(1)(A), 503(b) and the Court's Equitable Powers. (meh, Usbc) (Entered: 12/11/2025) |
| 12/11/2025 | | 1024 | Emergency Motion filed by Creditor Lolonyon Akouete for Expedited Hearing and Immediate Payment of Administrative Expense Claim for Post Petition Costar Subscription (Re: 1023 Motion for Administrative Expenses) with certificate of service. (meh, Usbc) (Entered: 12/11/2025) |
| 12/11/2025 | | 1025 | Order dated 12/11/2025 Re: 1020 Emergency Motion to Direct Trustee to Respond to District Court Order to Show Cause in Westborough SPE LLC v. Town of Westborough, No. 4:23–cv–12017–MRG filed by Interested Party Lolonyon Akouete. DENIED. THE DISTRICT COURT CASE IS POTENTIALLY ADDRESSED BY THE PENDING MOTION TO COMPROMISE THAT IS SCHEDULED FOR HEARING ON DECEMBER 17, 2025 AND THE DEADLINE TO RESPOND TO THE SHOW CAUSE ORDER HAS JUST BEEN RECENTLY ESTABLISHED. IT IS UNCLEAR WHY MR. AKOUETE IS SEEKING THE RELIEF SET FORTH IN THE MOTION AT THIS TIME. (dr) (Entered: 12/11/2025) |
| 12/11/2025 | | 1026 | Order dated 12/11/2025 Re: 1022 Emergency Motion To (I) Construe Prior Filings As An Informal Proof Of Claim For Severable $5,250 Prepetition Expenditures; Or (II) In The Alternative, For Leave To File A Late Proof Of Claim Under Rule 9006(B)(1); Or (III) In The Further Alternative, To Authorize Amendment Of Claim No. 4; And Request For Expedited Determination. DENIED. TO THE EXTENT THAT THE PREPETITION AMOUNTS CLAIMED WERE ASSERTED AS PART OF A PREVIOUSLY FILED PROOF OF CLAIM, THEY ARE SUBJECT TO THE PENDING MOTIONS FOR SUMMARY JUDGMENT. AS TO THE ASSERTION OF A § 503(b)(1)(A) ADMINISTRATIVE CLAIM, THE REQUEST HAS BEEN SUPERSEDED BY THE "MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FOR POST–PETITION COSTAR SUBSCRIPTION PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A), 503(b) AND THE COURTS EQUITABLE POWERS" [ECF NO. 1023]. (dr) (Entered: 12/11/2025) |
| 12/11/2025 | | 1027 | Order dated 12/11/2025 Re: 1024 Emergency Motion filed by Creditor Lolonyon Akouete for Expedited Hearing and Immediate Payment of Administrative Expense Claim for Post Petition Costar Subscription (Re: 1023 Motion for Administrative Expenses) . DENIED. ANY OBJECTIONS TO THE "MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FOR POST–PETITION COSTAR SUBSCRIPTION PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A), 503(b) AND THE COURT'S EQUITABLE POWERS" [ECF NO. 1023] SHALL BE FILED WITHIN SEVEN (7) DAYS OF THE DATE OF THIS ORDER. (dr) (Entered: 12/11/2025) |
| 12/12/2025 | | 1031 | Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019 Re: 967 |

| | | | |
|---|---|---|---|
| | | | Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith) with certificate of service filed by Creditor Lolonyon Akouete . (jp, usbc) (Entered: 12/15/2025) |
| 12/14/2025 | | 1028 | BNC Certificate of Mailing – PDF Document. (Re: 1025 Order) Notice Date 12/14/2025. (Admin.) (Entered: 12/15/2025) |
| 12/14/2025 | | 1029 | BNC Certificate of Mailing – PDF Document. (Re: 1026 Order) Notice Date 12/14/2025. (Admin.) (Entered: 12/15/2025) |
| 12/14/2025 | | 1030 | BNC Certificate of Mailing – PDF Document. (Re: 1027 Order) Notice Date 12/14/2025. (Admin.) (Entered: 12/15/2025) |
| 12/15/2025 | | 1032 | Creditor Lolonyon Akouete's Notice of Efforts to Obtain IRS Responsible–Party Records Pursuant to Court's December 1, 2025 Order Filed by Creditor Lolonyon Akouete Re: 1011 Order dated 12/1/2025 (Re: 1007 Emergency Motion to Compel Chapter 7 Trustee to Submit IRS Disclosure Requests under 26 U.S.C. § 6103(e)(1)(D)(v) and IRM 11.3.2.4.3 for Mignonette Investments Limited and Westborough SPE LLC Prior to Approval of Proposed Sale filed by Creditor Lolonyon Akouete) with certificate of service. (jp, usbc) (Entered: 12/16/2025) |
| 12/17/2025 | | | Hearing Held Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith) filed by Trustee Jonathan R. Goldsmith, and 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. (ab) (Entered: 12/22/2025) |
| 12/18/2025 | | 1033 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 1023 Application filed by Creditor Lolonyon Akouete for Administrative Expenses. (Smerage, Roger) (Entered: 12/18/2025) |
| 12/18/2025 | | 1034 | Objection *to Akouete's Motion for Administrative Claim* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 1023 Application filed by Creditor Lolonyon Akouete for Administrative Expenses. (Savoia, Angelina) (Entered: 12/18/2025) |
| 12/19/2025 | | 1035 | Proceeding Memorandum and Order dated 12/19/2025 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. FOR THE REASONS STATED ON THE RECORD, THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING THE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND FOR RELATED RELIEF [ECF NO. 968] WILL BE GRANTED, AND THE SALE APPROVED AND AUTHORIZED, AS WILL BE SET FORTH IN A SEPARATE ORDER TO ENTER. THE TRUSTEE SHALL SUBMIT A PROPOSED FORM OF SALE ORDER IN WORD FORMAT TO THE COURT'S PROPOSED ORDER EMAIL ADDRESS (CJP@MAB.USCOURTS.GOV) NO LATER THAN TWO BUSINESS DAYS FROM THE DATE OF THIS ORDER. (dr) (Entered: 12/19/2025) |
| 12/19/2025 | | 1036 | |

| | | | |
|---|---|---|---|
| | | | Proceeding Memorandum and Order dated 12/19/2025 Re: <u>967</u> Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith) filed by Trustee Jonathan R. Goldsmith. FOR THE REASONS STATED ON THE RECORD, AND SUBJECT TO ENTRY OF THE SEPARATE ORDER AUTHORIZING THE SALE OF PROPERTY THAT WILL BE ENTERED WITH RESPECT TO ECF NO. 968, THE MOTION IS GRANTED AND THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE [ECF NO. 966] IS APPROVED. (dr) (Entered: 12/19/2025) |
| 12/24/2025 | | <u>1037</u> | Order dated 12/24/2025 Re: <u>968</u> Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. ORDER (I) AUTHORIZING THE PRIVATE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) APPROVING PURCHASE AND SALE AGREEMENT; (III) AUTHORIZING DISBURSEMENTS OF SALE PROCEEDS PURSUANT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE; AND (IV) GRANTING RELATED RELIEF. See Order for Full Text. (dc) (Entered: 12/24/2025) |
| 12/24/2025 | | <u>1038</u> | Order dated 12/24/25 Re: <u>967</u> Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith. ORDER GRANTING TRUSTEES MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING SETTLEMENT AGREEMENT AND MUTUAL RELEASE PURSUANT TO FED. R. BANKR. P. 9019, AS SUPPLEMENTED. See Order for Full Text. (dc) (Entered: 12/24/2025) |
| 12/24/2025 | | <u>1039</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1035</u> Order) Notice Date 12/24/2025. (Admin.) (Entered: 12/25/2025) |
| 12/24/2025 | | <u>1040</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1036</u> Order) Notice Date 12/24/2025. (Admin.) (Entered: 12/25/2025) |
| 12/26/2025 | | <u>1041</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1037</u> Order on Motion To Sell) Notice Date 12/26/2025. (Admin.) (Entered: 12/27/2025) |
| 12/26/2025 | | <u>1042</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1038</u> Order) Notice Date 12/26/2025. (Admin.) (Entered: 12/27/2025) |
| 12/30/2025 | | <u>1043</u> | Order dated 12/30/2025 Re: <u>866</u> Application for Compensation and Reimbursement of Expenses with certificate of service for Craig R. Jalbert, Accountant.  ALLOWED. FEES THE ACCOUNTANT, VERDOLINO & LOWEY, P.C., IN THE AMOUNT OF $2,044 AND EXPENSES IN THE AMOUNT OF $27.24 ARE APPROVED ON A FINAL BASIS. See Order for Full Text. (meh, Usbc) (Entered: 12/30/2025) |
| 12/30/2025 | | <u>1044</u> | Order dated 12/30/2025 Re: <u>870</u> First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney. FEES IN THE AMOUNT OF $ $275,587.50 AND EXPENSES IN THE AMOUNT OF $1,217.44 ARE APPROVED ON AN INTERIM BASIS SUBJECT TO FURTHER REVIEW OF THE |

| | | | |
|---|---|---|---|
| | | | COURT IN CONNECTION WITH A FINAL APPLICATION. See Order for Full Text. (dr) (Entered: 12/30/2025) |
| 12/31/2025 | | 1045 | Order To Set Hearing dated 12/31/2025 (Re: 658 Motion for Summary Judgment filed by Lolonyon Akouete, 736 Motion for Summary Judgment filed by Trustee Jonathan R. Goldsmith, 845 Motion for Summary Judgment filed by Denise Edwards). THE COURT HEREBY SCHEDULES THE SUMMARY JUDGMENT MOTIONS AT ECF NOS. 658, 736, AND 845 FOR ORAL ARGUMENT ON JANUARY 22, 2026 AT 10:30 A.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. See Order for Full Text. (dr) (Entered: 12/31/2025) |
| 12/31/2025 | | 1048 | Creditor Lolonyon Akouete's Consolidated Response to (I) Trustee's Objection and (II) Town of Westborough's Opposition to Motion for Allowance and Payment of Administrative Expense Claim filed by Creditor Lolonyon Akouete Re: 1033 Opposition filed by Creditor Town of Westborough (Re: 1023 Application filed by Creditor Lolonyon Akouete for Administrative Expenses), 1034 Objection to Akouete's Motion for Administrative Claim filed by Trustee Jonathan R. Goldsmith (Re: 1023 Application filed by Creditor Lolonyon Akouete for Administrative Expenses) with certificate of service. (jp, usbc) (Entered: 01/02/2026) |
| 01/01/2026 | | 1046 | BNC Certificate of Mailing – PDF Document. (Re: 1043 Order on Application for Compensation) Notice Date 01/01/2026. (Admin.) (Entered: 01/02/2026) |
| 01/01/2026 | | 1047 | BNC Certificate of Mailing – PDF Document. (Re: 1044 Order on Application for Compensation) Notice Date 01/01/2026. (Admin.) (Entered: 01/02/2026) |
| 01/02/2026 | | 1049 | BNC Certificate of Mailing – PDF Document. (Re: 1045 Order To Set Hearing) Notice Date 01/02/2026. (Admin.) (Entered: 01/03/2026) |
| 01/05/2026 | | 1050 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Creditor Lolonyon Akouete (RE: 1037 Order on Motion To Sell, 1038 Order). Appellant Designation due by 1/20/2026. Compiled Records Due by 2/2/2026. Transmission of Designation Due by 2/4/2026. (Attachments: # 1 Order #1037 # 2 Order #1038)(jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1051 | Court's Order of Deficiency (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). The deadline to cure the deficiency is 1/12/2026 at 04:30 PM. (jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1052 | Clerk's Notice of Fees Due Fee due by 1/20/2026. (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1053 | Notice of Appeal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1054 | Initial Transmittal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested |

| | | | |
|---|---|---|---|
| | | | Party Lolonyon Akouete). (meh, Usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1055 | Creditor Lolonyon Akouete's Motion for Partial Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007 (Re: 1050 Notice of Appeal and Statement of Election to District Court Filed by Creditor Lolonyon Akouete (RE: 1037 Order on Motion To Sell, 1038 Order)) filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1056 | Emergency Motion filed by Creditor Lolonyon Akouete for Entry of Order Within Three (3) Days Directing the Internal Revenue Service to Release Forms SS–4 and8822–b with certificate of service. (meh, Usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1057 | Order dated 1/5/2026 Re: 1016 Emergency Motion filed by Creditor Lolonyon Akouete for Order Directing the Trustee to Request and Obtain the Goulston & Storrs Client File, or in the alternative, for Authorization for Movant to Obtain the File Directly, and forReport from Trustee at December 17 Hearing. MOOT. SEE SALE ORDER AT ECF NO. 1037. IF RELATED TO ADVERSARY PROCEEDING NO. 25–4033, ALSO MOOT AS THAT MATTER IS PRESENTLY STAYED. (jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1058 | Order dated 1/5/2026 Re: 1023 Motion filed by Creditor Lolonyon Akouete for for Allowance and Payment of Administrative Expense Claim for Post–Petition Costar Subscription Pursuant to 11 U.S.C. Sec. 503(b)(1)(A), 503(b) and the Court's Equitable Powers. DENIED. SETTING ASIDE THE SUBSTANTIAL ISSUE OF WHETHER A 503(B) CLAIM MAY EVEN BE ASSERTED IN A CHAPTER 7 CASE AND THE WEIGHT OF THE MAJORITY OF DECISIONS DECIDING THAT IN THE NEGATIVE, THE RECORD IN THIS CASE DOES NOT SUPPORT ALLOWANCE OF AN ADMINISTRATIVE CLAIM TO ADVANCE THE LITIGATION POSITIONS OF AKOUETE AS A CREDITOR. THE EXPENSE WAS NOT NECESSARY OR BENEFICIAL TO THE ESTATE. AKOUETE MADE NO EFFORT TO SEEK APPROVAL FROM THE TRUSTEE OR THE COURT TO INCUR CHARGES THAT WOULD RESULT IN AN ADMINISTRATIVE EXPENSE CLAIM. See Order for Full Text. (jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1059 | Order dated 1/5/2026 Re: 1032 Creditor Lolonyon Akouete's Notice of Efforts to Obtain IRS Responsible–Party Records Pursuant to Court's December 1, 2025 Order Filed by Creditor Lolonyon Akouete Re: 1011 Order dated 12/1/2025 (Re: 1007 Emergency Motion to Compel Chapter 7 Trustee to Submit IRS Disclosure Requests under 26 U.S.C. § 6103(e)(1)(D)(v) and IRM 11.3.2.4.3 for Mignonette Investments Limited and Westborough SPE LLC Prior to Approval of Proposed Sale filed by Creditor Lolonyon Akouete)). MR. AKOUETE HAS BEEN WARNED IN OTHER CONTEXTS NOT TO REPRESENT THAT HE IS AUTHORIZED TO ACT ON BEHALF OF THE DEBTOR, THE ESTATE, OR THE TRUSTEE. MR. AKOUETE IS ORDERED TO SHOW CAUSE IN WRITING ON OR BEFORE JANUARY 30, 2026, WHY HE SHOULD NOT BE SANCTIONED FOR MISREPRESENTING HIS AUTHORITY AND EXERCISING CONTROL OVER RIGHTS THAT ARE PROPERTY OF THE ESTATE. WITHIN THREE (3) BUSINESS DAYS OF THE DATE OF THIS ORDER, HE SHALL ALSO SERVE A COPY OF THIS ORDER ON THE OFFICE OF REPRESENTATIVE RILEY AND ANYONE ELSE TO WHOM HE HAS MADE SIMILAR REPRESENTATION. See Order for Full Text. (jp, usbc) (Entered: 01/05/2026) |

| | | | |
|---|---|---|---|
| 01/05/2026 | | 1060 | Order dated 1/5/2026 Re: 1055 Creditor Lolonyon Akouete's Motion for Partial Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007 (Re: 1050 Notice of Appeal and Statement of Election to District Court Filed by Creditor Lolonyon Akouete (RE: 1037 Order on Motion To Sell, 1038 Order) filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1061 | Creditor's Response to Order to Show Cause (Re: 1059 Order dated 1/5/2026 (Re: 1032 Creditor Lolonyon Akouete's Notice of Efforts to Obtain IRS Responsible–Party Records Pursuant to Court's December 1, 2025 Order Filed by Creditor Lolonyon Akouete (Re: 1011 Order))) filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 01/06/2026) |
| 01/06/2026 | | 1062 | Creditor's Motion for Reconsideration of Order Denying Motion for Partial Stay Pending Appeal Re: 1060 Order dated 1/5/2026 (Re: 1055 Creditor Lolonyon Akouete's Motion for Partial Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007 (Re: 1050 Notice of Appeal and Statement of Election to District Court Filed by Creditor Lolonyon Akouete (RE: 1037 Order on Motion To Sell, 1038 Order)) filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 01/06/2026) |
| 01/06/2026 | | 1063 | Order dated 1/6/2026 Re: 1062 Creditor's Motion for Reconsideration of Order Denying Motion for Partial Stay Pending Appeal (Re: 1060 Order dated 1/5/2026 (Re: 1055 Creditor Lolonyon Akouete's Motion for Partial Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007)). DENIED. THE MOTION FOR RECONSIDERATION DOES NOT APPEAR TO ASSERT ADDITIONAL MATERIAL INFORMATION THAT WAS NOT ALREADY CONSIDERED IN ENTERING THE ORDER DENYING MOVANT'S REQUEST FOR PARTIAL STAY PENDING APPEAL [ECF NO. 1060] (THE "SUBJECT ORDER") THAT WOULD DEMONSTRATE THAT THE COURT MADE A MANIFEST ERROR OF LAW OR FACT WITH RESPECT TO THE SUBJECT ORDER. SEE IN RE WEDGESTONE FIN., 142 B.R. 7, 8 (BANKR. D. MASS. 1992) (CITATIONS OMITTED). (jp, usbc) (Entered: 01/06/2026) |
| 01/06/2026 | | 1064 | Notice of Appeal and Statement of Election Official Form 417A Filed by Creditor Lolonyon Akouete (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete). (meh, Usbc) (Entered: 01/06/2026) |
| 01/06/2026 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 26–cv–10037 (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 01/06/2026) |
| 01/07/2026 | | 1065 | Affidavit of Indigency Filed by Creditor Lolonyon Akouete (Re: 1050 Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Creditor Lolonyon Akouete (RE: 1037 Order on Motion To Sell, 1038 Order). (jp, usbc) (Entered: 01/07/2026) |
| 01/07/2026 | | 1066 | Application filed by Trustee Jonathan R. Goldsmith to Employ EGAN, FLANAGAN & COHEN, P.C. as Counsel filed with Affidavit along with certificate of service and proposed order. (Goldsmith, Jonathan) (Entered: 01/07/2026) |
| 01/07/2026 | | 1067 | |

| | | | |
|---|---|---|---|
| | | | Order dated 1/7/2026 Re: 1056 Emergency Motion filed by Creditor Lolonyon Akouete for Entry of Order Within Three (3) Days Directing the Internal Revenue Service to Release Forms SS−4 and 8822−b. DENIED. See Order for Full Text. (jp, usbc) (Entered: 01/07/2026) |
| 01/07/2026 | | 1068 | BNC Certificate of Mailing – Notice (Re: 1052 Clerk's Notice of Fees Due) Notice Date 01/07/2026. (Admin.) (Entered: 01/08/2026) |
| 01/07/2026 | | 1069 | BNC Certificate of Mailing. (Re: 1051 Court's Order of Deficiency) Notice Date 01/07/2026. (Admin.) (Entered: 01/08/2026) |
| 01/07/2026 | | 1070 | BNC Certificate of Mailing – PDF Document. (Re: 1057 Order on Motion for Order/Authority) Notice Date 01/07/2026. (Admin.) (Entered: 01/08/2026) |
| 01/07/2026 | | 1071 | BNC Certificate of Mailing – PDF Document. (Re: 1058 Order on Application for Administrative Expenses) Notice Date 01/07/2026. (Admin.) (Entered: 01/08/2026) |
| 01/07/2026 | | 1072 | BNC Certificate of Mailing – PDF Document. (Re: 1059 Order) Notice Date 01/07/2026. (Admin.) (Entered: 01/08/2026) |
| 01/07/2026 | | 1073 | BNC Certificate of Mailing – PDF Document. (Re: 1060 Order on Motion To Stay Pending Appeal) Notice Date 01/07/2026. (Admin.) (Entered: 01/08/2026) |
| 01/08/2026 | | 1074 | Motion filed by Creditor Lolonyon Akouete For Entry of a Narrow Order Directing the Internal Revenue Service to Release Forms SS−4 and 8822−B (FED.R.CIV.P.56(b), as Incorporated by FED.R.BANKR.P.7056) with certificate of service. (Attachments: # 1 Declaration in Support) (meh, Usbc) (Entered: 01/08/2026) |
| 01/08/2026 | | 1075 | Order dated 1/8/2026 Re: 1074 Motion filed by Creditor Lolonyon Akouete For Entry of a Narrow Order Directing the Internal Revenue Service to Release Forms SS−4 and 8822−B (FED.R.CIV.P.56(b), as Incorporated by FED.R.BANKR.P.7056).  ANY OBJECTIONS TO THE MOTION SHALL BE FILED WITHIN 14 DAYS OF THE DATE OF THIS ORDER. THE TRUSTEE SHOULD CONSIDER WHETHER ANY RESPONSIVE RECORD WOULD AID IN THE ADMINISTRATION OF THE ESTATE AND, IF SO, ADDRESS THAT SUBJECT IN ANY RESPONSE. (jp, usbc) (Entered: 01/08/2026) |
| 01/08/2026 | | 1076 | BNC Certificate of Mailing – PDF Document. (Re: 1063 Order on Motion To Reconsider) Notice Date 01/08/2026. (Admin.) (Entered: 01/09/2026) |
| 01/09/2026 | | 1077 | BNC Certificate of Mailing – PDF Document. (Re: 1067 Order on Motion for Order/Authority) Notice Date 01/09/2026. (Admin.) (Entered: 01/10/2026) |
| 01/10/2026 | | 1078 | BNC Certificate of Mailing – PDF Document. (Re: 1075 Order on Motion for Order/Authority) Notice Date 01/10/2026. (Admin.) (Entered: 01/11/2026) |
| 01/12/2026 | | 1079 | Motion filed by Creditor Lolonyon Akouete for Reconsideration of Order Denying Administrative Expense Claim Re: 1058 Order dated 1/5/2026 (Re: 1023 Motion filed by Creditor Lolonyon Akouete for for |

| Date | | Doc # | Description |
|---|---|---|---|
| | | | Allowance and Payment of Administrative Expense Claim for Post–Petition Costar Subscription Pursuant to 11 U.S.C. Sec. 503(b)(1)(A), 503(b) and the Court's Equitable Powers) with certificate of service. (jp, usbc) (Entered: 01/12/2026) |
| 01/12/2026 | | 1080 | Emergency Motion to Shorten Response Deadline or, in the Alternative, to Modify Stay to Permit State–Court Discovery (Dkt. 1075) filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 01/12/2026) |
| 01/14/2026 | | 1081 | Order dated 1/14/2026 Re: 1079 Motion filed by Creditor Lolonyon Akouete for Reconsideration of Order Denying Administrative Expense Claim (Re: 1058 Order dated 1/5/2026 (Re: 1023 Motion filed by Creditor Lolonyon Akouete for for Allowance and Payment of Administrative Expense Claim for Post–Petition Costar Subscription Pursuant to 11 U.S.C. Sec. 503(b)(1)(A), 503(b) and the Court's Equitable Powers)). THE MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE EXPENSE CLAIM (Dkt. No. 1058) [ECF NO. 1079] (THE MOTION) IS DENIED. See Order for Full Text. (jp, usbc) (Entered: 01/14/2026) |
| 01/14/2026 | | 1082 | Endorsed Order dated 1/14/2026 Re: 1080 Emergency Motion to Shorten Response Deadline or, in the Alternative, to Modify Stay to Permit State−Court Discovery (Dkt. 1075) filed by Creditor Lolonyon Akouete. DENIED. (jp, usbc) (Entered: 01/14/2026) |
| 01/15/2026 | | 1083 | Emergency Motion filed by Creditor Lolonyon Akouete Relief Under Fed. R. Civ. P. 56(d) (As Incorporated by Fed. R. Bank. P. 7056) with certificate of service. (meh, Usbc) (Entered: 01/15/2026) |
| 01/16/2026 | | 1084 | Order dated 1/16/2026 Re: 1083 Emergency Motion filed by Creditor Lolonyon Akouete Relief Under Fed. R. Civ. P. 56(d) (As Incorporated by Fed. R. Bank. P. 7056). REQUEST FOR EMERGENCY DETERMINATION IS DENIED. ANY OBJECTIONS TO THE MOTION SHALL BE FILED BY JANUARY 22, 2026. (jp, usbc) (Entered: 01/16/2026) |
| 01/16/2026 | | 1085 | Emergency Motion filed by Creditor Lolonyon Akouete for Reconsideration of Order Denying Emergency Determination (Re: Dkt. 1084) Re: 1084 Order dated 1/16/2026 (Re: 1083 Emergency Motion filed by Creditor Lolonyon Akouete Relief Under Fed. R. Civ. P. 56(d) (As Incorporated by Fed. R. Bank. P. 7056)) with certificate of service. (jp, usbc) (Entered: 01/16/2026) |
| 01/16/2026 | | 1086 | BNC Certificate of Mailing – PDF Document. (Re: 1081 Order on Motion To Reconsider) Notice Date 01/16/2026. (Admin.) (Entered: 01/17/2026) |
| 01/16/2026 | | 1087 | BNC Certificate of Mailing – PDF Document. (Re: 1082 Order on Generic Motion) Notice Date 01/16/2026. (Admin.) (Entered: 01/17/2026) |
| 01/16/2026 | | 1088 | Order dated 1/16/2026 Re: (Re: 1085 Emergency Motion filed by Creditor Lolonyon Akouete for Reconsideration of Order Denying Emergency Determination (Re: Dkt. 1084) Re: 1084 Order dated 1/16/2026 (Re: 1083 Emergency Motion filed by Creditor Lolonyon Akouete Relief Under Fed. R. Civ. P. 56(d) (As Incorporated by Fed. R. Bank. P. 7056)). DENIED. See Order for Full Text. (dr) (Entered: 01/18/2026) |

| | | | |
|---|---|---|---|
| 01/18/2026 | | 1089 | BNC Certificate of Mailing – PDF Document. (Re: 1084 Order on Generic Motion) Notice Date 01/18/2026. (Admin.) (Entered: 01/19/2026) |
| 01/20/2026 | | 1090 | Motion for Authorization of Rule for 2004 Examination and Issuance of Subpoena Duces Tecum to Goulston & Storrs PC filed by Creditor Lolonyon Akouete . (jp, usbc) (Entered: 01/20/2026) |
| 01/21/2026 | | 1091 | Supplement to Rule 2004 Motion Requesting Expedited Consideration and Providing Full Transaction Email Record, Participant Identification, and Analysis (Re: 1090 Motion for Authorization of Rule for 2004 Examination and Issuance of Subpoena Duces Tecum to Goulston & Storrs PC) filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 01/21/2026) |
| 01/21/2026 | | 1092 | Notice of Supplemental Authority Regarding Due Process, Void Judgments, and Vacatur of Tax Foreclosure Decrees Filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 01/21/2026) |
| 01/21/2026 | | 1093 | Certification of Default Re: 1050 Notice of Appeal and Statement of Election to District Court Filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 01/21/2026) |
| 01/21/2026 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 26–cv–10037 (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 01/21/2026) |
| 01/21/2026 | | 1094 | Transmittal (Certificate of Default) Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (jp, usbc) (Entered: 01/21/2026) |
| 01/22/2026 | | | Hearing Held Re: 658 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Request for Expedited Determination, 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment, 845 Motion filed by Interested Party Denise Edwards For Summary Judgment. (ab) (Entered: 01/22/2026) |
| 01/22/2026 | | 1095 | Objection *to Akouete's Motions Seeking Relief Under Fed. R. Civ. P. 56(d)* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 1074 Motion filed by Creditor Lolonyon Akouete For Entry of a Narrow Order Directing the Internal Revenue Service to Release Forms SS–4 and 8822–B (FED.R.CIV.P.56(b), as Incorporated by FED.R.BANKR.P.7056), 1083 Motion filed by Creditor Lolonyon Akouete Relief Under Fed. R. Civ. P. 56(d) (As Incorporated by Fed. R. Bank. P. 7056). (Devine, Christine) (Entered: 01/22/2026) |
| 01/22/2026 | | 1096 | BNC Certificate of Mailing – PDF Document. (Re: 1088 Order) Notice Date 01/22/2026. (Admin.) (Entered: 01/23/2026) |
| 01/23/2026 | | 1097 | Motion filed by Creditor–Appellant Lolonyon Akouete to Excuse Default and for Extension of Time to File Designation of Record and Statement of Issues (Re: 1050 Notice of Appeal and Statement of Election to District Court filed by Creditor Lolonyon Akouete). (jp, usbc). (Entered: 01/23/2026) |
| 01/26/2026 | | 1098 | Motion to Object to Procedural Posture and to Require Proper Adjudication of Delaware Managerial Status Predicate (Due Process and |

| | | | |
|---|---|---|---|
| | | | Constitutional Objection) filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 01/26/2026) |
| 01/26/2026 | | 1099 | Response to Trustees Objection To Motions Seeking Relief Under Fed. R. Civ. P. 56(d) (Dkt. Nos. 1074 and 1083), and Alternative Motion for Limited Rule 2004 Examination and Relief Based on Excusable Neglect filed by Creditor Lolonyon Akouete Re: 1095 Objection to Akouete's Motions Seeking Relief Under Fed. R. Civ. P. 56(d) filed by Trustee Jonathan R. Goldsmith (Re: 1074 Motion filed by Creditor Lolonyon Akouete for Entry of a Narrow Order Directing the Internal Revenue Service to Release Forms SS−4 and 8822−B (FED.R.CIV.P.56(b), as Incorporated by FED.R.BANKR.P.7056), 1083 Motion filed by Creditor Lolonyon Akouete Relief Under Fed. R. Civ. P. 56(d) (As Incorporated by Fed. R. Bank. P. 7056)). (jp, usbc) (Entered: 01/26/2026) |
| 01/26/2026 | | 1100 | Proceeding Memorandum and Order dated 1/26/2026 Re: 658 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Request for Expedited Determination. TAKEN UNDER ADVISEMENT. (jp, usbc) (Entered: 01/26/2026) |
| 01/26/2026 | | 1101 | Proceeding Memorandum and Order dated 1/26/2026 Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. TAKEN UNDER ADVISEMENT. (jp, usbc) (Entered: 01/26/2026) |
| 01/26/2026 | | 1102 | Proceeding Memorandum and Order dated 1/26/2026 Re: 845 Motion filed by Interested Party Denise Edwards For Summary Judgment. TAKEN UNDER ADVISEMENT. (jp, usbc) (Entered: 01/26/2026) |
| 01/26/2026 | | 1103 | Emergency Motion filed by Creditor Lolonyon Akouete for Limited Clarification of Preliminary Injunction to Permit Procedural Appearance in Pending State Court Action with certificate of service. (jp, usbc) (Entered: 01/26/2026) |
| 01/27/2026 | | 1104 | Appellant Designation of Contents For Inclusion in Record On Appeal , Statement of Issues Filed by Creditor Lolonyon Akouete (RE: 1050 Notice of Appeal and Statement of Election). Appellee designation due by 2/10/2026. (jp, usbc) (Entered: 01/27/2026) |
| 01/27/2026 | | 1105 | Motion filed by Creditor−Appellant Lolonyon Akouete for Access to Official Audio Recordings of Hearings, for Fee Waiver or Reduction, and for Electronic Delivery, for Purposes of Preparing a Statement of the Evidence Under Fed. R. App. P. 10(c) with certificate of service. (jp, usbc) (Entered: 01/27/2026) |
| 01/28/2026 | | 1106 | BNC Certificate of Mailing − PDF Document. (Re: 1100 Order on Motion For Summary Judgment) Notice Date 01/28/2026. (Admin.) (Entered: 01/29/2026) |
| 01/28/2026 | | 1107 | BNC Certificate of Mailing − PDF Document. (Re: 1101 Order on Motion For Summary Judgment) Notice Date 01/28/2026. (Admin.) (Entered: 01/29/2026) |
| 01/30/2026 | | 1108 | Order dated 1/30/2026 Re: 1103 Emergency Motion filed by Creditor Lolonyon Akouete for Limited Clarification of Preliminary Injunction to Permit Procedural Appearance in Pending State Court Action. DENIED IN PART. See Order for Full Text. (jp, usbc) (Entered: 01/30/2026) |
| 01/30/2026 | | 1109 | |

| | | | |
|---|---|---|---|
| | | | Order dated 1/30/2026 Re: 1105 Motion filed by Creditor–Appellant Lolonyon Akouete for Access to Official Audio Recordings of Hearings, for Fee Waiver or Reduction, and for Electronic Delivery, for Purposes of Preparing a Statement of the Evidence Under Fed. R. App. P. 10(c). DENIED ...GIVEN THE MOVANT'S ASSERTION OF INDIGENCY AND HIS DESIRE TO REVIEW THE RECORD OF THE HEARINGS, THE COURT WILL DIRECT THE CLERK'S OFFICE TO UPLOAD TO THE DOCKET AUDIO FILES OF THE ELEVEN HEARING RECORDINGS IDENTIFIED IN THE MOTION. THE COURT IS NOT REACHING OR DETERMINING THE PROPRIETY OF ANY SPECIFIC USE OF THE RECORDINGS BY THE MOVANT. See Order for Full Text. (jp, usbc) (Entered: 01/30/2026) |
| 01/30/2026 | | 1110 | PDF with attached Audio File. Court Date & Time [11/30/2023 01:30 PM]. File Size [11766.75 kb]. Run Time [00:00:1506]. (Hybrid Hearing on #20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA) (Brian W. Riley)#24 Opposition of Debtor (Lolonyon Akouete)#43 Limited Objection of the Chapter 7 Trustee, Jonathan R. Goldsmith.). (MeganHussey) (Entered: 01/30/2026) |
| 01/30/2026 | | 1111 | PDF with attached Audio File. Court Date & Time [08/20/2024 02:00 PM]. File Size [37808.44 kb]. Run Time [00:00:4839]. (Hybrid Hearing on #190 Motion filed by Trustee Jonathan R. Goldsmith to Approve #189 Settlement Agreement, #69 Motion filed by Creditor Town of Westborough to Dismiss Case, #280 Emergency Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. (Jonathan Goldsmith)). (MeganHussey) (Entered: 01/30/2026) |
| 01/30/2026 | | 1112 | PDF with attached Audio File. Court Date & Time [12/17/2024 02:00 PM]. File Size [7966.50 kb]. Run Time [00:00:1020]. (Hybrid Hearing on #437 Expedited Motion of Loloyon Akouete for Court Assistance to Obtaining Critical Information, #447 Motion of Chapter 7 Trustee for Order Fining Trustee has no Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act. (24–4006) #2 Motion of Town of Westborough to Remand and/or Abstain from Hearing Tax Forclosure, #3 Motion of Lolonyon Akouete In Support of the Chapter 7 Trustee's Notice of Removal and Request for Decision on Debtor's Motion to Vacate Foreclosure Judgment.) (Christine Devine)). (MeganHussey) (Entered: 01/30/2026) |
| 01/30/2026 | | 1113 | PDF with attached Audio File. Court Date & Time [06/10/2025 02:00 PM]. File Size [19611.75 kb]. Run Time [00:00:2510]. (Hybrid Rule 16 Conference on #639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete.). (MeganHussey) (Entered: 01/30/2026) |
| 01/30/2026 | | 1114 | Order dated 1/30/2026 Re: 1092 Notice of Supplemental Authority Regarding Due Process, Void Judgments, and Vacatur of Tax Foreclosure Decrees Filed by Creditor Lolonyon Akouete. THE COURT WILL TAKE NO ACTION WITH RESPECT TO THE "NOTICE" FILED AT ECF NO. 1092. TO THE EXTENT THE NOTICE REQUESTS THAT THE COURT TAKE "JUDICIAL NOTICE" OF CASE LAW OR MR. AKOUETE'S INTERPRETATION OF CASELAW, THAT REQUEST IS DENIED. JUDICIAL NOTICE IS APPLICABLE TO ADJUDICATIVE FACTS, NOT LEGAL AUTHORITY. (jp, usbc) (Entered: 01/30/2026) |

| | | | |
|---|---|---|---|
| 01/30/2026 | | <u>1115</u> | Order dated 1/30/2026 Re: <u>1098</u> Motion to Object to Procedural Posture and to Require Proper Adjudication of Delaware Managerial Status Predicate (Due Process and Constitutional Objection) filed by Creditor Lolonyon Akouete. DENIED. THIS COURT HAS CORE JURISDICTION TO DETERMINE ALL ISSUES IN CONNECTION WITH THE CLAIMS OBJECTIONS. (jp, usbc) (Entered: 01/30/2026) |
| 01/30/2026 | | <u>1116</u> | Emergency Motion filed by Creditor Lolonyon Akouete to Clarify and Enforce Dkt. 1109 to Provide Practical Access to Court–Authorized Audio Recordings (Re: <u>1109</u> Order dated 1/30/2026 (Re: <u>1105</u> Motion filed by Creditor–Appellant Lolonyon Akouete for Access to Official Audio Recordings of Hearings, for Fee Waiver or Reduction, and for Electronic Delivery, for Purposes of Preparing a Statement of the Evidence Under Fed. R. App. P. 10(c))) with certificate of service. (jp, usbc) (Entered: 01/30/2026) |
| 02/01/2026 | | <u>1117</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1108</u> Order on Generic Motion) Notice Date 02/01/2026. (Admin.) (Entered: 02/02/2026) |
| 02/01/2026 | | <u>1118</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1109</u> Order on Generic Motion) Notice Date 02/01/2026. (Admin.) (Entered: 02/02/2026) |
| 02/01/2026 | | <u>1119</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1114</u> Order) Notice Date 02/01/2026. (Admin.) (Entered: 02/02/2026) |
| 02/01/2026 | | <u>1120</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>1115</u> Order on Generic Motion) Notice Date 02/01/2026. (Admin.) (Entered: 02/02/2026) |
| 02/02/2026 | | <u>1121</u> | Motion filed by Creditor Lolonyon Akouete for Permissive Abstention Under 28 U.S.C. § 1334(c)(1), Or In The Alternative (i) To Sever/Defer Any Manager–Status Determination and (ii) For Relief To Commence An Expedited Delaware 6 Del. C. § 18–110 Proceeding with certificate of service. (jp, usbc) (Entered: 02/02/2026) |
| 02/02/2026 | | <u>1122</u> | Motion filed by Creditor Lolonyon Akouete for Leave to File Motion to Remove Chapter 7 Trustee for Cause Based on Newly Developed Facts and Estate Harm with certificate of service. (jp, usbc) (Entered: 02/02/2026) |
| 02/02/2026 | | <u>1123</u> | PDF with attached Audio File. Court Date & Time [11/20/2024 03:00 PM]. File Size [38202.04 kb]. Run Time [00:00:2451]. (Telephonic Hearing on #410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (Christine Devine)#416 Response filed by Lolonyon Akouete. (Pro Se)). (MeganHussey) (Entered: 02/02/2026) |
| 02/02/2026 | | <u>1124</u> | PDF with attached Audio File. Court Date & Time [03/14/2025 01:30 PM]. File Size [25922.04 kb]. Run Time [00:00:1663]. (Telephonic Hearing on #560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference. (Christine Devine)). (MeganHussey) (Entered: 02/02/2026) |
| 02/02/2026 | | <u>1125</u> | PDF with attached Audio File. Court Date & Time [10/08/2025 11:00 AM]. File Size [14274.67 kb]. Run Time [00:00:1720]. (Telephonic Hearing on #881 Opposition of Creditor Lolonyon Akouete |

| | | | |
|---|---|---|---|
| | | | Re: #879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith. (Pro Se)#908 Objection filed by Walter Horst, Babcock & Brown Holdings, Inc., and Babcok & Brown International Pty. Ltd. (Luis Casas)#909 Objection filed by Trustee. (Angelina Savoia)). (MeganHussey) (Entered: 02/02/2026) |
| 02/02/2026 | | 1126 | PDF with attached Audio File. Court Date & Time [11/10/2025 02:30 PM]. File Size [8221.64 kb]. Run Time [00:00:1008]. (Telephonic Hearing on #968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts––Expedited Determination Requested Regarding Approval of Form of Combined Notice. (Christine Devine)#987 The Construed Objection filed by Lolonyon Akouete. (Pro Se)). (MeganHussey) (Entered: 02/02/2026) |
| 02/02/2026 | | 1127 | Order dated 2/2/2026 Re: 1019 Expedited Motion filed by Trustee Jonathan R. Goldsmith For Order Restricting Vexatious Litigation and Request for Expedited Determination . THE TRUSTEE'S MOTION FOR ORDER RESTRICTING VEXATIOUS LITIGATION [ECF NO. 1019] WILL BE SCHEDULED PURSUANT TO A FURTHER ORDER THAT WILL ENTER. (jp, usbc) (Entered: 02/02/2026) |
| 02/02/2026 | | 1128 | Order dated 2/2/2026 Re: 1116 Emergency Motion filed by Creditor Lolonyon Akouete to Clarify and Enforce Dkt. 1109 to Provide Practical Access to Court–Authorized Audio Recordings (Re: 1109 Order dated 1/30/2026 (Re: 1105 Motion filed by Creditor–Appellant Lolonyon Akouete for Access to Official Audio Recordings of Hearings, for Fee Waiver or Reduction, and for Electronic Delivery, for Purposes of Preparing a Statement of the Evidence Under Fed. R. App. P. 10(c))). DENIED AS UNNECESSARY. THE MOVANT SHALL CONTACT THE CLERK OF COURT WHO IS PROCESSING A PACER FEE WAIVER. (jp, usbc) (Entered: 02/02/2026) |
| 02/02/2026 | | 1129 | Endorsed Order dated 2/2/2026 Re: 1121 Motion filed by Creditor Lolonyon Akouete for Permissive Abstention Under 28 U.S.C. § 1334(c)(1), Or In The Alternative (i) To Sever/Defer Any Manager–Status Determination and (ii) For Relief To Commence An Expedited Delaware 6 Del. C. § 18–110 Proceeding. DENIED. (jp, usbc) (Entered: 02/02/2026) |
| 02/02/2026 | | 1130 | PDF with attached Audio File. Court Date & Time [12/17/2025 02:30 PM]. File Size [20798.44 kb]. Run Time [00:00:2662]. (Hybrid Hearing on #968 Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interest and for Related Relief. (Christine Devine)). (MeganHussey) (Entered: 02/02/2026) |
| 02/02/2026 | | 1131 | PDF with attached Audio File. Court Date & Time [12/17/2025 02:30 PM]. File Size [11305.13 kb]. Run Time [00:00:1447]. (Hybrid Hearing on #967 Trustee's Motion for Entry of an Order Approving and Authorizing #966 Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019. (Christine Devine)#1031 Objection of Creditor Lolonyon Akouete.). (MeganHussey) (Entered: 02/02/2026) |
| 02/02/2026 | | 1132 | |

| | | | |
|---|---|---|---|
| | | | PDF with attached Audio File. Court Date & Time [12/17/2025 02:30 PM]. File Size [9519.19 kb]. Run Time [00:00:1218]. (Hybrid Hearing on #968 Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interest and for Related Relief. (Christine Devine)). (MeganHussey) (Entered: 02/02/2026) |
| 02/02/2026 | | 1133 | PDF with attached Audio File. Court Date & Time [01/31/2025 10:00 AM]. File Size [17700.47 kb]. Run Time [00:00:1998]. (Hybrid Hearing on #20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (Brian W. Riley)#24 Opposition of Debtor (Lolonyon Akouete, Manager)#43 Limited Objection of the Chapter 7 Trustee, Jonathan R. Goldsmith#158 Response of Lolonyon Akouete.). (MeganHussey) (Entered: 02/02/2026) |
| 02/02/2026 | | 1134 | Emergency Motion filed by Creditor Lolonyon Akouete for Order Requiring Immediate Response to Targeted Discovery Requests and for Expedited Relief with certificate of service. (jp, usbc) (Entered: 02/03/2026) |
| 02/02/2026 | | 1135 | Additional Appellant Designation of Contents For Inclusion in Record On Appeal , Statement of Issues Filed by Creditor Lolonyon Akouete (RE: 1050 Notice of Appeal and Statement of Election, 1104 Appellant Designation). Appellee designation due by 2/17/2026. (jp, usbc) (Entered: 02/03/2026) |
| 02/02/2026 | | 1136 | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel. Fee Amount $298 Filed by Creditor Lolonyon Akouete (RE: 1108 Order on Generic Motion). Appellant Designation due by 2/17/2026. Compiled Records Due by 3/2/2026. Transmission of Designation Due by 3/4/2026. (meh, Usbc) (Entered: 02/03/2026) |
| 02/03/2026 | | 1137 | Transmittal of Addendum of Appeal 417A (Official Form (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/03/2026) |
| 02/04/2026 | | 1138 | Emergency Motion filed by Creditor Lolonyon Akouete for Entry of Order Directing Clerk to Transmit Appellant's Motion for Partial Stay Pending Appeal to the District Court Pursuant to FED. R. BANKR. P. 8007(b) . (meh, Usbc) (Entered: 02/04/2026) |
| 02/04/2026 | | 1139 | Order dated 2/4/2026 Re: 1074 Motion filed by Creditor Lolonyon Akouete For Entry of a Narrow Order Directing the Internal Revenue Service to Release Forms SS–4 and 8822–B (FED.R.CIV.P.56(b), as Incorporated by FED.R.BANKR.P.7056), 1083 Emergency Motion filed by Creditor Lolonyon Akouete Relief Under Fed. R. Civ. P. 56(d) (As Incorporated by Fed. R. Bank. P. 7056) DENIED. See Order for Full Text. (jp, usbc) (Entered: 02/04/2026) |
| 02/04/2026 | | 1140 | Order dated 2/4/2026 Re: 1138 Emergency Motion filed by Lolonyon Akouete for Entry of Order Directing Clerk to Transmit Appellant's Motion for Partial Stay Pending Appeal to the District Court Pursuant to FED. R. BANKR. P. 8007(b). THE COURT TREATS THE FILING AT ECF NO. 1138 AS HAVING BEEN FILED IN THE WRONG COURT. THE CLERK'S OFFICE WILL TRANSMIT THE FILING AND A COPY OF THIS ORDER TO THE DISTRICT COURT. TO THE EXTENT IT IS REQUESTING ANY RELIEF FROM THIS COURT, |

| | | | |
|---|---|---|---|
| | | | THE COURT DENIES THE MOTION, AND WILL TAKE NO ACTION WITH RESPECT TO AND WILL NOT TRANSMIT FUTURE MISDIRECTED FILINGS OF MR. AKOUETE. (dr) (Entered: 02/04/2026) |
| 02/04/2026 | | 1141 | Transmittal of Addendum of Appeal (Order #1140, Motion #1138) (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/04/2026) |
| 02/04/2026 | | 1142 | BNC Certificate of Mailing – PDF Document. (Re: 1127 Order on Motion for Order/Authority) Notice Date 02/04/2026. (Admin.) (Entered: 02/05/2026) |
| 02/04/2026 | | 1143 | BNC Certificate of Mailing – PDF Document. (Re: 1128 Order on Motion to Clarify) Notice Date 02/04/2026. (Admin.) (Entered: 02/05/2026) |
| 02/04/2026 | | 1144 | BNC Certificate of Mailing – PDF Document. (Re: 1129 Order on Generic Motion) Notice Date 02/04/2026. (Admin.) (Entered: 02/05/2026) |
| 02/05/2026 | | 1145 | Order dated 2/5/2026 Re: 1090 Motion for Authorization of Rule for 2004 Examination and Issuance of Subpoena Duces Tecum to Goulston & Storrs PC filed by Creditor Lolonyon Akouete, 1091 Supplement to Rule 2004 Motion Requesting Expedited Consideration and Providing Full Transaction Email Record, Participant Identification, and Analysis (Re: 1090 Motion for Authorization of Rule for 2004 Examination and Issuance of Subpoena Duces Tecum to Goulston & Storrs PC) filed by Creditor Lolonyon Akouete. DENIED FOR THE REASONS SET FORTH PRIOR ORDERS DENYING SIMILAR RELIEF. SEE, E.G., ECF NOS. 839 AND 962. See Order for Full Text. (meh, Usbc) (Entered: 02/05/2026) |
| 02/05/2026 | | 1146 | Order dated 2/5/2026 Re: 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. See Order for Full Text. (meh, Usbc) (Entered: 02/05/2026) |
| 02/05/2026 | | 1148 | Motion filed by Creditor Lolonyon Akouete for Certification of Transcripts at Government Expense Pursuant to 28 U.S.C. § 753(f) with certificate of service. (jp, usbc) (Entered: 02/06/2026) |
| 02/06/2026 | | 1147 | Notice of Appeal to Bankruptcy Appellate Panel Re: 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 02/06/2026) |
| 02/06/2026 | | 1149 | Clerk's Notice of Fees Due Re: 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. Fee due by 2/20/2026. (meh, Usbc) (Entered: 02/06/2026) |
| 02/06/2026 | | 1150 | Initial Transmittal to BAP (Re: 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/06/2026) |
| 02/06/2026 | | 1151 | Transmittal of Addendum of Appeal (Copies of Order #1146 and Notice #1136) (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/06/2026) |

| | | | |
|---|---|---|---|
| 02/06/2026 | | 1152 | BNC Certificate of Mailing – PDF Document. (Re: 1139 Order on Motion for Order/Authority) Notice Date 02/06/2026. (Admin.) (Entered: 02/07/2026) |
| 02/06/2026 | | 1153 | BNC Certificate of Mailing – PDF Document. (Re: 1140 Order) Notice Date 02/06/2026. (Admin.) (Entered: 02/07/2026) |
| 02/07/2026 | | 1154 | BNC Certificate of Mailing – PDF Document. (Re: 1102 Order on Motion For Summary Judgment) Notice Date 02/07/2026. (Admin.) (Entered: 02/08/2026) |
| 02/07/2026 | | 1155 | BNC Certificate of Mailing – PDF Document. (Re: 1145 Order on Motion for 2004 Examination) Notice Date 02/07/2026. (Admin.) (Entered: 02/08/2026) |
| 02/07/2026 | | 1156 | BNC Certificate of Mailing – PDF Document. (Re: 1146 Order) Notice Date 02/07/2026. (Admin.) (Entered: 02/08/2026) |
| 02/08/2026 | | 1157 | BNC Certificate of Mailing – Notice (Re: 1149 Clerk's Notice of Fees Due) Notice Date 02/08/2026. (Admin.) (Entered: 02/09/2026) |
| 02/09/2026 | | | Notice of Docketing Record on Appeal to BAP. Case Number: 26–3 Re: 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 02/09/2026) |
| 02/09/2026 | | 1158 | Order dated 2/9/2026 Re: 1066 Application filed by Trustee Jonathan R. Goldsmith to Employ EGAN, FLANAGAN & COHEN, P.C. as Counsel . ORDER DISCONTINUING EMPLOYMENT OF COUNSEL TO THE TRUSTEE AND AUTHORIZING TRUSTEE TO EMPLOY COUNSEL TO THE TRUSTEE. See Order for Full Text. (jp, usbc) (Entered: 02/09/2026) |
| 02/09/2026 | | 1159 | Order dated 2/9/2026 Re: 1134 Emergency Motion filed by Creditor Lolonyon Akouete for Order Requiring Immediate Response to Targeted Discovery Requests and for Expedited Relief . MOOT. SEE ORDERS ENTERED AT ECF NOS. 1139 AND 1145. (jp, usbc) (Entered: 02/09/2026) |
| 02/10/2026 | | 1160 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Trustee Jonathan R. Goldsmith (RE: 1050 Notice of Appeal and Statement of Election, 1104 Appellant Designation). (Devine, Christine) (Entered: 02/10/2026) |
| 02/11/2026 | | 1161 | (Appellant Part 1) Transmittal of Record on Appeal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete, 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/11/2026) |
| 02/11/2026 | | 1162 | (Appellant Part 2) Transmittal of Record on Appeal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/11/2026) |
| 02/11/2026 | | 1163 | (Appellant Part 3) Transmittal of Record on Appeal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) |

138

| | | | |
|---|---|---|---|
| | | | (Entered: 02/11/2026) |
| 02/11/2026 | | 1164 | (Appellant Part 4) Transmittal of Record on Appeal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/11/2026) |
| 02/11/2026 | | 1165 | (Appellant Part 5) Transmittal of Record on Appeal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/11/2026) |
| 02/11/2026 | | 1166 | (Appellee) Transmittal of Record on Appeal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/11/2026) |
| 02/11/2026 | | 1167 | BNC Certificate of Mailing – PDF Document. (Re: 1159 Order on Generic Motion) Notice Date 02/11/2026. (Admin.) (Entered: 02/12/2026) |
| 02/12/2026 | | 1168 | Notice of Withdrawal filed by Creditor Town of Westborough [Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts with certificate of service and proposed order Fee Amount $188,] with certificate of service. (Smerage, Roger) (Entered: 02/12/2026) |
| 02/12/2026 | | 1169 | Notice of Withdrawal filed by Creditor Town of Westborough [Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case with certificate of service.] with certificate of service. (Smerage, Roger) (Entered: 02/12/2026) |
| 02/12/2026 | | 1170 | (Appellant Part 6) Transmittal of Record on Appeal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/12/2026) |
| 02/13/2026 | | 1171 | Appellant Designation of Contents For Inclusion in Record On Appeal , Statement of Issues Filed by Creditor Lolonyon Akouete (RE: 1136 Notice of Appeal and Statement of Election). Appellee designation due by 2/27/2026. (meh, Usbc) (Entered: 02/13/2026) |
| 02/13/2026 | | 1172 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Creditor Lolonyon Akouete (RE: 1139 Order on Motion for Order/Authority, Order on Generic Motion, 1145 Order on Motion for 2004 Examination). Appellant Designation due by 2/27/2026. Compiled Records Due by 3/13/2026. Transmission of Designation Due by 3/16/2026. (Attachments: # 1 Order #1139 # 2 Order #1145)(meh, Usbc) (Entered: 02/13/2026) |
| 02/13/2026 | | 1173 | Clerk's Notice of Fees Due Fee due by 2/27/2026. (Re: 1172 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/13/2026) |
| 02/13/2026 | | 1174 | Notice of Appeal to District Court (Re: 1172 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/13/2026) |

| | | | |
|---|---|---|---|
| 02/13/2026 | | 1175 | Initial Transmittal to District Court (Re: 1172 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/13/2026) |
| 02/15/2026 | | 1176 | BNC Certificate of Mailing – Notice (Re: 1173 Clerk's Notice of Fees Due) Notice Date 02/15/2026. (Admin.) (Entered: 02/16/2026) |
| 02/17/2026 | | 1177 | Trustee's Report of Sale *of Property [Re: Estate's Interest in Real Estate Located at 231 Turnpike Road, Westborough, Massachusetts]* (Goldsmith, Jonathan) (Entered: 02/17/2026) |
| 02/17/2026 | | 1178 | Emergency Motion filed by Creditor Lolonyon Akouete For Expedited Relief. . (meh, Usbc) (Entered: 02/17/2026) |
| 02/17/2026 | | 1179 | Memorandum of Decision and Order Regarding the Trustee's Objections to the Claims Filed by Lolonyon Akouete and Denise Edwards Re: 462 Objection to Claim filed by Trustee Jonathan R. Goldsmith, 544 Supplemental Document filed by Trustee Jonathan R. Goldsmith, 639 Objection to Claim filed by Trustee Jonathan R. Goldsmith, 658 Motion for Summary Judgment filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete, 736 Motion for Summary Judgment filed by Trustee Jonathan R. Goldsmith, 845 Motion for Summary Judgment filed by Interested Party Denise Edwards. See Order for Full Text. (meh, Usbc) (Entered: 02/17/2026) |
| 02/17/2026 | | 1180 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Creditor Lolonyon Akouete (RE: 1179 Opinion Issued). Appellant Designation due by 3/4/2026. Compiled Records Due by 3/18/2026. Transmission of Designation Due by 3/20/2026. (Attachments: # 1 Order 1179)(meh, Usbc) (Entered: 02/18/2026) |
| 02/18/2026 | | 1181 | Clerk's Notice of Fees Due Fee due by 3/4/2026. (Re: 1180 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/18/2026) |
| 02/18/2026 | | 1182 | Notice of Appeal to District Court Re: 1180 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 02/18/2026) |
| 02/18/2026 | | 1183 | Initial Transmittal to District Court (Re: 1180 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/18/2026) |
| 02/18/2026 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 26–cv–10912 (Re: 1180 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/18/2026) |
| 02/18/2026 | | | Notice of Docketing Record on Appeal to District Court. Case Number: 26–cv–10888 (Re: 1172 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/18/2026) |
| 02/18/2026 | | 1184 | Certification of Default Re: 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 02/18/2026) |
| 02/18/2026 | | 1185 | |

| | | | |
|---|---|---|---|
| | | | Transmittal Re: 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 02/18/2026) |
| 02/19/2026 | | 1186 | BNC Certificate of Mailing – PDF Document. (Re: 1179 Opinion Issued) Notice Date 02/19/2026. (Admin.) (Entered: 02/20/2026) |
| 02/20/2026 | | 1187 | Emergency Motion filed by Creditor Lolonyon Akouete to Modify Preliminary Injunction for Limited Purpose of Subpoena Enforcement Necessary to File Timely Motion for Reconsideration with certificate of service. (jp, usbc) (Entered: 02/20/2026) |
| 02/20/2026 | | 1188 | Response filed by Creditor Lolonyon Akouete Re: 1184 Certification of Default Re: 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 02/20/2026) |
| 02/20/2026 | | 1189 | BNC Certificate of Mailing – Notice (Re: 1181 Clerk's Notice of Fees Due) Notice Date 02/20/2026. (Admin.) (Entered: 02/21/2026) |
| 02/24/2026 | | 1190 | Transmittal of Addendum of Appeal (Document #1188) (Re: 1136 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/24/2026) |
| 02/26/2026 | | 1191 | An official transcript. heard on 12/17/25 has been filed. Pursuant to Judicial Conference Policy, electronic access to transcripts is restricted for 90 days from the date of filing. The transcript is available for inspection at the Clerk's Office or a copy may be purchased from the transcriber. Contact the ECR Operator for transcriber information. Parties have until 03/19/2026 to file a Request for Redaction with the Court. If no request is filed, the transcript may be made available electronically on 05/28/2026. (Yarborough, Doug) (Entered: 02/26/2026) |
| 02/26/2026 | | 1192 | An official transcript. heard on 11/10/25 has been filed. Pursuant to Judicial Conference Policy, electronic access to transcripts is restricted for 90 days from the date of filing. The transcript is available for inspection at the Clerk's Office or a copy may be purchased from the transcriber. Contact the ECR Operator for transcriber information. Parties have until 03/19/2026 to file a Request for Redaction with the Court. If no request is filed, the transcript may be made available electronically on 05/28/2026. (Yarborough, Doug) (Entered: 02/26/2026) |
| 02/26/2026 | | 1193 | Transmittal of Addendum of Appeal (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (meh, Usbc) (Entered: 02/26/2026) |
| 02/27/2026 | | 1194 | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript has been filed. Pursuant to the Judicial Conference policy governing public access to transcripts of federal court proceedings, transcripts are not electronically available(online) until 90 days after filing but may be inspected by clerk's office or purchased from the court transcriber during the 90–day period. (ADI) (Entered: 02/27/2026) |
| 02/27/2026 | | 1195 | Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Creditor Lolonyon Akouete (RE: 1180 Notice of Appeal and Statement of Election). Appellee designation due by 3/13/2026. (meh, Usbc) (Entered: 02/27/2026) |

| | | | |
|---|---|---|---|
| 03/01/2026 | | 1196 | BNC Certificate of Mailing – Notice (Re: 1194 Notice of Filing of Official Transcript) Notice Date 03/01/2026. (Admin.) (Entered: 03/02/2026) |
| 03/02/2026 | | 1197 | Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Creditor Lolonyon Akouete (RE: 1172 Notice of Appeal and Statement of Election). Appellee designation due by 3/16/2026. (meh, Usbc) (Entered: 03/02/2026) |
| 03/03/2026 | | 1198 | Motion filed by Creditor Lolonyon Akouete to Stay Pending Appeal (Re: 1179 Opinion Issued) with certificate of service. (meh, Usbc) (Entered: 03/03/2026) |
| 03/05/2026 | | 1199 | Order dated 3/5/2026 Re: 1198 Motion to Stay Pending Appeal filed by Lolonyon Akouete. ORDER DENYING STAY PENDING APPEAL. See Order for Full Text. (dr) (Entered: 03/05/2026) |
| 03/08/2026 | | 1200 | BNC Certificate of Mailing – PDF Document. (Re: 1199 Order) Notice Date 03/08/2026. (Admin.) (Entered: 03/09/2026) |
| 03/13/2026 | | | Disposition of Adversary. Adversary Number 24–04006 Dismissed Complaint. (jp, usbc) (Entered: 03/13/2026) |
| 03/13/2026 | | | Adversary Case 4:24–ap–4006 Closed. (jp, usbc) (Entered: 03/13/2026) |
| 03/13/2026 | | 1201 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Trustee Jonathan R. Goldsmith (RE: 1180 Notice of Appeal and Statement of Election). (Savoia, Angelina) (Entered: 03/13/2026) |
| 03/16/2026 | | 1202 | Transmittal of Record on Appeal to District Court (Appellant Designation) Re: 1172 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete, 1180 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 03/16/2026) |
| 03/16/2026 | | 1203 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Trustee Jonathan R. Goldsmith (RE: 1172 Notice of Appeal and Statement of Election). (Savoia, Angelina) (Entered: 03/16/2026) |
| 03/17/2026 | | 1204 | Complete Transmittal of Record on Appeal to District Court (Appellee Designation) Re: 1172 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 03/17/2026) |
| 03/18/2026 | | 1205 | Order dated 3/18/2026 Re: 1122 Motion filed by Creditor Lolonyon Akouete for Leave to File Motion to Remove Chapter 7 Trustee for Cause Based on Newly Developed Facts and Estate Harm. DENIED. MOVANT LACKS STANDING. SEE ECF NO. 1179. THIS ORDER IS WITHOUT PREJUDICE IN THE EVENT MOVANT PREVAILS IN AN APPEAL OF THE MEMORANDUM OF DECISION AND ORDER AT ECF NO. 1179, BUT THE COURT NOTES THAT THE MOTION APPEARS TO SEEK RELIEF SIMILAR TO THAT WHICH HAS BEEN PREVIOUSLY DENIED. (jp, usbc) (Entered: 03/18/2026) |
| 03/19/2026 | | 1206 | Motion filed by Creditor Lolonyon Akouete for Reconsideration of Order Denying Stay Pending Appeal (ECF NO. 1198) (Re: 1199 Order dated 3/5/2026 (Re: 1198 Motion to Stay Pending Appeal filed by |

| | | | |
|---|---|---|---|
| | | | Lolonyon Akouete) with certificate of service. (jp, usbc) (Entered: 03/19/2026) |
| 03/20/2026 | | 1207 | BNC Certificate of Mailing – PDF Document. (Re: 1205 Order on Motion for Leave to File) Notice Date 03/20/2026. (Admin.) (Entered: 03/21/2026) |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Massachusetts__
                                         (State)

Case number (*If known*): _____ Chapter __7__

☐ Check if this is an amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual

12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

1. **Chapter of the Bankruptcy Code**

   *Check one:*

   ☒ Chapter 7

   ☐ Chapter 11

## Part 2: Identify the Debtor

2. **Debtor's name**

   Westborough SPE LLC

3. **Other names you know the debtor has used in the last 8 years**

   Include any assumed names, trade names, or *doing business as* names.

   _____
   _____
   _____

4. **Debtor's federal Employer Identification Number (EIN)**

   ☐ Unknown

   9 4 – 3 2 8 6 7 6 8
   EIN

5. **Debtor's address**

   **Principal place of business**

   1241 Deer Park Ave
   Number       Street

   Suite 1  #1501

   North Babylon        NY    11703
   City                State  ZIP Code

   _____
   County

   **Mailing address, if different**

   _____
   Number       Street

   _____
   P.O. Box

   _____ _____ _____
   City          State  ZIP Code

   **Location of principal assets, if different from principal place of business**

   231 Turnpike Road
   Number       Street

   _____

   Westborough        MA    01581
   City                State  ZIP Code

144

Debtor  __Westborough SPE LLC__   Case number *(if known)*_____
Name

| | | |
|---|---|---|
| **6.** | **Debtor's website** (URL) | _____ |

| | | |
|---|---|---|
| **7.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ❑ Partnership (excluding LLP) |
| | | ❑ Other type of debtor. Specify: _____ |

| | | |
|---|---|---|
| **8.** | **Type of debtor's business** | *Check one:* |
| | | ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ❑ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ❑ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the types of business listed. |
| | | ❑ Unknown type of business. |

| | | |
|---|---|---|
| **9.** | **To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?** | ☒ No |
| | | ❑ Yes. Debtor _____  Relationship _____ |
| | | District _____ Date filed _____ Case number, if known_____ |
| | | MM / DD / YYYY |
| | | Debtor _____  Relationship _____ |
| | | District _____ Date filed _____ Case number, if known_____ |
| | | MM / DD / YYYY |

**Part 3:**  **Report About the Case**

| | | |
|---|---|---|
| **10.** | **Venue** | *Check one:* |
| | | ☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district. |
| | | ❑ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district. |

| | | |
|---|---|---|
| **11.** | **Allegations** | Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b). |
| | | The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a). |
| | | The Debtor has less than twelve (12) creditors. |
| | | *At least one box must be checked*: |
| | | ☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount. |
| | | ❑ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession. |

| | | |
|---|---|---|
| **12.** | **Has there been a transfer of any claim against the debtor by or to any petitioner?** | ☒ No |
| | | ❑ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a). |

Official Form 205  Involuntary Petition Against a Non-Individual  page 2

| Debtor | Westborough SPE LLC | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Nathanson & Goldberg, P.C. | Legal Fees and Costs | $ $100,507.83 |
| The MobileStreet Trust | CAM Charges | $ $356,681.00 |
| | | $ _____ |
| | Total of petitioners' claims | $ 457,188.83 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

## Part 4: Request for Relief

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| **Petitioners or Petitioners' Representative** | **Attorneys** |
|---|---|
| **Name and mailing address of petitioner** | |
| Nathanson & Goldberg, P.C. | Stephen F. Gordon, Esquire |
| Name | Printed name |
| 183 State Street, 5th FL | The Gordon Law Firm LLP |
| Number  Street | Firm name, if any |
| Boston, MA 02109 | 57 River Street, Suite 200 |
| City  State  ZIP Code | Number  Street |
| | Wellesley, MA 02481 |
| **Name and mailing address of petitioner's representative, if any** | City  State  ZIP Code |
| Scott A. Schlager, Esquire | Contact phone 617-456-1270  Email sgordon@gordonfirm.com |
| Name | |
| Nathanson & Goldberg, P.C., 183 State St., 5th FL | Bar number 203600 |
| Number  Street | |
| Boston, MA 02109 | State MA |
| City  State  ZIP Code | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM / DD / YYYY

✗ *Scott A. Schlager*  August 31, 2023
Signature of petitioner or representative, including representative's title

✗ /s/ Stephen F. Gordon
Signature of attorney

Date signed 8/31/2023
MM / DD / YYYY

Debtor   __Westborough SPE LLC_____   Case number (*if known*)_____
         Name

**Name and mailing address of petitioner**

__The MobileStreet Trust_____
Name

~~14 Drew Street~~   12 Cole Rd._____
Number   Street

~~Woburn, MA 01801~~   WaylAND MA 01778
City            State         ZIP Code

**Name and mailing address of petitioner's representative, if any**

__Allen Hight_____
Name

__24 lancaster Rd_____
Number   Street

__NorthGorouGH____MA____01532___
City            State         ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08 / 30 / 2023__
             MM / DD / YYYY

✗ _Allen Hight_   **Agent**_____
Signature of petitioner or representative, including representative's title

Printed name _____

Firm name, if any _____

Number   Street _____

City _____   State ____   ZIP Code ____

Contact phone _____   Email _____

Bar number   _____

State   _____

✗ _____
Signature of attorney

Date signed   _____
              MM / DD / YYYY

**Name and mailing address of petitioner**

_____
Name

_____
Number   Street

_____
City            State         ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City            State         ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
             MM / DD / YYYY

✗ _____
Signature of petitioner or representative, including representative's title

Printed name _____

Firm name, if any _____

Number   Street _____

City _____   State ____   ZIP Code ____

Contact phone _____   Email _____

Bar number   _____

State   _____

✗ _____
Signature of attorney

Date signed   _____
              MM / DD / YYYY

Official Form 205                 Involuntary Petition Against a Non-Individual                 page 4

147

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

_____

In re:                                              )
                                                    )
                                                    )        Involuntary Chapter 7
WESTBOROUGH SPE LLC,                                )        Case No.  23-40709
                                                    )
                           Debtor.                  )
                                                    )
_____

MOTION AND ANSWER TO PETITION FOR
INVOLUNTARY BANKRUPTCY

I, Lolonyon Akouete, in my capacity as the manager of Westborough SPE LLC, the debtor in the above-captioned case, hereby file this Motion and Answer in response to the summons and the petition for involuntary bankruptcy filed against our entity under Title 11 of the United States Code on August 31, 2023.

**Background and Introduction:**

1. On August 31, 2023, a petition under Title 11 of the United States Code was filed against Westborough SPE LLC, seeking an order for relief under chapter 7 of the Bankruptcy Code.

**Motion to Acknowledge and Cooperate:**

2. We hereby acknowledge the receipt of the summons dated September 1, 2023. As the authorized representative of Westborough SPE LLC, we do not object to the involuntary bankruptcy filing.

**Answer to the Petition:**

3. We recognize the allegations presented in the petition and confirm our consent to the involuntary bankruptcy filing. We understand the nature and implications of this proceeding and are prepared to cooperate fully with the Court and all parties involved.

4. We affirm that the financial situation of Westborough SPE LLC necessitates the chapter 7 bankruptcy filing. We have reviewed the entity's financial obligations, assets, and liabilities, and understand the importance of an organized and efficient resolution of its debts.

5. We commit to working closely with the Court-appointed trustee, creditors, and all relevant parties to facilitate the bankruptcy process for Westborough SPE LLC. We will provide all necessary documentation and information to ensure a fair and accurate assessment of the entity's financial affairs.

6. We understand the significance of our cooperation to the successful administration of this case and the equitable treatment of all creditors involved. We will adhere to the rules and procedures

148

of the Bankruptcy Code and will diligently fulfill our obligations as representatives of Westborough SPE LLC throughout the bankruptcy proceedings.

**Conclusion:**

7. We respectfully request the Court's consideration of this Motion and Answer, and we express our gratitude for its attention to this matter and commitment to a just resolution of the proceedings.

8. Should the Court require any additional information, clarification, or documentation regarding Westborough SPE LLC's response, please do not hesitate to contact us at (443) 447-3276 or info@smartinvestorsllc.com.

DATED: September 5, 2023                    Respectfully submitted:

WESTBOROUGH SPE, LLC
By its manager,

Lolonyon Akouete
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, manager for the Debtor, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

WESTBOROUGH SPE, LLC
By its manager,

Lolonyon Akouete
1241 Deer Park Ave., Suite 1,
#1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

149

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:

WESTBOROUGH SPE LLC,

           Debtor.

)
)
)
)
)
)
)

Involuntary Chapter 7
Case No. 23-40709

## STATEMENT OF CORPORATE OWNERSHIP

As required by Fed.R.Bankr.P. 1007(a)(1), the debtor now files this Corporate Ownership Statement and reports as follows:

*(Check one box only.)*

☐ Debtor is not a "corporation" as defined in 11 U.S.C. §101(9).

☐ Debtor is a "corporation" as defined in 11 U.S.C. §101(9) but has no entities to report under Fed.R.Bankr.P. 1007(a)(1).

☒ Debtor is a "corporation" as defined in 11 U.S.C. §101(9), and the following corporations directly or indirectly own 10% or more of any class of the debtor's equity interests:  (List corporations below.) (Debtor is a limited liability company formed under the laws of the State of Delaware.)

Name: Mignonette Investments Limited, a British Virgin Islands limited partnership.

Address: TMF Group f/k/a Equity Trust (based in Hong Kong), Attention: Serena Kwok, General Manager, Trade Support, 31/F, The Center, 99 Queen's Road Central, Hong Kong.

Name: _____

Address: _____

Name: _____

Address: _____

(For additional names, attach an addendum to this form.)

Dated: September 5, 2023

_____
Signature of Authorized Individual for Corporate Debtor/Party

Lolonyon Akouete
Printed Name of Authorized Individual for Corporate Debtor/Party

Manager of Westborough SPE, LLC
Title of Authorized Individual for Corporate Debtor/Party

150

Matrix List of Creditors

Allen Hight
The MobileStreet Trust
12 Cole Road
Wayland, MA 01778

Scott A. Schlager
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, MA 02109

Town of Westborough
34 West Main Street
Westborough, MA 01581

Darin Clagg
24 Kobbs Korner Rd,
Pine Bush, NY 12566

Matthew A. Morris
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110

David M. Ferris
Ferris Development Group, LLC
118 Turnpike Rd., Ste. 300
Southborough, MA 01772

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556

152

United States Bankruptcy Court
District of Massachusetts

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Involuntary Chapter 7 |
| WESTBOROUGH SPE LLC, | ) | Case No. 23-40709 |
| | ) | |
| Debtor. | ) | |
| | ) | |

VERIFICATION OF MATRIX

The above-named debtor(s) verify(ies) under penalty of perjury that the attached List of
Creditors, which consists of <u>one</u> page and a total of <u>8</u> creditors, is true, correct and
complete to the best of my knowledge.

Date: <u>9/5/23</u>

Debtor
Lolonyon Akouete
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

**Fill in this information to identify the case:**

Debtor name __Westborough SPE LLC___

United States Bankruptcy Court f or the: District of Massachusetts

Case number (If known): ___ ___ __23-40709 __          Chapter__7__

☐ Check if this is an
amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals          **12/15**

---

### Part 1:     Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................................................... | **$ 7,942,000.00___**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................................................. | **$ 1,293,646.83_____**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................................................... | **$ 9,357,503.43_____**

---

### Part 2:     Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*............................................. | **$ 918,314.60_____**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...................................................... | **$ 0 _ _____**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*....................................................... | **+ $ 497,188.83_____**

4. **Total liabilities**.................................................................................................................................
   Lines 2 + 3a + 3b | **$ $1,415,503.43_____**

**Fill in this information to identify the case:**

Debtor name ___Westborough SPE LLC___

United States Bankruptcy Court for the: District of Massachusetts
(State)

Case number (If known): ___23-40709___    Chapter _7_

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☒ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**    $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

Name of institution (bank or brokerage firm)    Type of account    Last 4 digits of account number

3.1. _____ _____ ___ ___ ___ ___    $_____
3.2. _____ _____ ___ ___ ___ ___    $_____

4. **Other cash equivalents** *(Identify all)*

4.1. _____    $_____
4.2. _____    $_____

5. **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $_____

### Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☒ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

7.1. _____    $_____
7.2._____    $_____

Official Form 206A/B    **Schedule A/B: Assets — Real and Personal Property**    page 1    154

Debtor   **Westborough SPE LLC**                                                Case Number (*if known*) **23-40709**
<u>Name</u>

---

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

    Description, including name of holder of prepayment

    8.1._____   $_____

    8.2._____   $_____

9.  **Total of Part 2.**

    Add lines 7 through 8. Copy the total to line 81.                         $_____

---

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    |  | **Current value of debtor's interest** |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less:   _____  –  _____  = ........➔   $_____
                                face amount              doubtful or uncollectible accounts

    11b. Over 90 days old:      _____  –  _____  = ........➔   $_____
                                face amount              doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.     $_____

---

## Part 4:   Investments

13. **Does the debtor own any investments?**

    ☒ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

    | | **Valuation method used for current value** | **Current value of debtor's interest** |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. _____   _____   $_____
    14.2. _____   _____   $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                            % of ownership:

    15.1._____   _____%   _____   $_____
    15.2._____   _____%   _____   $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1._____   _____   $_____
    16.2._____   _____   $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.                        $_____

---

Official Form 206A/B          **Schedule A/B: Assets — Real and Personal Property**          page **2**   155

Debtor **Westborough SPE LLC**     Case Number (*if known*) **23-40709**
    Name

---

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.

❑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

**24. Is any of the property listed in Part 5 perishable?**
❑ No
❑ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

❑ No

❑ Yes. Book value _____ Valuation method_____ Current value_____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
❑ No
❑ Yes

---

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.

❑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

---

Debtor     __Westborough SPE LLC__     Case Number *(if known)* __23-40709__
Name

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

❏ No

❏ Yes. Is any of the debtor's property stored at the cooperative?

   ❏ No
   ❏ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

❏ No

❏ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

❏ No

❏ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

❏ No

❏ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.

❏ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

❏ No

❏ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

❏ No

❏ Yes

Debtor    __Westborough SPE LLC__    Case number (if known)__23-40709__
         Name

---

| Part 8: | Machinery, equipment, and vehicles |
| --- | --- |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
| --- | --- | --- | --- |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
| --- | --- | --- | --- |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |

**49. Aircraft and accessories**

| | | | |
| --- | --- | --- | --- |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
| --- | --- | --- | --- |
| _____ | $_____ | _____ | $_____ |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Official Form 206A/B    **Schedule A/B: Assets — Real and Personal Property**    page **5**    158

Debtor    __Westborough SPE LLC__
          Name                                    Case number (*if known*) __23-40709__

## Part 9:    Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☒ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 Theater at 231 Turnpike Rd Westborough, MA 01581 | Owner | $ _2,082,000.00_ | RFP proposal highest bid | $ _7,942,000.00_ |
| 55.2 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.3 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.4 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.5 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.6 _____ | _____ | $ _____ | _____ | $ _____ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$7,942,000.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☒ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒ No

☐ Yes

## Part 10:    Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| **61. Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| **62. Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| **63. Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| **64. Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| **65. Goodwill**<br>_____ | $_____ | _____ | $_____ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

Debtor  **Westborough SPE LLC**                     Case number (*if known*) **23-40709**
Name

---

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

    ☐ No

    ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

    ☐ No

    ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ☐ No. Go to Part 12.

    ☒ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

    Description (include name of obligor) **Unclaimed Checking**

    **Account withe the California State Controller**

    **$1,293,646.83** − **$0** = ➜ Total face amount   doubtful or uncollectible amount     $ **1,293,646.83**

72. **Tax refunds and unused net operating losses (NOLs)**

    Description (for example, federal, state, local)

    _____   Tax year _____   $_____

    _____   Tax year _____   $_____

    _____   Tax year _____   $_____

73. **Interests in insurance policies or annuities**

    _____   $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

    _____   $_____

    **Nature of claim**   _____

    **Amount requested**   $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    _____   $_____

    **Nature of claim**   _____

    **Amount requested**   $_____

76. **Trusts, equitable or future interests in property**

    _____   $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

    _____   $_____

    _____   $_____

78. **Total of Part 11.**

    Add lines 71 through 77. Copy the total to line 90.     $ **1,293,646.83**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☒ No

    ☐ Yes

---

Official Form 206A/B          Schedule A/B: Assets — Real and Personal Property          page 7   <span>160</span>

Debtor ___Westborough SPE LLC___
Name

Case number (if known) __23-40709__

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0 | |
| 88. **Real property.** *Copy line 56, Part 9.* . ............................................➔ | | $7,942,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | **+** $ 1,293,646.83 | |
| 91. **Total.** Add lines 80 through 90 for each column............................ 91a. | $ 1,293,646.83 | **+** 91b. $7,942,000.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................................................ $ 9,357,503.43

---

**Fill in this information to identify the case:**

Debtor name  __Westborough SPE LLC_____

United States Bankruptcy Court for the: District of Massachusetts_

(State)

Case number (If known):  __23-40709_

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property       **12/15**

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | **Column A**<br>**Amount of claim**<br>Do not deduct the value of collateral. | **Column B**<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1**

**Creditor's name**

__Town of Westborough_____

**Creditor's mailing address**

34 West Main Street
Westborough, MA 01581

**Creditor's email address, if known**

Iris Leahy AttyLeahy@outlook.com_____

**Date debt was incurred**   __2018 to 2023_____

**Last 4 digits of account number**   Parcel ID 32-48-0

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

_____
_____

**Describe debtor's property that is subject to a lien**

__Theater at 231 Turnpike Rd Westborough, MA 01581____
_____
_____

**Describe the lien** : Tax Lien
_____

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

$ 918,314.60       $ 9,357,503.43_____

**2.2**

**Creditor's name**

_____

**Creditor's mailing address**

_____
_____

**Creditor's email address, if known**

_____

**Date debt was incurred**   _____

**Last 4 digits of account number**   ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  _____
  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____
_____
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____      $_____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**       $ 918,314.60_____

Debtor　　__Westborough SPE LLC__　　　　　　　　　　　　　Case number (*if known*)_23-40709_
　　　　　　Name

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| N/A | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |

Case 23-40709 Doc 123 Filed 09/08/26 Entered 09/23/26 14:34:00 Desc Main Document of 180

**Fill in this information to identify the case:**

Debtor  Westborough_SPE_LLC_____  __

United States Bankruptcy Court for the: District of Massachusetts
(State)

Case number  _23-40709_
(If known)

❑ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims    **12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
|---|---|

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☒ No. Go to Part 2.

☒ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | **Total claim** | **Priority amount** |
|---|---|---|

**2.1** **Priority creditor's name and mailing address**
Internal Revenue Service

P.O. Box 7346

Philadelphia, PA 19101-7346

**Date or dates debt was incurred**

2018-2023

**Last 4 digits of account number**   _N/A___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (__8__)

**As of the petition filing date, the claim is:** $ 0 _____    $ 0 _____
*Check all that apply.*
❑ Contingent
☒ Unliquidated
❑ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
❑ No
❑ Yes

**2.2** **Priority creditor's name and mailing address**
_____
_____
_____

**Date or dates debt was incurred**
_____

**Last 4 digits of account number**   ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**As of the petition filing date, the claim is:** $_____    $_____
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
❑ No
❑ Yes

**2.3** **Priority creditor's name and mailing address**
_____
_____
_____

**Date or dates debt was incurred**
_____

**Last 4 digits of account number**   ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**As of the petition filing date, the claim is:** $_____    $_____
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
❑ No
❑ Yes

Debtor   **Westborough SPE LLC**                                     Case number *(if known)* 23-40709
         Name

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

**3.1** | **Nonpriority creditor's name and mailing address**
Darin Clagg

24 Kobbs Korner Rd,

Pine Bush, NY 12566

**Date or dates debt was incurred** 2/21/23

**Last 4 digits of account number** N/A __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Third-party payer of legal fees

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 10,000.00

---

**3.2** | **Nonpriority creditor's name and mailing address**
Ferris Development Group, LLC

118 Turnpike Rd., Ste. 300

Southborough, MA 01772

**Date or dates debt was incurred** 4/3/23

**Last 4 digits of account number** N/A __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Third-party payer of legal fees

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 10,000.00

---

**3.3** | **Nonpriority creditor's name and mailing address**
Nathanson & Goldberg, P.C.,

183 State Street, 5th Floor

Boston, MA 02109

**Date or dates debt was incurred** 2/21/23 to 8/31/23

**Last 4 digits of account number** 2 5 9 9 __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Legal fees

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 100,507.83

---

**3.4** | **Nonpriority creditor's name and mailing address**
Sherin and Lodgen LLP

101 Federal Street, 31st Floor

Boston, MA 02110

**Date or dates debt was incurred** 12/13/22 to 1/10/23

**Last 4 digits of account number** 6 8 8 2 __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☒ Disputed

**Basis for the claim:** Legal fees

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 20,000.00

---

**3.5** | **Nonpriority creditor's name and mailing address**
The MobileStreet Trust

12 Cole Road

Wayland, MA 01778

**Date or dates debt was incurred** 2018-2023

**Last 4 digits of account number** N/A __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** CAM Charges

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 356,681.00

---

**3.6** | **Nonpriority creditor's name and mailing address**
Babcock & Brown

1264 Rimer Drive

Moraga, CA 94556

**Date or dates debt was incurred** 2018-2023

**Last 4 digits of account number** N/A __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 0

---

Debtor    **Westborough SPE LLC**
<u>Name</u>

Case number *(if known)* __23-40709__

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---------|---------------------------------------------------|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1. | Stephen F. Gordon The Gordon Law Firm LLP River Place 57 River Street Wellesley, MA 02481 | Line 3.3 and 3.5 ☐ Not listed. Explain _____ | N/A —— —— —— —— |
| 4.2. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 4.3. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 4.4. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 41. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 4.5. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 4.6. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 4.7. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 4.8. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 4.9. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 4.10. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |
| 4.11. | | Line ____ ☐ Not listed. Explain _____ | —— —— —— —— |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 0 |
| 5b. **Total claims from Part 2** | 5b. + | $ 497,188.83 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 497,188.83 |

**Fill in this information to identify the case:**

Debtor name _____Westborough SPE LLC_____ _____ ____

United States Bankruptcy Court for the: District of Massachusetts
(State)

Case number (If known): ___23-40709____                     Chapter _7_

☐ Check if this is an
amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                     12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☒ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

**2.1**
State what the contract or lease is for and the nature of the debtor's interest: Offer to Purchase / 231 Turnpike Road

State the term remaining: N/A

List the contract number of any government contract: N/A

Ferris Development Group, LLC
118 Turnpike Rd., Ste. 300
Southborough, MA 01772

**2.2**
State what the contract or lease is for and the nature of the debtor's interest: _____

State the term remaining: _____

List the contract number of any government contract: _____

**2.3**
State what the contract or lease is for and the nature of the debtor's interest: _____

State the term remaining: _____

List the contract number of any government contract: _____

**2.4**
State what the contract or lease is for and the nature of the debtor's interest: _____

State the term remaining: _____

List the contract number of any government contract: _____

**2.5**
State what the contract or lease is for and the nature of the debtor's interest: _____

State the term remaining: _____

List the contract number of any government contract: _____

**Fill in this information to identify the case:**

Debtor name ___Westborough SPE LLC_____

United States Bankruptcy Court for the: District of Massachusetts
(State)

Case number (If known): _____23-40709___ _____

☐ Check if this is an
amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☒ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 _____ | _____<br>Street<br>_____<br>_____<br>City State ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 _____ | _____<br>Street<br>_____<br>_____<br>City State ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 _____ | _____<br>Street<br>_____<br>_____<br>City State ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 _____ | _____<br>Street<br>_____<br>_____<br>City State ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 _____ | _____<br>Street<br>_____<br>_____<br>City State ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 _____ | _____<br>Street<br>_____<br>_____<br>City State ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor Name ____Westborough SPE LLC_____ _____ _____

United States Bankruptcy Court for the:_District of Massachusetts__
(State)

Case number (*If known*):  ___23-40709_____

Chapter __7__

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration__ Statement of EIN Numbers_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/08/2032__    ✖ _____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

Lolonyon Akouete
_____
Printed name

Manager
_____
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

170

**Fill in this information to identify the case:**

Debtor name  Westborough SPE LLC

United States Bankruptcy Court for the:  District of Massachusetts
(State)

Case number (If known):  23-40709                    Chapter  7

❑ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
|---------|--------|

1. **Gross revenue from business**

   ☒ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   |---|---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to  Filing date | ❑ Operating a business <br> ❑ Other _____ | $_____ |
   | **For prior year:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | ❑ Operating a business <br> ❑ Other _____ | $_____ |
   | **For the year before that:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | ❑ Operating a business <br> ❑ Other _____ | $_____ |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ❑ None

   | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   |---|---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to  Filing date | _____ | $_____ |
   | **For prior year:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | _____ | $_____ |
   | **For the year before that:** | From _____ MM / DD / YYYY | to _____ MM / DD / YYYY | _____ | $_____ |

Debtor ___Westborough SPE LLC___   Case number (*if known*)_23-40709_
     Name

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | _____ <br> Creditor's name <br> _____ <br> Street <br> _____ <br> City   State   ZIP Code | _____ <br><br> _____ <br><br> _____ | $_____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |
| 3.2. | _____ <br> Creditor's name <br> _____ <br> Street <br> _____ <br> City   State   ZIP Code | _____ <br><br> _____ <br><br> _____ | $_____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | _____ <br> Insider's name <br> _____ <br> Street <br> _____ <br> City   State   ZIP Code <br><br> **Relationship to debtor** <br> _____ | _____ <br><br> _____ <br><br> _____ | $_____ | _____ <br><br> _____ <br><br> _____ |
| 4.2. | _____ <br> Insider's name <br> _____ <br> Street <br> _____ <br> City   State   ZIP Code <br><br> **Relationship to debtor** <br> _____ | _____ <br><br> _____ <br><br> _____ | $_____ | _____ <br><br> _____ <br><br> _____ |

Debtor    __Westborough SPE LLC__    Case number (*if known*)_23-40709_
                Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☐ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | The Town of Westborough <br> Creditor's name <br><br> Street <br><br> City    State    ZIP Code | Movie Theater at 231 Turnpike Rd <br> Westborough, MA 0158 | 1/05/2022 | $7,942,000.00 |
| 5.2. | Creditor's name <br><br> Street <br><br> City    State    ZIP Code | | | $ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name <br><br> Street <br><br> City    State    ZIP Code | <br><br> Last 4 digits of account number: XXXX– __ __ __ __ | | $ |

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Town of Westborough v. Westborough SPE LLC <br><br> **Case number** <br> 19 TL 000768 | Motion to vacate foreclosure judgment | Land Court <br> Name <br> Three Pemberton Square Room 507 <br> Street <br><br> Boston    MA    02108 <br> City    State    ZIP Code | ☒ Pending <br> ☐ On appeal <br> ☐ Concluded |
| 7.2. | Westborough SPE LLC v. Town of Westborough et al <br><br> **Case number** <br> 1:23–CV–12017–MJJ | Declaratory judgment Federal Question | **Court or agency's name and address** <br> United States District Court <br> District of Massachusetts (Worcester) <br> Name <br> 595 Main St <br> Street <br><br> Worcester    MA    01608 <br> City    State    ZIP Code | ☒ Pending <br> ☐ On appeal <br> ☐ Concluded |

Official Form 207    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**    page **3**

173

Debtor     Westborough SPE LLC     Case number (*if known*) 23-40709
Name

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| _____ Custodian's name | _____ | $_____ |
| _____ Street | **Case title** | **Court name and address** |
| _____ City   State   ZIP Code | _____ | _____ Name |
| | **Case number** | _____ Street |
| | _____ | _____ |
| | **Date of order or assignment** | _____ City   State   ZIP Code |
| | _____ | |

## Part 4:    Certain Gifts and Charitable Contributions

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. _____ Recipient's name | _____ | _____ | $_____ |
| _____ Street | _____ | | |
| _____ City   State   ZIP Code | | | |
| **Recipient's relationship to debtor** _____ | | | |
| 9.2. _____ Recipient's name | _____ | _____ | $_____ |
| _____ Street | _____ | | |
| _____ City   State   ZIP Code | | | |
| **Recipient's relationship to debtor** _____ | | | |

## Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| _____ _____ | _____ | _____ | $_____ |

Debtor     Westborough SPE LLC                                      Case number (if known) 23-40709
           Name

## Part 6:     Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| **Trustee** | _____ | | |
| _____ | | | |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page **5**

Debtor      __Westborough SPE LLC__                                    Case number (*if known*)__23-40709
            Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | _____ | _____ | $_____ |
| **Address** | _____ | | |
| _____ Street | | | |
| _____ City          State      ZIP Code | | | |
| **Relationship to debtor** | | | |
| _____ | | | |
| **Who received transfer?** | _____ | _____ | $_____ |
| 13.2. _____ | _____ | | |
| **Address** | | | |
| _____ Street | | | |
| _____ City          State      ZIP Code | | | |
| **Relationship to debtor** | | | |
| _____ | | | |

---

**Part 7:     Previous Locations**

14. **Previous addresses** ~~Type text here~~

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

❑ Does not apply

| Address | | Dates of occupancy | |
|---|---|---|---|
| 14.1. | 231 Turnpike Rd Westborough, MA 01581 | From __1997__ | To____ |
| | 241 DEER PARK AVE SUITE 1 # 1051 NORTH BABYLON, NY 11703 | From 2022 | To present |
| | 50 California St STE #3610 San Francisco, CA 94111 | From 1997 | To |
| | 2 Harrison St 6HT FLOOR San Francisco, CA 94105 | From 1997 | To |
| 14.2. | _____ Street | From _____ | To _____ |
| | _____ City          State      ZIP Code | | |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page **6**

| Debtor | Westborough SPE LLC | Case number (*if known*) 23-40709 |
|---|---|---|
| | Name | |

---

**Part 8:**    **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

—   diagnosing or treating injury, deformity, or disease, or

—   providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____<br>Facility name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code | _____<br>_____<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider.<br><br>_____<br>_____ | _____<br><br><br>**How are records kept?**<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. _____<br>Facility name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code | _____<br>_____<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider.<br><br>_____<br>_____ | _____<br><br><br>**How are records kept?**<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

---

**Part 9:**    **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

     Does the debtor have a privacy policy about that information?

     ☐ No

     ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

     ☐ No. Go to Part 10.

     ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ |

     Has the plan been terminated?

     ☐ No

     ☐ Yes

---

| Debtor | Westborough SPE LLC | Case number (if known) 23-40709 |
|---|---|---|
| | Name | |

---

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1. MUFG UNION BANK N A <br> Name <br> 1101 W WASHINGTON ST 2ND FL <br> Street <br> TEMPE  AZ  85281 <br> City  State  ZIP Code | Property ID: <br> XXXX– 4 2 0 9 | ☒ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | 6/15/2022 | $ 1,293,646.83 |
| 18.2. _____ <br> Name <br> _____ <br> Street <br> _____ <br> City  State  ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Name <br> _____ <br> Street <br> _____ <br> City  State  ZIP Code | _____ <br> _____ <br> _____ <br> **Address** <br> _____ <br> _____ | _____ <br> _____ <br> _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Name <br> _____ <br> Street <br> _____ <br> City  State  ZIP Code | _____ <br> _____ <br> _____ <br> **Address** <br> _____ <br> _____ | _____ <br> _____ <br> _____ | ☐ No <br> ☐ Yes |

---

Debtor   __Westborough SPE LLC__                                    Case number (*if known*)__23-40709__
         Name

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| _____ | _____ | _____ | |
| Name | | | |
| _____ | _____ | _____ | |
| Street | | | |
| _____ | _____ | _____ | |
| _____ | | | |
| City        State        ZIP Code | | | |

## Part 12:   Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | _____ | ☐ Pending |
| **Case number** | Name | _____ | ☐ On appeal |
| | _____ | | ☐ Concluded |
| | Street | _____ | |
| _____ | _____ | | |
| | City        State        ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| _____ | _____ | _____ | |
| Name | Name | _____ | |
| _____ | _____ | | |
| Street | Street | _____ | |
| _____ | _____ | | |
| City        State        ZIP Code | City        State        ZIP Code | | |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page **9**

179

Debtor   __Westborough SPE LLC__          Case number (*if known*)__23-40709
　　　　　Name

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ Name | _____ Name | _____ _____ | _____ |
| _____ Street | _____ Street | _____ | |
| _____ | _____ | | |
| City        State    ZIP Code | City        State    ZIP Code | | |

---

**Part 13:**  **Details About the Debtor's Business or Connections to Any Business**

---

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☒ None

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. _____ Name _____ Street _____ City    State   ZIP Code | _____ _____ _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ **Dates business existed** From _____  To _____ |
| 25.2. _____ Name _____ Street _____ City    State   ZIP Code | _____ _____ _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ **Dates business existed** From _____  To _____ |
| 25.3. _____ Name _____ Street _____ City    State   ZIP Code | _____ _____ _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ **Dates business existed** From _____  To _____ |

Official Form 207        **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**        page **10**

180

| Debtor | Westborough SPE LLC | Case number (*if known*) 23-40709 |
|---|---|---|
| | Name | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| **26a.1.** Babcock & Brown, Walter Horst CFO<br>Name<br>1264 Rimer Drive<br>Street<br>Moraga    CA    94556<br>City    State    ZIP Code | From 1997    To 2018 |
| **26a.2.** _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | From _____    To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☒ None

| Name and address | Dates of service |
|---|---|
| **26b.1.** _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | From _____    To _____ |
| **26b.2.** _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | From _____    To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☒ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1.** _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | _____<br>_____<br>_____ |

Debtor    Westborough SPE LLC
Name                                                            Case number (*if known*)  23-40709

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. _____ Name _____ Street _____ City        State        ZIP Code | _____ _____ _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

| Name and address |
|---|
| 26d.1. _____ Name _____ Street _____ City        State        ZIP Code |

| Name and address |
|---|
| 26d.2. _____ Name _____ Street _____ City        State        ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. _____ Name _____ Street _____ City        State        ZIP Code |

Official Form 207        **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**        page **12**

182

Debtor      Westborough SPE LLC                                    Case number (*if known*)  23-40709
            Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

**Name and address of the person who has possession of inventory records**

27.2.
_____
Name

_____
Street

_____
City                                    State            ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Mignonette Investments Limited | 31/F, The Center, 99 Queen's Road Central, Hong Kong | Member | 100% |
| F Jan Blaustein Scholes | 7501 E Thompson Peak Pkwy Scottsdale, AZ 85255 | Manager | _____ |
| Lolonyon Akouete | 1241 Deer Park Ave. Suite 1 #1501 North Babylon, NY 11703 | Manager | _____ |
| Denise Edwards | 1241 Deer Park Ave. Suite 1 #1501 North Babylon, NY 11703 | Manager | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Dyann Blaine | 20 Queensbrook Place Orinda, CA 94563 | Real Property | From 1993 To 2009 |
| Walter Horst | 1264 Rimer Drive Moraga, CA 94556 | CFO | From 2007 To 2019 |
| _____ | _____ | _____ | From ____ To ____ |
| _____ | _____ | _____ | From ____ To ____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. _____ Name | _____ | _____ | _____ |
| _____ Street | | | |
| _____ City              State         ZIP Code | | _____ | |
| **Relationship to debtor** | | _____ | |
| _____ | | _____ | |

Official Form 207           **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**           page **13**

Debtor    __Westborough SPE LLC__        Case number (*if known*)__23-40709__
        Name

| Name and address of recipient | | | |
|---|---|---|---|
| 30.2 | | _____ | _____ |
| _____ | | | |
| Name | | _____ | |
| _____ | | | |
| Street | | _____ | |
| _____ | | | |
| City          State          ZIP Code | | _____ | |
| **Relationship to debtor** | | _____ | |
| _____ | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No

❑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

❑ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    09 / 06 / 2023
             MM / DD / YYYY

✘ _____        Printed name   Lolonyon Akouete
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Manager

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☒ No

❑ Yes

Official Form 207        **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**        page **14**

184

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                              )        Involuntary  Chapter 7
                                    )        Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                )
                                    )
                    Debtor.         )
                                    )

## MOTION TO APPOINT INTERIM TRUSTEE

TO THE HONORABLE JUDGE CHRISTOPHER J. PANOS, AND TO THE PARTIES IN INTEREST:

I, Lolonyon Akouete, the manager of the debtor, Westborough SPE LLC ("Debtor"), hereby submit this Motion to Appoint an Interim Trustee in the above-referenced involuntary Chapter 7 bankruptcy case, pursuant to Section 1104 of the U.S. Bankruptcy Code.

I. BACKGROUND

1. On August 31, 2023, a petition under Title 11 of the United States Code was filed against Westborough SPE LLC, seeking an order for relief under chapter 7 of the Bankruptcy Code.

II. LEGAL BASIS

Section 1104 of the U.S. Bankruptcy Code authorizes the appointment of a trustee for cause, including preventing unreasonable delay or gross mismanagement of the estate. Section 303(g) permits the court to appoint an interim trustee under Section 701 of the U.S. Bankruptcy Code in an involuntary Chapter 7 case.

III. JUSTIFICATION

In the interest of preserving the bankruptcy estate and preventing further deterioration, Westborough SPE LLC requests the appointment of an interim trustee due to the following:

1. Preservation of Estate Property:
   - The Debtor's assets include $1,293,646.83 in unclaimed funds held by the State of California and a real property at 231 Turnpike Road, subject to a tax-title taking proceeding.

2. Deteriorating Property Condition:
   - The property at 231 Turnpike Road has suffered damage from vandalism and neglect, posing safety concerns (See Exhibit 1: Photograph of the Damages and Vandalism).

3. Escalating Property Costs:
   - Property taxes, interest, expenses, and costs of taking for 231 Turnpike Road have increased substantially from $119,628.17 in December 2018 to $918,314.60 as of May 16, 2023 (See Exhibit 2).

4. Unclaimed Funds:
   - The State of California reported $1,293,646.83 in unclaimed funds as of June 15, 2022, which are not accruing interest.

## IV. CONSEQUENCES OF DELAY

Failure to appoint an interim trustee may expose Westborough SPE LLC to increased liability, higher legal fees, elevated tax liabilities, and additional penalties and interest.

## V. RELIEF SOUGHT

Westborough SPE LLC respectfully requests this Honorable Court to promptly appoint an interim trustee to:
- Recover the unclaimed funds from the California State Controller
- Advance ongoing legal proceedings
- Facilitate the sale of the property
- Satisfy all creditors
- Conclude this bankruptcy case to prevent further depletion of the estate.

WHEREFORE, Westborough SPE LLC respectfully requests this Honorable Court to grant this Motion to Appoint an Interim Trustee and take all further necessary actions consistent with the relief sought herein.

Lolonyon Akouete
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, manager for the Debtor, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

WESTBOROUGH SPE, LLC
By its manager,

Lolonyon Akouete
1241 Deer Park Ave., Suite 1,
#1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

186

# Exhibit 1
Photograph of the Damages and Vandalism.



















# <u>Exhibit 2</u>
Tax Title amount as of 12-28-2018
and 5-16-2023

This instrument must be filed for record or registration within 60 days from its date

STATE TAX FORM 301
Revised 3/2009

G.L. c. 60 §§53 and 54

## COMMONWEALTH OF MASSACHUSETTS
## TOWN OF WESTBOROUGH
## OFFICE OF THE COLLECTOR OF TAXES

I, <u>Robert C. Haley</u>, Collector of Taxes for the <u>Town of Westborough</u>, acting under General Laws Chapter 60, Sections 53 and 54, hereby take for the city/town the real property described below:

## DESCRIPTION OF PROPERTY

PROPERTY: Land and any building(s) thereon     CONTAINING:  29.336 AC (more or less)
LOCATION:  231 Turnpike Road
ASSESSORS: 32-48-0
REGISTRY:  Worcester District Registry of Deeds Book 19369, Page 75

This land is taken because taxes, as defined in Chapter 60, Section 43, assessed on the property to <u>Westborough SPE LLC</u> for the fiscal year <u>2018</u> were not paid within 14 days after a demand for payment was made on <u>Westborough SPE LLC</u> on <u>June 4, 2018</u>. After notice of intention to take the land was given as required by law, they remain unpaid along with interest and incidental expenses and costs to the date of taking as follows:

| | |
|---|---|
| Fiscal Year 2018 Taxes Remaining Unpaid | $ 106,944.99 |
| Interest to Date of Taking | $ 12,673.18 |
| Incidental Expenses and Costs to Date of Taking | $ 10.00 |
| Total for which Land is Taken | $ 119,628.17 |

Executed as a sealed instrument on <u>December 28, 2018</u>

_____
Signature of Collector of Taxes
ROBERT C. HALEY
_____
Printed/Typed Name of Collector of Taxes

## COMMONWEALTH OF MASSACHUSETTS

Worcester District, ss                                        December 28, 2018

On this <u>28th</u> day of <u>December</u>, 2018, before me, the undersigned notary public, personally appeared <u>Robert C. Haley</u>, proved to me through satisfactory evidence of identification, which were <u>MA Drivers Licnse</u>, and personally known to me, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose, as Collector of Taxes for the City/Town of <u>Westborough</u>.

_____
Signature of Notary Public

Deborah E. Ledoux
_____
Printed/Typed Name of Notary Public

My commission expires April 23, 2021

DEBORAH E. LEDOUX
Notary Public
Commonwealth of Massachusetts
My Commission Expires THIS FORM APPROVED BY THE COMMISSIONER OF REV

TEST WORC. Kathryn A. Toomey, Register

2019 00004568
Bk: 59943 Pg: 371
Page: 1 of 1 01/16/2019 02:16 PM WD



# TOWN OF WESTBOROUGH MASSACHUSETTS

OFFICE OF THE TREASURER/COLLECTOR 
34 WEST MAIN STREET 
WESTBOROUGH, MA 01581-1998 
LINDA A. SMITH 

TELEPHONE 
(508)871-5142 
FAX 
(508)366-3099 

231 TURNPIKE ROAD, WESTBOROUGH, MA 
PARCEL: 32-48-0       BOOK/PAGE: 66983-53 

16% interest to 5/16/23

| Year | Item | Amount | TOTALS | | VALUE |
|---|---|---|---|---|---|
| 2018 | Tax Title Lien | $ 119,628.17 | | pd Q1/1/2 Q2 | $ 9,264,800.00 |
| | interest | $ 93,956.04 | | | |
| | Water Lien | | | | water/sewer included in tax lien |
| | Sewer Lien | | | | |
| | interest | | $ 213,584.21 | | |
| | Per Diem | | | 52.44 | |
| 2019 | Tax Title Lien | $ 103,133.80 | | | $ 5,239,100.00 |
| | interest | $ 64,197.28 | | | |
| | Water Lien | | | | water/sewer included in tax lien |
| | Sewer Lien | | | | |
| | interest | | | | |
| | No Income | $ 250.00 | $ 167,581.08 | | |
| | Per Diem | | | 45.21 | |
| 2020 | Tax Title Lien | $ 102,963.48 | | | $ 5,239,100.00 |
| | interest | $ 48,068.54 | | | |
| | Water Lien | | | | water/sewer included in tax lien |
| | Sewer Lien | | | | |
| | interest | | | | |
| | No Income | $ 250.00 | $ 151,282.02 | | |
| | Per Diem | | | 45.14 | |
| 2021 | Tax Title Lien | $ 55,915.95 | | | $ 2,622,100.00 |
| | interest | $ 17,108.72 | | | |
| | Water Lien | | | | water/sewer included in tax lien |
| | Sewer Lien | | | | |
| | interest | | | | |
| | No Income | $ 250.00 | $ 73,274.67 | | |
| | Per Diem | | | 24.51 | |
| 2022 | RE | $ 36,885.70 | | | $ 1,994,900.00 |
| | interest | $ 11,075.82 | | | |
| | Water Lien | $ 198.36 | | | |
| | Sewer Lien | $ 208.44 | | | |
| | interest | $ 268.00 | | | |
| | No Income | $ 250.00 | $ 48,886.32 | | |
| | Per Diem | | | 16.17 | |
| 2023 | RE | $ 35,183.54 | | | $ 2,082,000.00 |
| | interest | $ 4,935.33 | | | |
| | Water Lien | $ 198.36 | | | |
| | Sewer Lien | $ 208.44 | | | |
| | interest | $ 236.26 | | | |
| | Per Diem | | | 15.42 | |

No Income    $   250.00  $  41,011.94

$ 695,620.24   $ 695,620.24

| | |
|---|---|
| NSTAR Lien | $ 9,900.53 |
| Boston Board Up | $ 14,438.55 |
| Ins. costs to date | $ 109,882.92 |
| EverSource costs | $ 2,757.92 |
| Appraisal | $ 6,000.00 |
| Legal fees: KP Law thru 2/28/23 - tax title | $ 24,110.75 |
| RFP | $ 20,591.22 |
| Legal fees: Iris Leahy thru 4/28/23 tax title | $ 34,027.47 |
| Filing fee | $ 515.00 |
| withdrawal ?? | $ 365.00 |
| recording fee?? | $ 105.00 |
| | $ 222,694.36 |

**GRAND TOTAL**  $ 918,314.60

\*\* there could be additional charges in the days to come that could get added on, legal etc....

_Linda A. Smith_          5/3/2023

LINDA A SMITH                    DATE
TREASURER'/COLLECTOR

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

On this 3rd day of May, 20 23 before me, the undersigned notary public, Linda Smith, Treasurer Collector personally appeared, provide to me through satisfactory evidence of identification, which were personally known to me , to be the person who signed the preceding or attached document in my presence and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

_Deborah E. Ledoux_ (official signature and seal of notary public)

My Commission Expires: April 7, 2028



UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## EMERGENCY MOTION TO MODIFY AUTOMATIC STAY

NOW COMES Alleged Debtor, Westborough SPE LLC ("WSPE"), by its manager, Lolonyon Akouete, respectfully moves this Honorable Court to enter an Order modifying the automatic stay for the sole purpose of allowing the alleged debtor to commence legal action in the California Superior Court, Sacramento to recover unclaimed funds. The alleged debtor further seeks permission to continue its civil action case number 4:2023cv12017 currently pending in the United States District Court for the District of Massachusetts, seeking declaratory and other relief against the Town of Westborough.

In support of this Motion, WSPE states as follows:

**1. Urgency to File Complaint:** WSPE needs to file its complaint within the time prescribed in Section 1541 - Action to establish claim, Cal. Code Civ. Proc. § 1541. See Exhibit #1, Controller is no longer responding to WSPE communications. Relevant precedent - Golden State Pharm. v. Yee.

**2. Exclusive Jurisdiction of California State Court:** According to the Controller, § 106(a)(4) of the UPL mandates that denials of claims to escheated property be exclusively heard in a California state court.

**3. Purpose of California's Unclaimed Property Law (UPL):** California's Unclaimed Property Law (UPL) serves two purposes: (1) to protect unknown owners by locating and returning their property and (2) to allow the state, rather than the holders of unclaimed property, to benefit from its use, especially when it is unlikely to be claimed.

**4. Relevant Precedent - In re Death Row Records, Inc., BAP CC-11-1186-HPePa:** In the case of In re Death Row Records, Inc., BAP CC-11-1186-HPePa, the Trustee sought the return of escheated funds under California's Unclaimed Property Law (UPL), Cal. Civ. Proc. Code § 1500, et seq. However, the Controller's office issued a letter on May 26, 2010, partially granting and partially denying the Trustee's claim. The Controller's long-standing policy stated that once property escheated to California, bankruptcy trustees representing a bankruptcy estate or debtor could not claim it. The Controller's explanation was based on the definition of "owner" under Cal. Civ. Proc. Code § 1540, subdivision (d), which referred to the person with a legal right to the property before escheat. Since the property vested in California, it was not considered property of the debtor, making it ineligible for a bankruptcy trustee's claim.

**5. Cause Under Section 362(d)(1):** The foregoing constitutes "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to permit WSPE to take those steps described in the preceding paragraph.

**6. Resolution of Related Claims:** Granting relief from stay will result in a partial or complete resolution of the California unclaimed funds claim and the District Court litigation since both cases are connected. See Exhibit #2,

198

**7. No Prejudice to Creditors or Bankruptcy Estate:** The complaint to recover escheated property in California and the continuation of the civil action in the Massachusetts District court will not interfere with the administration of this bankruptcy case. In fact, WSPE did not refuse to pay its debts, so the litigation in another forum would not prejudice the interests of any creditors. Allowing the proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, will serve the interest of judicial economy and the expeditious and economical determination of litigation for the parties. This also relieves the bankruptcy court from many duties that may be handled elsewhere, leaving the parties to their chosen forum.

WHEREFORE, WSPE prays that this Honorable Court will grant its motion and modify the stay in the manner requested so that it may commence legal action in the California Superior Court, Sacramento and continue its civil action Case number 4:2023cv12017 in the United States District Court for the District of Massachusetts, seeking declaratory and other relief against the Town of Westborough.

DATED: September 25, 2023

Respectfully submitted:

WESTBOROUGH SPE, LLC
By its manager,

Lolonyon Akouete
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, manager for the Debtor, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

WESTBOROUGH SPE, LLC
By its manager,

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Lolonyon Akouete
1241 Deer Park Ave., Suite 1,
#1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

199

# Exhibit 1

Email to state counsel requesting an update on the claim.

 Gmail

Lolonyon Akouete <loloact2@gmail.com>

## Complaint to Recover Escheated Property - ID: 1019294209

**Lolonyon Akouete** <loloact2@gmail.com>     Sun, Sep 17, 2023 at 6:20 PM
To: rchivaro@sco.ca.gov
Cc: "Nakhwal, Harpreet" <hnakhwal@sco.ca.gov>

Dear Ms. Chivaro,

My name is Lolonyon Akouete, and I am the manager of Westborough SPE LLC, a Delaware limited liability company. On June 15, 2022, MUFG UNION BANK N A reported an abandoned checking account belonging to Westborough SPE LLC, with a balance of $1,293,646.83. The funds are now being held with the State Controller Property ID# 1019294209.

We have requested an expedited claim process for Property ID# 1019294209, which was approved on December 13, 2022. However, the claim was denied by Harpreet Nakhwal in the legal department based on inaccurate information.

On July 13, 2023, we provided updated information and documentation and requested a reevaluation of the claim. Attorney Nakhwal advised us that she would get back to us in 30 days, but we have not received any response to the claim.

The delay in processing the claim has caused Westborough SPE LLC to be unable to pay its debts, and creditors have filed an involuntary Chapter 7 bankruptcy case against the entity (Case No. 23-40709-CJP). The debt of Westborough SPE LLC includes $918,314.60 in Tax Lien, $140,507.83 in attorney fees, and $356,681.00 in CAM Charges.

Before filing a complaint against an agency, the attorney general website advises trying to resolve the matter with the agency first.

Code of Civil Procedure sections 1540 and 1541 establish a procedure for owners of unclaimed property held by the State to submit a claim for the property's return. Section 1540 requires the Controller to consider a submitted claim within 180 days of its submission, and section 1541 authorizes a claimant to file a civil action if the Controller does not decide the claim within that 180-day timeframe.

We would like to get an update on the reevaluation of the claim, Property ID# 1019294209.

We have attached the updated documents that we provided to Harpreet Nakhwal for the reevaluation of the claim.

Thank you.

Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

Our claim was initially denied due to false information claiming that F. Jan Blaustein Scholes is under Guardianship/Conservatorship. However, Jan Blaustein Scholes has been residing at 7501 E Thompson Peak Pkwy, Scottsdale, Arizona, since the end of 2019, and there is no Guardianship/Conservatorship proceeding in Arizona or in California, where Jan used to live.

Jan had a stroke while living briefly in Hawaii, and her son Peter was appointed as her conservator. However, she has since recovered and no longer lives in Hawaii.

According to the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act (28 U.S.C. Section 1738A), specifically Section 1738A(h), "a foreign guardianship or protective order [from outside the state] is not entitled to full

faith and credit in this state until it is registered in this state." No foreign registration occurred in Arizona or California pursuant to A.R.S. Section 14-12401.

---

**5 attachments**

📄 **Westborough SPE LLC Operating Agreement.pdf**
886K

📄 **Certificate of Revival and Good Standing.pdf**
1045K

📄 **Durable Power of Attorney and  Written Consent of Manager signed by Ms. Scholes.pdf**
5085K

📄 **BBAS Inc to BBAS LLC to BBPM LLC.pdf**
764K

📄 **Claim Affirmation Form -Claim ID 21014485.pdf**
2035K

# Exhibit 2
Civil Action Case Number 4:2023cv12017 Pending in US District Court for District of Massachusetts, Seeks Relief Against Town of Westborough.

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS**

--------------------------------X

**WESTBOROUGH SPE LLC**, a Delaware
limited liability company,

       *Plaintiff.*

       v.

**TOWN OF WESTBOROUGH**, *a
municipal corporation of The
Commonwealth of Massachusetts*;
**SHELBY MARSHALL**, *individually
and in the official capacity as Select
Board Member*; **IAN JOHNSON**,
*individually and in the official capacity
as Select Board Member*; **ALLEN
EDINBERG**, *individually and in the
official capacity as Select Board
Member*; **SEAN KEOGH**, *individually
and in the official capacity as Select
Board Chair*; **PATRICK WELCH**,
*individually and in the official capacity
as Select Board Vice-Chair*; **PETER
BLAUSTEIN**, *individually,*

       Defendants.

Civil Action #:

_____

**JURY TRIAL DEMANDED**

--------------------------------X

**VERIFIED COMPLAINT FOR DECLARATORY AND OTHER RELIEF**

Plaintiff Westborough SPE LLC ("**Plaintiff**") brings this Verified Complaint for

declaratory and other relief, including under 42 U.S.C. §1983, and alleges, on knowledge as to its

own actions, and otherwise upon information and belief:

# 1. PRELIMINARY STATEMENT

1.      This civil action seeks to vindicate Plaintiff's constitutional and common law rights and hold responsible municipal defendants and co-conspirators accountable for their unlawful actions that deprived Plaintiff of 100% of its commercial real property located at 231 Turnpike Road, Westborough, Massachusetts ("**Locus**").

2.      This lawsuit also seeks declaratory relief as to the constitutionality of M.G.L. c. 60, §§28 and 64, and actions of the Massachusetts Land Court vis-à-vis the tax title foreclosure process as applied to the Plaintiff.

3.      Massachusetts tax deeds fail federal and Massachusetts due process scrutiny for two reasons. First, they allow municipalities like the Town of Westborough to keep property that is far beyond the amount for which they have a claim in violation of the Supreme Court's holding in *Tyler v. Hennepin Cty. Minnesota*, 598 U.S. 631 (2023). Second, they allow a municipality to take title from the taxpayer without providing a pre-seizure hearing. Neither problem is acceptable under constitutional analysis.

4.      This case arises out of an actual case and controversy. The Town of Westborough, Massachusetts ("**Town of Westborough**") seized Plaintiff's commercial real property having an approximate fair market value of $5,235,000.00 ($9,264,800.00 assessed value) as payment for tax debt of $119,628.17 in 2018, without a hearing, in a tax foreclosure process saddled with constitutional due process violations.

5.      The Town of Westborough violated the Takings Clause of the United States Constitution when it took the Plaintiff's real property without compensation, and a property owner may bring a Fifth Amendment claim under §1983 at such time. *See Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2164 (2019) citing *Jacobs v. United States*, 290 U.S. 13 (1933).

2

6.    In *Wayside Church v. Van Buren S.*, 847 F.3d 812, 823 (6th Cir. 2017), Justice Kethledge stated in his dissent: "In this case the defendant Van Buren County took property worth $206,000 to satisfy a $16,750 debt, and then refused to refund any of the difference. In some legal precincts that sort of behavior is called theft." A footnote in *Tallage Lincoln, LLC v. Williams*, 485 Mass. 449, 453 n.4 (2020), framed the constitutional issue this way:

> Several of our sister States have determined that excess value from a tax taking must be made available to the taxpayer as a matter of constitutional law. *See, e.g.*, *Thomas Tool Servs., Inc. v. Croydon*, 145 N.H. 218, 220 (2000) (tax lien procedure resulting in equity windfall to purchaser of tax deed violated takings clause of New Hampshire Constitution); *Bogie v. Barnet*, 129 Vt. 46, 55 (1970) (retention of excess value by town amounts to unlawful taking for public use without compensation contrary to Vermont Constitution).

> In *Kelly v. Boston*, 348 Mass. 385, 388 (1965), [the Supreme Judicial Court ("SJC")] considered the legislative history of the statutory scheme governing tax lien foreclosures and determined that the Legislature intended that the process result in forfeiture of the taxpayer's equity to the municipality. The parties in that case did not raise any constitutional challenge, and [the SJC] did not address the constitutionality of the statutory scheme.

7.    As acknowledged in the quotation above from *Tallage Lincoln, LLC v. Williams*, *supra*, at least two other New England states have recognized that the tax lien and foreclosure process still used in Massachusetts is an unconstitutional taking of private property. Vermont led the way in *Bogie v. Town of Barnet*, 129 Vt. 46, 55, 270 A.2d 898 (1970). The Vermont Constitution, Chapter 1, Article 2, requires that "whenever any person's property is taken for the use of the public, the owner ought to receive an equivalent in money." The court in *Bogie v. Barnet* held as follows (129 Vt. at 49, 270 A.2d at 900):

> A policy which encouraged municipal governments to promote situations where it was authorized to acquire the property of its own taxpayers at unconscionable discounts, to the enrichment of the town treasury or enlargement of its land holdings, is fraught with danger and we find not contemplated by the legislative enactment.

8.    The Supreme Court recognized the unconstitutionality of equity theft as far back as the 1800s in *United States v. Lawton*, 110 U.S. 146, (1884), when it said, in connection with a similar direct bidding-off by the United States in a tax sale:

3

To withhold the surplus from the owner would be to violate the fifth amendment to the constitution, and deprive him of his property without due process of law or take his property for public use without just compensation. If he affirms the propriety of selling or taking more than enough of his land to pay the tax and penalty and interest and costs, and applies for the surplus money, he must receive at least that.

The corresponding rights under the Vermont Constitution upon a taking by public authority appear in Chapter I, Article 2. Satisfaction of the statutory procedures, although they may meet the test of due process, does not negate the obligation to account for the excess proceeds received from the sale.

9. U.S. Constitution, Amend. 5, states that: "No person shall be … deprived of … property, without due process of law; nor shall private property be taken for public use, without just compensation."

10. Massachusetts Courts are left with no option but to enforce Massachusetts law on tax title foreclosures and permit "equity theft", because the legislature has failed to act quickly in response to newly enacted Supreme Court precedent established in *Tyler v. Hennepin Cnty.*, 598 U.S. 631 (2023) ("**Tyler**").

11. The federal excessive fines standard under U.S. Const. Amend 8 ("Excessive bail shall not be required, nor excessive fines imposed …..") is laid out in *United States v. Bajakajian*, 524 U.S. 321, 327–28 (1998). A fine is excessive when it is punitive and grossly disproportionate to the offense. *Id.* at 333–34. The law already gives municipalities, like the Town of Westborough in this case, a right to collect a tax debt with substantial interest and costs. Taking more than that is grossly disproportionate to the non-criminal failure to pay a debt, especially where the failure arises from poverty, medical problems, or lack of knowledge.

12. The Supreme Court is the "ultimate interpreter of the Constitution" and the United States Constitution is the "supreme law of the land." *Baker v. Carr*, 369 U.S. 186, 211 (1962); *Cooper v. Aaron*, 358 U.S. 1, 18-20 (1958); U.S. Const. art. VI (Supremacy Clause).

4

13.     Thus, it would be constitutional error to assert that the Massachusetts Land Court ("**Land Court**") can stand by and wait for remedial state legislative action when it is required to implement the holding of *Tyler* immediately, especially as to Plaintiff's dispute with the Town of Westborough.

14.     The Land Court has an unfettered constitutional obligation, under the Due Process, Takings, and Supremacy Clauses of the United States Constitution, to cure the scourge of real property equity theft no matter if the Massachusetts General Court ("Legislature") ever enacts any legislation.

15.     The Land Court's standard form tax lien complaint, employed by municipal tax lien foreclosure claimants as the starting point in any tax lien foreclosure case, awards successful claimants with "absolute title" to real property irrespective of how minimal the taxes owed are and how substantial the homeowner's equity is when the Land Court judgment is entered. This directly contravenes the May 25, 2023 ruling in *Tyler*, the Takings Clause of the United States Constitution, and abridges fundamental constitutional property rights of real property holders, including those rights secured under the Due Process, Takings, and Supremacy Clauses of the United States Constitution.

16.     By statute, M.G.L. c. 60, § 50B, every community in Massachusetts must include in its annual budget the necessary monies to pay for tax foreclosure proceedings. This appropriation is estimated by the municipal treasurer and must be at least $80 for each tax title ripe for foreclosure held by the community involving property having a current assessed valuation greater than $100,000.00. Massachusetts has ingrained and granted its imprimatur to the tax foreclosure practice as currently implemented through statutory enactment.

5

208

## 2. JURISDICTION

17.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under rights conferred by the United States Constitution and the Civil Rights Act of 1871, 42 U.S. Code §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution, under 42 U.S.C. §§ 1985(2) and 1986, and federal law.

18.     This Court also has original subject matter jurisdiction under 28 U.S.C. § 1343(a)(2).

19.     This Court has ancillary jurisdiction over Massachusetts state-law claims under 28 U.S.C. § 1367.

20.     This Court has subject matter jurisdiction over Plaintiff's declaratory judgment claims under 28 U.S.C. § 2201(a), 28 U.S.C. § 2202, and Fed. R. Civ. P. 57.

21.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C § 1332. A limited liability company (LLC) is a citizen of all states in which each of its members is a citizen (*see Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016)). The 100% Member of Plaintiff is Mignonette Investments Limited, a British Virgin Islands limited partnership and thus the Plaintiff is only a citizen of the British Virgin Islands.

22.     No Defendant has a citizenship of the British Virgin Islands and thus there is complete diversity.

23.     The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

24.     This Court has the authority to provide preliminary and permanent injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

6

25. This Court has personal jurisdiction over all defendants because they have made and established contacts within The Commonwealth of Massachusetts to permit the exercise of personal jurisdiction over them.

### 3. VENUE

26. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that at least one defendant has its principal place of business in Boston, Suffolk County, Massachusetts and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

### 4. PARTIES

27. Plaintiff Westborough SPE LLC ("**Plaintiff**") is a limited liability company formed under the laws of the State of Delaware and does business in Westborough, Massachusetts. Plaintiff has a single 100% member: Mignonette Investments Limited — a British Virgin Islands limited partnership. Plaintiff was the record owner of the real property located at the Locus before the Town of Westborough's unlawful actions.

28. Defendant Town of Westborough is a Massachusetts municipal corporation ("**Town of Westborough**") having a usual place of business at 34 West Main Street, Westborough, Massachusetts 01581.

29. Upon information and belief, Defendant Shelby Marshall ("**Marshall**"), individually and in the official capacity as Select Board Member resides at 7 Charles Street, Westborough, Massachusetts 01581.

30. Upon information and belief, Defendant Ian Johnson ("**Johnson**"), individually and in the official capacity as Select Board Member resides at 9 Bertis Adams Way, Westborough, Massachusetts 01581.

31. Upon information and belief, Defendant Allen Edinberg ("**Edinberg**"), individually and in the official capacity as Select Board Member resides at 8 Nash Street, Westborough, Massachusetts 01581.

32. Upon information and belief, Defendant Sean Keogh ("**Keogh**"), individually and in the official capacity as Select Board Chair resides at 28 Longmeadow Road, Westborough, Massachusetts 01581.

33. Upon information and belief, Defendant Patrick Welch ("**Welch**"), individually and in the official capacity as Select Board Vice-Chair resides at 15 Chauncy Circle, Westborough, Massachusetts 01581.

34. Defendants Marshall, Johnson, Edinberg, Keogh, and Welch are collectively referred to as the ("**Select Board**").

35. Upon information and belief, Defendant Peter Blaustein ("**Mr. Blaustein**"), individually, resides at 950 Vista Road, Hillsborough, California 94010. Mr. Blaustein is the son of F. Jan Blaustein Scholes, a former general counsel and executive at Babcock & Brown Administrative Services, Inc. and manager of Babcock & Brown Parallel Member LLC, its successor in interest and who transferred her manager role to Lolonyon Akouete and Denise Edwards by written agreement in accordance with the Plaintiff's LLC Operating Agreement.

## 5. RIPENESS/STANDING

36. This case is ripe for adjudication because it has created a direct and immediate dilemma for the parties—the Town of Westborough has foreclosed on the Locus.

37. Plaintiff meets all three Article III standing requirements under *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff has a personal stake in the outcome of this litigation because its real property (its most significant financial asset) has been improperly seized

by the Town of Westborough for the nonpayment of property taxes. The improper foreclosure of Plaintiff's real property at the Locus constitutes an injury in fact that this Court can redress. The Land Court, Judge Locke (given his control over the Trial Court), the Attorney General, and the Town of Westborough have the power to prevent the Town of Westborough's unlawful taking of Plaintiff's real property at the Locus.

38. The constitutional injuries endured by the Plaintiff, as detailed here, are directly traceable to Town of Westborough actors.

## 6. FACTS

### a. TOWN OF WESTBOROUGH'S PREMATURE AND UNLAWFUL REQUEST FOR PROPOSAL ("RFP").

39. In or about early June 2022, the Town of Westborough issued an RFP by which it solicited offers to purchase the former Regal Cinema property located at the Locus, consisting of a lot of around 29 acres and containing a structure that was formerly used as a movie theater, which the Town of Westborough had acquired by foreclosure of a tax lien ("**RFP**").

40. The Select Board of the Town of Westborough ("**Select Board**") scored the proposals as "highly advantageous", "advantageous", or "least favorable" with respect to each of the five above criteria.

41. Question 5 in the RFP Addendum asked: Will the closing happen after the redemption period expires?" The Town of Westborough answered: "The Town is willing to consider closing on the property after the redemption period has expired, provided the closing occurs no later than January 30, 2023, and, further, that **the Town may give preference to proposers who are willing to close on the property prior to the expiration of the redemption period**." (Emphasis added).

9

42. Since the judgment of foreclosure in the tax lien case (Land Court Case # 19 TL 000768-HPS), issued on January 5, 2022, Plaintiff could petition the Land Court to redeem he property until January 5, 2023, which Plaintiff indeed did.

43. The Town of Westborough received three proposals to its RFP by the due date of July 25, 2022.

    (a) The high bidder was Pulte Homes of New England, LLC, which offered $7,942,000.00 and proposed to raze the existing movie theater structure and replace it with 108 non-age-restricted residential condominium units ("**Pulte Proposal**"). The Select Board for the Town of Westborough ultimately rejected this proposal.

    (b) The other two proposals were commercial in nature:

        (i) Lax Media LLC and its Massachusetts subsidiary proposed to re-open a movie theater.

        (ii) Ferris Development proposed to make the property the second of its "Beehive" locations, an innovative approach to workspace for tradespeople. Beehive sites offer physical space for everyday trades (such as electricians, plumbers, painters, and carpenters). Ferris Development offered to pay $2,875,000. Lax Media LLC and its Massachusetts subsidiaries proposed $2,500,001.

44. According to the minutes and agendas of the Town of Westborough Select Board, they met in executive session to discuss the RFP matter at least seven times after receiving the RFP proposals. These executive sessions took place on August 2nd, August 23rd, September 6th, September 13th, September 27th, October 11th, and October 26th, 2022.

45. On November 2, 2022, the Town of Westborough Select Board met in open session to discuss the RFP matter. They took less than five minutes to announce that they had given Lax

three ratings of "highly advantageous" and two of "advantageous (without specifying which of the criteria won each rating); Ferris Development received two (2) ratings of "highly advantageous", three (3) ratings of "advantageous", and Pulte received two (2) ratings of "highly advantageous", one (1) rating of "advantageous", and two (2) ratings of "least advantageous".

46. The Select Board then voted on November 2, 2022 to award the purchase and sale agreement to the Lax entities. Under the terms of the RFP, The Town of Westborough and Lax were to enter into a purchase and sale agreement within 30 days from the date of the vote.

47. The Town of Westborough, going through the RFP process highlighted above, shows that the Town of Westborough initially decided not to sell the property through the tax title process described in M.G.L. c. 60.

48. The Town of Westborough's action of going through the RFP and selecting the Lax Entities as the winning bidder illustrates that the Town of Westborough, its Select Board, Attorney, Town Manager, and Chief Assessor have recklessly disregarded their obligation to pay fair market value for the taken property. By not selecting the highest bidder Pulte, the Town has sought to minimize the value paid to the Plaintiff in violation of law.

49. The Town of Westborough through their RFP process failed to follow their own criteria. "A public authority [like the Select Board of the Town of Westborough] inviting bids may not, like Humpty Dumpty, choose to let words it uses in an invitation mean what the public authority chooses those words to mean. When words in an invitation are invested with a meaning known only to the issuer of the invitation to bid, the legislative aims that bids be submitted on a common basis is thwarted. Fairness and equality require that bidders have the opportunity to bid in the same way and on the same information such that they bear the same risk of rejection." *See White's Farm Dairy, Inc. v. City of New Bedford*, 1999 Mass. Super. LEXIS 294 at *34-35.

11

214

50.     The Town of Westborough flouted their legal duty by offering the Locus up for sale before adjudication of Plaintiff's property rights.

51.     The Select Board for the Town of Westborough rated the Lax Entities' proposal higher than that of Ferris Development because the Town expected that the Lax entities' proposal would generate higher tax revenue than that of Ferris Development.

52.     The property valuations relied upon by the Town of Westborough in determining projected tax revenue are facially suspect. The assessors claimed to estimate that Lax Entities' proposal would yield a property worth $9,329,750, while Ferris Development's would produce a fair market value of only $5,501,830. It strains credulity to suggest that Ferris Development would invest $2,875,000 to purchase the property and another $2 million +/- to develop it only to be content with a resulting parcel worth scantly more than the purchase and development cost. Given the contraction in the movie theater use segment in recent years, and the example of the failure of a cinema use on the very site that was at issue, it is unlikely that Lax entities could almost quadruple its purchase money investment by continuing a movie theater use. No real estate valuation professional in the United States would assign a higher valuation or capitalization rate to a movie theater than to a shared work storage space or housing units.

53.     This constitutes prima facie evidence that the Town of Westborough was covering up a process that did not follow its own RFP, that violated the Plaintiff's constitutional rights, and that defies economic logic—seeking to resume a prior failed use of the property as a movie theater.

54.     While "The town has broad power to control and dispose of real property on the terms and conditions it deems appropriate," and is not required to "transfer land to the highest bidder" (*see Mangano v. Town of Wilmington*, 51 Mass. App. Ct. 857, 859 (2001)), Towns must not violate bedrock constitutional principles in the exercise of their discretion.

12

55.     The Town of Westborough has stated on the record in a Plymouth County Superior Court proceeding:

"the Town had a rational basis for accepting Lax Media's proposal over that of [Ferris Development Group] because Lax Media's proposal provided greater financial benefits to the Town and was able to proceed more quickly than FDG's, even if FDG's proposal reflected greater financial resources.  Because Lax Media and FDG received the same score on price proposal and sustainability, and the Select Board reasonably determined Lax Media's proposal was better than FDG's on two of the three remaining criteria, the Town's decision was not arbitrary and the Court should not substitute its judgment for that of the Select Board.  Because the Select Board's decision was based on grounds upon which reasonable persons would rely, FDG does not have a likelihood of success on the merits of its claims here."

        *See* Opposition of the Town of Westborugh, *Ferris Development Group, LLC v. Town of Westborough et als.*, Superior Court Dept. Civil Action #2285cv01281 (Worcester Cty.) at pp. 12-13.

56.     <u>Furthermore, the Chief Assessor for the Town of Westborough stated:</u>

"The Assessor estimated Lax Media's use of the Property as a cinema would produce an estimated $192,507.33 in tax revenue annually, which was significantly more than [Ferris Development Group's] estimated annual tax revenue of $101,821.29 because of the more developed state the facility would be in as a cinema as opposed to a warehouse and meeting place for tradespeople…Moreover, the cinema use would also bring in tax revenue through ticket sales and meals taxes and personal property taxes on the high-technology fixtures installed…The cinema use would provide an evening destination for the entire community, stimulating nearby restaurants, whereas [Ferris Development Group's] proposal is an untested experiment following in the footsteps of the failed WeWork business model…[Ferris Development Group's] dismissal of the number of jobs Lax Media's cinema use would create is remarkable given that the cinema was estimated to create 10 full-time jobs, 20 part-time jobs, and several seasonal jobs…"

*See Id*. at pages 13-14.

57.     The Town of Westborough has a self-interest that it believes contravenes Plaintiff's constitutional rights—generating increased tax revenues for the Town of Westborough (which are suspect and speculative justifications), creating jobs, and continuing a prior use as it will have a lower effect on municipal services. This is all to the detriment of Plaintiff's Constitutional rights.

**b.  <u>The Town of Westborough and Its Agents Engaged in An Unconstitutional Taking of Property Without Just Compensation</u>**.

13

58.     The Land Court, by request of the Town of Westborough, has granted official imprimatur to an unconstitutional practice. It is the practice—sanctioned by statute[1]—of using unpaid real estate property taxes to seize real property for a municipality's own benefit, selling (or attempting to sell) it for amounts that far exceed the amount of unpaid taxes, retaining not just the amount owed for unpaid taxes, but all of the sale proceeds, including all of the property owner's equity in the real property. This is the practice of "equity theft".

59.     The Town of Westborough's desire to retain the value of sale proceeds in excess of the unpaid taxes due on real property and associated charges violates the United States Constitution's prohibitions on the taking of private property for public use without just compensation and constitutes an excessive fine for the nonpayment of property taxes.

60.     The willful intent has been manifested not only by the Town of Westborough Select Board, but also by and through its attorneys, treasurer/collector, and Town of Westborough officials and agents. This intent has been publicly broadcast in newspapers throughout Massachusetts.                                   *See,*                                   *e.g.,*

---

[1] M.G.L. c. 60, § 53 provides, "If a tax on land is not paid within fourteen days after demand therefor and remains unpaid at the date of taking, the collector may take such land for the town, first giving fourteen days' notice of his intention to exercise such power of taking, which notice may be served in the manner required by law for the service of subpoenas on witnesses in civil cases or may be published, and shall conform to the requirements of section forty five. He shall also, fourteen days before the taking, post a notice so conforming in two or more convenient and public places . . ."

M.G.L. c. 60, § 54 provides in pertinent part, "The instrument of taking shall be under the hand and seal of the collector and shall contain a statement of the cause of taking, a substantially accurate description of each parcel of land taken, the name of the person to whom the same was assessed, the amount of the tax thereon, and the incidental expenses and costs to the date of taking. Such an instrument of taking shall not be valid unless recorded within sixty days of the date of taking. If so recorded it shall be prima facie evidence of all facts essential to the validity of the title so taken . . . ."

14

https://www.metrowestdailynews.com/story/news/2022/08/05/westborough-ma-fields-proposals-former-regal-cinemas-property/10230187002/ (accessed August 17, 2023).

61.    The Land Court has refused to impose any administrative orders or a moratorium on tax title foreclosure cases in The Commonwealth based on the United States Supreme Court *Tyler* decision.

62.    The Land Court has stated that if a municipality or other plaintiff in a tax foreclosure case seeks to foreclose on a tax title, that Massachusetts law permits this to occur and that any resulting risk of liability, including for compensation owed to the former owner, is for the municipality to consider and assess in proceeding. Accordingly, the Massachusetts Land Court has vitiated the central holding of *Tyler* which prohibits municipalities from confiscating equity after conducting tax lien foreclosure sales.

63.    The Land Court has refused to immediately honor the *Tyler* ruling and has continually issued *absolute* titles in violation of federal law and Supreme Court precedent, especially in 19 TL 000768-HPS that applies to the Plaintiff.

64.    Since the Land Court has exclusive statutory jurisdiction over all tax lien foreclosure cases in Massachusetts, these cases must be litigated exclusively in the Land Court, which controls discovery, the course of proceedings, and enters judgments which have violated the core tenets of *Tyler*, especially through the foreclosure final judgment issued in *Town of Westborough v. Westborough SPE, LLC, et als.*, 19 TL 000768 (Land Ct. applies

65.    The Land Court's standard form tax lien complaint is unconstitutional because it seeks to award "absolute title" which violates *Tyler*.

66.    Every "absolute title" awarded by the Land Court, through judgments entered upon standard form tax lien complaints from May 25, 2023 to present date and beyond, is and will be

15

void ab initio—and of no legal force and effect. All such judgments, and the land titles to which they relate, will be subject to collateral attack for years to come because the Land Court has refused to comply with *Tyler* from the decision date. If "the court which renders judgment has no jurisdiction to render it, either because the proceedings, or the law under which they are taken, are unconstitutional, or for any other reason, the judgment is void and may be questioned collaterally…" *In re Neilson*, 131 U.S. 176, 182 (1889).

67.    These tax title foreclosure judgments and land title litigations will continue for years and will infect thousands of land titles going forward, opening the floodgates to litigation on this issue.

68.    By adhering to the rule of law announced in *Tyler*, the Land Court could minimize these invalid judgments and land titles.

69.    The Land Court's obligation to uphold constitutional rulings of the United States Supreme Court is not subject to or conditioned upon any antecedent action by the Massachusetts General Court ("Legislature") or any other legislative body. No legislative action is required to implement the core *Tyler* ruling given the Land Court's exclusive jurisdiction over tax lien foreclosure cases and its mechanical and administrative ability to ensure that no municipal tax lien claimant is ever awarded with any tax lien judgment which embeds the right to "take" real property equity.

70.    Courts, such as the Land Court, cannot stand idle and watch municipalities like the Town of Westborough violate the United States Constitution based on the inaction of a legislative body, especially where there is an active case and controversy.

**The Town of Westborough Initiates a Tax Taking Against Plaintiff**

16

71.     On January 16, 2019, the Town of Westborough recorded an instrument of Tax Taking under M.G.L. c. 60, §§ 53 and 54 against the Locus for nonpayment of property taxes.

72.     On July 8, 2019, the Town of Westborough commenced the action to foreclose the tax lien (*Town of Westborough v. Westborough SPE, LLC, et als.*, Massachusetts Land Court, Case # 19 TL 000768-HPS).

73.     On July 24, 2019, a Notice of the foreclosure action was recorded in the Worcester District Registry of Deeds at Book 60751, Page 221.

74.     On August 26, 2019, a Land Court Title Examiner, Michael H. Delaney, Esq. ("Attorney Delaney"), completed and subsequently filed a Title Report under M.G.L. c. 60, § 66, and reported that the parties interested and entitle to notice were "Westborough SPE, LLC c/o Babcock & Brown Administrative Services, Inc….Att'n Dyann Blaine and/or F. Jan Bluestein" and "Interstate Theaters Corporation".

75.     Plaintiff acquired its ownership interest in the Locus by Quitclaim Deed recorded at Book 19369, Page 75 in the Worcester District Registry of Deeds on November 21, 1997 ("Deed"). The Deed stated that the grantee was Westborough SPE LLC, a Delaware limited liability company with a principal place of business at c/o Babcock & Brown Administrative Services, Inc., Two Harrison Street, San Francisco, CA 94105. Westborough SPE LLC paid $9,151,449.00 in consideration for the Locus in 1997.

76.     Upon information and belief, Attorney Delaney searched the online records of The Secretary of The Commonwealth of Massachusetts Corporations Division ("MA Corporations Division") for Westborough SPE LLC. The MA Corporations Division is a mere repository of corporate filings and no one at the MA Corporations Division can confirm or deny the accuracy of any document filed with it, except to confirm the date and time said document was filed.

17

77. Upon information and belief, Attorney Delaney did not search any records of the Secretary of State for the State of Delaware Corporations Division.

78. Had Attorney Delaney searched he would have discovered that Babcock and Brown Administrative Services, Inc. had become Babcock and Brown Administrative Services LLC which later merged into Babcock and Brown Parallel Member LLC, a Delaware limited liability company.

79. Thus, Babcock and Brown Parallel Member LLC was the successor-in-interest manager to Babcock and Brown Administrative Services, Inc.

80. Babcock and Brown Parallel Member LLC was never provided notice of the foreclosure.

81. When the Town of Westborough "took" Plaintiff's Property with the judgment of foreclosure entering on January 5, 2022, through a tax taking that violated due process (including, but not limited to improper notice), it did not pay for said property.

82. Plaintiff has been deprived of all use and benefit of its real property at the Locus since the Town of Westborough's tax title foreclosure, and Plaintiff has received no compensation whatsoever. The only thing that the Town of Westborough has done was force Plaintiff to have incurred significant legal expenses because of the Town of Westborough and their agents' unconstitutional actions.

83. The Town, through its Tax Collector/Treasurer, asserted that it is due the sum of $918,314.60 for taxes, interest, and incidental expenses as through May 16, 2023. *See* **Exhibit A** attached and incorporated by reference. The Tax Collector in the affidavit readily concedes though that this sum is no longer accurate. On May 3, 2023, Linda A. Smith, Treasurer/Collector for the Town of Westborough ("Town Treasurer") certified that as of May 16, 2023 ("**Town's**

18

**Certification**"), a grand total of $918,314.60 was owed, consisting of: $119,628.17 (2018 Taxes), $103,133.80 (2019 Taxes), $10-2,963.48 (2020 Taxes), $55,915.95 (2021 Taxes), $36,885.70 (2021 Taxes), and $35,183.54 (2023 Taxes). It also included interest in the amount of $239,341.73, $58,138.22 in legal fees owed to KP Law and The Law Offices of Iris A. Leahy, Esq., miscellaneous water and sewer liens, NSTAR lien, $14,438.55 to Boston Board Up, $109,882.55 in insurance costs, $6000 in appraisal costs, $20,591.22 for a Request for Proposal (RFP) bid process to sell the Locus, and other miscellaneous recording costs and fees as Itemized in **Exhibit A**.

84.     The Town Treasurer certified in the Town's Certification that the 2023 assessed value of the Property is currently $2,082,000.00 compared with $9,264,800.00 in 2018. According to the Town of Westborough's Appraisal, the market value of the Locus is $4,790,000 as of August 3, 2018 as determined by Mark S. Reenstierna, Massachusetts Certified General Real Estate Appraiser #3803 communicated to Jonathan Steinberg, MAA, Chief Assessor for the Town of Westborough on September 4, 2018. A second appraisal was performed by William J. Pastuszek, Jr., MAI, SRA, MRA, Massachusetts Certified General Real Estate Appraiser License #10 on behalf of Shepherd Associates, LLC for the Town of Westborough and determined that the as-is opinion of value of the fee simple interest in the Locus as of January 28, 2018 was $5,500,000 to $6,000,000.

85.     Attorney Iris A. Leahy ("**Attorney Leahy**") and attorneys from KP Law, P.C. ("**KP Law**"), acting on behalf of the Town of Westborough, were encouraged to allow the Town of Westborough's tax title foreclosure of the Locus, because they have earned and continue to earn substantial legal fees stemming from the Plaintiff's challenge.

19

86.     The Locus consists of a parcel of land containing about 29.34 acres (around 1,277,876 square feet) improved with a single-story movie theater.

87.     On March 16, 2023, David M. Ferris, Esq. on behalf of Ferris Development Group, LLC executed a contingent Offer to Purchase the Locus for $2,400,000.00 ("**Minimum Current Market Price**").

88.     The Town's Certification stated that the assessed value of the Locus for 2023 is $2,082,000.00. Current Minimum Market Price is $2,400,000.00. The surplus ("**Surplus**"), consisting of the market value less outstanding taxes, interest, charges of keeping, and charges of sale, as of May 16, 2023, exceeded $918,314.60 (minimum amount of "equity theft") as alleged in the Town's Certification. See M.G.L. c. 60, § 28.

89.     Assuming arguendo that the Town decided to proceed with Pulte's offer during the RFP of nearly $7 Million, the resultant "equity theft" as of May 16, 2023 would have been nearly $6,081,685.40.

90.     Under current Massachusetts law, the Town of Westborough is entitled to this Surplus when and if the Town sells the Property subject only to additional permissible deductions, under M.G.L. c. 60, § 28, due, once again, to the mere passage of time.

91.     The Town of Westborough has stated that it refuses to release the proceeds to Westborough SPE LLC's duly authorized successor managers, Lolonyon Akouete, and Denise Edwards according to the records of the Massachusetts Secretary of The Commonwealth Corporations Division and the Secretary of State for the State of Delaware Corporations Division, the Durable Power of Attorney (governed by Delaware law) executed by F. Jan Blaustein Scholes as Manager ("Ms. Scholes")  of Babcock and Brown Parallel Member LLC as successor in interest

20

223

to Babcock and Brown Administrative Services, Inc. and a Written Consent of Manager signed by Ms. Scholes.

92.   Ms. Scholes executed and had notarized the Durable Power of Attorney and Written Consent of Manager in Maricopa County, Arizona.

93.   Plaintiff's LLC Operating Agreement is governed by Delaware law and allows for an existing manager to transfer the role of manager to another manager or co-manager.

94.   Plaintiff's LLC Operating Agreement does not allow a Manager to resign as Manager without Member Consent.

95.   No Member Consent was ever provided for the resignation of any manager by Mignonette Investments Limited.

**The Town of Westborough Has Informed Plaintiff's Managers That It Will Refuse to Tender Proceeds to the Plaintiff**

96.   The command of M.G.L. c. 60, § 28 is clear: "The collector shall *upon demand* give a written account of every sale on distress or seizure and charges, and pay to the owner any surplus above the taxes, interest and charges of keeping and sale."

97.   The Town of Westborough has stated that it will refuse to tender sale proceeds to Plaintiff's Managers even though Plaintiff is a manager-managed LLC.

98.   Since Plaintiff timely made a statutory demand, it is entitled to "any surplus" after payment of the expenses under M.G.L. c. 60, §28. Attempts to place a contrary construction upon M.G.L. c. 60, §28 would violate the Due Process Clause since "the touchstone of due process is the protection against the arbitrary action of the government…" *Wolf v. McDonnell*, 418 U.S. 539, 558 (1974).

99.   There is no legal, equitable, or factual base on which the Town of Westborough could assert that it may retain any surplus from a sale for itself.

21

100.    The Town of Westborough's actions to seize the Surplus violates the Fifth Amendment, Due Process Clause, Federal Civil Rights Act (42 U.S.C. § 1983), M.G.L. c. 60, § 28, and common law (including, but not limited to conversion, fraud, and deceit), and the retention of any such Surplus, within the meaning of M.G.L. c. 60, § 28, would violate Massachusetts criminal larceny statutes. *See* M.G.L. c. 266, § 30(1).

## C. Unconstitutional Documents/Postings by The Land Court.

101.    The Home Page of the Land Court website, which upon information and belief is operated by the Land Court, states: "A tax lien foreclosure is a type of court case in which a city or town (or sometimes a third party) can seek to obtain full ownership of property if the property taxes, water bills, or sewer bills are not paid…" (Emphasis added). See Land Court Website, https://www.mass.gov/land-court-tax-lien-foreclosure-cases-resources#:~:text=The%20Land%20Court%20has%20jurisdiction%20over%20all%20tax%20lien%20foreclosures%20in%20Massachusetts (accessed August 14, 2023).

102.    Land Court websites have spread false information that contradicts the Supreme Court's holding in *Tyler* and that the Town of Westborough and other municipalities rely contradicts.

103.    The Land Court Homepage Link - "Simple Chart of the Tax Lien Foreclosure Process" states at Section #8: "If you do not pay the amount back by a certain date, the plaintiff can file a motion for judgment and hearing notice. The Court will schedule a hearing on the Motion for Judgment. At this hearing, the Court may make a judgment of foreclosure. *If the Court makes a judgment of foreclosure, your ability to get the property back ends, and the plaintiff gets full ownership of the property. You will lose the whole property, even if it is worth much more than you owe.* (See FAQ #18 and FAQ #19)". See https://www.mass.gov/doc/simple-introductory-tax-lien-flowchart/download (Accessed August 14, 2023) which is incorporated by reference.

22

104.     The Massachusetts Standard Form Tax Lien Complaint – Form TL-5 (04-2021) at Section #5 states: "Plaintiff(s) requests that the Court enter judgment foreclosing all rights of all persons entitled to redeem and declaring that title to the described real estate is **absolute** and that all rights of redemption are barred.  Plaintiff(s) requests such other and further relief as the Court deems proper." (Emphasis Added). *See* https://www.mass.gov/doc/tax-lien-complaint/download (Accessed August 14, 2023) which is incorporated by reference.

105.     The Land Court's online Tax lien foreclosure informational outline states: "A tax lien foreclosure is a process through which you can lose ownership of your property if you do not pay your real estate taxes or water/sewer bill. This can result in you losing all of your property's value, even if the amount you owe is much less than your property's value." *See* https://www.mass.gov/info-details/tax-lien-foreclosure-informational-outline (Accessed August 14, 2023) which is incorporated by reference.

## COUNT ONE
## DECLARATORY RELIEF

106.     Plaintiff repeats and realleges the paragraphs above.

107.     Upon any sale of the Property by the Town of Westborough, if it effects such a sale, it is demanded that the Town and its Treasurer/Tax Collector, comply with the dictate of M.G.L. c. 60, § 28. The cited statutory subsection embeds the constitutional requirements of the Takings Clause of the Fifth Amendment to the United States Constitution ("Fifth Amendment") into it. "The Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'" *Knick v. Scott*, 588 U.S.___ (2019) Slip. Op. at p. 1. (brackets in original). "A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Id*., 588 U.S. ___ at 2. The "property

23

226

owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation…" *Id*.

108. On January 05, 2022, Final Judgment entered as to tax-taking by the Town of Westborough in the Land Court case (19 TL 000768-HPS) at the Locus.

109. Plaintiff is entitled to a declaration that if the Town of Westborough sells the Locus that Plaintiff is entitled to the difference between the amount owed and what the property sells for.

110. Plaintiff is entitled to a declaration that as a result of the Town of Westborough and its agents' unconstitutional behavior that it must forfeit any interest on amounts owed by Plaintiff for property taxes.

111. Plaintiff is entitled to a declaration that as a result of the Town of Westborough and its agents' unconstitutional behavior that it shall not be entitled to collect legal fees and costs incurred by Attorney Leahy and KP Law.

112. Plaintiff is entitled to a declaration as to the rights and obligations of Plaintiff and Defendants vis-à-vis the constitutionality of holding an RFP prior to expiration of Plaintiff's right of redemption period.

113. Plaintiff is entitled to a declaration as to the constitutionality of the Massachusetts tax-title foreclosure process as it has been directly applied by the Town of Westborough to Plaintiff.

## COUNT TWO

**UNCONSTITUTIONAL TAKING UNDER THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION; VIOLATION OF 42 U.S.C. § 1983**

114. Plaintiff repeats and realleges the paragraphs above.

115. Defendants at all times relevant to this action were acting under color of state law.

24

116.    Defendants unlawfully deprived Plaintiff of 100% of its real property located at the Locus without just compensation and without due process of law, all in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

117.    This claim is being made pursuant to 42 U.S.C. § 1983 and § 1988.

118.    The Fifth Amendment of the United States Constitution, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking of private property by Defendants. *See Knick v. Twp. Of Scott*, 588 U.S. ____ (2019).

119.    The Town of Westborough's actions and those of the 1983 Defendants vis-à-vis tax title foreclosure of the Locus have constituted a complete taking of Plaintiff's real property without any compensation for such taking.

120.    James Malloy, the former Town Manager for the Town of Westborough stated in a November 29, 2018 article in the Westboro Telegram & Gazette "the town will have to hold on to the money from the new owner for three years in case a claim is filed against the town…[Malloy] said that would not stop the selling and development of the property." *See* **Exhibit B** attached and incorporated by reference. The Town of Westborough had actual knowledge that selling the Locus in an RFP could subject the Town of Westborough to liability.

121.    At all times relevant hereto, the defendants acted under a policy or custom of the Town of Westborough of depriving real property owners that owe unpaid property taxes of their real property to avoid having to pay compensation in an eminent domain proceeding.

122.    In an Affidavit dated May 14, 2020, by Shirin Everett, Esq. of KP Law, P.C., legal counsel to the Town of Westborough, Attorney Shirin stated: "We advised the Town Manager that if real estate taxes were not being paid [at the Locus], the Town [of Westborough] could eventually acquire the title to the Property through a Land Court foreclosure process. We advised the Town

25

as to the steps the Town needs to take to demand payment of WSPE [Plaintiff], to record an Instrument of Taking after waiting the statutory 14-day period, and filing a petition to foreclose on the Property in Land Court." *See* **Exhibit C** at Paragraph #6, attached and incorporated by reference for the Affidavit of Shirin Everett, Esq. ("**Attorney Affidavit**").

123.    Attorney Shirin further notesd that "[a] vote taken under Article 18 of the March 6, 2018 Annual Town Meeting, authorized the Board of Selectmen [for the Town of Westborough] to acquire the Property [the Locus] by eminent domain for economic revitalization and general municipal purposes, and appropriated the sum of $6,000,000 to pay damages for the Property and to pay for costs incidental or related thereto. It was the Town's intent that, should it take the Property by eminent domain rather than through the tax-foreclosure process, it would pay damages to WSPE [Plaintiff] or to any other entity or person that established that it owned the Property." *nonpayment* at Paragraph #10.

124.    The Town of Westborough's unconstitutional municipal policy, practice, and custom vis-à-vis tax-title foreclosure in-lieu of condemnation proceedings to avoid having to pay just compensation for the taking of real property ("**Tax-Title Foreclosure Policy**") was the moving force of the constitutional violation suffered by the Plaintiff. *See Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694-95 (1978).

125.    Not only was the Town of Westborough's formal Tax-Title Foreclosure Policy caused the violation of Plaintiff's constitutional rights, but also it was designated employees with final policymaking authority that caused the rights violation, including Attorney Everett (KP Law), the Town Manager, and the Board of Selectmen.

126. All these aforementioned parties were either employees of the Town of Westborough, engaged in the business of the municipality, or were acting with the authority granted to them by the Town of Westborough.

127. Attorney Everett (KP Law) acted jointly with the Town of Westborough and acted under an engagement letter authorized by the Town of Westborough.

128. Peter Blaustein acted jointly with the government and was under the Town of Westborough's control, where Town Counsel, Attorney Leahy, drafted a "Waiver of Notice and Assent to the Entry of Judgment" for Peter Blaustein to sign, have notarized, and which was filed in Land Court proceeding 19 TL 000768-HPS on May 4, 2023. In that document, Peter Blaustein claimed to be a "Party of Interest by and/or through a Power of Attorney, as Court-Appointed Guardian, and as Conservator for F. Jan Blaustein a/k/a Jan Blaustein Scholes, in the above-referenced tax lien case, hereby waives her right to notice and assents to the previous entry of judgment with regards to the parcel listed below [Locus]". *See* **Exhibit D** attached and incorporated by reference. This document had a prejudicial effect on the Land Court proceeding and Plaintiff through its legal counsel moved to strike said document, but the Land Court Judge refused to strike said document from the Docket.

129. Defendants' actions did not substantially advance a legitimate state interest.

130. Defendants' policy and practice regarding tax title foreclosure of the Locus has denied Plaintiff any viable use of their property.

131. The Town of Westborough has taken Plaintiff's property for public use without providing just compensation.

132.    The Town of Westborough provided no compensation to Plaintiff for the taking of their real property, thereby depriving Plaintiff of their constitutional rights in violation of the Fifth Amendment of the United States Constitution.

133.    The Town of Westborough interfered with Plaintiff's distinct, investment-backed expectations as to their business and real property.

134.    As a result of Defendants' actions and failure to pay just compensation, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

135.    Defendants cannot assert a compelling interest for disregarding Plaintiff's long-established constitutional property rights.

136.    The Land Court's conduct has caused and will continue to cause Plaintiff to suffer immediate and irreparable harm to its constitutional rights to due process. No money damages can remedy this harm because real property is unique, and Plaintiff has no legal avenue by which to recover any money damages against the Town of Westborough.

## COUNT THREE

## VIOLATION OF 42 U.S.C. §§ 1985(2) and 1986

142.    Plaintiff repeats and realleges the paragraphs above.

143.    The first clause of § 1985(2) permits an action for damages when:

"two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified."

144.    § 1986 permits damages against any:

"person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [§ 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do."

28

231

145.    § 1985(2), "contain[s] no language requiring that the conspirators act with intent to deprive their victims of [constitutional rights]." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983).

146.    The Town of Westborough, Town of Westborough Select Board, Attorney Leahy, KP Law, Peter Blaustein, Dyann Blaine, and Walter Horst conspired to deter, by force, intimidation, and threats, F. Jan Blaustein Scholes from testifying freely, fully, and truthfully.

147.    Furthermore, upon information and belief, Peter Blaustein has told F. Jan Blaustein Scholes that he would not allow her to move to a nicer nursing home facility if she continued "cooperating" with Lolonyon Akouete and Denise Edwards, the successor managers of the Plaintiff. Mr. Akouete an Ms. Edwards owe a fiduciary duty to the Plaintiff to ensure that its greatest asset—real property at the Locus—is not wrongfully seized by the Town of Westborough for payment of outstanding tax obligations amounting to a mere fraction of the real property's value.

148.    Upon information and belief, the Select Board and KP Law had actual knowledge of Attorney Leahy's actions in wrongfully contacting Mr. Horst, Ms. Blaine, Peter Blaustein, and F. Jan Blaustein Scholes, witnesses in the Land Court proceeding (19 TL 000768-HPS).

149.    Neither the Select Board nor KP Law, who had the power to stop Attorney Leahy's improper actions, acted to so stop Attorney Leahy.

150.    As a result of defendants' conduct, Plaintiff suffered damages in an amount to be determined at trial.

# COUNT FOUR

## EXCESSIVE FINES VIOLATION OF THE UNITED STATES CONSTITUTION

## (AGAINST TOWN OF WESTBOROUGH)

151.    Plaintiff repeats and realleges the paragraphs above.

152.    The Eighth Amendment to the United States Constitution prohibits the imposition of excessive fines.

153.    Confiscating the entire value of Plaintiff's real property, including the excess or surplus equity in Plaintiff's property because of non-payments of real estate taxes is an excessive fine under the Eighth Amendment to the United States Constitution.

154.    Defendant is engaged in assessing and collecting prohibited excessive fines.

155.    Plaintiff faces a threat of irreparable harm if, after a trial on the merits, a permanent injunction is not granted, in that there is a threat that its property rights will continue to be violated by Defendant.

156.    Plaintiff has no adequate legal remedy to protect their property interests from the ongoing unconstitutional and unlawful conduct herein described.

157.    Plaintiff has been injured and damaged by the unlawful excessive fines under the United States Constitution and is entitled to relief as a result.

WHEREFORE, Plaintiff requests judgment as follows:

A.    Enter an order that the Defendants have violated Plaintiff's constitutional rights by taking its real property for public use without just compensation and violating Plaintiff's due process rights;

B.    Enter an order for damages and/or compensation for the value of the real property taken by Defendants;

30

233

C. Enter an order for all damages available under federal law as applicable, including, but not limited to, an award for nominal and punitive damages;

D. Issue a Declaratory Judgment that M.G.L. c. 60, § 28 is unconstitutional as applied and/or facially;

E. Issue a Declaratory Judgment that M.G.L. c. 60, §§ 53 and 54 are unconstitutional as applied and/or facially;

F. Issue a Declaratory Judgment that Massachusetts' statutory scheme of tax title takings and allowance for "equity theft" is unconstitutional;

G. Issue a Declaratory Judgment that the Town of Westborough's appropriation of Plaintiff's real estate equity is an excessive fine in violation of the United States Constitution;

H. Issue a Declaratory Judgment that as a result of the Town of Westborough's actions, by and through its Select Board, and agents, that legal fees paid to further the Town's unconstitutional and/or unlawful actions should be removed from amounts Plaintiff owes to the Town;

I. Issue preliminary and permanent injunctions enjoining the Land Court, Town of Westborough, and Judges of the Trial Courts of The Commonwealth of Massachusetts from enforcing the foregoing challenged statutory provisions until further order of this Court.

J. Issue such other declarations as are necessary and proper for a full adjudication of this matter as presented to the Court;

31

234

K.      Award Plaintiff costs and attorneys' fees under 42 U.S.C. § 1988, or under any

other applicable statute or authority.

L.      Grant Plaintiff any other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


**Dated**: August 31st, 2023

                                        Respectfully submitted,

                                        **WESTBOROUGH SPE LLC**, Plaintiff,

                                        By its attorneys,

                                        *Scott A. Schlager*

                                        By: _____
                                             Scott A. Schlager, BBO#695421
                                             Nathanson & Goldberg, P.C.
                                             183 State Street, 5th Floor
                                             Boston, Massachusetts 02109
                                             Tel. (617) 909-4511
                                             Fax. (617) 210-4824
                                             sas@natgolaw.com

32

## VERIFICATION

I, Lolonyon Akouete, declare as follows:

1.  I am the co-Manager of Westborough SPE LLC, a Delaware limited liability company, Plaintiff in the above-captioned case. I have authorized the filing of this complaint and in accordance with the limited liability company operating agreement of Plaintiff.

2.  I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing Verified Complaint for Declaratory and Other Relief, and if called on to testify I would competently testify about these matters.

3.  I have personal knowledge of Westborough SPE LLC, its activities, and its intentions, including those set out in the foregoing Verified Complaint for Declaratory and Other Relief, and if called on to testify I would competently testify about these matters.

4.  I verify under penalty of perjury under the laws of the United States that the factual statements in this Complaint about myself, my activities, and my intentions are true and correct, as are the factual statements about Plaintiff, its activities, and its intentions. I have reviewed the allegations made in the complaint. As to those allegations of which I do not have personal knowledge, I rely on information and belief, and I believe them to be true. 28 U.S.C. § 1746.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31st DAY OF AUGUST 2023.**

/s/ *Lolonyon Akouete*

_____
Lolonyon Akouete, Manager

33

**VERIFICATION**

Denise Edwards, being duly sworn, deposes and says:

1. I am the co-Manager of Westborough SPE LLC, a Delaware limited liability company, Plaintiff in the above-captioned case. I have authorized the filing of this complaint and in accordance with the limited liability company operating agreement of Plaintiff.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing Verified Complaint for Declaratory and Other Relief, and if called on to testify I would competently testify about these matters.

3. I have personal knowledge of Westborough SPE LLC, its activities, and its intentions, including those set out in the foregoing Verified Complaint for Declaratory and Other Relief, and if called on to testify I would competently testify about these matters.

4. I verify under penalty of perjury under the laws of the United States that the factual statements in this Complaint about myself, my activities, and my intentions are true and correct, as are the factual statements about Plaintiff, its activities, and its intentions. I have reviewed the allegations made in the complaint. As to those allegations of which I do not have personal knowledge, I rely on information and belief, and I believe them to be true. 28 U.S.C. § 1746.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31st DAY OF AUGUST 2023.**

*Denise Edwards*

_____
Denise Edwards, Manager

34

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MASSACHUSETTS**

```
––––––––––––––––––––––––––––––––X
```

| | |
|---|---|
| **WESTBOROUGH SPE LLC**, a Delaware limited liability company, : | Civil Action #: |
| : | _____ |
| *Plaintiff.* : | |
| v. : | |
| **TOWN OF WESTBOROUGH**, *a municipal corporation of The Commonwealth of Massachusetts*; **SHELBY MARSHALL**, *individually and in the official capacity as Select Board Member*; **IAN JOHNSON**, *individually and in the official capacity as Select Board Member*; **ALLEN EDINBERG**, *individually and in the official capacity as Select Board Member*; **SEAN KEOGH**, *individually and in the official capacity as Select Board Chair*; **PATRICK WELCH**, *individually and in the official capacity as Select Board Vice-Chair*; **PETER BLAUSTEIN**, *individually,* : | |
| Defendants. : | **JURY TRIAL DEMANDED** |

```
––––––––––––––––––––––––––––––––X
```

**RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to Rule 7.1(a)(1) of the Federal Rules of Civil Procedure, Plaintiff hereby states that it is a limited liability company formed under the laws of the State of Delaware. Westborough SPE LLC has one member: Mignonette Investments Limited, a British Virgin Islands limited partnership.

Respectfully submitted,

**WESTBOROUGH SPE LLC**, Plaintiff,

By its attorneys,

*/s/ Scott A. Schlager*

By: _____

Scott A. Schlager, BBO#695421

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

Tel. (617) 909-4511

Fax. (617) 210-4824

sas@natgolaw.com

## CERTIFICATE OF SERVICE

I, Scott A. Schlager, Esq., hereby certify that a copy of the above-captioned document was served upon counsel of record in the above-captioned matter via the ECF system on August 31, 2023.

**/s/ Scott A. Schlager, BBO#695421**

2



# TOWN OF WESTBOROUGH
# MASSACHUSETTS



OFFICE OF THE TREASURER/COLLECTOR          TELEPHONE
34 WEST MAIN STREET                        (508)871-5142
WESTBOROUGH, MA 01581-1998                 FAX
LINDA A. SMITH                             (508)366-3099

231 TURNPIKE ROAD, WESTBOROUGH, MA
PARCEL: 32-48-0          BOOK/PAGE: 66983-53

16% interest to 5/16/23

| | | TOTALS | | | VALUE |
|---|---|---|---|---|---|
| 2018 | Tax Title Lien | $ 119,628.17 | | pd Q1/1/2 Q2 | $ 9,264,800.00 |
| | interest | $ 93,956.04 | | | |
| | Water Lien | | | | water/sewer included in tax lien |
| | Sewer Lien | | | | |
| | Interest | | $ 213,584.21 | | |
| | Per Diem | | | 52.44 | |
| 2019 | Tax Title Lien | $ 103,133.80 | | | $ 5,239,100.00 |
| | interest | $ 64,197.28 | | | |
| | Water Lien | | | | water/sewer included in tax lien |
| | Sewer Lien | | | | |
| | interest | | | | |
| | No Income | $ 250.00 | $ 167,581.08 | | |
| | Per Diem | | | 45.21 | |
| 2020 | Tax Title Lien | $ 102,963.48 | | | $ 5,239,100.00 |
| | interest | $ 48,068.54 | | | |
| | Water Lien | | | | water/sewer included in tax lien |
| | Sewer Lien | | | | |
| | interest | | | | |
| | No Income | $ 250.00 | $ 151,282.02 | | |
| | Per Diem | | | 45.14 | |
| 2021 | Tax Title Lien | $ 55,915.95 | | | $ 2,622,100.00 |
| | interest | $ 17,108.72 | | | |
| | Water Lien | | | | water/sewer included in tax lien |
| | Sewer Lien | | | | |
| | interest | | | | |
| | No Income | $ 250.00 | $ 73,274.67 | | |
| | Per Diem | | | 24.51 | |
| 2022 | RE | $ 36,885.70 | | | $ 1,994,900.00 |
| | interest | $ 11,075.82 | | | |
| | Water Lien | $ 198.36 | | | |
| | Sewer Lien | $ 208.44 | | | |
| | interest | $ 268.00 | | | |
| | No Income | $ 250.00 | $ 48,886.32 | | |
| | Per Diem | | | 16.17 | |
| 2023 | RE | $ 35,183.54 | | | $ 2,082,000.00 |
| | interest | $ 4,935.33 | | | |
| | Water Lien | $ 198.36 | | | |
| | Sewer Lien | $ 208.44 | | | |
| | interest | $ 236.26 | | | |
| | Per Diem | | | 15.42 | |

No Income     $     250.00   $   41,011.94

$ 695,620.24   $ 695,620.24

| NSTAR Lien | $ | 9,900.53 |
| Boston Board Up | $ | 14,438.55 |
| Ins. costs to date | $ | 109,882.92 |
| EverSource costs | $ | 2,757.92 |
| Appraisal | $ | 6,000.00 |
| Legal fees: KP Law thru 2/28/23 - tax title | $ | 24,110.75 |
| RFP | $ | 20,591.22 |
| Legal fees: Iris Leahy thru 4/28/23 tax title | $ | 34,027.47 |
| Filing fee | $ | 515.00 |
| withdrawal ?? | $ | 305.00 |
| recording fee?? | $ | 105.00 |
| | $ | 222,694.36 |

**GRAND TOTAL**   $ 918,314.60

** there could be additional charges in the days to come that could get added on, legal etc....

_Linda A. Smith_     5/3/2023

LINDA A SMITH     DATE
TREASURER'/COLLECTOR

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

On this 3rd day of May 20 23 before me, the undersigned notary public, Linda Smith, Treasurer-Collector personally appeared, provide to me through satisfactory evidence of identification, which were Personally Known to ME, to be the person who signed the preceding or attached document in my presence and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

_Deborah E. Ledoux_ (official signature and seal of notary public)

My Commission Expires: April 7, 2028



Case 3:24-cv-12131-BRT Document 86-1 Filed 09/23/25 Page 242 of 361 Main Document Page 242 of 100



PLAINTIFF'S EXHIBIT

B

## telegram.com | TELEGRAM & GAZETTE

**EAST/VALLEY**

# Westboro accepts $5M bid for cinema

**Elaine Thompson** elaine.thompson@telegram.com

Published 5:00 p.m. ET Nov. 28, 2018 | **Updated 4:55 a.m. ET Nov. 29, 2018**

WESTBORO – The Board of Selectmen has accepted a $5 million bid from a Walpole-based media corporation to purchase and operate a cinema at the long-vacant Regal Cinemas building on Route 9.

LAX Media LLC, which operates Apple Cinemas in Cambridge, and Waterbury and Barkhamsted, Connecticut, submitted the high bid of $5,005,005. Two other bids that included maintaining a movie theater on the property came from Grossman Development of Southboro for $4 million; and $3.1 million from Florida-based Cinema World of Florida, which operates Lincoln Mall 16 & Cinema World & Games in Lincoln, Rhode Island. The fourth and lowest bid, at $2.5 million, came from Black Socks Corp., based in Marlboro, which proposed building a regional grocery store on the site.

Selectmen held a short meeting Nov. 20 to award the bid to LAX Media. Chairman Leigh Emery said it offered the most advantageous economic benefit to the town.

The bid "is a million dollars over the nearest other proposal; it is above the appraised value; it closes 30-60 days earlier," Ms. Emery said. "It's a business model that we think fits best with our strategic planning that the Board of Selectmen has worked out the past six months or so and voted as a plan for moving forward for keeping our community a family-friendly town with recreation activities available for all age groups in an affordable fashion."

The 12-screen theater was the only cinema in town. It was built in 1997, on a 29-acre parcel at 231 Turnpike Rd. (Route 9) in Stagecoach Plaza. The theater abruptly closed its doors last fall, less than a month before the 20-year lease was to expire. The property is appraised at $4.79 million.

The town, however, has been unable to find the owner. The original landlord, Westboro

SPE LLC, registered in Delaware, administratively dissolved and withdrew its registration to do business in Massachusetts in 2007. The limited liability company was an entity created by Babcock & Brown, an Australian company that went out of business in 2009. Westboro SPE's purchase loan on the property from U.S. Bank was satisfied around the time of the theater closing. The bank has said it does not have contact information for the landlord.

James Malloy, the former town manager who left in October to become town manager in Lexington, said the town will have to hold on to the money from the new owner for three years in case a claim is filed against the town. But he said that would not stop the selling and development of the property.

The new owner did not reply to an email asking about plans for renovations and when the cinema will open.

PLAINTIFF'S EXHIBIT

C

tabbies®



## AFFIDAVIT

I, Shirin Everett, Esq., of Boston, and being counsel to the Town of Westborough, Massachusetts, having personal knowledge of the facts herein stated, under oath depose and say that:

1. My firm, KP Law, P.C., is Town Counsel to the Town of Westborough, Massachusetts (the "Town").

2. I was contacted on October 31, 2017 by Mr. James Malloy, the then-Town Manager, to discuss the property at 231 Turnpike Road, Westborough, MA and owned of record by Westborough SPE LLC (the "WSPE") by deed recorded with the Worcester South District Registry of Deeds in Book 19369, Page 75 (the "Property").

3. The Town Manager informed me that the Property was formerly leased to and occupied by Regal Cinemas; that although Regal Cinemas wanted to extend the term of the Lease, Regal was unsuccessful in trying to locate WSPE, and therefore vacated the Property in November, 2017. Since Regal Cinemas paid taxes to the Town, the Town Manager said that taxes were unpaid since November, 2017, and was concerned about the condition of the Property if it fell into disrepair. The Town Manager asked what the Town could do to prevent the empty building on the Property from becoming vandalized and a blight to the neighborhood.

4. The Town Manager informed me that the Town had made many attempts to locate WSPE. The Chief Assessor reviewed the Secretary of State's records, which showed that WSPE had a principal office c/o Babcock & Brown Administrative Services, Inc. ("Babcock") and that Babcock was WSPE's Manager. The Secretary's records indicated that Dyann Blaine and F. Jan Bluestein, having the same address as Babcock, could sign real estate documents on behalf of the Record Owner. WSPE was registered in Massachusetts as a foreign limited liability company in 1997, filed annual reports until 2006, and withdrew its Massachusetts registration in 2007 "because it is not doing business in the Commonwealth of Massachusetts." Similarly, Babcock was registered to do business in Massachusetts in 1997 and it too filed a Certificate of Withdrawal in 2008, stating that Babcock was no longer transacting business in Massachusetts. The Chief Assessor also learned through an internet search that Babcock Administrative Services may be affiliated to Babcock & Brown LP, an Australian firm, which went through a liquidation in 2009.

5. The Town, through its Chief Assessor, contacted a representatives of Deloitte Financial Advisory Pvt. Ltd, which acted as a liquidator of Babcock & Brown LP and represented the holding company, who in turn directed the Town to contact Michael Larkin, the CEO

244

of Babcock & Brown International Pvt. Ltd, who in turn led the Town to Walter Horst, the CFO. These individuals stated that the entities they represented did not have an interest in the Property and they did not know WSPE's successors or assigns.

6. We advised the Town Manager that if real estate taxes were not being paid, the Town could eventually acquire the title to the Property through a Land Court foreclosure process. We advised the Town as to the steps the Town needs to take to demand payment of WSPE, to record an Instrument of Taking after waiting the statutory 14-day period, and filing a petition to foreclose on the Property in Land Court.

7. We advised the Town Manager that it could take 1-2 years to foreclose on its tax title and rights of redemption. The Town Manager, the Chief Assessor, and other Town officials were concerned that the building on the Property could suffer significant and immediate damage in the winter if the building was not heated.

8. The Town considered whether the Town could obtain control of the Property sooner by exercising its eminent domain powers, as an eminent domain taking would vest title to the Town immediately following the recording of an Order of Taking provided that the Order of Taking identified parties who have an interest in the Property and the Order is recorded in the chain of title to the Property. The Town considered the purposes for which the Property would be taken (possibly for economic revitalization purposes) and the damages to be paid by the Town. In July, 2018, the Town retained an appraiser to value the Property. In its report of September 8, 2018, the Town's appraiser stated that the Property was valued at $4,790,000 as of August 3, 2018.

9. The Town decided it would proceed on parallel tracks, one to acquire the Property through a tax taking and also to seek authorization to obtain the Property by eminent domain.

10. A vote taken under Article 18 of the March 6, 2018 Annual Town Meeting, , authorized the Board of Selectmen to acquire the Property by eminent domain for economic revitalization and general municipal purposes, and appropriated the sum of $6,000,000 to pay damages for the Property and to pay for costs incidental or related thereto. It was the Town's intent that, should it take the Property by eminent domain rather than through the tax-foreclosure process, it would pay damages to WSPE or to any other entity or person that established that it owned the Property.

11. On October 10, 2018, the Town Treasurer/Collector sent a letter to WSPE, c/o Babcock, as to the amount of outstanding taxes and informed WSPE that if taxes were not paid by October 26, 2018, the Town will place a lien on the Property.

12. On January 16, 2019, the Town recorded an Instrument of Taking in Book 59943, Page 371, and the Town Treasurer/Collector promptly sent a demand letter to WSPE, c/o

Babcock, stating that the Town has recorded an instrument of taking, and directed WSPE to turn on the heat, pay outstanding sums to the utility company, and to take other steps to protect the Property from further deterioration.

13. Due to concerns about the condition of the Property, the Town acquired a temporary easement by Order of Taking recorded with the Registry on November 21, 2018 for the purpose of entering the building, turning on the heat, and taking other steps to protect the building from the elements. The Town took another temporary easement on the Property by Order of Taking recorded on January 14, 2019 to enter the property for the purpose of conducting surveys and other property inspections. Both Orders identified the parties having an interest in the Property as WSPE, Babcock, F. Jan Bluestein, and Dyanne Blaine. The Town sent a Notice of Taking dated March 18, 2019 addressed to WSPE and F. Jan Bluestein c/o Babcock at the San Francisco address, and to Dyann Blaine in Orinda, California. The Town did not receive any response.

14. By letter dated March 18, 2019, I informed WSPE of the temporary easements acquired by the Town and expressed the Town's interest in acquiring the Property. The letter, addressed to WSPE c/o Babcock, requested a response by April 3, 2019. No response was received.

15. The Town received a letter dated April 4, 2019 from Mr. Joseph Scarcella, of Johnson Winter & Slattery, a firm located in Sydney, Australia, stating that the firm represented David Howe, the liquidator of Babcock & Brown Limited (In Liquidation), the successor in title to Babcock, and asked if the Town owed the Property. By letter dated April 11, 2019, I informed Mr. Scarcella that the Town does not own the Property but, rather, has a lien on the Property for outstanding taxes. By follow-up letter dated May 6, 2019, I informed Mr. Scarcella of the amount of taxes owed, the Town's lien on the Property, the taking of the temporary easements, and asked that Babcock & Brown Limited (In Liquidation) inform the Town if it had any rights in the Property. By letter dated June 25, 2019, Mr. Scarcella again asked if the Town had acquired the Property.

16. The Town filed a complaint with the Land Court on July 8, 2019 to foreclose on the tax lien, notice of which was recorded with the Registry on July 24, 2019 in Book 60751, Page 221.

17. The Town recorded another Order of Taking on January 31, 2020, taking temporary easements in the Property for the purpose of turning on the heat and taking other steps to protect the Property from the elements.

18. To date, the Town has not heard from WSPE or received notice from any party claiming to own the Property. The Town has not exercised its eminent domain powers.

Signed under the penalties of perjury this 14th day of May, 2020.

Shirin Everett, Esq.
KP Law, P.C., Town Counsel


COMMONWEALTH OF MASSACHUSETTS

_____, ss.

On this 14th day of May, 2020, before me, the undersigned notary public, personally appeared Shirin Everett, who proved to me through satisfactory evidence of identification, which was _personal knowledge_, to be the person whose name is listed above, and acknowledged to me that she signed the foregoing instrument voluntarily for its stated purpose as Town Counsel for the Town of Westborough.

_____
Notary Public
My Commission Expires:

713726/WBOR/0027

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
LAND COURT DEPARTMENT

TAX LIEN CASE NO: 19 TL 000768

TOWN OF WESTBOROUGH )
     Plaintiff )
  v. )
             )
             )
WESTBOROUGH SPE, LLC, et al. )
     Defendant )

**PLAINTIFF'S EXHIBIT**

**D**

## WAIVER OF NOTICE AND ASSENT TO THE ENTRY OF JUDGMENT

    I, _____Peter Blaustein_____, as
Party of Interest by and/or through a Power of Attorney, as Court-Appointed Guardian, and as Conservator
for F. Jan Blaustein a/k/a Jan Blaustein Scholes, in the above-referenced tax lien case, hereby waives her
right to notice and assents to the previous entry of judgment with regards to the parcel listed below:

DESCRIPTION OF PROPERTY:

PROPERTY: Land and any building(s) thereon     CONTAINING: 29.336 AC (more or less)
LOCATION: 231 Turnpike Road
ASSESSORS: 32-48-0
REGISTRY: Worcester District Registry of Deeds Book 19369, Page 75

    WHEREFORE, I respectfully move this Honorable Court to enter an order allowing this waiver of
notice and assent to the entry of judgment in favor of the Plaintiff.

Dated: _May 3, 2023_

Respectfully submitted by

_Peter Blaustein_
Printed Name                Title

_____
Signature

State of California, County of San Mateo }ss.
On _May 3rd_, 20_23_ before me Dina N. Kolesnikov,
Notary Public, personally appeared _Peter Blaustein_.
who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument. I certify under
PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct. WITNESS my hand and official seal.
Notary Signature _____

DINA N. KOLESNIKOV
COMM. #2386495
Notary Public - California
San Mateo County
My Comm. Expires Dec. 12, 2025

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MASSACHUSETTS

**WESTBOROUGH SPE LLC**

*Plaintiff*

v.

**TOWN OF WESTBOROUGH, ET AL.**

*Defendant*

Civil Action No.:
**1:23−CV−12017−MJJ**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) −−− or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) −−− you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**ROBERT M. FARRELL**

*CLERK OF COURT*

**/s/ − Savannah Cook**

*Signature of Clerk or Deputy Clerk*

**ISSUED ON 2023−08−31 14:16:19**, Clerk USDC DMA

Civil Action No.: **1:23–CV–12017–MJJ**

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for (name of individual and title, if any) _____

was received by me on (date)_____.

☐ I personally served the summons on the individual at (place)_____

_____on (date)_____ ; or

☐ I left the summons at the individual's residence or usual place of abode with (name)_____

_____, a person of suitable age and discretion who resides there,

on (date) _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on (name of individual)_____ , who is

designated by law to accept service of process on behalf of (name of organization)_____

_____ on (date) _____; or

☐ I returned the summons unexecuted because_____ ; or

☐ Other (specify) :


My fees are $ _____ for travel and $_____ for services, for a total of $_____.


I declare under penalty of perjury that this information is true.


_____                    _____
          Date                                                              *Server's Signature*

                                                              _____
                                                                            *Printed name and title*


                                                              _____
                                                                            *Server's Address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Westborough SPE LLC, a Delaware limited liability company.

## DEFENDANTS

TOWN OF WESTBOROUGH, a municipal corporation of The Commonwealth of Massachusetts.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott A. Schlager, BBO#695421
Nathanson & Goldberg, P.C.,183 State Street, 5th Floor
Boston, MA 02109 | (617) 909-4511

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [x] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331; 42 U.S. Code §§ 1983 and 1988; 42 U.S.C. §§ 1985(2) and 1986; 8 U.S.C. § 1343(a)(2); 28 U.S.C. § 2201(a); 28 U.S.C. § 2202

Brief description of cause:
Plaintiff seeks to vindicate its constitutional and common law rights and redress unlawful actions that have deprived Plaintiff of 100% of real property

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ $5,000,000.00+

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Aug 31, 2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Scott A. Schlager

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

✎AO 398 (Rev. 12/93)

**NOTICE OF LAWSUIT AND REQUEST FOR
WAIVER OF SERVICE OF SUMMONS**

TO: (A)   Peter Blaustein

as   (B) _____ of (C) _____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D)   Eastern                                                    District of   Massachusetts
and has been assigned docket number (E)        1:23-cv-12017   .

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver
within (F)     10       days after the date designated below as the date on which this Notice and Request
is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this       31st       day of
August                 , 2023       .

*Scott A. Schloyer*
_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

253

AO 458 (Rev. 06/09) Appearance of Counsel

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| Westborough SPE LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No.    1:23-12017 |
| Town of Westborough | ) | |
| *Defendant* | ) | |

## APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Westborough SPE LLC                                                                                          .

Date:     08/31/2023

/s/ Scott A. Schlager
*Attorney's signature*

Scott A. Schlager, BBO#695421
*Printed name and bar number*

Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, Massachusetts 02109

*Address*

sas@natgolaw.com
*E-mail address*

(617) 909-4511
*Telephone number*

(617) 210-4824
*FAX number*

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MASSACHUSETTS**

--------------------------------X

WESTBOROUGH SPE LLC, a Delaware limited  :      Civil Action #:
liability company,

                                :      _____

           *Plaintiff.*        :

              v.         :

**TOWN OF WESTBOROUGH**, *a* :
*municipal corporation of The* :
*Commonwealth of Massachusetts*; :
**SHELBY MARSHALL**, *individually* :
*and in the official capacity as Select* :
*Board Member*; **IAN JOHNSON**, :
*individually and in the official capacity* :
*as Select Board Member*; **ALLEN** :
**EDINBERG**, *individually and in the* :
*official capacity as Select Board* :
*Member*; **SEAN KEOGH**, *individually* :
*and in the official capacity as Select* :
*Board Chair*; **PATRICK WELCH**, :
*individually and in the official capacity* :
*as Select Board Vice-Chair*; **PETER** :
**BLAUSTEIN**, *individually,* :
                               :

           Defendants.    :    **JURY TRIAL DEMANDED**

--------------------------------X

**NOTICE OF STATUTORY ATTORNEY LIEN BY NATHANSON & GOLDBERG, P.C.**

Pursuant to M.G.L. Chapter 221, § 50, notice is hereby given that counsel for Westborough SPE LLC seeks to recover legal fees and costs in connection with the representation of the Plaintiff in the above-captioned lawsuit in the United States District Court.

This lien applies to any amount payable to the Plaintiff, or to its successors-at-law, out of the total recovery or recoveries collected or to be collected, whether by judgment, settlement, or

compromise, from the liable person/people or his/her/their insurer under the above-captioned matter.

"The attorney's lien statute, M.G. L. c. 221, § 50, provides 'attorneys [with] a statutory right to assert a charging lien securing compensation for their legal services.'" *Northeastern Avionics, Inc. v. Westfield*, 63 Mass. App. Ct. 509, 512 (2005), *quoting Boswell v. Zephyr Lines, Inc.*, 414 Mass. 241, 244 (1993). As "a tool for recovery of legal fees," *Boswell*, supra at 248, the statute is designed to protect "a lawyer's labor in the client's cause." *Cohen v. Lindsey*, 38 Mass. App. Ct. 1, 5 (1995).

At the conclusion of this case or upon request of this Court, Nathanson & Goldberg, P.C. will submit a sworn affidavit of the amounts owed along with copies of the invoices. As of August 31, 2023, $37,601.50 has been incurred to date in legal fees plus $402.00 in filing fees.

Signed under the pains and penalties of perjury this 31st day of August, 2023.

NATHANSON & GOLDBERG, P.C.

*/s/ Scott A. Schlager*

—————————————————————

Scott A. Schlager, BBO#695421
NATHANSON & GOLDBERG, P.C.
183 State Street, 5th Floor
Boston, MA 02109
Tel: 617-909-4511
Fax: 617-210-4824
sas@natgolaw.com

256

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (WORCESTER)

Case # 4:23-cv-12017-MRG

|  |  |
|---|---|
| WESTBOROUGH SPE LLC, | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| TOWN OF WESTBOROUGH | ) |
| et als. | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## SUGGESTION OF BANKRUPTCY

An Involuntary Petition under Chapter 7 of the United States Bankruptcy Code has been filed with the United States Bankruptcy Court for the District of Massachusetts as of 10:32 AM Eastern Time on Thursday, August 31, 2023 that has been assigned case number 23-40709 and suggests that this action has been stayed by the operation of Title 11 U.S.C. § 362.

The undersigned certifies that a copy hereof has been furnished to counsel of record via the electronic filing system on August 31, 2023.

**I declare under penalty of perjury that the foregoing is true and correct**.

DEFENDANT WESTBOROUGH SPE LLC,

By its attorneys,

*/s/ Scott A. Schlager*

Scott A. Schlager, BBO#695421
NATHANSON & GOLDBERG, P.C.
183 State Street, 5th Floor
Boston, Massachusetts 02109
Tel:   617-909-4511 | Fax:  617-210-4824 | sas@natgolaw.com

## CERTIFICATE OF SERVICE

I, Scott A. Schlager, Esq. hereby certify that a copy of the above Suggestion of Bankruptcy was served electronically to all parties of record via the ECF filing system on Thursday, August 31, 2023.

**/s/ Scott A. Schlager, BBO#695421**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                     )        Chapter 7
                                           )        Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                       )
                                           )
                            Debtor.        )
                                           )

## ORDER TO MODIFY THE AUTOMATIC STAY

Upon consideration of the Motion for Relief from Automatic Stay filed by Alleged Debtor, Westborough SPE LLC ("WSPE"), and the supporting documents, it is hereby ORDERED as follows:

1. The automatic stay imposed under 11 U.S.C. § 362 is hereby modified for the sole purpose of allowing WSPE to commence legal action in the California Superior Court, Sacramento to recover unclaimed funds.

2. WSPE is further granted permission to continue its civil action Case number 4:2023cv12017 currently pending in the United States District Court for the District of Massachusetts, seeking declaratory and other relief against the Town of Westborough.

3. The foregoing modification of the automatic stay is granted in accordance with Section 362(d)(1) of the Bankruptcy Code, as WSPE has demonstrated "cause" for such relief, and it will result in a partial or complete resolution of related claims.

4. This modification shall not prejudice the interests of any creditors, as WSPE has not refused to pay its debts. The proceedings in the California Superior Court and the Massachusetts District Court will not interfere with the administration of the bankruptcy estate.

5. This modification of the automatic stay serves the interests of judicial economy and the expeditious and economical determination of litigation for the parties.

6. The bankruptcy court shall be relieved from handling matters that may be appropriately handled in the respective chosen forums for litigation.


                                    IT IS SO ORDERED.

                                    Honorable Christopher J. Panos
                                    United States Bankruptcy Judge




                                    Date: _____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

EMERGENCY MOTION OF PETITIONING CREDITORS
FOR IMMEDIATE ENTRY OF AN ORDER FOR RELIEF OR, IN THE ALTERNATIVE,
AN ORDER FORBIDDING THE MANAGER OF THE ALLEGED DEBTOR
<u>FROM FILING ANYTHING IN THE COURTS OF CALIFORNIA</u>

To The Honorable Christopher J. Panos, United States Bankruptcy Judge:

Now come the Petitioning Creditors herein and, on an emergency basis created by the Manager of the Alleged Debtor, move for the immediate entry of an Order for Relief (which will result in the immediate appointment of a Chapter 7 Trustee) or, in the alternative or in addition, for an Order forbidding the Manager of the Alleged Debtor from filing anything in the Courts of the State of California. In support of their Emergency Motion, the Petitioning Creditors state as follows:

1. On August 31, 2023, an Involuntary Petition commenced the within case.

2. A Summons was issued upon the Involuntary Petition and the Alleged Debtor accepted service of the Summons on September 2, 2023.

3. A Return of Service was filed with this Court on September 8, 2023.

4. The Court set September 29, 2023 as the deadline for filing an Answer to the Involuntary Petition.

5. No Answer contesting the Involuntary Petition has been filed (the Alleged Debtor filed *pro se* a pleading entitled "Answer" but in it consented to the Involuntary Petition).

1

6. The Alleged Debtor, through its Manager, Lolonyon Akouete (the "Manager") has been extraordinarily active in this case. For example, the Manager has already filed the Debtor's Schedules and Statement of Financial Affairs, has moved this Court for the entry of an Order for Relief and, most importantly, has filed an Emergency Motion for Relief from Stay to permit him to bring an action in the State of California regarding the bankruptcy estate's rights to escheated funds being held by the California State Controller (the "Alleged Debtor's Motion For Relief From Stay").

7. This Court has set October 10, 2023 as the deadline for Objections to the Alleged Debtor's Motion For Relief From Stay.

8. The Manager has communicated to counsel for the Petitioning Creditors his belief that 11 U.S.C. 303(f) would operate to permit him to commence an action in the State of Californica on the grounds that, until entry of an Order for Relief, he "may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced."

9. The undersigned counsel for the Petitioning Creditors responded to the Manager that his commencing an action in the State of California would violate 11 U.S.C. §362(a)(3)(Automatic stay) which stays "any act to obtain possession or property of the estate or of property from the estate or to exercise control over property of the estate …"

10. The escheated funds being held by the California State Controller are property of the bankruptcy estate created by the filing of the Involuntary Petition (see 11 U.S.C. §541(a)).

11. The Petitioning Creditors thought that the filing of the Manager's Motion For Relief From Stay constituted an acknowledgement, admission and agreement that the Manager

2

could not commence an action in the State of California regarding estate property without relief from stay.

12. At 9:21 a.m. this morning, October 2, 2023, the Manager sent the email annexed hereto as Exhibit A (with all of its attachments) threatening to file a Complaint to recover escheated property of the Debtor from the California State Controller and challenging counsel for the Petitioning Creditors to "request court intervention."

13. The entry of an Order for Relief will deprive the Manager of any claim that he is acting pursuant to rights granted under 11 U.S.C. §303(f).

14. The Manager's fear that rights may be lost unless the Manager immediately commences an action in California is misplaced. Pursuant to 11 U.S.C. §108, the Chapter 7 Trustee to be appointed herein will have at least 60 days, and likely 2 years, after the entry of the Order for Relief to take the action that the Manager threatens to take today.

Request for Emergency Determination

15. Given the Manager's inexplicable activism, his threatened violation of the automatic stay, and his threat, complete with drafted pleadings (Exhibit A) that he will file something in California as soon as today, emergency relief is required to prevent the Manager from taking unnecessary and impermissible action to the detriment of the Bankruptcy Estate and the rights of its soon to be appointment Chapter 7 Trustee.

Wherefore, the Petitioning Creditors pray, on an emergency basis, that this Court either (a) enter an Order for Relief removing all doubt as to the Manager's post-Petition authority

3

and/or (b) enter an Order that the Manager is prohibited from filing any pleadings in the State of

California regarding the Debtor, and for such other and further relief as may be just.

PETITIONING CREDITORS,

By their attorneys,

/s/ Stephen F. Gordon
Stephen F. Gordon (BBO No. 203600)
The Gordon Law Firm LLP
57 River Place, Suite 200
Wellesley, Massachusetts 02481
Tel: (617) 261-0100
Fax: (617) 261-0789
E-mail: sgordon@gordonfirm.com

Dated: October 2, 2023

## CERTIFICATE OF SERVICE

I, Stephen F. Gordon, hereby certify that on October 2, 2023, the foregoing Motion was served by operation of the Court's ECF System on all individuals designated to receive service by ECF:

- Stephen F. Gordon    sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Scott Adam Schlager    sas@natgolaw.com

and by email upon Manager of the Alleged Debtor:

Lolonyon Akouete (info@smartinvestorsllc.com)

/s/ Stephen F. Gordon
Stephen F. Gordon (BBO No. 203600)

P:\Clients-GLF\Westborough SPE\Plead (Bktcy)\Emer Mtn f Order.docx

4

263

# EXHIBIT A

**From:** Lolonyon Akouete <info@smartinvestorsllc.com>
**Sent:** Monday, October 2, 2023 9:21 AM
**To:** Stephen Gordon <sgordon@gordonfirm.com>
**Cc:** Scott A. Schlager <sas@natgolaw.com>
**Subject:** ** CAUTION! SUSPICIOUS EMAIL **Re: Trustee's Escheat Claim

Stephen, I will file the attached documents to prevent delay. If you object, request court intervention.

Thank you.
Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Lolonyon Akouete, Manager of Westborough SPE LLC
1241 Deer Park Ave., Suite 1, #1051 North Babylon, NY 11703

TELEPHONE NO.: 443-447-3276          FAX NO. *(Optional):*
E-MAIL ADDRESS: info@smartinvestorsllc.com
ATTORNEY FOR *(Name):* Plaintiff, WESTBOROUGH SPE LLC

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO**
STREET ADDRESS: 813 6th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Civil Division

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br><br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[x] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1, Retrieval of Escheated Property Under CCP §1541
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 2, 2023
Lolonyon Akouete
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

266

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form

LOLONYON AKOUETE
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276
WESTBOROUGH SPE LLC, IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| WESTBOROUGH SPE LLC, a Delaware limited liability company,<br>                          Plaintiff,<br><br>         vs.<br><br>MALIA M. COHEN, California State Controller<br>                          Defendant. | CASE No.:<br><br>COMPLAINT TO RECOVER ESCHEATED PROPERTY [C.C.P. §1541]<br><br>DEPARTMENT: 53/54 |

    **COMES NOW,** the Plaintiff, Westborough SPE LLC (hereinafter referred to as "Westborough"), by and through its manager, and for its Complaint against Defendant Malia M. Cohen, California State Controller (hereinafter referred to as the "Controller"), alleges as follows:

## PARTIES

1.    Plaintiff Westborough is a Delaware limited liability company, with its principal place of business located at 1241 Deer Park Ave., Suite 1, #1051, North Babylon, NY 11703. Westborough is represented by its Manager, Lolonyon Akouete.

2.    Defendant Malia M. Cohen is the California State Controller, with offices located at 300 Capitol Mall, Sacramento, California.

3.    Rob Bonta is the Attorney General of the State of California and has an office in the County of Sacramento, California.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and parties pursuant to the California Code of Civil Procedure §1541.

2. Venue is proper in this Court as the escheated property is held in Sacramento County by the Defendant.

## FACTS

1. On June 15, 2022, MUFG UNION BANK N A reported an abandoned checking account belonging to Plaintiff with a balance of $1,293,646.83, which has since been held with the State Controller Property ID# 1019294209.

2. Plaintiff initiated an expedited claim process for the recovery of said property which was approved on December 13, 2022, but subsequently denied by Harpreet Nakhwal in the legal department due to inaccurate information.

3. On July 13, 2023, Plaintiff provided updated information and documentation to counter the inaccurate information and requested a reevaluation of the claim, but has yet to receive any response.

4. The delay in processing the claim has led to Plaintiff's inability to pay its debts, resulting in the filing of an involuntary Chapter 7 bankruptcy case against the entity (Case No. 23-40709-CJP).

5. Plaintiff's denied claim was initially based on inaccurate information asserting that F. Jan Blaustein Scholes is under Guardianship/Conservatorship. However, there is no existing Guardianship/Conservatorship proceeding either in Arizona, where Jan currently resides, or California, her previous residence.

6. Jan's son Peter was appointed as her conservator in Hawaii following a stroke, but she has since recovered, and there has been no foreign registration in Arizona or California as mandated by A.R.S. Section 14-12401 and pursuant to the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act (28 U.S.C. Section 1738A).

## CAUSE OF ACTION (Retrieval of Escheated Property Under CCP §1541)

1. Plaintiff repeats and realleges paragraphs 1 through 10 above.

2.      California Code of Civil Procedure sections 1540 and 1541 stipulate a procedure for owners of unclaimed property held by the State to submit a claim for the return of the property. The Controller is obligated to consider a submitted claim within 180 days of its submission, and the claimant is authorized to initiate a civil action if the Controller fails to adjudicate the claim within the specified timeframe.

3.      Plaintiff contends that the State Controller, through its agents, failed to adhere to the stipulated procedure in processing and evaluating the reevaluated claim for Property ID# 1019294209, causing financial distress and hardship to the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. For an order directing the immediate release of the escheated property, with Property ID# 1019294209, plus interest accrued thereon to Plaintiff;

B. For costs of suit incurred herein; and

C. For such other and further relief as the Court deems just and proper.

Date: 10/02/2023

Lolonyon Akouete
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

IN PRO PER

3
COMPLAINT TO RECOVER ESCHEATED PROPERTY

270

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MALIA M. COHEN, California State Controller.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WESTBOROUGH SPE LLC, by and through its manager, Lolonyon Akouete.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SACRAMENTO SUPERIOR COURT

813 6th Street, Sacramento, CA 95814 Civil Division

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lolonyon Akouete Manager of Westborough SPE, LLC. 1241 Deer Park Ave., Suite 1, #1051 North. (443) 447-3276

DATE: October 2, 2023                    Clerk, by _____ , Deputy
*(Fecha)*                                *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |

LOLONYON AKOUETE
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276
WESTBOROUGH SPE LLC, IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| WESTBOROUGH SPE LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> MALIA M. COHEN, California State Controller <br><br> Defendant. | CASE No.: <br><br> POINTS AND AUTHORITIES IN SUPPORT OF COMPLAINT TO RECOVER ESCHEATED PROPERTY [C.C.P. §1541] <br><br> DEPARTMENT: 53/54 |

## I. INTRODUCTION

Westborough SPE, LLC (hereinafter "WSPE") respectfully submits these Points and Authorities, narrating a grievous account of administrative oversight and neglect by the California State Controller (hereinafter "the Controller"), which unjustly denied WSPE's rightful claim to its escheated property.

## II. STATEMENT OF FACTS

### A. Formation and Management of WSPE

WSPE, established and functioning under Delaware's jurisdiction since 1997, owns a theatre in Westborough, Massachusetts. Initially managed by Babcock and Brown Administrative Services, Inc ("BBAS Inc"), WSPE's managerial role transitioned to Lolonyon Akouete (Lolo) and Denise Edwards (Denise) following proper legal protocols.

1
POINTS AND AUTHORITIES IN SUPPORT OF COMPLAINT TO RECOVER ESCHEATED PROPERTY

## B. The Escheated Property

An abandoned checking account belonging to WSPE, with a substantial balance, was reported and is currently held by the Controller.

## C. The Flawed Claim Denial

Despite Lolo and Denise's exhaustive efforts and provision of supporting documents to validate their claim, the Controller's office denied it, citing an inaccurate assumption about Jan's incapacitation.

## III. LEGAL ANALYSIS

## A. The Rightful Claim under Section 1540

The denial of the claim by the Controller is unfounded and contradicts the evidence provided by WSPE, illustrating Jan's legal competency and the managerial transition to Lolo and Denise.

## B. Invocation of Section 1541

Given the Controller's unwarranted denial and failure to process the claim within the statutory period, WSPE resorts to Section 1541 to institute this complaint.

## IV. ARGUMENT

## A. Controller's Failure to Acknowledge Valid Documentation

WSPE provided compelling evidence, including Durable Power of Attorney and WSPE's Operating Agreement, which the Controller disregarded, leading to an unjust denial of the claim.

## B. Inaccuracy in Assumptions

The claim denial, premised on the erroneous assumption of Jan's incapacitation, is invalidated by the absence of any guardianship or conservatorship over her, as corroborated by legal documents from the State of Arizona.

## C. Legal Standings of Lolo and Denise

Their status as WSPE's legally appointed managers, validated by the Secretary of the Commonwealth Corporations Division and the Secretary of State for the State of Delaware Corporations Division, underscores their legal standing to claim the escheated property.

## V. CONCLUSION

2

POINTS AND AUTHORITIES IN SUPPORT OF COMPLAINT TO RECOVER ESCHEATED PROPERTY

WSPE, armed with undeniable evidence and legal statutes, seeks the court's intervention for a just and expedited resolution. The Controller's denial, rooted in inaccuracies and oversight, necessitates judicial scrutiny to uphold WSPE's rights to its property.

### VI. EXHIBITS

1. Denial letters dated 2-8-2023 and 4-12-2023.

2. Durable Power of Attorney and Written Consent of Manager signed by Ms. Scholes

3. Westborough SPE LLC Operating Agreement

4. Certificate of Revival and Good Standing

5. Claim Affirmation Form - Claim ID 21014485

6. Documentation of Managerial Transition from BBAS Inc to BBAS LLC to BBPM LLC

### PRAYER FOR RELIEF

WSPE beseeches the Court for:

1. An order compelling the Controller to release the escheated property, including the accrued interest, to WSPE.

2. Costs of the suit and other justifiable reliefs as deemed appropriate.

This refined submission illuminates the Controller's procedural inadequacy and seeks the court's intervention to effectuate justice, reinstating WSPE's rightful claim to its escheated property.

Date: 10/02/2023

_____
Lolonyon Akouete
Manager of Westborough SPE, LLC

IN PRO PER

Date:

_____
Denise Edwards
Manager of Westborough SPE, LLC

IN PRO PER

3
POINTS AND AUTHORITIES IN SUPPORT OF COMPLAINT TO RECOVER ESCHEATED PROPERTY

# Exhibit 1
Denial letters dated 2-8-2023 and 4-12-2023.



# MALIA M. COHEN
## California State Controller



RECEIVED FEB 15 2023

February 8, 2023

Westborough SPE LLC
c/o Denise Edwards
1241 Deer Park Ave., Suite 1 #1051
North Babylon, NY  11703

Re:    Unclaimed Property Claim Identification Number 4853303

Dear Ms. Edwards:

This letter is in response to the above-referenced Unclaimed Property Claim.  The claim was referred to the Legal Office for review.  As explained in more detail below, after review, the claim must be denied.

This claim was submitted for one property identified as number 1019294209.  This property was remitted to the State Controller's Office by MUFG Union Bank as a checking account in the amount of $1,293,646.83.  The owner is reported as "Westborough SPE LLC" at a last known address of "50 California St., Suite 3610, San Francisco, CA  94111."

It appears to be your contention that you are entitled to these funds because you purchased the assets of Westborough SPE LLC.  In support of your claim you submitted a Bill of Sale, a Certificate of Revival of Westborough SPE LLC from Delaware Secretary of State, a Foreign Limited Liability Company Application for Registration from the Massachusetts Secretary of State, proof of FEIN, and Westborough SPE, LLC's Motion to Vacate Foreclosure Judgment filed with the Land Court for the Commonwealth of Massachusetts.

Based upon the documentation submitted and our research, it appears that Westborough SPE, LLC was a Delaware entity.  Based upon information received by the State Controller's Office, Westborough SPE, LLC was manager run as opposed to member or owner run.  The manager was Babcock & Brown Administrative Services, Inc., a Delaware corporation.  Officers of Babcock & Brown Administrative Services, Inc. included Jan Blaustein Scholes, James Jaworski, and Dyann Blaine.

300 Capitol Mall, Suite 1850, Sacramento, CA 95814  P.O. Box 942850, Sacramento, CA 94250  Fax: (916) 322-4404
sco.ca.gov

276

Westborough SPE LLC
February 8, 2023
Page 2

The Bill of Sale dated November 21, 2022, between Westborough SPE, LLC and Denise Edwards and Lolonyon Alouete was signed by "Jan Blaustein Scholes, its President." Jan Blaustein Scholes has suffered from multiple strokes since 2004. In 2019 the Hawaii Third Circuit, Kona Division granted Conservatorship and Guardianship over the person and estate of Frances Jan Blaustein Scholes to her son, Peter Blaustein. As Jan Blaustein Scholes has been judicially declared to lack capacity, she is unable to enter into contracts. After review, the Bill of Sale was signed by Jan Blaustein Scholes after she was declared to be incapacitated and had a Conservatorship and Guardianship entered over her person and estate. Therefore, the Bill of Sale is void. As the Bill of Sale is void, you could not have acquired any interest in Westborough SPE LLC and your claim for this property must be denied.

Additionally, it should be noted that even if it is determined that Jan Blaustein Scholes had the capacity to enter into the contact, it does not appear that you would be entitled to the funds in question. It appears that Jan Blaustein Scholes signed the Bill of Sale as the President of Babcock & Brown Administrative Services Inc. and not of Westborough SPE, LLC. It appears that Babcock & Brown Administrative Services Inc. acted only as the manager of Westborough SPE, LLC and did not have an ownership interest of Westborough SPE, LLC. At this time our office is lacking sufficient information to determine whether an officer of the managing entity, Babcock & Brown Administrative Services Inc., would have authority to sell the assets of Westborough SPE LLC.

For the reasons discussed above, the claim is denied.

Sincerely,

HARPREET K. NAKHWAL
Staff Counsel

HKN/jh

cc:    Coleen Kimler, Bureau Chief, Unclaimed Property Division, State Controller's Office



MALIA M. COHEN
CALIFORNIA STATE CONTROLLER

April 12, 2023

Westborough SPE LLC
c/o Denise Edwards and Lolonyon Akouete
1241 Deer Park Ave., Suite 1 #1051
North Babylon, NY 11703

Re:     Unclaimed Property Claim Identification Number 4853303

Dear Ms. Edwards and Mr. Akouete:

This letter is in regard to the above-referenced unclaimed property claim.  In my letter dated February 8, 2023, the claim was denied.  You subsequently submitted additional documentation in support of your claim.  As explained in more detail below, after review of the additional documentation, the denial of your claim must be affirmed.

In my previous letter I explained that there were several deficiencies with the claim.  The first issue being that it was established that the Bill of Sale was signed by Jan Blaustein Scholes after she was declared to be incapacitated and had a Conservatorship and Guardianship entered over her person and estate.  As Ms. Scholes has been judicially declared to lack capacity, she could not have entered into a contract to sell assets of Westborough SPE LLC.  The second issue was that even if it is determined that Ms. Scholes had the capacity and ability to enter into the contract, there was insufficient information to determine whether she, an officer of the managing entity, Babcock & Brown Administrative Services, Inc., would have authority to sell the assets of Westborough SPE LLC.

You have now submitted several documents that appear to try and address the second issue.  However, after review of the evidence now submitted, there does not appear to be any evidence to refute the fact that a Conservatorship and Guardianship was entered over the person and estate of Jan Blaustein Scholes and that she was declared to be incapacitated by the Hawaii Third Circuit, Kona Division.

300 Capitol Mall, Suite 1850, Sacramento, CA 95814 | P.O. Box 942850, Sacramento, CA 94250
Phone: 916.445.2636 | Fax: 916.322.1220

278

Westborough SPE LLC
April 12, 2023
Page 2


Without expressing an opinion on the new documentation submitted, the claim must remain denied because you have failed to remedy the fact that Jan Blaustein Scholes lacked the capacity to enter into a contract.

Sincerely,

HARPREET K. NAKHWAL
Staff Counsel

HKN/jh

cc:     Coleen Kimler, Bureau Chief, Unclaimed Property Division, State Controller's Office

# Exhibit 2

Durable Power of Attorney and Written Consent of
Manager signed by Ms. Scholes

# DURABLE POWER OF ATTORNEY

This Durable Power of Attorney is made on this 26 day of June, 2023, by Babcock and Brown Parallel Member LLC, a Delaware limited liability company (the "Grantor").

WHEREAS, pursuant to the Operating Agreement ("Operating Agreement") of Westborough SPE LLC (the "Company") dated as of 20th October 1997 (the "LLC Agreement"), Babcock and Brown Administrative Services Inc., a Delaware corporation, was designated as the manager of the Company;

WHEREAS, Babcock and Brown Administrative Services Inc. has merged into the Grantor, and as a result, the Grantor is the successor of all the rights and obligations of Babcock and Brown Administrative Services Inc.;

WHEREAS, Section 1(g) of the LLC Agreement provides that any manager of the Company may delegate all or any of its powers or duties under the LLC Agreement to another manager or to any member or any other person or entity by an instrument in writing;

NOW, THEREFORE, the Grantor hereby appoints Mr. Lolonyon Akouuete and Ms. Denise Edward as its attorney in fact (the "Attorney"), with powers to be exercised jointly with member or manager of the Grantor, to act on behalf of the Grantor in connection with any and all matters relating to the management and operation of the Company, including but not limited to:

1. the right to sell, buy, lease, mortgage, assign, rent or dispose of any real property on behalf of the Company; and
2. the right to execute, acknowledge, and deliver any and all documents, contracts, agreements, checks, drafts, promissory notes, mortgages, deeds of trust, leases, deeds, easements, and other instruments of any nature whatsoever, as may be necessary or desirable, and to perform all acts and do everything that the Grantor could do; and
3. the right to open a bank account/s, deposit, endorse, or withdraw funds to or from any of the Company's bank accounts or safe deposit box;
4. the right to initiate, defend commence or settle legal actions on the Company's behalf;
5. the right to retain any accountant, attorney, or other adviser deemed necessary to protect the Company's interests relative to any foregoing unlimited power;
6. the right to bind the Grantor by executing documents or instruments on its behalf, and any such executed documents or instruments shall be binding upon and enforceable against the Grantor.

The Grantor undertakes to:
- ratify and confirm whatever the Attorney does or purports to do in good faith in exercising the powers conferred by this Power of Attorney; and
- Indemnify the Attorney against all claims, losses, costs, expenses, damages or liability incurred by her as a result of acting in good faith pursuant to this power of attorney (including any costs incurred in enforcing this indemnity).

See Exhibit A hereto for additional rights with respect to the Company property.

This Power of Attorney shall be governed by and construed in accordance with the laws of the State of Delaware. The powers and duties of an Agent under a durable power of attorney are explained more fully in Delaware Code, Title 12, Chapter 49A, Section 49A-114 and Sections 49A-201 through 49A-217.

1

By signing below, I have read or had explained to me this notice and I understand its contents. I have had an attorney licensed in the State of Arizona review and approve of me signing this Durable Power of Attorney.

This Power of Attorney shall be effective from the signing date below and shall continue in full force and effect until revoked by the Grantor in writing.

<u>Reliance on This Power of Attorney</u>

Any person, including my Agent(s), may rely upon this power of attorney or a copy of it unless that person knows it has terminated or is invalid.

<u>Revocation of Prior Power of Attorney</u>

If you have previously executed a power of attorney granting authority covered in this document, indicate below whether or not you wish to revoke the prior power of attorney. INITIAL your selection below:

___✓___ All my previously executed powers of attorney are hereby revoked, except those powers of attorney described in § 49A-103(a) of Title 12 of the Delaware Code, none of which are personal powers of attorney described within the meaning of § 49A-102(9) of Title 12 of the Delaware Code.

**IN WITNESS WHEREOF**, the Grantor has executed this Power of Attorney as of the date first written above as an instrument under seal.

BABCOCK AND BROWN PARALLEL MEMBER LLC

By: _____

Name: F. Jan Blaustein Scholes

Title: Manager, duly authorized

I, __DJIGBOD LOKOSSOU__, swear that I am not related to the Principal by blood, marriage, or adoption; and that I am not entitled to any portion of the estate of the Principal under the Principal's current will or codicil, or under any current trust instrument of the Principal.

_____
Witness Signature

__DJIGBODI LOKOSSOU__
Print Witness Name

State of Arizona

COUNTY OF __Arizona__

This Durable **Power** of **Attorney** was signed by the Principal, witnessed by the person aforesaid, and acknowledged before me, the Subscriber, a Notary Public, as the free act and deed of the Principal this __26__ day of June, 2023.

_____
Notary Public

My Commission Expires: __02-28-2027__ (seal)

BILLIE J WAHL
Notary Public - Arizona
Maricopa County
Commission # 642362
My Comm. Expires Feb 28, 2027

282

EXHIBIT "A"
## Real Property § 49A-204

1. To demand, buy, lease, receive, accept as a gift or as security for an extension of credit, or otherwise acquire or reject an interest in real property or a right incident to real property;

2. To sell; exchange; convey with or without covenants, representations, or warranties; quitclaim; release; surrender; retain title for security; encumber; partition; consent to partitioning; subject to an easement or covenant; subdivide; apply for zoning or other governmental permits; plat or consent to platting; develop; grant an option concerning; lease; sublease; contribute to an entity in exchange for an interest in that entity; or otherwise grant or dispose of an interest in real property or a right incident to real property;

3. To pledge or mortgage an interest in real property or right incident to real property as security to borrow money or pay, renew, or extend the time of payment of a debt of the Principal or a debt guaranteed by the Principal;

4. To release, assign, satisfy, or enforce by litigation or otherwise a mortgage, deed of trust, conditional sale contract, encumbrance, lien, or other claim to real property which exists or is asserted;

5. To manage or conserve an interest in real property or a right incident to real property owned or claimed to be owned by the Principal, including:
   a. Insuring against liability or casualty or other loss;
   b. Obtaining or regaining possession of or protecting the interest or right by litigation or otherwise;
   c. Paying, assessing, compromising, or contesting taxes or assessments or applying for and receiving refunds in connection with them; and
   d. Purchasing supplies, hiring assistance or labor, and making repairs or alterations to the real property;

6. To use, develop, alter, replace, remove, erect, or install structures or other improvements upon real property in or incident to which the Principal has, or claims to have, an interest or right;

7. To participate in a reorganization with respect to real property or an entity that owns an interest in or right incident to real property and receive, and hold, and act with respect to stocks and bonds or other property received in a plan of reorganization, including:
   a. Selling or otherwise disposing of them;
   b. Exercising or selling an option, right of conversion, or similar right with respect to them; and
   c. Exercising any voting rights in person or by proxy;

8. To change the form of title of an interest in or right incident to real property; and

9. To dedicate to public use, with or without consideration, easements or other real property in which the Principal has, or claims to have, an interest.

3

## Tangible Personal Property § 49A-205

1. To demand, buy, receive, accept as a gift or as security for an extension of credit, or otherwise acquire or reject ownership or possession of tangible personal property or an interest in tangible personal property;
2. To sell; exchange; convey with or without covenants, representations, or warranties; quitclaim; release; surrender; create a security interest in; grant options concerning; lease; sublease; or otherwise dispose of tangible personal property or an interest in tangible personal property;
3. To grant a security interest in tangible personal property or an interest in tangible personal property as security to borrow money or pay, renew, or extend the time of payment of a debt of the Principal or a debt guaranteed by the Principal;
4. To release, assign, satisfy, or enforce by litigation or otherwise, a security interest, lien, or other claim on behalf of the Principal, with respect to tangible personal property or an interest in tangible personal property;
5. To manage or conserve tangible personal property or an interest in tangible personal property on behalf of the Principal, including:
   a. Insuring against liability or casualty or other loss;
   b. Obtaining or regaining possession of or protecting the property or interest, by litigation or otherwise;
   c. Paying, assessing, compromising, or contesting taxes or assessments or applying for and receiving refunds in connection with taxes or assessments;
   d. Moving the property from place to place;
   e. Storing the property for hire or on a gratuitous bailment; and
   f. Using and making repairs, alterations, or improvements to the property; and
6. To change the form of title of an interest in tangible personal property.

## Claims and Litigation § 49A-212

1. To assert and maintain before a court or administrative agency a claim, claim for relief, cause of action, counterclaim, offset, recoupment, or defense, including an action to recover property or other thing of value, recover damages sustained by the Principal, eliminate or modify tax liability, or seek an injunction, specific performance, or other relief;
2. To bring an action to determine adverse claims or intervene or otherwise participate in litigation;
3. To seek an attachment, garnishment, order of arrest, or other preliminary, provisional, or intermediate relief and use an available procedure to effect or satisfy a judgment, order, or decree;
4. To make or accept a tender, offer of judgment, or admission of facts, submit a controversy on an agreed statement of facts, consent to examination, and bind the Principal in litigation;

4

5. To submit to alternative dispute resolution, settle, and propose or accept a compromise;
6. To waive the issuance and service of process upon the Principal, accept service of process, appear for the Principal, designate persons upon which process directed to the Principal may be served, execute and file or deliver stipulations on the Principal's behalf, verify pleadings, seek appellate review, procure and give surety and indemnity bonds, contract and pay for the preparation and printing of records and briefs, receive, execute, and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation;
7. To act for the Principal with respect to bankruptcy or insolvency, whether voluntary or involuntary, concerning the Principal or some other person, or with respect to a reorganization, receivership, or application for the appointment of a receiver or trustee which affects an interest of the Principal in property or other thing of value;
8. To pay a judgment, award, or order against the Principal or a settlement made in connection with a claim or litigation; and
9. To receive money or other thing of value paid in settlement of or as proceeds of a claim or litigation.

## Taxes § 49A-216

1. To prepare, sign, and file federal, state, local, and foreign income, gift, generation skipping transfer, payroll, property, Federal Insurance Contributions Act (26 U.S.C. § 3101 et seq.), and other tax returns, claims for refunds, requests for extension of time, petitions regarding tax matters, and any other tax-related documents, including receipts, offers, waivers, consents, including consents and agreements under § 2032A of the Code, closing agreements, and any power of attorney required by the Internal Revenue Service or other taxing authority with respect to a tax year upon which the statute of limitations has not run and the following 25 tax years;
2. To pay taxes due, collect refunds, post bonds, receive confidential information, and contest deficiencies determined by the Internal Revenue Service or other taxing authority;
3. To exercise any election available to the Principal under federal, state, local, or foreign tax law; and
4. To act for the Principal in all tax matters for all periods before the Internal Revenue Service, or other taxing authority.

5

# WRITTEN CONSENT
# OF THE MANAGER
# OF BABCOCK AND BROWN PARALLEL MEMBER LLC
# IN LIEU OF A MEETING

The undersigned, being the manager of BABCOCK AND BROWN PARALLEL MEMBER LLC, a Delaware limited liability company (the "**Company**"), acting by written consent without a meeting pursuant to Section 18-404 of the Delaware Limited Liability Company Act, does hereby consent to the adoption of the following resolutions:

**WHEREAS**, F. Jan Blaustein Scholes ("**Scholes**") is the Manager of the Company; and

**WHEREAS**, F. Jan Blaustein Scholes is over the age of eighteen and is of sound mind and is not under a conservatorship or guardianship in the State of Arizona; and

**WHEREAS**, F. Jan Blaustein Scholes resides in the State of Arizona and is executing this document in the State of Arizona.

**NOW THEREFORE LET IT BE:**

**RESOLVED**, that a Durable Power of Attorney be executed authorizing Lolonyon Akouete and Denise Edwards to undertake the actions specified therein;

**RESOLVED**, that the Bill of Sale executed on November 21, 2022, be amended as follows:

(i) The Title of the Document shall be amended to delete "Bill of Sale" and substitute "Transfer of Manager Role";

(ii) The WHEREAS clause shall be amended to delete the word "sell" and "transfer her Manager role of Westborough SPE LLC" shall be substituted therefore. In addition, "Buyer desires to buy" shall be deleted and the following substituted therefore "Subsequent Manager desires to assume the Role as Manager(s) of Westborough SPE LLC". In addition "and all assets thereof" shall be deleted.

(iii) Paragraph 1 shall be deleted in its entirety and "The consideration paid heretofore for a change in Manager is $100.00 which was tendered by Money Order to Scholes".

(iv) Paragraphs 1(a)-(b) shall be deleted in their entirety.

(v) Paragraph 2 shall be deleted in its entirety and F. Jan Blaustein Scholes is not under a conservatorship/guardianship in the State of Arizona where she currently resides and is of sound legal mind, and understands the consequences of this Agreement to Transfer Manager Role".

(vi) Paragraph 3 shall be deleted in its entirety and the following substituted therefore "Westborough SPE LLC has an outstanding debt owed to the Town of Westborough for unpaid obligations which as of May 2023 equated to approximately $920,000.00. In addition, there are unclaimed funds in the State of California of approximately $1,200,000.00 belonging to Westborough SPE LLC. Akouete and Edwards have become Managers of Westborough SPE LLC and that

286

is hereby ratified and confirmed. Akouete and Edwards are authorized to take whatever actions necessary to recover and protect the property located at Turnpike Road, Westborough, Massachusetts and recover the unclaimed funds in the State of California."

(vii)    Paragraph 5 shall be deleted and the following substituted therefore "This Agreement shall be governed by the laws of the State of Arizona as to contract formation and capacity and the State of Delaware as to limited liability company actions".

(viii)    Paragraph 6 shall remain and is hereby ratified and confirmed and Westborough SPE LLC was lawfully reinstated in both Delaware and Massachusetts.

(ix)    Paragraph 8 shall be added, "If any provision of this Agreement shall to any extent be held void or unenforceable (as to duration, scope, activity, subject or otherwise) by a court of competent jurisdiction, such provision shall be deemed to be modified so as to constitute a provision conforming as nearly as possible to the original provision while still remaining valid and enforceable. In such event, the remainder of this Agreement (or the application of such provision to persons or circumstances other than those in respect of which it is deemed to be void or unenforceable) shall not be affected thereby. Each other provision of this Agreement, unless specifically conditioned upon the voided aspect of such provision, shall remain valid and enforceable to the fullest extent permitted by law; any other provisions of this Agreement that are specifically conditioned on the voided aspect of such invalid provision shall also be deemed to be modified so as to constitute a provision conforming as nearly as possible to the original provision while still remaining valid and enforceable to the fullest extent permitted by law."

(x)    Paragraph 9 shall be added "Time shall be of the essence as to each term hereof."

(xi)    Paragraph 10 shall be added "Each party recognizes that this Agreement is a legally binding contract and acknowledges that it, he or she has had the opportunity to consult with legal counsel of choice. In any construction of the terms of this Agreement, the same shall not be construed against either party on the basis of that party being the drafter of such terms."

(xii)    Paragraph 11 shall be added "Scholes has engaged an attorney licensed in the State of Arizona to represent her interests with respect to this Agreement and the attorney has reviewed the document and consents to its signing."

**RESOLVED**, that the manager be, and each of them individually hereby is, authorized and directed to do and perform or cause to be done and performed all such acts, deeds, and things, and to make, execute, and deliver, or cause to be made, executed, and delivered, all such agreements, undertakings, documents, instruments, or certificates in the name of the Company and to retain such counsel, agents, and advisors and to incur and pay such expenses, fees, and taxes as shall, in the opinion of the manager of the Company executing the same, be deemed necessary or advisable (such necessity or advisability to be conclusively evidenced by the execution thereof) to effectuate or carry out fully the purpose and interest of all of the foregoing resolutions; and that any and all such actions heretofore or hereafter taken by the manager

2

relating to and within the terms of these resolutions be, and they hereby are, adopted, affirmed, approved, and ratified in all respects as the act and deed of the Company; and

**RESOLVED**, that an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the managers.

**IN WITNESS WHEREOF**, the undersigned manager has duly executed this Written Consent as of June 23 , 2023 as an instrument under seal.

Signature: _____   Date: 2/62/23

F. Jan Blaustein Scholes, Manager

I, _____ , swear that I am not related to the Principal by blood, marriage, or adoption; and that I am not entitled to any portion of the estate of the Principal under the Principal's current will or codicil, or under any current trust instrument of the Principal.

State of Arizona

COUNTY OF ___Arizona_____

This Durable **Power** of **Attorney** was signed by the Principal, witnessed by the person aforesaid, and acknowledged before me, the Subscriber, a Notary Public, as the free act and deed of the Principal this __2 6__ day of June, 2023.

_____
Notary Public

My Commission Expires: __02-28-2027__ (seal)

BILLIE J WAHL
Notary Public - Arizona
Maricopa County
Commission # 642362
My Comm. Expires Feb 28, 2027

3

# Exhibit 3
## Westborough SPE LLC Operating Agreement

WESTBOROUGH SPE LLC

LIMITED LIABILITY COMPANY AGREEMENT

October 22, 1997

# LIMITED LIABILITY COMPANY AGREEMENT

## TABLE OF CONTENTS

| | |
|---|---|
| RECITALS | 1 |
| FORMATION, MANAGEMENT, PURPOSES, NAME | 1 |
| CAPITAL CONTRIBUTIONS; CAPITAL ACCOUNTS; AND LIABILITY OF MEMBERS | 6 |
| RETURN OF CONTRIBUTIONS | 7 |
| SHARE OF DISTRIBUTIONS, PROFITS, LOSSES AND OTHER ITEMS | 7 |
| SUBSTITUTION AND ASSIGNMENT OF A MEMBER'S INTEREST | 9 |
| BOOKS AND RECORDS; BANK ACCOUNTS | 9 |
| OTHER BUSINESS | 10 |
| DISSOLUTION AND CONTINUATION OF THE COMPANY | 10 |
| MISCELLANEOUS | 11 |

-i-

GS2- 1362291

291

## WESTBOROUGH SPE LLC

## LIMITED LIABILITY COMPANY AGREEMENT

This Limited Liability Company Agreement (the "Agreement"), dated as of the 22nd day of October, 1997, is by and between MIGNONETTE INVESTMENTS LIMITED, a British Virgin Islands entity organized under the BVI International Business Companies Act (the "Member"), and BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC., a Delaware corporation, as the Manager.

## R E C I T A L S:

A.      The Member formed a limited liability company (the "Company") pursuant to and in accordance with the Delaware Limited Liability Company Act (the "LLC Act") by the filing on the date hereof of a Certificate of Formation with the Secretary of State of the State of Delaware for the purposes described therein and herein.

B.      The Member and Babcock & Brown Administrative Services, Inc. desire to enter into this Agreement to provide for, among other things, the management of the business and affairs of the Company, the distribution of monies and allocation of profits and losses as to the Member, and the respective rights, interests, obligations and duties of the Member and of the Manager to each other and to the Company and its assets, business, liabilities and obligations.

NOW, THEREFORE, in consideration of the mutual covenants herein expressed, the parties hereto hereby agree as follows:

## OPERATING AGREEMENT

1.      <u>Formation, Management, Purposes, Name</u>

(a)      The rights and liabilities of the parties hereto shall be determined pursuant to the LLC Act and this Agreement. To the extent that the rights or obligations of the parties are different by reason of any provision of this Agreement than they would be in the absence of any such provision, or even if this Agreement is inconsistent with the LLC Act, this Agreement shall control, except to the extent the LLC Act provides that the applicable provisions thereof as to any

such matter may not be modified by a limited liability company's members, or hereof shall be applicable to the extent allowed by the LLC Act.

Case 2:23-cv-00118-X Document 26-4 Filed 03/23/26 Page 293 of 361 Exhibit
Document Page 293 of 400

The name of the Member and its address are set forth on Schedule A attached hereto. If any additional Members and/or substitute Members are hereinafter added as Members in the Company their names and respective addresses shall be added by amendment of said Schedule A.

The registered office and the registered agent of the Company in the State of Delaware shall be as set forth in the Certificate, as such office and agent may be changed, and as the Certificate may, as a consequence thereof, be amended from time to time by the Manager.

(b) The name of the limited liability company formed hereby is Westborough SPE LLC. The business of the Company may be conducted under that name or, upon compliance with applicable laws, any other name that the Manager deems appropriate or advisable. The Manager shall file, or shall cause to be filed, the Certificate of Formation and any fictitious name certificates, foreign state registrations and similar filings, and any amendments to any thereof, that the Manager considers necessary, appropriate or advisable, including, without limitation, an Application for Registration as a foreign limited liability company in the Commonwealth of Massachusetts.

(c) The Company is formed for the sole purpose of, and the nature of the sole business to be conducted by the Company is, to acquire, own, construct, lease, operate, maintain and, consistent with its investment purposes, to sell, exchange, convey and otherwise transfer, and otherwise to deal with, in any manner deemed desirable, the real property generally described in Schedule C attached hereto, and any other real property and any personal property, tangible or intangible, appurtenant to any thereof or hereafter acquired as necessary or convenient in connection with such real property, and to own interests in and be a member and/or manager, partner, general or limited, venturer, stockholder or other holder of interests in any entity holding direct or indirect interests in any such assets or engaged in any such activity, and in connection with all of the above, the Company may engage in any lawful act or activity for which limited liability companies may be formed under the LLC Act and in any and all activities necessary, advisable, convenient or incidental thereto. The purposes of the Company may not be broadened without the unanimous consent of all the Members and the Manager, nor may it be broadened if such would violate or cause a default under any agreement to which the Company is a party or by which it is bound.

-2-

GS2- 136229-1

In furtherance of the conduct of the purposes described above, the Company shall have the power and authority to do any and all lawful activities, business or actions which an Company may take under the LLC Act and, except as

Case 23-40202 Doc 1120 Filed 04/24/26 Entered 04/24/26 12:05:00 Main Document Page 294 of 1000 Exhibit

limited by the LLC Act, any activities, business or actions which a business corporation or a limited partnership would be entitled to engage in or take pursuant to the applicable laws of the State of Delaware, or under other applicable law, so long as such powers are necessary or convenient to the conduct, promotion or attainment of the business, trade, purposes or activities of the Company.

(d)     Babcock & Brown Administrative Services Inc. is hereby designated as the Manager of the Company.  One or more Managers may be designated and the number of Managers may be determined at any time by "Consent of the Members"; provided, however, that any such Consent providing for the Company to have more than one Manager shall only be made by amendment of this Agreement and shall also indicate those circumstances in which each Manager will be authorized to act alone and those circumstances in which more than one or all of the Managers will be required to act on behalf of the Company.  A Manager may be removed by Consent of the Members at any time and for any reason or for no reason.

(e)     Except as otherwise specifically provided in this Section 1 and in Section 8 of this Agreement:  (i) the overall management and control of the business and affairs of the Company, and the sole and exclusive authority to make all decisions and take all actions as to the business and affairs of the Company, shall be vested in the Manager, who shall have the sole power and authority to make any decision and to take any action and to exercise any power on behalf of the Company which the Company has the right, power and authority to take or otherwise engage in; and (ii) the Members shall have no voting rights, consent or approval over or as to any such matters.

Notwithstanding the above, the Manager may not file, on behalf of the Company, a petition in bankruptcy or for reorganization or insolvency or any other similar matter without the unanimous consent of the Members.

The Manager shall devote, and shall cause its members, partners, officers, directors and employees, if any, to devote such time to the affairs of the Company as such Manager, in its sole discretion, determines is necessary for performance by the Manager of its duties, provided no such persons shall be required to devote full time to such affairs.  The Manager shall have the right and power to manage, operate, and control the Company, and to do all things and take

-3-

GS2- 136229-1

"Consent of the Members" shall mean action of the holders of more than two-thirds of the Percentage Interests of all the Members, as such Percentage Interests are initially set forth on Schedule A hereto and as such Percentage Interests may be changed pursuant to the other provisions of this Agreement.

No Manager may resign or retire from, abandon or otherwise terminate its status as a Manager without the Consent of the Members.

(f) No Member, acting in its capacity as a Member (but nothing herein limiting any Member's capacity as a Manager if a Member is also a Manager), shall have any authority, power or privilege to act on behalf of or to bind the Company.

(g) The signature of the Manager or, if more than one Manager any time, of any Manager on any agreement, contract, instrument or other document shall be sufficient to bind the Company and any other Manager in respect thereof, shall be deemed the action of the Company and of any other Manager, and shall conclusively evidence the authority of such executing Manager and the Company with respect thereto, and no third party need look to any other evidence or require joinder or consent of any other party to bind the Company or to evidence such Manager's authority.

Without in any way amending, modifying, expanding or limiting the foregoing provisions of this paragraph (g), an individual or individuals may be authorized in writing by the Manager to execute any documents to be filed with the Secretary of State of the Commonwealth of Massachusetts and/or authorized to execute, acknowledge, deliver and record any recordable instruments on behalf of the Company purporting to effect an interest in real property, whether to be recorded with the registry of deeds or district office of the Land Court, and in the event of any such authorization the Application for Registration for the Company in the Commonwealth of Massachusetts shall include or, as appropriate, be amended to set forth such authorization.

Any Manager may, from time to time, by an instrument in writing, delegate all or any of its powers or duties hereunder to another Manager, if any, or to an officer, manager, member, or partner of any other Manager or to any Member or any other person or entity. Such writing may fully authorize such other Manager or such other person or entity, acting alone or with others, all as

-4-

GS2- 136229-1

Case 3:12-cv-01237-HU Document 28-1 Filed 01/23/2012 Page 296 of 361 Exhibit
Document Package 2008-1000

may be provided in such written delegation, without requirement of any other authorization of any Manager to take any action of any type, and to do anything and everything which the (or a) Manager may be authorized to take or do hereunder (including, without limitation, executing checks, drafts, promissory notes, mortgages, deeds of trust, leases, deeds, easements, and contracts of any nature whatsoever) and may delegate such authority generally or as to any specified matter or specific terms, all as may be provided in writing by any such Manager. Any documents or other instruments executed by any person or entity to whom any such delegation has been made shall be binding upon and enforceable against the Company, and shall be the valid act and deed of the Company, if executed by such delegee, and any third party shall be fully protected in relying upon the authority of any such delegee pursuant to a written delegation by the (or a) Manager.

(h)     The Manager shall be entitled to reimbursement from the Company for all expenses incurred by such Manager in managing and conducting the business and affairs of the Company. The Manager shall determine which expenses, if any, are allocable to the Company in a manner which is fair and reasonable to the Manager(s) and the Company, and if such allocation is made in good faith it shall be conclusive in the absence of manifest error.

(i)     Any Manager, or the sole Manager if there is only one, may cause the Company to enter into one or more loans, agreements, leases, contracts or other arrangements for the furnishing to or by the Company of money, goods, services or space with any Member, Manager or an affiliate thereof, and may pay compensation thereunder for such goods, services or space, provided in each case the terms of any such arrangements are at least as advantageous to the Company as those which would be available to the Company under similar arrangements between unrelated parties, and if the determination of such terms is made in good faith it shall be conclusive in the absence of manifest error.

(j)     In the performance of its duties and obligations hereunder, and in the exercise of its powers hereunder, the Manager shall act in good faith. The Company shall indemnify, defend and hold harmless the Manager, each Member, any person appointed to act for or on behalf of the Company pursuant to Section 1(g), and each such person's officers, directors, partners, members, shareholders, employees, and agents, and the employees, officers and agents of the Company (all indemnified persons being referred to as "Indemnified Persons" for purposes of this Section 1(j)), from any liability, loss, or damage incurred by an Indemnified Person by reason of any act performed or omitted to be performed by such Indemnified Person in connection with the business of the Company, and

-5-

GS2- 136229-1

from liabilities or obligations of the Company imposed on such person by virtue of such person's position with or relationship to the Company, including reasonable attorneys' fees and costs and any amounts expended in the settlement of any such claims of liability, loss, or damage; provided, however, that, if the liability, loss, damage, or claim arises out of any action or inaction of an Indemnified Person, indemnification under this Section 1(j) shall be available only if (i) the Indemnified Person, at the time of such action or inaction, determined, in good faith, that its course of conduct was consistent with this Agreement or otherwise in the best interests of the Company, and (ii) the action or inaction did not constitute fraud, gross negligence or willful misconduct by the Indemnified Person. Any indemnification under this Section 1(j) shall be recoverable only from the assets of the Company and not from any assets of any of the Members.

2.      Capital Contributions; Capital Accounts; and Liability of Members.

(a)     The Member has contributed in cash to the capital of the Company the amount set forth opposite such Member's name on Schedule B hereto.

Additional capital contributions may be made (but are not required to be made) by the Member, or any of them if more than one, if necessary or desirable to enable the Company to meet its obligations.

Any third party may rely on a certificate or other statement from the Manager as to Member or Members of the Company and the respective Percentage Interests of the Members at any time. All capital contributions by the Member(s) shall be reflected on the books and records of the Company.

Upon approval of the Manager, any Member may make a loan or loans to the Company on such terms as the Manager may determine. No such loan shall be considered a contribution to the capital of the Company.

(b)     No Member shall be obligated to contribute any additional capital or make any loans to the Company. No interest or preferred return shall accrue on any contributions to the capital of the Company. No Member shall have any rights or priority over any other Members as to contributions or as to distributions or compensation by way of income, except as may otherwise be specifically provided for elsewhere in this Agreement.

(c)     If there is more than one Member at any time and the Company has not elected to be taxed as a corporation under the Internal Revenue Code, a separate capital account ("Capital Account") shall be established for each Member,

-6-

GS2- 136229-1

297

and shall be maintained in accordance with applicable regulations under the Internal Revenue Code, there shall be credited to each Member's Capital consistent with such regulations, there shall be credited to each Member's Capital Account the amount of any contribution of capital made by such Member to the Company, and such Member's share of the net profits, and items thereof, of the Company, and there shall be charged against each Member's Capital Account the amount of all distributions to such Members, and such Member's share of the net losses, and items thereof, of the Company.

(d)     The liability of any Member for the losses, debts and obligations of the Company shall be limited to its capital contributions then made but not then previously repaid to or withdrawn by them in accordance with the terms of this Agreement.  No Member, in its capacity as a Member or as Manager, shall have any liability to restore any negative balance in its Capital Account.  In no event shall any Member, in its capacity as a Member, nor any Manager, whether or not also a Member, be personally liable for any judgments, debts, liabilities or obligations of the Company.

(e)     The Member(s), unanimously if more than one, shall have the right at any time to require the Manager to elect to treat the Company as a corporation under the Internal Revenue Code.

3.     <u>Return of Contributions</u>.  No Member shall have the right to withdraw or to be repaid any capital contributed by it or to receive any property or other payment in respect of its interest in the Company, including, without limitation, as a result of the withdrawal or resignation of such Member from the Company, except as specifically provided in this Agreement.

4.     <u>Share of Distributions, Profits, Losses and Other Items.</u>

(a)     All cash available for distribution shall be distributed to the Member, or among the Members if there is more than one Member, first to return any unrepaid capital contributions, pro-rata among the Members with such amounts in proportion to each respective Member's unrepaid capital contribution, and then among the Members according to their respective Percentage Interests. Distributions to the Members shall be made at such times and in such amounts as shall be reasonably determined by the Manager.  Except as provided in the next paragraph, all distributions to Members shall be made in cash.

If the Manager elects, with the Consent of the Members, to distribute any assets of the Company in kind, such assets shall be distributed on the basis of

GS2- 136229-1

Case 3:24-cv-00212-BK Document 26-1 Filed 00/00/23 Page 96 Desc Exhibit Document Page 299 of 1000

(b)     If and so long as the Company is taxed as a partnership, allocations of income, profit, gain and loss, shall be made as follows: (i) items of net income and gain shall be allocated among the Members in the manner necessary to increase each Member's Capital Account to an amount equal to the amount of cash such Member would be entitled to receive pursuant to Section 4(a) if an amount of cash equal to the net positive Capital Account balances (after such allocation) were distributed to the Members in the order and priority specified in Section 4(a), and (ii) items of net loss and deduction shall be allocated among the Members in the manner necessary to reduce each Member's Capital Account to an amount equal to the amount of cash such Member would be entitled to receive pursuant to Section 4(a) if an amount of cash equal to the net positive Capital Account balances (after such allocation) were distributed to the Members in the order and priority specified in Section 4(a).

Notwithstanding the foregoing, all allocations of items that cannot have economic effect (except "partner nonrecourse deductions") shall be allocated to the Members in accordance with the Members' interests in the Company, which, unless otherwise required by Code Section 704(b) and the Regulations promulgated thereunder, shall be in proportion to the Percentage Interests of the Members, and all "partner nonrecourse deductions" and "partner minimum gain" shall be allocated in accordance with the provisions of Treasury Regulations Section 1.704-2.

All items of depreciation, gain, loss, deduction or credit shall be determined in accordance with the Code and, except to the extent otherwise required by the Code, shall be allocated to and among the Members in the same percentages in which the Members share in net profits and net losses.

(c)     Except as otherwise specifically provided herein, all tax elections shall be made by the Manager as it shall deem appropriate.

5.     Substitution and Assignment of a Member's Interest. A Member may sell, assign, give, pledge, hypothecate, encumber or otherwise transfer (including, without limitation, any assignment or transfer by operation of law or by order of court) all or any part of such Member's interest in the Company, without the consent or approval of any other Member or of the Manager.

-8-

GS2- 136229-1

299

6.  Books and Records; Bank Accounts.

(a)  The Manager shall keep or cause to be kept complete and accurate books and records of the Company using such method as the Manager may elect. Such books and records shall be maintained and be available, in addition to any documents and information required to be furnished to the Members under the LLC Act, at an office of the Company for examination and copying by any Member, or its duly authorized representative, at its reasonable request and at its expense during ordinary business hours. Any Member may, at any time, at its own expense, cause an audit or review of the Company books to be made by a certified public accountant of its own selection.

A current list of the full name and last known address of each Member and of the Manager, a copy of this Agreement, any amendments thereto and the Certificate of Formation, executed copies of all powers of attorney, if any, pursuant to which this Agreement, any amendment, or the Certificate of Formation has been executed, copies of the Company's financial statements and federal, state and local income tax returns and reports, if any, for the five most recent years, shall be maintained at the registered office of the Company required by the LLC Act.

If the Company is taxed as a partnership, then on or before the due date (including extensions) of the federal income tax return of the Company for each fiscal year of the Company, the Manager shall cause each Member to be furnished with copies of the Company's federal income tax return and Schedule K-1's for each respective Member for the fiscal year then ended.

If the Company is taxed as a corporation, the Manager shall timely (including extensions) file all requisite federal, state and local tax returns.

(b)  Bank accounts and/or other accounts of the Company shall be maintained in such banking and/or other financial institution(s) as shall be selected by the Manager, and withdrawals shall be made and other activity conducted on such signature or signatures as shall be designated by the Manager.

(c)  The fiscal year of the Company shall end on December 31 of each year.

7.  Other Business. The Members, the Manager and any affiliates of any of them may engage in and possess interests in other business ventures and

-9-

GS2- 136229-1

300

investment opportunities of every kind and description, independently or with others, including serving as managers and general partners of other limited liability companies and partnerships with purposes similar to those of, and/or in competition with, the Company. Neither the Company nor any other Member or Manager shall have any rights in or to such ventures or opportunities or the income or profits therefrom.

8.    Dissolution and Continuation of the Company.

(a)    The Company shall be dissolved and its affairs wound up upon:

(i) The election, made in writing by the Manager, with the Consent of the Members, to dissolve the Company at any time which is 90 days or more after notice of such election to all Members;

(ii) The sale, disposition or abandonment of all or substantially all of the assets of the Company; or

(iii) The entry of a decree of judicial dissolution under the LLC Act.

The Company shall have no specific date of dissolution.

(b)    Upon the dissolution of the Company for any reason, the Manager shall commence to wind up the affairs of the Company and to liquidate its assets. After the sale or other disposition of all of the assets of the Company to be disposed of in the liquidation, and gains and losses thereon shall be calculated. If the Company is taxed as a partnership, such gains and losses shall be allocated in the manner described in Section 4 hereof, and applied to the Capital Accounts of each Member to whom the allocations are made pursuant to the other provisions hereof.

(c)    Following the payment of all debts and liabilities of the Company to persons other than the Members and the payment of all expenses of liquidation, and subject to the reserves which the Manager, or other liquidating party, may determine is reasonably necessary for any contingent or unforeseen liabilities or obligations of the Company, the proceeds of the liquidation and any other funds shall be applied to the payment of any debts and liabilities to the Members, if any, and then shall be distributed to the Member(s) (i) in accordance with Section 4(a)

-10-

GS2- 136229-1

301

if the Company is taxed as a corporation, and (ii) in accordance with each Member's respective Capital Account(s) as of the date of such distribution, after giving effect to all contributions, distributions, and allocations for all periods, if the Company is taxed as a partnership.

(d)     The assets of the Company shall be a Member's source of all distributions with respect to the Company, the return of its capital contributions thereto and its share of profits and losses thereof, and each such Member shall have no recourse therefor (upon dissolution or otherwise) against any other Members.

(e)     Upon the completion of the liquidation of the Company and the distribution of all Company's funds, the Company shall terminate, and the Manager shall, or if none, the Members may authorize one or more Members to, execute and record such articles of dissolution for the Company and any and all other documents necessary to effectuate the dissolution and termination of the Company.

9.     <u>Miscellaneous</u>.

(a)     Subject to the restrictions on transfers set forth herein, the terms of this Agreement shall be binding upon and shall inure to the benefit of the Members and the Manager, their respective permitted successors, successors-in-title, heirs and assigns; and each and every successor-in-interest to any Member, whether such successor acquires such interest by way of inheritance, gift, purchase, foreclosure or any other method, and the Members shall hold such interest subject to all of the terms and provisions of this Agreement.  None of the provisions of this Agreement shall be for the benefit of or enforceable by any creditor of any Member (including any Member acting in his capacity as a creditor of the Company).

(b)     No change, modification or amendment of this Agreement shall be valid or binding unless such change, modification or amendment shall be in writing and duly executed by all of the Members and, if (but only if) such affects the rights or obligations of the Manager, executed by the Manager.

(c)     This Agreement and the rights and obligations of the parties hereunder shall be governed by and interpreted and enforced in accordance with the laws of the State of Delaware, notwithstanding any choice of law rules to the contrary.

GS2- 136229-1

(d)     This Agreement may be executed in any number of counterparts, all of which together shall for all purposes constitute one Agreement, binding on all the Members and the Manager notwithstanding that all Members and the Manager have not signed the same counterpart.

(e)     Any and all notices under this Agreement shall be effective (i) on the fourth business day after being sent by registered or certified mail, return receipt requested, postage prepaid, or (ii) on the second business day after being sent by express mail, telecopy, or commercial expedited delivery service providing a receipt for delivery.  All such notices in order to be effective shall be addressed, if to the Company at its registered office under the LLC Act, if to a Member at the last address of record on the Company books, and copies of such notices shall also be sent to the last address for the recipient which is known to the sender, if different from the address so specified.

(f)     As used herein, the singular shall include the plural and the masculine gender shall include the feminine and neuter, and vice versa, unless the context otherwise requires.  The word "person shall mean a natural person, a trust of any nature, or any incorporated or unincorporated entity or association of any type or form.

(g)     If any provisions of this Agreement, or the application of such provision to any person or circumstance, shall be held invalid, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those to which it si held invalid, shall not be affected hereby.

(h)     Words such as "herein", "hereinafter", "hereof", "hereto", "hereby", and "hereunder", when used in reference to the Agreement, refer to this Agreement as a whole, unless the context otherwise requires.

(i)     This Agreement, including the Certificate of Formation, which is hereby incorporated herein, embodies the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings relating to such subject matter.

GS2- 136229-1

IN WITNESS WHEREOF, the Members have executed this Limited Liability Company Agreement of Westborough SPE LLC as of the date first above written.

MEMBER:

MIGNONETTE INVESTMENTS LIMITED

By: _____

Authorized Signatory

MANAGER:

BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC.

By: _____

Its _____

-13-

IN WITNESS WHEREOF, the Members have executed this Limited Liability Company Agreement of Westborough SPE LLC as of the date first above written.

MEMBER:

MIGNONETTE INVESTMENTS LIMITED

By: _____
     Authorized Signatory

For F.M.C. LIMITED
CORPORATE DIRECTORS

MANAGER:

BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC.

By: _____
     Its _____

-13-

## SCHEDULE A
## TO
## LIMITED LIABILITY COMPANY AGREEMENT
## OF
## WESTBOROUGH SPE LLC

### MEMBER

| NAME AND ADDRESSES OF MEMBER | PERCENTAGE INTEREST |
|---|---|
| Mignonette Investments Limited | 100% |

-A-1-

SCHEDULE B
TO
LIMITED LIABILITY COMPANY AGREEMENT
OF
WESTBOROUGH SPE LLC

MEMBER

| MEMBER | INITIAL CASH CAPITAL CONTRIBUTION |
|---|---|
| Mignonette Investments Limited | $10,000 |

-B-1-

SCHEDULE C
TO
LIMITED LIABILITY COMPANY AGREEMENT
OF
WESTBOROUGH SPE LLC

PROPERTY DESCRIPTION

GS2- 1362291

# Exhibit 4
Certificate of Revival and Good Standing

# <u>Delaware</u>

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT

COPY OF THE CERTIFICATE OF REVIVAL OF "WESTBOROUGH SPE LLC",

FILED IN THIS OFFICE ON THE TWENTY-SECOND DAY OF NOVEMBER, A.D.

2022, AT 5 O`CLOCK P.M.



Jeffrey W. Bullock, Secretary of State

2811561  8100
SR# 20224086804

Authentication: 204937171
Date: 11-26-22

You may verify this certificate online at corp.delaware.gov/authver.shtml

310

# STATE OF DELAWARE
## CERTIFICATE OF REVIVAL OF
## A DELAWARE LIMITED LIABILITY COMPANY
## PURSUANT TO TITLE 6, SEC. 18-1109

1. Name of the Limited Liability Company WESTBOROUGH SPE LLC

2. Date of the original filing with the Delaware Secretary of State:

   10/22/1997

3. The name and address of the Registered Agent is

   THE INCORPORATORS LTD.
   300 CREEK VIEW ROAD, SUITE 209
   NEWARK, DE 19711

4. (Insert any other matters the members determine to include herein).

5. This Certificate of Revival is being filed by one or more persons authorized to Execute and file the Certificate of Revival.

In witness whereof, the above name Limited Liability Company does hereby certify that the Limited Liability Company is paying all annual Taxes, penalties and interest due to the State of Delaware.

BY: _____
Authorized Person

Name: Denise Edwards
_____

Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered 05:00 PM 11/22/2022
FILED 05:00 PM 11/22/2022
SR 20224086804 - File Number 2811561



# Delaware

## The First State

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF*

*DELAWARE, DO HEREBY CERTIFY "WESTBOROUGH SPE LLC" IS DULY FORMED*

*UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND*

*HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS*

*OF THE TWENTY-EIGHTH DAY OF NOVEMBER, A.D. 2022.*

Jeffrey W. Bullock, Secretary of State

2811561  8300

SR# 20224104318

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 204939237

Date: 11-28-22



The Commonwealth of Massachusetts

Secretary of the Commonwealth

State House, Boston, Massachusetts 02133

**William Francis Galvin**
Secretary of the
Commonwealth

December 15, 2022

TO WHOM IT MAY CONCERN:

I hereby certify that a certificate of registration of a Foreign Limited Liability Company was filed in this office by

**WESTBOROUGH SPE LLC**

in accordance with the provisions of Massachusetts General Laws Chapter 156C on **December 12, 2022**.

I further certify that said Limited Liability Company has filed all annual reports due and paid all fees with respect to such reports; that said Limited Liability Company has not filed a certificate of cancellation or withdrawal; that there are no proceedings presently pending under the Massachusetts General Laws Chapter 156C, § 72 for revocation of said Limited Liability Company's authority to transact business in the Commonwealth; and that said Limited Liability Company is in good standing with this office.

I also certify that the names of all managers listed in the most recent filing are: **DENISE EDWARDS, LOLONYON AKOUETE**

I further certify that the name of persons authorized to act with respect to real property instruments listed in the most recent filings are: **DENISE EDWARDS, LOLONYON AKOUETE**



In testimony of which,

I have hereunto affixed the

Great Seal of the Commonwealth

on the date first above written.

*William Francis Galvin*

Secretary of the Commonwealth

Processed By:NGM

313

# Exhibit 5
## Claim Affirmation Form - Claim ID 21014485

Case 23-40709 Doc 1124-18 Filed 06/28/26 Entered 06/23/26 20:54:03 Desc Exhibit

| *Initiated Date:* | 06/09/2023 |
|---|---|
| *Source:* | WEB |
| *Relationship:* | Business |
| *Printed Date:* | 06/09/2023 |

OFFICIAL USE ONLY



*Claim ID:* **21014485**

## Claim Affirmation Form (continued)

### Section B - Required Documentation

Please see the attached "Documentation Required for Business Owner Claims"

### Section C - Claimant Information

Each of the undersigned claimants certifies, under penalty of perjury, that the claimant has read the claim and knows the contents thereof and that the claimant is the owner of said claim and the person entitled to receive the money and property set forth in said claim.

Each claimant agrees to indemnify and hold harmless the State, its officers, and employees from any loss resulting from the payment of said claim.

**EACH CLAIMANT MUST SIGN THIS AFFIRMATION OR THE CLAIM WILL BE RETURNED.**

For claims filed for a business, the authorized owner's signature is required. For claims filed for an estate or trust, the signature of the executor, administrator or trustee is required.

#### Claimant Information

| CURRENT LEGAL LAST NAME OR BUSINESS NAME | CURRENT LEGAL FIRST NAME | MIDDLE | SSN OR FEDERAL TAX ID |
|---|---|---|---|
| WESTBOROUGH SPE LLC | | | 94-3286768 |

| CURRENT MAILING ADDRESS | CITY | STATE/PROVINCE | ZIP CODE | COUNTRY |
|---|---|---|---|---|
| 1241 Deer Park Ave, Suite 1 #1051 | NORTH BABYLON | NY | 11703 | |

| DRIVER LICENSE NUMBER | DATE OF BIRTH | EMAIL ADDRESS | |
|---|---|---|---|
| 186 170 972 | 10-08-1986 | LOLOACT2@GMAIL.COM | |

| DAYTIME PHONE | SIGNATURE | DATE |
|---|---|---|
| (443) 447-3276 | *[signature]* | 06/29/2023 |

#### Additional Claimant Information (if Applicable)

| CURRENT LEGAL LAST NAME OR BUSINESS NAME | CURRENT LEGAL FIRST NAME | MIDDLE | SSN OR FEDERAL TAX ID |
|---|---|---|---|
| | | | |

| CURRENT MAILING ADDRESS | CITY | STATE/PROVINCE | ZIP CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| DRIVER LICENSE NUMBER | DATE OF BIRTH | EMAIL ADDRESS | |
|---|---|---|---|
| | | | |

| DAYTIME PHONE | SIGNATURE | DATE |
|---|---|---|
| | | |

### Section D - Affidavit Notarization

**(YOUR SIGNATURE(S) MUST BE NOTARIZED IF THE CLAIM AMOUNT IS $1,000 OR GREATER.
ALL CLAIMS FOR SECURITIES OR SAFE DEPOSIT BOXES MUST BE NOTARIZED.)**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of ___New York___, County of ___ULSTER___

Subscribed and sworn to (or affirmed) before me on this 29 day of ___June___, 2023 by

___Lolonyon Akpoete___, proved to me on the basis of satisfactory evidence to

be the person(s) who appeared before me.

Signature ___[signature]___ (seal)

JOEL VOZZO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01VO6213484
Qualified in Ulster County
Commission Expires 11/04/2025

**PRIVACY NOTIFICATION**

The Information Practices Act of 1977 and the Federal Privacy Act require this Bureau to inform you that your Social Security number and other documents are requested for property identification and processing of your claim.

You have the right to view your records at this office by writing :
Division Chief, Unclaimed Property Division, P.O. Box 942850, Sacramento, CA 94250 - 5873.
Unclaimed Property Division
MAILING ADDRESS P.O. Box 942850, Sacramento, CA 94250-5873
10600 White Rock Road, Rancho Cordova, CA 95670
(800) 992-4647 (Nationwide) or (916) 323-2827 (Outside of US)

Page 2 of 3

*Initiated Date:* 06/09/2023
*Source:* WEB
*Relationship:* Business
*Printed Date:* 06/09/2023



OFFICIAL USE ONLY



*Claim ID:* **21014485**

# MALIA M. COHEN
### California State Controller
## UNCLAIMED PROPERTY DIVISION
*Unclaimed Property Claim Affirmation Form*

**WESTBOROUGH SPE LLC**
**1241 DEER PARK AVE, SUITE 1 #1051**
**NORTH BABYLON, NY 11703**

This is to inform you that the property listed below may belong to you.

This property was turned over to the State Controller's Unclaimed Property Division, as required by law, for safekeeping until it can be claimed by the rightful owner or their heirs. California's unclaimed property law requires businesses to submit property, such as bank accounts, stocks, bonds, and the contents of safe deposit boxes, to the state if there has been no activity on the account, or the business has had no contact with the owner, generally for three years.

To claim this property, or the net proceeds of any sale of property as required by law, please complete Sections C and D of this form and return it with the required documentation to the address below. If you do not have all of the items required, please send as much information as possible to prove you are the owner of the property.

Once your signed Claim Affirmation Form and required documentation have been received, please allow up to 180 days for processing. For more information about this program including filing instructions, forms, or to inquire about your claim status, please visit the State Controller's website at www.claimit.ca.gov. Claimants may also contact the Unclaimed Property Division by phone at (800) 992-4647. International callers should call (916) 323-2827 for inquiries.

**PLEASE NOTE:** Properties recently transferred to the State Controller's Office may not appear on our website. If you have an outstanding debt with a California state agency, city or county, your unclaimed property payment may be intercepted to pay the debt.

| Section A - Property Owner Information | | | |
|---|---|---|---|
| Owner(s) Name | Reported Owner Address | | |
| WESTBOROUGH SPE LLC | 50 CALIFORNIA ST STE 3610, SAN FRANCISCO, CA 94111-0000 | | |
| Type of Property | Reported By | | Property ID Number |
| Checking Accounts | MUFG UNION BANK N A | | 1019294209 |
| Cash Reported | Shares Reported | Name of Security Reported | |
| ¤1,293,646.83 | | | |

Unclaimed Property Division
MAILING ADDRESS P.O. Box 942850, Sacramento, CA 94250-5873
10600 White Rock Road, Rancho Cordova, CA 95670
(800) 992-4647 (Nationwide) or (916) 323-2827 (Outside of US)

Page 1 of 3



# Controller Malia M. Cohen

California State Controller's office
Unclaimed Property Division

## BUSINESS CLAIM
### FILING INSTRUCTIONS AND REQUESTED DOCUMENTATION

**To claim property on behalf of a business, please provide the information requested in the business filing instructions found here:**

Filing Instructions for Business Claims

The link above provides detailed information on what documentation will be required in order to verify your ownership of the property. Having the same company name as that on an account does not establish ownership because companies can have the same name. To make sure our office is able to verify that you are the rightful owner, you must provide all the required documentation.

Although the Tax ID or FEIN (Federal Employer ID Number) is our primary means of identification, sometimes we cannot verify a claim based on the Tax ID or FEIN because it was not provided by the company when they transferred the property to us. In these cases, we will need additional documentation, as described in the filing instructions, to verify your claim. If you have these documents available, please submit them when you file your claim to ensure the processing of your claim is not delayed.

REV 1/2/2023

Page 3 of 3





**IRS** Department of the Treasury
Internal Revenue Service

OGDEN  UT  84201-0038

000424.285966.81865.21656 1 AB 0.491 693

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

000424

CUT OUT AND RETURN THE VOUCHER BELOW IF YOU HAVE AN INQUIRY OR A RESPONSE.
DO NOT USE IF YOU ARE MAKING A PAYMENT.

---

The IRS address must appear in the window.       Use for inquiries only
                              0457217447          Letter Number: LTR0147C
        BODCD-                                    Letter Date  : 2022-12-
                                                  Tax Period   : 000000

*943286768*

INTERNAL REVENUE SERVICE          WESTBOROUGH SPE LLC
                                   A DELAWARE LIMITED LIABILITY CO
                                  % F JAN BLAUSTEIN
OGDEN  UT  84201-0038             1241 DEER PARK AVE STE 1 NO 1051
                                  NORTH BABYLON  NY  11703

943286768 RW WEST 00 2 000000 670 00000000000



**IRS** Department of the Treasury
Internal Revenue Service

OGDEN   UT   84201-0038

In reply refer to:   0457217447
Dec. 23, 2022    LTR 147C    0
94-3286768    000000 00
                          00005433
                    BODC: SB

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

000424

Employer identification number:  94-3286768

Dear Taxpayer:

Thank you for your inquiry dated Dec. 14, 2022.

Your employer identification number (EIN) is 94-3286768. Please keep this letter in your permanent records. Enter your name and EIN on all federal business tax returns and on related correspondence.

You can get any of the forms or publications mentioned in this letter by visiting our website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

If you have questions, you can call us at 800-829-0115.

If you prefer, you can write to us at the address at the top of the first page of this letter.

When you write, include a copy of this letter, and provide your telephone number and the hours we can reach you in the spaces below.

Telephone number (   )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

```
                                                   0457217447
              Dec. 23, 2022    LTR 147C    0
              94-3286768    000000 00
                                                   00005434
```

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY   11703


                              Sincerely yours,



                              *[signature]*

                              Dwayne Wilson
                              Department Manager, Accounts Mgmt.

Enclosures:
Copy of this letter



**IRS** Department of the Treasury
Internal Revenue Service

OGDEN UT 84201-0038

In reply refer to: 0457217447
Dec. 23, 2022   LTR 147C    0
94-3286768    000000 00
                    00005433
                    BODC: SB



WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

000424

      Employer identification number:  94-3286768

Dear Taxpayer:

Thank you for your inquiry dated Dec. 14, 2022.

Your employer identification number (EIN) is 94-3286768. Please keep
this letter in your permanent records. Enter your name and EIN on all
federal business tax returns and on related correspondence.

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
800-TAX-FORM (800-829-3676).

If you have questions, you can call us at 800-829-0115.

If you prefer, you can write to us at the address at the top of the
first page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number (   )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

0457217447

Dec. 23, 2022    LTR 147C    0
94-3286768    000000 00

00005434

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

Sincerely yours,

Dwayne Wilson
Department Manager, Accounts Mgmt.

Enclosures:
Copy of this letter

# Exhibit 6
# Documentation of Managerial Transition from BBAS Inc to BBAS LLC to BBPM LLC

# Delaware

The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND

CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE

CORPORATION UNDER THE NAME OF "BABCOCK & BROWN ADMINISTRATIVE

SERVICES, INC." TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING

ITS NAME FROM "BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC." TO

"BABCOCK & BROWN ADMINISTRATIVE SERVICES  LLC", FILED IN THIS

OFFICE ON THE THIRD DAY OF JANUARY, A.D. 2000, AT 9 O`CLOCK A.M.



Jeffrey W. Bullock, Secretary of State

2811627 8100V
SR# 20232925381

Authentication: 203683809
Date: 07-05-23

You may verify this certificate online at corp.delaware.gov/authver.shtml

324

W891911

# State of Delaware - Division of Corporations

**FAX**
## DOCUMENT FILING SHEET

| Priority 1 (Two Hr. Service) | Priority 2 (Same Day) | Priority 3 (24 Hour) | Priority 4 (Must Approvals) | Priority 5 (Reg. Approvals) | Priority 6 (Reg. Work) |
|---|---|---|---|---|---|

DATE SUBMITTED ___12-23-99___ 01-03-00

REQUESTOR NAME __CORPAMERICA INC.__

ADDRESS __30 OLD RUDNICK LANE__
__DOVER, DE 19901__

ATTN. _Rose_

PHONE __302-736-4300__

FILE DATE __12-23-99__

FILE TIME ___0900___

Priority 6 (Reg. Work) __01-03-00__

NAME of COMPANY / ENTITY __Babcock & Brown Administrative Services LLC__

SRV NUMBER __001001228__

FILE NUMBER __2811627__

FILER'S NUMBER __9168016__

RESERVATION NO. _____

TYPE of DOCUMENT __Formation/Conversion__

DOCUMENT CODE ___17217___

CHANGE of NAME _____   CHANGE of AGENT / OFFICE _____   CHANGE of STOCK _____

**CORPORATIONS**

| | | |
|---|---|---|
| FRANCHISE TAX YEAR ___ | $ | |
| FILING FEE TAX | $ | |
| RECEIVING & INDEXING | $ | |
| CERTIFIED COPIES NO. 1 | $ | |
| SPECIAL SERVICES | $ | |
| KENT COUNTY RECORDER | $ | |
| NEW CASTLE COUNTY RECORDER | $ | |
| SUSSEX COUNTY RECORDER | $ | |
| TOTAL: | $ | |

**METHOD of RETURN**

_X_ MESSENGER /PICKUP
____ FED. EXPRESS Acct.# _____
____ REGULAR MAIL
____ FAX No. _____
____ OTHER _____

**COMMENTS / FILING INSTRUCTIONS**

Converting to Babcock & Brown Administrative Services, Inc.
✗EFFECTIVE 12/31/99 ✗

**CREDIT CARD CHARGES**

You have my authorization to charge my credit card for this service:

☐☐☐☐ - ☐☐☐☐ - ☐☐☐☐ - ☐☐☐☐   Exp. Date _____

Signature _____ Printed Name _____

XX | AGENT USE ONLY

**INSTRUCTIONS**
1. Fully shade in the required Priority square using a dark pencil or marker, staying within the square.
2. Each request must be submitted as a separate item, with its own Filing sheet as the FIRST PAGE.

SODDFS3 03-06-95

325

STATE OF DELAWARE
DIVISION OF CORPORATIONS
FILED 09:00 AM 01/03/2000
001001228 - 2811627

# STATE OF DELAWARE

## CERTIFICATE OF CONVERSION

### FROM A CORPORATION TO A LIMITED LIABILITY COMPANY

### PURSUANT TO SECTION 266 OF THE

### DELAWARE GENERAL CORPORATION LAW

(1)     The name of the corporation immediately prior to filing this Certificate is **Babcock & Brown Administrative Services, Inc.**

(2)     The date the Certificate of Incorporation was filed on is October 23, 1997.

(3)     The original name of the corporation as set forth in the Certificate of Incorporation is Babcock & Brown Administrative Services, Inc.

(4)     The name of the limited liability company as set forth in the formation is **Babcock & Brown Administrative Services LLC**.

(5)     The conversion has been approved in accordance with the provisions of Section 266.

By:     Jan Blaustein Scholes, Authorized Officer

Dated:  December 31, 1999

326

STATE OF DELAWARE
DIVISION OF CORPORATIONS
FILED 09:00 AM 01/03/2000
001001228 - 2811627

## CERTIFICATE OF FORMATION

### OF

### BABCOCK & BROWN ADMINISTRATIVE SERVICES LLC

This Certificate of Formation of Babcock & Brown Administrative Services LLC, a Delaware limited liability company (the "Company"), dated as of December 31, 1999, is being duly executed and filed by Babcock & Brown Inc., a California corporation, to form a limited liability company under the Delaware Limited Liability Company Act (6 Del.C. §18-101, et seq.) (the "Delaware Act").

FIRST:     The name of the limited liability company formed hereby is **Babcock & Brown Administrative Services LLC**.

SECOND:   The address of the registered office of the Company in the State of Delaware is c/o CorpAmerica, Inc., 30 Old Rudnick Lane, Dover, Delaware 19901.

THIRD:     The name and address of the registered agent for service of process on the Company in the State of Delaware is CorpAmerica, Inc., 30 Old Rudnick Lane, Dover, Delaware 19901.

IN WITNESS WHEREOF, the undersigned, an authorized person as described in the Delaware Act, has executed this Certificate of Formation as of the date first above written.

Authorized Person:

Babcock & Brown Inc.,
a California corporation


By: Jan Blaustein Scholes
Its: Vice President

327



# Delaware

Page 1

### The First State

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:*

*"BABCOCK & BROWN ADMINISTRATIVE SERVICES  LLC", A DELAWARE LIMITED LIABILITY COMPANY,*

*WITH AND INTO "BABCOCK & BROWN PARALLEL MEMBER LLC" UNDER THE NAME OF "BABCOCK & BROWN PARALLEL MEMBER LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE ON THE TWENTY-NINTH DAY OF AUGUST, A.D. 2011, AT 2:33 O`CLOCK P.M.*



Jeffrey W. Bullock, Secretary of State

2811627  8100M
SR# 20232925381

Authentication: 203683808
Date: 07-05-23

You may verify this certificate online at corp.delaware.gov/authver.shtml

328

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:33 PM 08/29/2011
FILED 02:33 PM 08/29/2011
SRV 110960806 - 4370415 FILE

**DELAWARE
CERTIFICATE OF MERGER
OF
BABCOCK & BROWN ADMINISTRATIVE SERVICES LLC
WITH AND INTO
BABCOCK & BROWN PARALLEL MEMBER LLC**

August 28, 2011

Pursuant to Section 18-209 of the Delaware Limited Liability Company Act (the "DLLCA"), Babcock & Brown Parallel Member LLC, a Delaware limited liability company (the "Company"), in connection with the merger (the "Merger") of Babcock & Brown Administrative Services LLC, a Delaware limited liability company ("Target"), with and into the Company, hereby certifies as follows:

FIRST: The respective names and states of formation or incorporation of the constituent companies to the Merger are as follows:

| Name | State of Formation or Incorporation |
|---|---|
| Babcock & Brown Parallel Member LLC | Delaware |
| Babcock & Brown Administrative Services LLC | Delaware |

SECOND: An Agreement and Plan of Merger, dated as of August 29, 2011, between the Company and Target (the "Merger Agreement"), setting forth the terms and conditions of the Merger, has been approved, adopted, certified, executed and acknowledged by each of the Company and Target.

THIRD: The Company shall be the surviving limited liability company (the "Surviving Company") of the Merger. The name of the Surviving Company is "Babcock & Brown Parallel Member LLC".

FOURTH: The Merger shall become effective upon the filing of this Certificate of Merger with the Secretary of State of the State of Delaware.

FIFTH: An executed copy of the Merger Agreement is on file at the office of the Surviving Company located at 50 California Street, Suite 3610, San Francisco, California 94111. A copy of the Merger Agreement will be furnished by the Surviving Company, on request and without cost, to any member of the Surviving Company or any member of Target.

[Signature page follows.]

The undersigned is signing this Certificate of Merger as of the date first written above.

BABCOCK & BROWN PARALLEL MEMBER LLC

By: _____
    Name: Chaye Besherse
    Title: Secretary

*Signature page to Delaware Certificate of Merger*

## State of Delaware
## Certificate of Correction
## of a Limited Liability Company
## to be filed pursuant to Section 18-211(a)

1. The name of the Limited Liability Company is:_____

   BABCOCK & BROWN PARALLEL MEMBER LLC_____.

2. That a Certificate of _____CANCELLATION_____ was filed by the Secretary
   of State of Delaware on 15 March 2019 , and that said Certificate requires
   correction as permitted by Section 18-211 of the Limited Liability Company Act.

3. The inaccuracy or defect of said Certificate is: (must give specific reason)

   > Due to a clerical error, the cancellation was filed
   > prematurely. The entity is the Manager of Westborough
   > SPE, LLC and there are still significant assets that
   > need to be liquidated.

4. The Certificate is hereby corrected to read as follows:

   > The Certificate of Cancellation/Withdrawal is
   > rendered null and void.

**IN WITNESS WHEREOF**, the undersigned have executed this Certificate on
the 23 day of June , A.D. 2023 .

By: _F. Jan Blaustein Schol_____

Authorized Person

Name: F Jan Blaustein Schol_____

Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered  07:21 AM 06/30/2023
FILED  07:21 AM 06/30/2023
SR 20232897300 - File Number  4370415



# Delaware

## The First State

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF*

*DELAWARE, DO HEREBY CERTIFY "BABCOCK & BROWN PARALLEL MEMBER LLC"*

*IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN*

*GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF*

*THIS OFFICE SHOW, AS OF THE FIFTH DAY OF JULY, A.D. 2023.*

Jeffrey W. Bullock, Secretary of State

4370415  8300

SR# 20232917389

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203677211

Date: 07-05-23

## FW-001 Request to Waive Court Fees

**CONFIDENTIAL**

*Clerk stamps date here when form is filed.*

If you are getting public benefits, are a low-income person, or do not have enough income to pay for your household's basic needs and your court fees, you may use this form to ask the court to waive your court fees. The court may order you to answer questions about your finances. If the court waives the fees, you may still have to pay later if:

- You cannot give the court proof of your eligibility,
- Your financial situation improves during this case, or
- You settle your civil case for **$10,000** or more. The trial court that waives your fees will have a lien on any such settlement in the amount of the waived fees and costs. The court may also charge you any collection costs.

*Fill in court name and street address:*

**Superior Court of California, County of**
SACRAMENTO
Hall of Justice Building
813 6th Street, Room 212, 2nd Floor
Sacramento, CA 95814
Department 53/54

*Fill in case number and name:*

**Case Number:**

**Case Name:**

**(1) Your Information** *(person asking the court to waive the fees):*
Name: Lolonyon Akouete
Street or mailing address: 800 Red Mills Road
City: Wallkill     State: NY  Zip: 21589
Phone: (443) 447-2176

**(2) Your Job,** if you have one *(job title):* **Unemployed**
Name of employer: None. I am a member of a religious order.
Employer's address: N/A. I take on various odd jobs to earn extra money.

**(3) Your Lawyer,** if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
N/A

a. The lawyer has agreed to advance all or a portion of your fees or costs *(check one):* Yes ☐ No ☒
b. *(If yes, your lawyer must sign here)* Lawyer's signature:*N/A*
*If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

**(4) What court's fees or costs are you asking to be waived?**
☒ Superior Court (See *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO).)
☐ Supreme Court, Court of Appeal, or Appellate Division of Superior Court (See *Information Sheet on Waiver of Appellate Court Fees* (form APP-015/FW-015-INFO).)

**(5) Why are you asking the court to waive your court fees?**
a. ☐ I receive *(check all that apply; see form FW-001-INFO for definitions):*
☐ Food Stamps ☐ Supp. Sec. Inc. ☐ SSP ☐ Medi-Cal ☐ County Relief/Gen. Assist. ☐ IHSS
☐ CalWORKS or Tribal TANF ☐ CAPI ☐ WIC ☐ Unemployment
b. ☒ My gross monthly household income (before deductions for taxes) is less than the amount listed below. *(If you check 5b, you must fill out 7, 8, and 9 on page 2 of this form.)*

| Family Size | Family Income | Family Size | Family Income | Family Size | Family Income | |
|---|---|---|---|---|---|---|
| 1 | $2,430.00 | 3 | $4,143.34 | 5 | $5,856.67 | *If more than 6 people at home, add $856.67 for each extra person.* |
| 2 | $3,286.67 | 4 | $5,000.00 | 6 | $6,713.34 | |

c. ☒ I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to: *(check one and you **must** fill out page 2):*
☒ waive all court fees and costs ☐ waive some of the court fees ☐ let me make payments over time

**(6)** ☐ Check here if you asked the court to waive your court fees for this case in the last six months.
*(If your previous request is reasonably available, please attach it to this form and check here):* ☐

**I declare under penalty of perjury under the laws of the State of California that the information I have provided on this form and all attachments is true and correct.**

Date: October 2, 2023

Lolonyon Akouete
*Print your name here*


*Sign here*

Judicial Council of California, *www.courts.ca.gov*
Rev. April 1, 2023, Mandatory Form
Government Code, § 68633
Cal. Rules of Court, rules 3.51, 8.26, and 8.818

**Request to Waive Court Fees**

**FW-001**, Page 1 of 2

→

333

Your name: Lolonyon Akouete

*If you checked 5a on page 1, do not fill out below. If you checked 5b, fill out questions 7, 8, and 9 only.*
*If you checked 5c, you **must** fill out this entire page. If you need more space, attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.*

**(7)** [x] Check here if your income changes a lot from month to month. If it does, complete the form based on your average income for the past 12 months.

**(8) Your Gross Monthly Income**

a. List the source and amount of ***any*** income you get each month, including: wages or other income from work before deductions, spousal/child support, retirement, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest, trust income, annuities, net business or rental income, reimbursement for job-related expenses, gambling or lottery winnings, etc.

(1) Independent Investigator, CA State Controller  $250.00
(2) Real Estate Consolting  $0.00
(3) _____  $_____
(4) _____  $_____

b. **Your total monthly income**:  $250.00

**(9) Household Income**

a. List the income of all other persons living in your home who depend in whole or in part on you for support, or on whom you depend in whole or in part for support.

| Name | Age | Relationship | Gross Monthly Income |
|---|---|---|---|
| (1) N/A | | | $_____ |
| (2) | | | $_____ |
| (3) | | | $_____ |
| (4) | | | $_____ |

b. **Total monthly income of persons above**:  $_____

**Total monthly income *and* household income** *(8b plus 9b)*:  $250.00

To list any other facts you want the court to know, such as unusual medical expenses, etc., attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.

*Check here if you attach another page.* [ ]

***Important!*** **If your financial situation or ability to pay court fees improves, you must notify the court within five days on form FW-010.**

**(10) Your Money and Property**

a. Cash  $0.00

b. All financial accounts *(List bank name and amount)*:
(1) DCU Federal Credit Union  $589.65
(2) Heritage Financial Cresit Union  $39.14
(3) TD Ameritrade Account  $50.00

c. Cars, boats, and other vehicles

| Make / Year | Fair Market Value | How Much You Still Owe |
|---|---|---|
| (1) Lexus LS400 1998, not running | $1,190.00 | $0.00 |
| (2) | $_____ | $_____ |
| (3) | $_____ | $_____ |

d. Real estate

| Address | Fair Market Value | How Much You Still Owe |
|---|---|---|
| (1) N/A | $_____ | $_____ |
| (2) | $_____ | $_____ |

e. Other personal property (jewelry, furniture, furs, stocks, bonds, etc.):

| Describe | Fair Market Value | How Much You Still Owe |
|---|---|---|
| (1) N/A | $_____ | $_____ |
| (2) | $_____ | $_____ |

**(11) Your Monthly Deductions and Expenses**

a. List any payroll deductions and the monthly amount below:
(1) N/A  $0.00
(2) _____  $_____
(3) _____  $_____
(4) _____  $_____

b. Rent or house payment & maintenance  $0.00
c. Food and household supplies  $0.00
d. Utilities and telephone  $38.47
e. Clothing  $0.00
f. Laundry and cleaning  $0.00
g. Medical and dental expenses  $0.00
h. Insurance (life, health, accident, etc.)  $0.00
i. School, child care  $0.00
j. Child, spousal support (another marriage)  $0.00
k. Transportation, gas, auto repair and insurance  $31.50

*l.* Installment payments *(list each below)*:
Paid to:
(1) SMILE DIRECT CLUB USBAKERSFIELD CA  $88.81
(2) MYNEUROGYM  $97.00
(3) ADOBE *ACROPRO SUBS  $21.59

m. Wages/earnings withheld by court order  $0.00

n. Any other monthly expenses *(list each below)*.
Paid to:  How Much?
(1) _____  $_____
(2) _____  $_____
(3) _____  $_____

**Total monthly expenses** *(add 11a –11n above)*:  $277.37

**Request to Waive Court Fees**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |
|---|---|---|

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**Lolonyon Akouete Manager of Westborough SPE, LLC**
1241 Deer Park Ave., Suite 1, #1051 North Babylon, NY 11703

TELEPHONE NO.: (443) 447-3276          FAX NO. *(Optional):*
EMAIL ADDRESS *(Optional):* info@smartinvestorsllc.com
ATTORNEY FOR *(Name):* Plaintiff: WESTBOROUGH SPE LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 813 6th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: WESTBOROUGH SPE LLC, a Delaware limited liability company

DEFENDANT/RESPONDENT: MALIA M. COHEN, California State Controller

CASE NUMBER:

JUDICIAL OFFICER:

**NOTICE OF RELATED CASE**

DEPT:.

---

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Town of Westborough v. Westborough SPE, LLC , et al
   b. Case number: 19 TL 000768
   c. Court: ☐ same as above
      ☒ other state or federal court *(name and address):* Commonwealth of Massachusetts Land Court
   d. Department: Department of The Trial Court. Three Pemberton Square, Room 507  Boston, MA 02108
   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☒ other *(specify):* Land Court
   f. Filing date: January 4, 2023
   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No
   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☒ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ☐ Additional explanation is attached in attachment 1h

   i. Status of case:
      ☒ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title: Westborough SPE LLC v. Town of Westborough et al
   b. Case number: 4:23-cv-12017-MRG
   c. Court: ☐ same as above
      ☒ other state or federal court *(name and address):* Massachusetts District Court (Worcester)
   d. Department: CIVIL, 595 Main Street Worcester, Massachusetts 01608

---

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courts.ca.gov

CM-015

| PLAINTIFF/PETITIONER: WESTBOROUGH SPE LLC, a Delaware limited liability company | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MALIA M. COHEN, California State Controller | |

2. *(continued)*

  e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☒ other *(specify):* 28:1331 Federal

  f. Filing date: August 31, 2023

  g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

  h. Relationship of this case to the case referenced above *(check all that apply):*

     ☐ involves the same parties and is based on the same or similar claims.

     ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☒ involves claims against, title to, possession of, or damages to the same property.

     ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

       ☐ Additional explanation is attached in attachment 2h

  i. Status of case:

     ☒ pending

     ☐ dismissed ☐ with ☐ without prejudice

     ☐ disposed of by judgment

3. a. Title: Debtor - Westborough SPE LLC, Involuntary Chapter: 7 Bankruptcy

  b. Case number: 23-40709-CJP

  c. Court: ☐ same as above

     ☒ other state or federal court *(name and address):* United States Bankruptcy Court District of Massachusetts

  d. Department: (Worcester) 595 Main Street, Worcester, MA 01608

  e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☒ other *(specify):* Bankruptcy

  f. Filing date: August 31, 2023

  g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

  h. Relationship of this case to the case referenced above *(check all that apply):*

     ☒ involves the same parties and is based on the same or similar claims.

     ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☒ involves claims against, title to, possession of, or damages to the same property.

     ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

       ☐ Additional explanation is attached in attachment 3h

  i. Status of case:

     ☒ pending

     ☐ dismissed ☐ with ☐ without prejudice

     ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: October 2, 2023

Westborough SPE LLC, by its manager, Lolonyon Akouete      ▶

_____      _____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)      (SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]      **NOTICE OF RELATED CASE**      Page 2 of 3

CM-015

| PLAINTIFF/PETITIONER: WESTBOROUGH SPE LLC, a Delaware limited liability company | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MALIA M. COHEN, California State Controller | |

**PROOF OF SERVICE BY FIRST-CLASS MAIL**
**NOTICE OF RELATED CASE**

*(NOTE: You cannot serve the* **Notice of Related Case** *if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

    a. ☐   deposited the sealed envelope with the United States Postal Service.

    b. ☐   placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

    a. on *(date):*

    b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

    a. Name of person served:

       Street address:
       City:
       State and zip code:

    b. Name of person served:

       Street address:
       City:
       State and zip code:

    c. Name of person served:

       Street address:
       City:
       State and zip code:

    d. Name of person served:

       Street address:
       City:
       State and zip code:

☐   Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____        ▶   _____
(TYPE OR PRINT NAME OF DECLARANT)                                   (SIGNATURE OF DECLARANT)

CM-015 [Rev. July 1, 2007]                     **NOTICE OF RELATED CASE**                     **Page 3 of 3**

For your protection and privacy, please press the Clear This Form button after you have printed the form.





337

EFS-005-CV

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Lolonyon Akouete Manager of Westborough SPE, LLC | | |

FIRM NAME:

STREET ADDRESS: 1241 Deer Park Ave., Suite 1, #1051  NY 11703

CITY: North Babylon   STATE: NY   ZIP CODE: 11703

TELEPHONE NO.: (443) 447-3276   FAX NO. :

E-MAIL ADDRESS: info@smartinvestorsllc.com

ATTORNEY FOR (name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SACRAMENTO

STREET ADDRESS: 813 6th Street

MAILING ADDRESS: 720 9th Street

CITY AND ZIP CODE:   Sacramento, CA 95814

BRANCH NAME: Gordon D. Schaber Civil

Plaintiff/Petitioner: WESTBOROUGH SPE LLC,

Defendant/Respondent: MALIA M. COHEN, California State Controller

CASE NUMBER:

JUDICIAL OFFICER:

**CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC SERVICE ADDRESS**

DEPARTMENT:

1. [X] The following party   or   [ ] the attorney for:

   a. [X] plaintiff (name): WESTBOROUGH SPE LLC, a Delaware limited liability company
   b. [ ] defendant (name):
   c. [ ] petitioner (name):
   d. [ ] respondent (name):
   e. [ ] other (describe):

   consents to electronic service of notices and documents in the above-captioned action.

2. The electronic service address of the person identified in item 1 is (specify):
   info@smartinvestorsllc.com

Date: Oct 2, 2023

Lolonyon Akouete

▶ _[signature]_

TYPE OR PRINT NAME

(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EFS-005-CV [Rev. July 1, 2016]

**CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC SERVICE ADDRESS**
**(Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

338

EFS-005-CV

| CASE NAME: | CASE NUMBER: |
|---|---|

(Note: *If you serve* Consent to Electronic Service and Notice of Electronic Service Address *by mail, you should use form POS-030,* Proof of Service by First-Class Mail–Civil, *instead of using this page.*)

## PROOF OF ELECTRONIC SERVICE

### *CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC SERVICE ADDRESS*

1. I am at least 18 years old.

    a. My residence or business address is *(specify):*

    b. My electronic service address is *(specify):*

2. I electronically served a copy of the *Consent to Electronic Service and Notice of Electronic Service Address* as follows:

    a. Name of person served:

    b. Electronic service address of person served:

       On behalf of *(name or names of parties represented, if person served is an attorney):*

    c. On *(date):*

    d. At *(time):*

    ☐ Electronic service of the *Consent to Electronic Service and Notice of Electronic Service Address* on additional persons is described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

| EFS-005-CV [Rev. July 1, 2016] | **CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC SERVICE ADDRESS**<br>**(Electronic Filing and Service)** | **Page 2 of 2** |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**



| **Print this form** | **Save this form** | **Clear this form** |
|---|---|---|

339

LOLONYON AKOUETE
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276
WESTBOROUGH SPE LLC, IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| WESTBOROUGH SPE LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MALIA M. COHEN, California State Controller<br><br>Defendant. | CASE No.:<br><br>PROPOSED ORDER TO RELEASE ESCHEATED PROPERTY [C.C.P. §1541]<br><br>DEPARTMENT: 53/54 |

This matter comes before the Court on Plaintiff Westborough SPE LLC's ("WSPE") Complaint to Recover Escheated Property pursuant to C.C.P. §1541, dated October 2, 2023. The Court, having reviewed the submitted materials and after consideration, HEREBY ORDERS:

1. **Escheated Property Return**:

The Defendant, Malia M. Cohen, California State Controller (the "Controller"), is directed to release immediately the escheated property, with Property ID# 1019294209, to the Plaintiff. The property, originally reported as abandoned by MUFG UNION BANK N A on June 15, 2022, shall be returned along with any interest accrued thereon.

2. **Information Accuracy Verification**:

---

1
ORDER TO RELEASE ESCHEATED PROPERTY

The Plaintiff's information that F. Jan Blaustein Scholes is not under Guardianship/Conservatorship and that no such proceeding exists in Arizona or California is acknowledged. The Controller is directed to process the claim in light of this verified information.

3. **Financial Distress Alleviation**:

The Controller is instructed to expedite the processing and resolution of this matter to mitigate the financial distress and hardship caused to the Plaintiff as evidenced by the involuntary Chapter 7 bankruptcy case (Case No. 23-40709-CJP).

4. **Costs of Suit**:

The Defendant shall bear the costs of the suit incurred by the Plaintiff.

5. **Additional Relief**:

This Court retains jurisdiction to entertain any issues arising out of or related to this order or the final judgment to be entered and reserves the authority to amend this order as necessary.

6. **Implementation**:

This order shall be effective immediately upon its issuance.

**IT IS SO ORDERED.**

Date:

_____
JUDGE OF THE SUPERIOR COURT

2
ORDER TO RELEASE ESCHEATED PROPERTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## SUPPLEMENT TO DEBTOR WESTBOROUGH SPE LLC'S EMERGENCY MOTION TO MODIFY AUTOMATIC STAY

COMES NOW, Westborough SPE LLC ("WSPE"), by its manager, Lolonyon Akouete, and for its Supplement to the Emergency Motion to Modify Automatic Stay, states as follows:

### I. ADDITIONAL INFORMATION

WSPE brings this Supplement to provide additional information to assist the Court in evaluating the Emergency Motion to Modify Automatic Stay filed on September 25, 2023. WSPE asserts that there is an imperative need to address and overcome the limitations imposed on bankruptcy trustees in claiming escheated property, particularly under the circumstances delineated in California's Unclaimed Property Law (UPL) and the Controller's policy. However, to ensure judicial economy, efficiency, and fairness WSPE should be permitted to pursue a claim for the escheated funds in California, in lieu of the bankruptcy trustee.

### II. LIMITATIONS OF THE BANKRUPTCY TRUSTEE

The limitations that encumber a bankruptcy trustee in claiming escheated property are paramount in this case. Given the outlined legal and procedural constraints:

1. **Ownership and Control**: The trustee lacks legal ownership and control over escheated funds, rendering them incapable of effectively pursuing the claim.
2. **Legal Right to the Property**: The trustee, acting on behalf of the bankruptcy estate, is not recognized as the "owner" under California law and is thus ineligible to file the claim.
3. **California's Unclaimed Property Law**: The UPL's specific procedural guidelines privilege the rights of former owners, not the trustee.
4. **Controller's Policy**: Aligning with the UPL, the Controller's policy explicitly excludes bankruptcy trustees from filing claims for escheated property.

### III. WSPE'S POSITION

WSPE contends that these limitations substantiate the necessity for the debtor to directly pursue the claim, ensuring a more streamlined, effective, and expeditious process. This approach aligns with the objectives of judicial economy, benefiting both the Court and the involved parties.

## IV. REQUEST FOR RELIEF

In light of the above, WSPE respectfully submits that a modification of the automatic stay to authorize WSPE to proceed with the claim for the escheated funds is both rational and necessary. This modification will facilitate a more efficient resolution of the case, circumventing the complexities and impediments associated with the trustee's involvement.

## V. CONCLUSION

WSPE respectfully requests that this Honorable Court consider the outlined limitations and grant the Emergency Motion to Modify Automatic Stay. Permitting WSPE to assert its rights and pursue the claim directly aligns with principles of judicial economy, efficiency, and fairness.

DATED: October 2, 2023

Respectfully submitted:

WESTBOROUGH SPE, LLC
By its manager,

Lolonyon Akouete
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

<u>CERTIFICATE OF SERVICE</u>

I, Lolonyon Akouete, manager for the Debtor, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

WESTBOROUGH SPE, LLC
By its manager,

Lolonyon Akouete
1241 Deer Park Ave., Suite 1,
#1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

In re:

WESTBOROUGH SPE LLC

TOWN OF WESTBOROUGH'S
MOTION FOR RELIEF FROM
AUTOMATIC STAY AND
OPPOSITION TO APPOINTMENT OF
A BANKRUPTCY TRUSTEE

The Town of Westborough ("Town"), listed in the Debtor's Matrix List of Creditors (Doc. No. 7) in the above-captioned action, hereby moves the Court for an order providing relief from the automatic stay provisions of 11 U.S.C. § 362(a) to the extent those provisions stay the cases of Town of Westborough v. Westborough SPE, LLC, et al. (Mass. Land Ct. No. 19 TL 000768) (the "Tax Foreclosure Action") and Westborough SPE, LLC v. Town of Westborough, et al. (D. Mass. No. 4:23-cv-12017-MRG) (the "Civil Action"). As set forth below, the former is a tax title foreclosure action between the Town and the Debtor currently underway in the Massachusetts Land Court, in which judgment had already entered against the Debtor long before the commencement of this bankruptcy proceeding, but which judgment the Debtor was seeking to vacate. The latter is an action the Debtor filed—through the law firm listed as a petitioning creditor here—in U.S. District Court on the very same day that creditor (and another) commenced this involuntary Chapter 7 proceeding.

For the reasons discussed herein, if either action (or both) is covered by the automatic stay, relief is appropriate to allow the actions to proceed so as to allow the Town to dispose of the property subject to the Tax Foreclosure Action through a long-awaited sale and to deposit the surplus proceeds into the court for the Debtor (or anyone else claiming a right to them, including the Debtor's apparent former owners) to claim in light of Tyler v. Hennepin County, 598 U.S. 631

1

344

(2023).  For those same reasons, the Town opposes the appointment of a bankruptcy trustee with respect to disposition of that property, including an interim trustee as requested by the Debtor's Motion to Appoint Interim Trustee (Doc. No. 10).[1]

## BACKGROUND

In 1997, the Debtor acquired real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property").  The Debtor withdrew from doing business in Massachusetts in 2007 and was administratively dissolved in 2014 for failure to pay taxes in the State of Delaware. See Exhibits A (MA Certificate of Withdrawal) and B (DE Administrative Dissolution). Notwithstanding the dissolution of the Debtor, the lessee of the Property (Regal Cinemas) continued to lease the Property and pay property taxes to the Town.  See Declaration of Kristi Williams ("Williams Decl.") at ¶ 5.  However, when the lease expired in late 2017, the lessee vacated the Property and stopped making tax payments.  See id. at ¶ 6.  Subsequently, property taxes on the Property accrued, and at the Town's Annual Town Meeting in March 2018, Town Meeting voted to authorize the Town to acquire and dispose of the Property.  See id. at ¶ 7; Exhibit C (2018 ATM Results) at pp. 13-14.  As noted in the Town Manager's Statement for the article in question, the Town intended to act proactively "to ensure that the [Property] does not become a blight to the neighborhood … because of neglect, vandalism and/or exposure to the elements" and "to put the [Property] to productive use and to contribute again to the Town's tax revenue."  See id.  Unfortunately, as discussed below, the Town's efforts have been hampered, in large part due to the actions of the Debtor and its counsel.

---

[1] The Town was not served with a copy of the Debtor's motion when it was filed on September 11, 2023.

After the March 2018 Town Meeting vote, the Town issued a Request for Proposals to sell the Property. See Williams Decl. at ¶ 8.[2] The Town's Select Board voted to accept the proposal of Lax Media LLC ("Lax Media") on November 20, 2018, issued a notice of award to Lax Media on November 28, 2018, and notified the other bidders of the Town's selection on December 3, 2018. See id. at ¶ 9. On December 28, 2018, the Town recorded an instrument of taking on the Property and all improvements thereon pursuant to G.L. c. 60, §§ 53-54 as a result of unpaid FY2018 taxes in the amount of $106,944.99. See Exhibit D (Instrument of Taking). Subsequently, the Town incurred certain costs of insuring, securing, and maintaining the Property. See Williams Decl. at ¶ 10. The Town is also responsible, to the extent provided by G.L. c. 60, § 77, for payment of a portion of common area maintenance and snow removal to The MobileStreet Trust, the owner of two abutting parcels that, with the Property, are all subject to a Declaration of Reciprocal Covenants, Easements and Restrictions (the "Reciprocal Agreement"). See Exhibit E (Reciprocal Agreement) at § 3.1.

On or about April 3, 2019, the Town Manager's office received an email from an attorney representing the successor-in-interest of Babcock and Brown Administrative Services, Inc. ("Babcock & Brown"), the company that had been the Debtor's manager, requesting information concerning the Property and indicating their client may have a claim to the Property. See Williams Decl. at ¶ 11. The Town elected not to proceed with its acquisition of the Property at that time in light of the potential claim to the Property and identification of a party that may be able to pay the outstanding tax liabilities on the Property. See id. at ¶ 12. On April 30, 2019, the Select Board

---

[2] The RFP provided that "Proposers are advised that the Town intends to acquire title to the Premises prior to or simultaneously with the closing. The Board of Selectmen has been authorized by Town Meeting to acquire the Premises."

voted to authorize Town Counsel to terminate the pending purchase and sale agreement with Lax Media. See id. at ¶ 13.

However, neither Babcock & Brown nor its successor-in-interest paid off the outstanding taxes on the Property. See Williams Decl. at ¶ 14. As a result, since six months had passed after the Town's recording of the instrument of taking without the Debtor redeeming the Property, the Town commenced the Tax Foreclosure Action in the Massachusetts Land Court on July 8, 2019 to foreclose the Debtor's right of redemption. See Exhibit F (Tax Foreclosure Complaint). On January 5, 2022, the Land Court entered judgment in favor of the Town and against the Debtor.[3] See Exhibit G (Tax Foreclosure Judgment).

On May 26, 2022, the Town issued a new request for proposals for the purchase and redevelopment of the Property. See Williams Decl. at ¶ 15. The Town received three proposals, including one from Lax Media. See id. at ¶ 16. Lax Media offered a purchase price of $2,500,001, which was higher than the estimated fair market value of the Property ($2,082,000). See id. at ¶ 17.[4] The Town's Select Board evaluated the proposals based on five categories and selected Lax Media's proposal, which received the score of "highly advantageous" in three categories and "advantageous" in the remaining two. See id. at ¶ 18.[5]

---

[3] Thus, the Land Court judgment issued more than a year before the U.S. Supreme Court's May 2023 decision in Tyler, discussed further below.

[4] The Debtor's Schedule A/B (Doc. No. 8) lists a purported current value of $7,942,000 for the Property, based upon the highest bid that the Town received. As a Massachusetts Superior Court judge noted in a related proceeding to which the Debtor is not a party, that bid sought "to raze the existing structure and build 108 condominium units," which was not feasible because "[t]here was a moratorium on additional water and sewer connections in Westborough due to capacity constraints that [the bidder] would have to overcome." See Memorandum of Decision and Order on Plaintiff's Motion for Preliminary Injunction, at pp. 2-3, Ferris Development Group, LLC v. Town of Westborough, et al., No. 2285CV02181 (Mass. Superior Ct. Jan. 13, 2023); see also, infra, note 5. The Town rejected the highest bid because the water moratorium precluded the proposed development.

[5] In November 2022, one of the other bidders filed suit against the Town and Lax Media in Massachusetts Superior Court for breach of implied contract, declaratory judgment, and injunctive relief as a result of the Town's awarding the bid to Lax Media. See Ferris Development Group, LLC v. Town of Westborough, et al., Mass. Superior Court Case No. 2285CV01281. The Superior Court denied the plaintiff's motion for preliminary injunction, finding that plaintiff failed to show a likelihood of success on the merits. Memorandum of Decision and Order on Plaintiff's

4

On December 22, 2022, the Debtor (under the purported control of two new managers) applied for registration to do business in Massachusetts. See Exhibit H (Application for Registration). On January 4, 2023—which was one day short of the first year anniversary of the issuance of the judgment entered in the Tax Foreclosure Action and the final day to petition to vacate the judgment (see G.L. c. 60, § 69)the Debtor filed a motion with the Land Court to vacate the judgment. See Exhibit I (Motion to Vacate).[6] The Town opposed the motion to vacate[7] for various reasons, including the significant questions that the Town had regarding the ownership and identity of the Debtor, including whether the individuals purporting to own the Debtor and advancing the motion to vacate (Lolonyon Akouete and Denise Edwards) had actually acquired the Debtor, much less any interest in the Property. After several extensions, the Land Court was prepared to hold an evidentiary hearing "to determine whether Westborough SPE, LCC [sic], having appeared in this case, is the taxpayer who has the right to redeem the subject property" and a pre-hearing conference was scheduled for August 31, 2023 to determine the hearing schedule. See Exhibit J (Land Court Docket) at May 16, 2023 entry.

Lax Media has been holding its bid firm and keeping its terms in place pending the outcome of the Tax Foreclosure Action. See Williams Decl. at ¶ 19. Despite the Town's efforts to secure and maintain the Property since the time that Regal Cinemas vacated it, the Property has been vandalized and has experienced burst pipes. See id. at ¶ 20. The Debtor does not dispute the condition of the property and, in fact, explicitly references the deterioration of the Property in its

---

Motion for Preliminary Injunction, at pp. 9-11, Ferris Development Group, LLC v. Town of Westborough, et al., No. 2285CV02181 (Mass. Superior Ct. Jan. 13, 2023). As the Debtor is not a party to the Superior Court action, that action is not subject to the automatic stay.

[6] Although the Debtor is a limited liability company, its motion was not signed by an attorney, which is impermissible under Massachusetts law. See Dickey v. Inspectional Servs. Dep't of Boston, 482 Mass. 1003, 1004 (2019).

[7] As noted therein, the tax title account balance on the Property as of the date of the Town's opposition was $638,755.20, exclusive of expenses incurred under the Reciprocal Agreement.

5

motion for appointment of a trustee.  See Doc. No. 8 at p. 1 & Ex. 1.  As of May 3, 2023, the Town's tax title account for the Property reflects an amount of $918,314.60 due to the Town, exclusive of expenses under the Reciprocal Agreement.  See id. at Ex. 2.

On August 31, 2023, petitioner Nathanson & Goldberg, P.C. (which has represented the Debtor in the Tax Foreclosure Action since February 22, 2023) and The MobileStreet Trust (which is the other party subject to the Reciprocal Agreement) filed an involuntary Chapter 7 petition against the Debtor, commencing these proceedings.  The Land Court cancelled the pre-hearing conference on the Debtor's motion to vacate, which was scheduled for 2:00 pm that same day, and ordered the Debtor to file a status report by October 31, 2023 (with additional status reports due every 60 days thereafter).  See Exhibit J (Land Court Docket) at August 31, 2023 entry.

On the same day (August 31, 2023), the Debtor—through Nathanson & Goldberg, P.C. (one of the petitioners here)—commenced the Civil Action.  In the Civil Action, the Debtor seeks declaratory relief and other relief relating to the surplus proceeds of the Town's sale of the Property (which has not occurred because of the Debtor's actions in the Tax Foreclosure Action) under Tyler.  See Exhibit K (Civil Action Complaint).  The Debtor also filed a suggestion of bankruptcy in the Civil Action on August 31, 2023.  See Exhibit L (Civil Action Suggestion).

## **ARGUMENT**

### I.      **RELIEF FROM THE STAY IS APPROPRIATE TO ALLOW THE TOWN TO BRING THE TAX FORECLOSURE ACTION TO A CONCLUSION**

#### A.      **Relief for Cause Is Warranted**

There is cause under 11 U.S.C. § 362(d)(1) to relieve the Town from the automatic stay with respect to the Tax Foreclosure Action (and the Civil Action, should the Court find that the stay applies).  The Bankruptcy Code does not provide a definition of what constitutes "cause," and therefore, courts have discretion to determine when relief is appropriate on a case-by-case basis.

6

<u>In re Hurvitz</u>, 554 B.R. 35, 40 (Bankr. D. Mass. 2016).  Courts consider three factors to determine "whether cause exists to lift the automatic stay to permit the continuation of pending litigation," namely "(1) whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of a civil suit; (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor; and (3) whether the creditor has a probability of prevailing on the merits of his case."  <u>Id</u>. (formatting and quotations omitted).

Here, all three factors weigh heavily in favor of lifting the automatic stay for the Town. Permitting the Tax Foreclosure Action to proceed will not prejudice the Debtor or the bankruptcy estate because the Property is not an asset of the estate and one of the creditors represents the Debtor in that action.  On the other hand, the Town will suffer great hardship as a result of the stay, as it will be unable to bring the tax recovery process (which started in 2018) to a conclusion, return the Property to the tax rolls and productive use, and cease incurring significant expenses to maintain the Property.  Finally, the Town has a strong probability of prevailing in the Tax Foreclosure Action, as it has already obtained judgment in its favor and the Debtor's motion to vacate that judgment rests on extremely dubious grounds, both procedurally (having been brought by an unrepresented LLC) <u>and</u> substantively (given the questions surrounding the Debtor's ownership and the fact that the Town provided the Debtor sufficient notice in line with the applicable statutes and the Land Court's directions).

The conduct of the Debtor and the Debtor's litigation counsel, one of the petitioners here, has caused the Town to lose municipal revenue and to incur unnecessary expense.  The Town has not received real estate tax or water/sewer fees on the Property since 2017.  With interest, this amounts to $695,620.24 due and owing to the Town as of May 3, 2023.  <u>See</u> Doc. No. 8 at Ex. 2. This lack of payment establishes that the Town is not adequately protected, justifying relief from

7

the stay. See McCullough v. Horne (In re McCullough), 495 B.R. 692, 695-696 (Bankr. W.D.N.C. 2013) (history of lack of prepetition payments to creditor combined with insufficient postpetition payments left creditor inadequately protected). Additionally, since the tax taking in 2018 and, in particular, since the Land Court entered judgment foreclosing the Debtor's right of redemption in January 2022, the Town has incurred significant costs to maintain the Property. See Doc. No. 8 at Ex. 2. For example, the Town has expended over $109,000 to insure the Property. See id. The Town has also paid almost $15,000 to board the Property and over $10,000 in utility costs, despite the fact that the building on the Property is vacant. See id. Additionally, the Town is responsible, to the extent provided by G.L. c. 60, § 77, to The MobileStreet Trust for payment of a portion of common area maintenance and snow removal under the Reciprocal Agreement. The Town continues to bear these costs and will continue to do so until it sells the Property, thereby recouping the outstanding tax title balance inclusive of expenses.[8]

That sale cannot happen until the Land Court adjudicates the Debtor's motion to vacate in the Tax Foreclosure Action. Absent the delays caused by the Debtor and the Debtor's litigation counsel, the Land Court could have disposed of the Debtor's motion to vacate long ago. Assuming that the Land Court denied that motion and allowed the Town's judgment to stand, the Town could have consummated the sale of the Property. Instead, that sale has been—and continues to be—delayed as a result of the Debtor's actions. Indeed, the involuntary petition in this matter, filed on behalf of the Debtor's Land Court counsel (Nathanson & Goldberg) mere hours before the Land Court pre-hearing conference on the motion to vacate in the Tax Foreclosure Action (at which it

---

[8] The Town has also spent $6,000 to have the Property appraised, over $20,000 preparing the RFPs on the Property, and almost $60,000 in legal fees for the tax title matter. See Doc. No. 8 at Ex. 2.

8

was expected that the Court would establish the hearing schedule), was a desperate attempt to delay the Land Court conference.

These delays have been made all the more glaring in light of the Debtor's filings in the Civil Action. Although the Debtor spent the past eight months contesting the Town's right to sell the Property in the Land Court, the Debtor now asks the U.S. District Court to hold that surplus sales proceeds from the Town's sale of the Property belong to Debtor under Tyler. Specifically, the Debtor alleges that it demands payment of surplus proceeds "[u]pon any sale of the Property by the Town." See Ex. K at ¶ 107. The Debtor continues by alleging that it "is entitled to a declaration that if the Town … sells the [Property] that [the Debtor] is entitled to the difference between the amount owed and what the property sells for." Id. at ¶ 109.[9]

Allowing the Tax Foreclosure Action to proceed is not inconsistent with the purposes of the automatic stay. The stay is designed to allow "debtors to resolve their debts in a more orderly fashion, ... and at the same time safeguard[] their creditors by preventing 'different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets.'" Heaney v. Lamento (In re Whiz Kids Dev., LLC), 576 B.R. 731, 760 (Bankr. D. Mass. 2017), quoting Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997). The Tax Foreclosure Action has nothing to do with capturing the debtor's assets, however.

Rather, the Tax Foreclosure Action was a statutory action by which the Town sought to foreclose the Debtor's right of redemption in the tax title to the Property (see G.L. c. 60, § 65) in

---

[9] As the Sixth Circuit recently recognized, "the Supreme Court has [never] held that a plaintiff whose property is foreclosed and sold at a public auction for failure to pay taxes is entitled to recoup the fair market value of the property," and Tyler does not change that. Freed v. Thomas, --- F.4th ----, 2023 WL 5733164, at *2 (6th Cir. Sept. 6, 2023). Thus the Debtor's claims in the Civil Action relating to the alleged fair market value of the Property are misplaced, even if the Debtor (or whomever properly "owns" the Debtor) is entitled to the difference between the sale price and the tax title account balance.

9

order to permit the Town to recover the tax title balance (caused by the Debtor's failure to pay taxes on the Property) through a sale to a third party. As the Supreme Judicial Court has explained, "[w]hen a tax collector conducts a tax taking, … the municipality obtains 'tax title' to the property, which is best understood as legal ownership of the property subject to the owner's right of redemption." Tallage Lincoln, LLC v. Williams, 485 Mass. 449, 451 (2020). Because the Land Court had entered judgment in favor of the Town and against the Debtor foreclosing the right of redemption prior to the filing of the bankruptcy petition, the Debtor did not own the Property at the time of the filing of the bankruptcy action (assuming that the Debtor, in its current form with questionable ownership of the LLC, had any ownership interest in the Property to begin with). See id. at 452 ("Upon entry of such judgment, the municipality … takes absolute title to the property."). As the SJC has explained, a tax title foreclosure "extinguishes the taxpayer's remaining interest in the property—the right of redemption—and converts the municipality's … tax title into absolute title … free and clear of all encumbrances, including mortgages and other liens," such that "the taxpayer loses any equity he or she has accrued in the property, no matter how small the amount of taxes due or how large the amount of equity." Id. at 452-453.[10]

Thus, permitting the Land Court to bring that action to final resolution by adjudicating the Debtor's motion to vacate the foreclosure judgment will neither imperil the Debtor's assets nor the rights of other creditors. Allowing a creditor relief from the automatic stay to proceed with its state law remedies under such circumstances is entirely appropriate. See Bushnell v. Bank of the West (In re Bushnell), 469 B.R. 306, 309-310 (B.A.P. 8th Cir. 2012) (affirming lifting of stay to

---

[10] This is now modified by Tyler, which held that "a taxpayer is entitled to the surplus in excess of the debt owed" when real property is taken and sold pursuant to a tax title statute. See 598 U.S. at 642. Nevertheless, the Debtor's potential right to the surplus of proceeds from the sale of the Property (which the Town questions given its concerns about the present ownership of the Debtor) does not give it equity in the Property itself. Thus, the Land Court should be allowed to conclude the Tax Foreclosure Action so that the Town can sell the Property and deposit the surplus proceeds into the court (potentially in the Civil Action) for determination of who is entitled to those surplus proceeds.

allow bank holding foreclosure deed to evict debtor that had improperly reentered property). As the Land Court has spent the past several years presiding over the disposition of the Property and, absent the stay, will soon conclude that action, there is no benefit to anyone in having the issue transferred to this Court and incurring additional legal expense as a result of the automatic stay.

Indeed, this Court has provided relief from the automatic stay to allow similar proceedings to conclude post-petition, even where the Town had not yet succeeded in obtaining judgment foreclosing the debtor's right of redemption. See In re Tomaselli, No. 14-10736-JNF, 2014 WL 4322404, at *5 (Bankr. D. Mass. Aug. 29, 2014). As Judge Feeney explained in Tomaselli, the "[Bankruptcy] Court is not the appropriate forum for the Debtor to raise specialized state law issues involving betterment liens and tax liens that have been the subject of prior rulings in other courts," such as the Land Court. Id. at *7. Given that the Town here has obtained judgment foreclosing the Debtor's right of redemption, and the only thing left for the Land Court to do in the Tax Foreclosure Action is to adjudicate the Debtor's dubious motion to vacate, the reasoning of Tomaselli applies even more so here.

Cause for relief from stay is not limited to a lack of adequate protection or a finding of bad faith motive for filing the bankruptcy case. In re Shady Grove Tech Ctr. Assocs. Ltd. P'shp, 216 B.R. 386, 388 (Bankr. D. Md. 1998) (internal quotations and citations omitted). Here, cause exists to grant the Town relief from the automatic stay to the extent it applies to the Tax Foreclosure Action and the Civil Action.

### B.       Relief Is Appropriate Because the Debtor Has No Equity in the Property

The Court may also lift the automatic stay "with respect to ... an act against property … if the debtor does not have an equity in such property; and … such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). As discussed above, whatever equity the Debtor ever had or has in the Property was extinguished on January 5, 2022 when the Land Court entered

11

judgment in the Tax Foreclosure Action. Although the Debtor seeks to vacate that judgment, until such time as the judgment is vacated (which cannot happen while the stay is in effect with respect to the Tax Foreclosure Action), the Debtor lacks any equity or ownership interest in the Property.

Indeed, because the Debtor's right of redemption on the Property was foreclosed and absolute title to the Property transferred to the Town prior to the commencement of this proceeding, the Property itself is not even part of the Debtor's bankruptcy estate, such that the stay should not apply to the Property at all. See U.S. Bank, N.A. v. Vertullo (In re Vertullo), 610 B.R. 399, 404 (B.A.P. 1st Cir. 2020) ("For property to be protected by the automatic stay, it must be property of the bankruptcy estate."). Nor does the fact that the Debtor may have a pending petition pursuant to G.L. c. 60, § 69, or an interest in any surplus sale proceeds under Tyler change the fact that the Debtor lacks equity in the Property itself. Finally, the Property is not necessary for reorganizing the Debtor as this is not a Chapter 11 proceeding. Thus, the Court should also lift the stay under subsection (d)(2).

### C.      **Relief for Single Asset Real Estate Is Warranted**

Additionally, relief from the stay should be granted to the Town pursuant to 11 U.S.C. § 362(d)(3) because the Town's claim concerns a single asset real estate. Under the Bankruptcy Code, the term "single asset real estate" means "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental." 11 U.S.C. § 101(51B). The Property meets this definition, as

it appears that the Property (which is commercial real estate) was the sole income-generating asset of the Debtor prior to its administrative dissolution.[11]

Under subsection (d)(3), the Court may provide relief "with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless" the Debtor "has commenced monthly payments that … are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate" within 90 days of the order of relief.  11 U.S.C. § 362(d)(3).[12]  Relief from the automatic stay for single asset real estate may be granted in Chapter 7 cases, such as this one, where the debtor has not made interest payments to a secured creditor within 90 days.[13]  See Suntrust Bank v. Global One, L.L.C. (In re Global One, L.L.C.), 411 B.R. 524, 528-529 (Bankr. S.D. Ga. 2009).  As discussed above, it is undisputed that the Debtor has not paid the Town interest on the tax lien (much less the principal) for several years and has not established any ability (or legal right) to make such payments going forward should the Court enter an order of relief pursuant to 11 U.S.C. § 303(h).  Thus, relief from the stay is appropriate under subsection (d)(3), as well.

## II.    THE STAY DOES NOT APPLY TO THE DEBTOR'S CIVIL ACTION

The automatic stay provisions of 11 U.S.C. § 362 typically apply to "judicial, administrative, or other action[s] or proceeding[s] against the debtor."  11 U.S.C. § 362(a)(1)

---

[11] In its schedules, the Debtor lists the Property as its sole asset exclusive of an unspecified unclaimed checking account in California.  See Doc. No. 8 at p. 7-8.  Although the Debtor states that it is the "Owner" of the Property in its schedules, as discussed above, absolute title to the Property transferred to the Town upon the Land Court's entry of judgment in the Tax Foreclosure Action.

[12] Interest accrues on a municipal tax title account at a rate of 14% per annum from delinquency to taking and a rate of 16% per annum after taking.  G.L. c. 59, § 57; G.L. c. 60, § 62.

[13] Although the statute allows a debtor to avoid such relief from the stay by alternatively filing "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time" within the 90-day period, such alternative does not apply in a Chapter 7 proceeding.  See 11 U.S.C. § 362(d)(3)(A).

13

(emphasis added); see, e.g., id. § 362(a)(2) (staying "the enforcement, against the debtor or against property of the estate, of a judgment"); id. §§ 362(a)(4)-(5) (staying acts "to create, perfect, or enforce" liens against property of the estate or the debtor). The automatic stay thus "does not freeze litigation where the debtor is the plaintiff." Worth v. Tamarack Am., Div. of Great Am. Ins. Co., 47 F. Supp. 2d 1087, 1099 n.9 (S.D. Ind. 1999); see 4Kids Entertainment, Inc. v. Upper Deck Co., 797 F. Supp. 2d 236, 241 (S.D.N.Y. 2011) ("automatic stay does not extend to claims brought by the debtors against other parties"); cf. Roberts v. C.I.R., 175 F.3d 889, 894-896 (11th Cir. 1999). As the First Circuit has explained, the filing of a bankruptcy petition "has absolutely no effect on the debtors' ability to bring suit against other parties." DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co., 448 F.3d 460, 463 (1st Cir. 2006); see Pinpoint IT Servs., LLC v. Atlas IT Export, LLC (In re Atlas IT Export, LLC), 491 B.R. 192, 195 (B.A.P. 1st Cir. 2013) (noting that "claims asserted by the debtor may continue" no matter how closely related to stayed claims against the debtor).

The automatic stay thus does not apply to the Civil Action. The Debtor brought the Civil Action against the Town. Regardless of how related the Debtor's claims may be to the issues being litigated in the Tax Foreclosure Action (as discussed above), the commencement of this involuntary bankruptcy proceeding does not stay the Civil Action.

## III. APPOINTMENT OF A BANKRUPTCY TRUSTEE IS UNNECESSARY TO THE DISPOSITION OF THE PROPERTY

Appointment of a bankruptcy trustee is not automatic in an involuntary Chapter 7 proceeding such as this one. Specifically, 11 U.S.C. § 303 provides that:

> At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor.

14

357

11 U.S.C. § 303(g) (emphasis added). The relief that the Debtor requests pursuant to this provision—appointment of an interim trustee—is extremely rare. In re Diamondhead Casino Corp., 540 B.R. 499, 505 (Bankr. D. Del. 2015) ("a request for an interim trustee should be denied in the absence of an exceptionally strong need for doing so or where no facts are alleged showing a necessity for the appointment.") (quotations and citations omitted). The Debtor has not demonstrated why such appointment is necessary in this case.

Indeed, appointment of a trustee is not necessary to preserve the Property, for the reasons discussed above. A bankruptcy "trustee can only exercise the same right to redeem that the bankrupt had." Town of Agawam v. Connors, 159 F.2d 360, 364 (1st Cir. 1947). Here, the Debtor no longer had any right to redeem the Property and was, at most, left with the statutory right to request vacatur of the Land Court's judgment within one year.[14] Because the Debtor no longer possesses a right to redeem the Property, the same would be true of any trustee appointed in this proceeding. At most, the trustee (like the Debtor) would have the right to have the Debtor's motion to vacate adjudicated in the Land Court. Given that the Debtor was prepared to do just that before its counsel in the Land Court commenced this proceeding, the Court should simply allow the Land Court to proceed without appointing a trustee.

## CONCLUSION

For the foregoing reasons, the Court should grant the Town relief from the automatic stay and order that the stay does not bar the Tax Foreclosure Action or the Civil Action from proceeding. Additionally, the Court should decline to appoint a trustee in this proceeding with respect to the Property.

---

[14] As noted above, the Debtor's motion was filed on the last day of the one year in question but was not signed by an attorney, calling its validity into question.

Respectfully submitted,

TOWN OF WESTBOROUGH,

By its attorneys,

_____
Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Dated: October 3, 2023

882073/WEST/0042

16

**CERTIFICATE OF CONFERENCE HELD PURSUANT TO MLBR 9013-1(b)**

I, Roger L. Smerage, hereby state that on October 3, 2023, I attempted in good faith to confer with Attorney Stephen Gordon (counsel for the Petitioning Creditors) regarding this Motion for Relief from the Automatic Stay filed by the Town of Westborough by telephone and email. No resolution has been reached as of today's date.

TOWN OF WESTBOROUGH,

By its attorney,

Roger L. Smerage
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007

Date:  October 3, 2023

17

CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing

Motion for Relief from Automatic Stay and Opposition to Appointment of a Bankruptcy Trustee

to be served through the Court's CM/ECF system to the following counsel of record or by U.S.

mail to the following unregistered parties:

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
sgordon@gordonfirm.com
*Attorney for Petitioning Creditors*

Scott A. Schlager
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, MA 02109
sas@natgolaw.com
*Attorney for Creditor Nathanson & Goldberg, P.C.*

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Attorney for the U.S. Trustee*

Westborough SPE, LLC
c/o Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
*Debtor*

Dated: October 3, 2023

_____
Roger L. Smerage

18

361